The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-CV-00424-RAJ<br><br>AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS<br><br>***NOTE ON MOTION CALENDAR:***<br>November 6, 2020<br><br>***Oral Argument Requested*** |

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ)
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

I.  PLAINTIFFS FAIL TO ALLEGE ANTITRUST STANDING. ................................ 2

II. PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE *PER SE* SECTION 1 CLAIM. .......... 5

III. PLAINTIFFS' ALLEGED PRODUCT MARKETS ARE FACIALLY UNSUSTAINABLE. ........................................................................................ 8

    A.  The Proposed Markets Are Too Narrow in Excluding Identical and Interchangeable Products in Brick-and-Mortar Stores. ........................................ 8

    B.  The Markets Are Overbroad by Including Non-Interchangeable Products. ............................................................................................. 9

IV. PLAINTIFFS' RULE OF REASON AND SECTION 2 CLAIMS FAIL FOR ADDITIONAL REASONS. ........................................................................ 10

    A.  Amazon's Policies Are Procompetitive, Not Anticompetitive. ......................... 10

    B.  Plaintiffs Do Not Allege Anticompetitive Harm. ................................................ 11

V.  PLAINTIFFS' STATE-LAW CLAIMS FAIL. ............................................................. 12

CONCLUSION ................................................................................................................ 12

CERTIFICATE OF SERVICE ........................................................................................ 14

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ)   i
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Cont'l Auto. Sys., Inc.* v. *Avanci, LLC*,
    2020 WL 5627224 (N.D. Tex. Sept. 10, 2020)......................................................................2

*Ohio* v. *Am. Express*,
    138 S. Ct. 2274 (2008).........................................................................................................6

*Antoine L. Garabet, M.D., Inc. v. Autonomous Techs. Corp.*,
    116 F. Supp. 2d 1159 (C.D. Cal. 2000) ...........................................................................2, 3

*United States* v. *Apple Inc.*,
    889 F. Supp. 2d 623 (S.D.N.Y. 2012)...............................................................................11

*United States* v. *Apple*,
    791 F.3d 290 (2d Cir. 2015).................................................................................................7

*Associated Gen. Contractors* v. *Cal. State Council of Carpenters*,
    459 U.S. 519 (1983).............................................................................................................2

*In re ATM Fee Antitrust Litig.*,
    686 F.3d 741 (9th Cir. 2012) ...............................................................................................4

*Bon-Ton Stores, Inc.* v. *May Dep't Stores Co.*,
    881 F. Supp. 860 (W.D.N.Y. 1994).....................................................................................9

*Brooke Grp. Ltd.* v. *Brown & Williamson Tobacco Corp.*,
    509 U.S. 209 (1993)...........................................................................................................10

*C-E Minerals, Inc.* v. *CARBO Ceramics, Inc.*,
    2012 WL 13008801 (N.D. Ga. Mar. 14, 2012)....................................................................7

*United States* v. *Delta Dental*,
    943 F. Supp. 172 (D.R.I. 1996).....................................................................................5, 12

*Distance Learning Co.* v. *Maynard*,
    2020 WL 2995529 (N.D. Cal. June 4, 2020).......................................................................9

*In re Ebay Seller Antitrust Litigation*,
    2010 WL 760433 (N.D. Cal. March 4, 2010)......................................................................9

*Gatt Commc'ns, Inc.* v. *PMC Assocs., L.L.C.*,
    2011 WL 1044898 (S.D.N.Y. Mar. 10, 2011).....................................................................6

*Golden Gate Pharmacy Servs., Inc.* v. *Pfizer, Inc.*,
    433 F. App'x 598 (9th Cir. 2011) ........................................................................................9

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ)   ii
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Hicks* v. *PGA Tour, Inc.*,
  897 F.3d 1109 (9th Cir. 2018) ................................................................................................9

*Illinois Brick Co.* v. *Illinois*,
  431 U.S. 720 (1977) ..................................................................................................................3

*Jones* v. *Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) .....................................................................................2

*Laumann* v. *Nat'l Hockey League*,
  907 F. Supp. 2d. 465 (S.D.N.Y. 2012) ....................................................................................3

*In re Lithium Ion Batteries Litig.*,
  2014 WL 309192 (N.D. Cal. Jan. 21, 2014) ...........................................................................4

*LiveUniverse, Inc.* v. *Myspace, Inc.*,
  2007 WL 6865852 (C.D. Cal. June 4, 2007) ..........................................................................9

*United States* v. *Med. Mut. of Ohio*,
  1999 WL 670717 (N.D. Ohio Jan. 29, 1999) ................................................................11, 12

*Melendres* v. *Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) ...............................................................................................12

*Meyer* v. *Kalanick*,
  174 F. Supp. 3d 817 (S.D.N.Y. 2016) ....................................................................................7

*In re Musical Instruments & Equip. Antitrust Litig.*,
  798 F.3d 1186 (9th Cir. 2015) ..........................................................................................7, 11

*Nat'l Collegiate Athletic Ass'n* v. *Bd. of Regents of Univ. of Okla.*,
  468 U.S. 85 (1984) ....................................................................................................................6

*Nat'l Recycling, Inc.* v. *Waste Mgmt. of Mass., Inc.*,
  2007 WL 9797531 (D. Mass. July 2, 2007) .........................................................................11

*In re Online DVD Rental Antitrust Litig.*,
  2011 WL 1629663 (N.D. Cal. Apr. 29, 2011) ...................................................................2, 4

*Origami Owl LLC* v. *Mayo*,
  2015 WL 4747101 (D. Ariz. Aug. 7, 2015) ...........................................................................9

*Pa. Ave. Funds* v. *Borey*,
  569 F. Supp. 2d 1126 (W.D. Wash. 2008) .........................................................................5, 8

*Pacific Bell Tel. Co.* v. *linkLine Commc'ns, Inc.*,
  555 U.S. 438 (2009) ................................................................................................................10

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ)   iii
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Palmer* v. *BRG of Ga., Inc.*,
    498 U.S. 46 (1990) ............................................................................................................. 7

*In re Pool Prods. Distrib. Mkt. Antitrust Litig.*,
    940 F. Supp. 2d 367 (E.D. La. 2013) ................................................................................ 11

*Premier Comp Sols. LLC* v. *UPMC*,
    377 F. Supp. 3d 506 (W.D. Pa. 2019) ............................................................................... 10

*PSKS, Inc.* v. *Leegin Creative Leather Products, Inc.*,
    615 F.3d 412 (5th Cir. 2010) .............................................................................................. 8

*Sambreel Holdings LLC* v. *Facebook, Inc.*,
    906 F. Supp. 2d 1070 (S.D. Cal. 2012) ........................................................................ 6, 11

*Shane Grp., Inc.* v. *Blue Cross Blue Shield of Mich.*,
    2012 WL 5990219 (E.D. Mich. Nov. 30, 2012) ............................................................... 11

*Sitts* v. *Dairy Farmers of Am., Inc.*,
    417 F. Supp. 3d 433 (D. Vt. 2019) ................................................................................... 11

*Smith* v. *Multi-Flow Dispensers of Ohio, Inc.*,
    1999 WL 357784 (6th Cir. 1999) ....................................................................................... 8

*Spindler* v. *Johnson & Johnson Corp.*,
    2011 WL 12557884 (N.D. Cal. Aug. 1, 2011) ................................................................... 8

*Spindler* v. *Johnson & Johnson Corp.*,
    2011 WL 13278876 (N.D. Cal. Jan. 21, 2011) ................................................................... 4

*Staley* v. *Gilead Scis., Inc.*,
    446 F. Supp. 3d 578 (N.D. Cal. 2020) .............................................................................. 11

*FTC* v. *Staples, Inc.*,
    970 F. Supp. 1066 (D.D.C. 1997) ..................................................................................... 10

*Starr* v. *Sony BMG Music Ent.*,
    592 F.3d 314 (2d Cir. 2010) ............................................................................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2012 WL 6708866 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th
    Cir. 2016) ........................................................................................................................... 3

*The Yellow Cab Co.* v. *Uber Techs., Inc.*,
    2015 WL 4987653 (D. Md. Aug. 19, 2015) ..................................................................... 12

*USA Petroleum Co.* v. *Atlantic Richfield Co.*,
    972 F.2d 1070 (9th Cir. 1992) ............................................................................................ 4

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ)  iv
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Verizon Commc'ns Inc.* v. *Law Offices of Curtis V. Trinko, LLP*,
    540 U.S. 398 (2004) ................................................................................................10

*In re Wellpoint Out-Of-Network "UCR" Rates Litig*,
    865 F. Supp. 2d 1002 (C.D. Cal. 2011) .............................................................7, 8

**STATE CASES**

*Kunert* v. *Mission Fin. Servs. Corp.*,
    110 Cal. App. 4th 242 (2003) ...............................................................................12

**OTHER AUTHORITIES**

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust
    Principles and Their Application* ¶ 1402(c) (4th ed. 2020) ...............................7, 11

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) v
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# INTRODUCTION

Plaintiffs' Opposition demonstrates just how far beyond the bounds of antitrust law and common sense they urge this Court to go. For this case to move forward, the Court would need to accept plaintiffs' contention that the antitrust laws bar a retailer from offering competitively priced products in its marketplace for the benefit of consumers—when this is just the kind of procompetitive conduct that the law seeks to encourage.

And that is not all: plaintiffs would have the Court permit standing based on the incorrect notion that two million independent third-party sellers are automatically participants in an illegal horizontal conspiracy by virtue of each seller's individual vertical agreement with Amazon, where there are no allegations of a common agreement *among* those sellers. Plaintiffs would have the Court uphold the first-ever *per se* Section 1 claim based solely on vertical agreements between Amazon and third-party sellers who choose to sell in Amazon's store. Plaintiffs also ask the Court to ignore Ninth Circuit precedent holding a Section 2 claim cannot proceed where a legitimate business justification can explain the conduct, as is facially the case when a retailer features low prices in its store. And plaintiffs would have the Court find a relevant retail product market that ignores brick-and-mortar stores even though the products they offer are not only reasonably interchangeable with products sold online but are, in fact, identical to those products. At the same time, plaintiffs' proposed market—consisting of virtually every product sold online—is more expansive than any market that has come before. Labelling 600 million non-interchangeable products as "Class Products" does not create a relevant product market, just as calling third-party sellers "co-conspirators" does not make them so.

In its opening brief, Amazon explained why plaintiffs fail to state a claim based on settled principles of antitrust law. Amazon respectfully urges the Court to apply these principles, decline plaintiffs' invitation to inject court oversight into routine, pro-consumer business decisions, and dismiss this dramatically overreaching Complaint for the following reasons, all more fully explained below:

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 1
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

| Reason | Claim(s) Subject to Dismissal |
|---|---|
| No antitrust standing | All antitrust |
| Failure to state a *per se* claim | Section 1 *per se*; CA and MD state law |
| No plausible relevant product market alleged | Section 1 rule of reason and Section 2 |
| No anticompetitive conduct alleged | Section 2 |
| No anticompetitive harm alleged | Section 1 rule of reason and Section 2 |
| No resident plaintiff | AK, HI, ID, KS, KY, LA, MD, MN, MS, MO, MT, NE, NM, NC, OK, OR, RI, SC, SD, and WV |
| Elements (legal and factual) not alleged | All state law |
| No allegation of a benefit conferred on Amazon | Unjust enrichment state law |

I. **Plaintiffs Fail to Allege Antitrust Standing.**

Plaintiffs' standing arguments fail because they do not satisfy, nor even address, *Associated General Contractors* v. *California State Council of Carpenters,* 459 U.S. 519 (1983) ("*AGC*"). Courts consistently apply *AGC* to reject antitrust standing for Section 1 and 2 claims where, as here, the chain of causation between the claimed injury and the alleged anticompetitive conduct is too attenuated, and there are intervening causes. As plaintiffs' complaint makes clear, variables driving prices of the products at issue include independent pricing decisions of non-conspiring retailers (Walmart or Costco) and independent decisions of third-party sellers related to marketplace fees, shipping methods, marketing, and other cost factors. *See Antoine L. Garabet, M.D., Inc.* v. *Autonomous Techs. Corp.*, 116 F. Supp. 2d 1159, 1168 (C.D. Cal. 2000) (*AGC* not satisfied where "[t]here are numerous pricing variables . . . to consider"); *Jones* v. *Micron Tech. Inc.*, 400 F. Supp. 3d 897, 912 (N.D. Cal. 2019) (no standing under *AGC* because plaintiffs "have not sufficiently alleged a chain of causation" between anticompetitive conduct and plaintiff's injury); *In re Online DVD Rental Antitrust Litig.*, 2011 WL 1629663, at *7 (N.D. Cal. Apr. 29, 2011) (causal link between market allocation agreement and alleged injury "too attenuated" to permit plaintiffs to sue Blockbuster). Plainly, any injury claimed by plaintiffs, as purchasers of products from sellers other than Amazon, is too "remote" and "indirect" for plaintiffs to be efficient enforcers of the antitrust laws under *AGC*. *Cont'l Auto. Sys., Inc.* v. *Avanci, LLC*, 2020 WL 5627224, at *8 (N.D. Tex. Sept. 10, 2020) (citation omitted).

Nevertheless, plaintiffs argue that (1) "in a conspiracy to inflate a product's market price, purchasers from non-conspiratorial retailers" have standing under an "umbrella" theory, and (2)

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 2
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

they have standing under the co-conspirator exception to *Illinois Brick Co.* v. *Illinois*, 431 U.S. 720 (1977). Opp. at 5. But neither argument eliminates *AGC*'s requirements. *Laumann* v. *Nat'l Hockey League*, 907 F. Supp. 2d. 465, 483 (S.D.N.Y. 2012) (*AGC* must be satisfied even if co-conspirator exception applies); *Garabet*, 116 F. Supp. 2d at 1169 (applying *AGC* in case asserting umbrella standing). Plaintiffs' failure to meet the *AGC* requirements ends the inquiry.

But even if plaintiffs had satisfied *AGC*, their two standing arguments would fail. Plaintiffs argue they have umbrella standing for "virtually all products offered for sale in the U.S. retail ecommerce market," FAC ¶ 18, including products sold by retailers such as Walmart, which do not sell in Amazon's marketplace, are not alleged to have participated in the alleged conspiracy, and are not alleged to have any sort of ownership or control relationship with Amazon or third parties who sell in Amazon's marketplace. Umbrella standing is rarely accepted, and umbrella standing over 600 million products is unheard of. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 6708866 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016). Plaintiffs grasp at only one case, *Costco Wholesale Corp.* v. *AU Optronics Corp.*, but that decision does not support plaintiffs' reliance on an umbrella theory for purchases from entities that have no ownership or control relationship with a conspirator, which the direct purchaser rule forbids. 2014 WL 4723880, at * 4 (W.D. Wash. Sept. 23, 2014) (holding plaintiffs could not pursue umbrella damages for "panels sold by non-conspiring 'minor players' to entities who were neither conspirators nor in a control relationship with conspirators"). This Court in *Costco* recognized "most federal courts in recent years have rejected" the umbrella theory, and expressed concern that the issue was not a proper subject for a motion *in limine*, and should have been raised much earlier in the case, as Amazon is doing here. *Id*. at *2, 4.

Even if umbrella standing applied, plaintiffs plead no facts showing that plaintiffs bought products from any alleged non-conspiring retailer that raised prices on those products *because of* Amazon's pricing policies. Plaintiffs cite other retailers' general practices to match competitors' prices (FAC ¶¶ 38, 98-101), but these allegations say nothing about, for example, CVS charging a price for the moisturizing lotion Ms. Elliott purchased (FAC ¶ 58) as a "direct result of"

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 3
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon's pricing policies. *See Online DVD Rental*, 2011 WL 1629663, at *7 ("[P]laintiffs' burden is to demonstrate that their alleged injury . . . was ultimately the direct result" of the anticompetitive conduct); *Costco*, 2014 WL 4723880, at *3 (for umbrella standing, plaintiff must show "higher prices it paid were actually the result of the conspiracy").

Further, applicable precedent bars plaintiffs from invoking the co-conspirator exception. *First*, the Ninth Circuit has rejected pass-on theories as a basis for co-conspirator standing, *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 754 (9th Cir. 2012), and plaintiffs expressly allege that "Amazon charges high fees that third-party sellers pass on to their customers both on and off of the Amazon.com platform." FAC §V.A.1; *id.* ¶ 82; *see also ATM*, 686 F.3d at 754 ("[U]nder the co-conspirator exception recognized in this circuit, the price paid by a plaintiff must be set by the conspiracy and not merely affected by the setting of another price."). *Second*, even if some plaintiffs could invoke the co-conspirator exception, the Court would need to strike the proposed class, FAC ¶ 157, and dismiss those plaintiffs who did not allege they purchased from Amazon sellers, *id.* ¶¶ 46, 48-49, 51-58, 61-63, 65.[1] *Third*, even for so-called co-conspirators, the complaint is purely speculative and uses only the names of websites or stores, *e.g.,* FAC ¶¶ 50, 59, not legal entities. The law requires more specificity. *See Spindler* v. *Johnson & Johnson Corp.*, 2011 WL 13278876, at *6 (N.D. Cal. Jan. 21, 2011) (dismissal where "allegations are not sufficiently specific" to establish a relationship between purchaser and alleged co-conspirator); *In re Lithium Ion Batteries Litig.*, 2014 WL 309192, at *8 (N.D. Cal. Jan. 21, 2014) (similar).

Finally, both of plaintiffs' standing arguments, and the cases they cite, suffer from another fundamental defect: they expressly relate only to the standing of plaintiffs seeking relief against firms "in a conspiracy," Opp. at 5-7, which cannot support standing for Section 2 claims based on unilateral conduct. *See USA Petroleum Co.* v. *Atlantic Richfield Co.*, 972 F.2d 1070, 1084 (9th Cir. 1992) ("Section 2 condemns as anticompetitive only single firm conduct[.]").

---

[1] The plaintiffs whose claims should be dismissed for this reason are Deborah Frame-Wilson, Samanthia Russell, Arthur Scharein, Nathan Chaney, Chris Gulley, Sheryl Taylor-Holly, Anthony Courtney, Dave Westrope, Stacy Dutill, Sarah Arrington, Mary Elliot, Chaunda Lewis, Adrian Hennen, Glenda Hill, and Phyllis Huster.

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 4
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. Plaintiffs Fail to Plead a Plausible *Per Se* Section 1 Claim.

Although plaintiffs label Amazon's pricing policies "price-fixing," Opp. at 11, their complaint lacks *any* allegation that Amazon and any third-party seller agreed on price. As plaintiffs concede, third-party sellers set their own prices in Amazon's store. FAC ¶ 6. Far from demonstrating that Amazon and third-party sellers fixed prices, the challenged polices simply establish terms for selling in Amazon's store: the former "price parity" policy required third-party sellers simply to offer Amazon shoppers a price at least as favorable as the seller's price on "other retail channels," *id*. ¶ 5, and the fair pricing policy makes clear that Amazon will *feature* only competitively-priced third-party seller offers, *id*. ¶ 6. This complaint thus seeks an unprecedented application of the *per se* rule. Under plaintiffs' theory, every business that enters into another firm's standard contract setting broadly applicable commercial terms could be subject to joint and several *per se* Section 1 liability.

In civil antitrust suits, the presumption is that the rule of reason—not the *per se* rule—applies. *Pa. Ave. Funds* v. *Borey*, 569 F. Supp. 2d 1126, 1132 (W.D. Wash. 2008). In determining whether to deviate from this general presumption, "[t]he court cannot consider the particular effects of Defendant's conduct in the case before it, but must instead consider whether conduct like the Defendants', *in general*, has manifestly anticompetitive effects and lacks any redeeming virtue." *Id.* at 1133 (internal quotation marks and alteration omitted).

Plaintiffs fail to acknowledge—let alone apply—this exacting standard, notwithstanding their concession that "courts most commonly analyze [MFNs] under the rule of reason," Opp. at 9, and their citation to case after case applying the rule of reason—not a *per se* rule, *id.* at 8. Plaintiffs cite no case—and there is no case—where a court applied the *per se* rule to a best-price provision standing alone. Plaintiffs' reliance on *United States* v. *Delta Dental*, 943 F. Supp. 172 (D.R.I. 1996), is also misplaced, for that case applied the rule of reason, not the *per se* rule.

Plaintiffs concede they do not allege any hidden conspiracy among third-party sellers. Opp. at 7. Instead, plaintiffs challenge the "contractual provisions" or "formal agreement[s]" between Amazon and two million third-party sellers as *per se* illegal under Section 1. *Id.* at 7,

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 5
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

11. These individual agreements are not horizontal—i.e., among competitors. They dictate the terms of use for third parties selling in Amazon's store, not the relationships among sellers. Plaintiffs illustrate the point by relying upon *Nat'l Collegiate Athletic Ass'n* v. *Bd. of Regents of Univ. of Okla.*, 468 U.S. 85 (1984), to argue that an "agreement *among* competitors on the way in which they will compete with one another" is a "horizontal agreement," Opp. at 11 (emphasis added) (internal quotation marks omitted). The policies plaintiffs challenge do not address "the way in which" Amazon and two-million third-party sellers "will compete with one another." *Id*.

Contrary to plaintiffs' arguments, it makes no difference that Amazon also sells products as a retailer. Agreements that govern a vertical relationship between firms that also compete horizontally are not *per se* unlawful when, as here, the challenged agreement governs one firm's distribution of another's product rather than their relationship as competitors. Mot. at 11-12 (collecting cases). For that reason, in *Blue Cross & Blue Shield United of Wisc.* v. *Marshfield Clinic*—which plaintiffs never address—the challenged MFN was "not price-fixing" as a matter of law, even though the defendant clinic both operated a physician network and employed its own competitive physicians within that network. 65 F.3d 1406, 1415 (7th Cir. 1995).

Plaintiffs here, by contrast, seek to hold Amazon *per se* liable for promoting lower prices to its customers by providing sellers transparency into its policies governing when products are featured. Like insurers dealing with "hospitals within their network[s]"—a relationship plaintiffs acknowledge is vertical and scrutinized "under the rule of reason," Opp. at 9—Amazon allegedly charges sellers access fees, FAC ¶ 1; connects customers with competing sellers, *id.* ¶ 2; sets the terms for seller access to customers, *id.* ¶ 4; and chooses which third-party offers to feature, *id.* ¶¶ 87-88. But—at best—these are classic vertical restraints. *See Sambreel Holdings LLC* v. *Facebook, Inc.*, 906 F. Supp. 2d 1070, 1077 (S.D. Cal. 2012) (agreements governing terms of access by application developers to Facebook platform are vertical restraints); *Gatt Commc'ns, Inc.* v. *PMC Assocs., L.L.C.*, 2011 WL 1044898, at *2 (S.D.N.Y. Mar. 10, 2011). And the rule of reason applies to vertical restraints. *Ohio* v. *Am. Express*, 138 S. Ct. 2274, 2284 (2008).

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 6
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Absent any agreement among third-party sellers, plaintiffs' *per se* claim depends on a false analogy to hub-and-spoke conspiracies—where horizontal competitors, the "spokes," use vertical agreements with a "hub" to enforce or hide a horizontal agreement. *United States* v. *Apple*, 791 F.3d 290 (2d Cir. 2015), illustrates the point. There, publishers actually conspired with one another and then used MFNs and other terms in their distribution agreements with Apple to mutually enforce an e-book price hike. *Id.* at 318. "[T]he relevant 'agreement in restraint of trade'" was "the price fixing conspiracy"—i.e., to set a floor and "cap" for e-book prices—"not Apple's vertical contracts with the [publishers]." *Id.* at 325. The district court found "ample additional evidence" of "express collusion among" six publishers and of Apple playing "a key role in organizing that collusion." *Id.* at 316. Here, by contrast, third party sellers vigorously compete against each other and nothing about the challenged policies changes that. FAC ¶¶ 5, 6 & n.19 (incorporating fair pricing policies). A third party selling batteries on Amazon still competes against other third parties selling batteries; there is no "rim" to the "wheel," and no *per se* claim. *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1192 & n.3 (9th Cir. 2015); Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 1402(c) (4th ed. 2020) ("Areeda & Hovenkamp, *Antitrust Law*") ("No horizontal conspiracy exists . . . even though the vertical agreements have identical provisions").

Plaintiffs' other *per se* cases are inapposite because they too concerned horizontal agreements enforced via vertical agreements, which are not alleged here. *Starr* v. *Sony BMG Music Ent.*, 592 F.3d 314, 323 (2d Cir. 2010) (horizontal price agreement enforced via MFNs); *Palmer* v. *BRG of Ga., Inc.*, 498 U.S. 46, 47-48 (1990) (horizontal market allocation agreement enforced via vertical licensing agreements); *Meyer* v. *Kalanick*, 174 F. Supp. 3d 817, 823, 825 (S.D.N.Y. 2016) (alleged horizontal agreement between drivers enforced by Uber, including meetings and events with drivers on pricing); *C-E Minerals, Inc.* v. *CARBO Ceramics, Inc.*, 2012 WL 13008801, at *4 (N.D. Ga. Mar. 14, 2012) ("horizontal allocation agreement . . . contained within a vertical agreement"); *In re Wellpoint Out-Of-Network "UCR" Rates Litig*, 865 F. Supp.

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 7
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2d 1002, 1028 (C.D. Cal. 2011) ("gravamen of the allegation" was horizontal agreement).

Finally, a *per se* rule cannot apply "[s]o long as there are 'plausible arguments that a practice enhances overall efficiency and makes markets more competitive.'" *Pa. Ave. Funds*, 569 F. Supp. 2d at 1132 (citation omitted). The challenged policies help keep Amazon prices competitive; they are a "standard device[ ] by which buyers try to bargain for low prices." *Marshfield Clinic*, 65 F.3d at 1415; FAC ¶ 6 n.19.

### III.   Plaintiffs' Alleged Product Markets Are Facially Unsustainable.

Plaintiffs' Section 1 rule of reason and Section 2 claims depend on alleging a proper antitrust product market. Their opposition highlights their failure to do so.

#### A.   The Proposed Markets Are Too Narrow in Excluding Identical and Interchangeable Products in Brick-and-Mortar Stores.

"The relevant market must be a product market" and "must encompass the product at issue as well as all economic substitutes of the product." *Spindler* v. *Johnson & Johnson Corp.*, 2011 WL 12557884, at *2 (N.D. Cal. Aug. 1, 2011) (dismissal for failure to allege plausible product market). Plaintiffs argue that "ecommerce represents a fundamentally different environment from traditional retailing," that online shopping attracts a "younger demographic," that online retailers can "personalize an online shopping experience," and other observations about online shopping. Opp. at 17. None of these allegations speaks to the applicable standard, and none satisfies it. *See Smith* v. *Multi-Flow Dispensers of Ohio, Inc.*, 1999 WL 357784, at *5 (6th Cir. 1999) (improper to "narrow a relevant product market to a select group of customers without identifying a difference in the *product* supplied to that group of customers"); *PSKS, Inc.* v. *Leegin Creative Leather Products, Inc.*, 615 F.3d 412 (5th Cir. 2010) (dismissal where plaintiff failed to allege independent retailers do not compete with larger chain stores).

In defending their novel "US retail ecommerce market," plaintiffs have no response to every consumer's common experience: products sold online are also sold in physical stores. Nor can plaintiffs argue around the commonsense conclusion that products available in physical stores are "economic substitutes" for products available online, and that online and physical

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 8
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

retailers "have actual or potential ability to deprive each other of significant levels of business." *Hicks* v. *PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018) (citations omitted).

Plaintiffs seek to rely upon cases that "have sustained allegations of distinct ecommerce markets that exclude brick-and-mortar stores," Opp. at 16, but those cases only highlight what is missing here. Each involved specific products for which offline versions were not interchangeable substitutes: online driving schools, allowing individuals "to use an on-line traffic school located anywhere in California" rather than only "in their surrounding area" in *Distance Learning Co.* v. *Maynard*, 2020 WL 2995529, at *7 (N.D. Cal. June 4, 2020); "specially-designed custom costume products" unavailable in local stores in *Origami Owl LLC* v. *Mayo*, 2015 WL 4747101, at *2 (D. Ariz. Aug. 7, 2015); online auctions, providing access to "hard-to-find unique types of goods, different from goods that are commodity-type" in *In re Ebay Seller Antitrust Litigation*, 2010 WL 760433, at *7 (N.D. Cal. March 4, 2010); and "organic, interactive qualities" unique to social networking sites in *LiveUniverse, Inc.* v. *Myspace, Inc.*, 2007 WL 6865852, *6 (C.D. Cal. June 4, 2007). None of these cases supports ignoring clear substitutes found in physical stores simply because products are sold online.

**B.     The Markets Are Overbroad by Including Non-Interchangeable Products.**

Plaintiffs cannot justify uniting, for the first time ever, 600 million different products in a "US Retail Ecommerce Market" into a single market or submarkets of reasonable substitutes. *Golden Gate Pharmacy Servs., Inc.* v. *Pfizer, Inc.*, 433 F. App'x 598, 598-99 (9th Cir. 2011).

Plaintiffs rely on inapposite cases in which consumers demanded a package of products and did not consider a portion of the package a reasonable substitute for the whole. In *F.T.C.* v. *Whole Foods Market, Inc.*, the court identified consumers who shopped for a package of premium, natural, and organic foods, finding that package not reasonably interchangeable with foods at conventional grocery stores: "Because the core customers require the whole package, they respond differently to price increases from marginal customers who may obtain portions of the package elsewhere." 548 F.3d 1028, 1039 (D.C. Cir. 2008); *see also Bon-Ton Stores, Inc.* v. *May Dep't Stores Co.*, 881 F. Supp. 860, 872-74 (W.D.N.Y. 1994) ("[T]here exists a 'core

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 9
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

customer'" who shops for women's clothing and cosmetics at department stores because of "distinctiveness of their merchandise."); *FTC* v. *Staples, Inc.*, 970 F. Supp. 1066, 1080 (D.D.C. 1997) (concluding "non-superstore sellers of office supplies are not able to effectively constrain the superstores prices, because a significant number of superstore customers do not turn to a non-superstore alternative when faced with higher prices in the one firm markets").

Plaintiffs define their market not by any bundle (or package) of products; they define it by the individual sale of 600 million products covering "virtually all products offered for sale in the U.S. retail ecommerce market." FAC ¶¶ 18, 150. Their proposed market is not the same as a collection of products available at organic food grocery stores (*Whole Foods*), high-end women's apparel and cosmetics stores (*Bon-Ton*), or office supply superstores (*Staples*) that consumers demand on a package basis, and for which portions of the package are not reasonable substitutes. Nor do plaintiffs allege any facts that support grouping 600 million products for convenience. *Premier Comp Sols. LLC* v. *UPMC*, 377 F. Supp. 3d 506, 528 (W.D. Pa. 2019) ("Cluster markets are used as a matter of analytical convenience when all or most relevant market participants sell all or most all of the relevant products, and have similar shares in each of the segments.").

IV.   **Plaintiffs' Rule of Reason and Section 2 Claims Fail for Additional Reasons.**

   A.   **Amazon's Policies Are Procompetitive, Not Anticompetitive.**

Courts can and should dismiss claims, like these, that challenge conduct that is procompetitive on its face. Like refusals to deal, *Verizon Commc'ns Inc.* v. *Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 414-16 (2004), price-squeezes, *Pacific Bell Tel. Co.* v. *linkLine Commc'ns, Inc.*, 555 U.S. 438, 451-52 (2009), and above-cost pricing, *Brooke Grp. Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 223 (1993), the challenged policies have plain legitimate purposes—to aid sellers' ability to offer competitive prices to customers and to prevent those who do not from free-riding on Amazon's consumer-centric reputation—and are permissible under the antitrust laws. *See* Mot. at 20 (citing cases).

Plaintiffs are wrong that "[c]ourts have repeatedly found MFNs anticompetitive under Section 2 or Section 1 under the rule of reason." Opp. at 15. Every court faced with similar

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 10
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

claims has upheld MFNs (or best-price provisions) as a matter of law, and the leading treatise confirms that courts should "never condemn" even "a dominant firm's insistence that it obtain the lowest generally available price for a product." Areeda & Hovenkamp, *Antitrust Law*, ¶ 768a6; Mot. at 19-20 (citing cases). Plaintiffs' attempt to misconstrue these cases, *see* Opp. at 20-21, but all found as a matter of law that an MFN alone does not harm competition.

Plaintiffs instead rely on cases where an MFN provision was part of a broader course of anticompetitive conduct also including horizontal collusion distinct from the MFN. *See Nat'l Recycling, Inc.* v. *Waste Mgmt. of Mass., Inc.*, 2007 WL 9797531, at *6 (D. Mass. July 2, 2007); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 940 F. Supp. 2d 367, 395-96 (E.D. La. 2013); *Sitts* v. *Dairy Farmers of Am., Inc.*, 417 F. Supp. 3d 433, 470-73 (D. Vt. 2019); *United States* v. *Apple Inc.*, 889 F. Supp. 2d 623, 627-29 (S.D.N.Y. 2012). Here, by contrast, plaintiffs allege only unadorned best-price provisions in vertical agreements between Amazon and each of its third-party sellers, and they *disclaim* a broader course of conduct among the two million third-party sellers. Opp. at 7. Plaintiffs' other cases involved MFN-plus provisions, which—unlike here—required rivals to pay *more* than the monopolist for the same product or service. *See Shane Grp., Inc.* v. *Blue Cross Blue Shield of Mich.*, 2012 WL 5990219, at *1, 5 (E.D. Mich. Nov. 30, 2012); *United States* v. *Med. Mut. of Ohio*, 1999 WL 670717, at *5 (N.D. Ohio Jan. 29, 1999); *Staley* v. *Gilead Scis., Inc.*, 446 F. Supp. 3d 578, 612 (N.D. Cal. 2020) (all MFN-plus).

**B.     Plaintiffs Do Not Allege Anticompetitive Harm.**

For both their Section 1 rule of reason and Section 2 claims, plaintiffs must allege anticompetitive harm. Plaintiffs assert their allegations of market-wide supra-competitive prices are "supported by facts showing that its co-conspirators would sell Class Products for a substantially lower price outside of Amazon.com if the restraints were lifted." Opp. at 21-22. But plaintiffs do not and cannot allege that any of the two million individual agreements they challenge under Section 1 between Amazon and a third-party seller harm competition market-wide (*Sambreel*, 906 F. Supp. 2d at 1076-79; *Musical Instruments*, 798 F.3d at 1192 n.3), or prevent any major retailers like Walmart, Target, and CVS from aggressively competing on

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 11
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

price—as that would be implausible. Plaintiffs also have not alleged any non-conclusory facts demonstrating market prices would have been lower in the absence of Amazon's policies; plaintiffs allege only some anecdotal matching of Amazon's prices in cherry-picked instances. FAC ¶ 101. At the same time, plaintiffs allege facts demonstrating a competitive retail market, with myriad alternative sales channels. FAC ¶¶ 10, 34, 90. Third-party sellers are free to (and do) turn to these alternative channels, unfettered by Amazon's pricing policies. In contrast to the cases plaintiffs cite, plaintiffs do not allege the challenged policies have excluded actual or potential retail channels that compete with Amazon. *Cf. Med. Mut. of Ohio*, 1999 WL 670717, at *8 (MFN caused hospital to terminate contracts with rivals); *Delta Dental*, 943 F. Supp. at 179 (MFN excluded entry of potential and expansion of existing competitors). Plaintiffs' complaint can be dismissed because what they actually allege is that, in a competitive retail market, third-party sellers choose to match prices at other retailers so they can be featured on Amazon.

## V. Plaintiffs' State-Law Claims Fail.

Plaintiffs argue the challenged policies are *per se* illegal under California and Maryland laws applicable to certain resale price agreements. Opp. at 19. But those laws apply only if "an agreement limits the distributor's freedom to sell the supplier's product at a price independently selected by the distributor." *Kunert* v. *Mission Fin. Servs. Corp.*, 110 Cal. App. 4th 242, 263 (2003); *see also The Yellow Cab Co.* v. *Uber Techs., Inc.*, 2015 WL 4987653, at *4-5 (D. Md. Aug. 19, 2015) (Maryland law). Third-party sellers independently set their prices. FAC ¶¶ 4-7.

The cases plaintiffs cite reject their "global" approach to pleading state law claims, without factual allegations establishing each claim's elements. Plaintiffs have standing to represent class members in different factual circumstances, not to assert claims under the laws of states where they do not reside. *Melendres* v. *Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015). For their unjust-enrichment claims, plaintiffs argue the benefit conferred need not be direct, Opp. at 23-24, but they do not allege Amazon received any benefit from them—direct or indirect.

## CONCLUSION

For these reasons, the Court should dismiss the complaint.

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 12
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 2nd day of November, 2020.

    Davis Wright Tremaine LLP

    s/ *Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    MaryAnn Almeida, WSBA #49086
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 757-8136
    Fax: (206) 757-7136
    E-mail: steverummage@dwt.com
    E-mail: maryannalmeida@dwt.com

    s/ *Douglas Litvack*
    Douglas Litvack *(pro hac vice)*
    1919 Pennsylvania Avenue, N.W., Suite 800
    Washington D.C.  20006-3401
    Telephone: (202) 973-4200
    Fax:  (202) 973-4499
    E-mail:  douglitvack@dwt.com

    Paul, Weiss, Rifkind, Wharton & Garrison LLP

    s/ *Karen L. Dunn*
    Karen L. Dunn (*pro hac vice)*
    William A. Isaacson (*pro hac vice*)
    Amy J. Mauser (*pro hac vice*)
    Martha L. Goodman (*pro hac vice*)
    2001 K Street, NW
    Washington, D.C.
    Telephone: (202) 223-7300
    Fax:  (202) 223-7420
    E-mail:  kdunn@paulweiss.com
    E-mail:  wisaacson@paulweiss.com
    E-mail:  amauser@paulweiss.com
    E-mail:  mgoodman@paulweiss.com

    Attorneys for AMAZON.COM, Inc.

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) - 13
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

*s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Ph: (206) 622-3150
Fax: (206) 757-7700
E-mail: steverummage@dwt.com

AMAZON'S REPLY ISO MOTION TO DISMISS (2:20-CV-00424-RAJ) – 14
4823-4684-4878v.4 0051461-003030

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax