The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-CV-00424-RAJ<br><br>AMAZON.COM, INC.'S MOTION TO CLARIFY OR RECONSIDER PORTIONS OF THE COURT'S MARCH 11, 2022 ORDER<br><br>***NOTE ON MOTION CALENDAR:***<br>March 25, 2022<br><br>**Oral Argument Requested** |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

I.  PLAINTIFFS LACK STANDING FOR CLAIMS BASED ON PURCHASES FROM "NON-CONSPIRING RETAILERS," AND PLAINTIFFS FAILED TO JOIN AS DEFENDANTS "CO-CONSPIRATOR" SELLERS. ..................................... 2

    A.  Most Plaintiffs Lack Standing Based on Purchases from "Non-Conspiring Retailers." ....................................................................................... 2

    B.  Even as to Purchases from Sellers Alleged to Be "Co-Conspirators," Plaintiffs Fail to Satisfy the Applicable Pleading Requirements. ......................... 4

II. THE COURT'S DECISION ON ANTITRUST STANDING DID NOT ADDRESS WHETHER PLAINTIFFS HAVE STANDING TO ASSERT THEIR SHERMAN ACT SECTION 2 (MONOPOLIZATION) CLAIMS. ................................ 5

CONCLUSION .......................................................................................................................... 6

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re American Express Anti-Steering Rules Antitrust Litigation*,
   19 F. 4th 127 (2d Cir. 2021) ................................................................................................3

*In re ATM Fee Antitrust Litig.*,
   686 F.3d 741 (9th Cir. 2012) ................................................................................................2

*In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust
   Litigation*,
   691 F.2d 1335 (9th Cir. 1982) ..............................................................................................4

*De Coster* v. *Amazon.com, Inc.*,
   No. 2:21-cv-00693-RSM (W.D. Wash.) ...............................................................................6

*In re Ditropan XL Antitrust Litig.*,
   2007 WL 2978329 (N.D. Cal. Oct. 11, 2007) ......................................................................5

*Lenhoff Enters., Inc.* v. *United Talent Agency, Inc.*,
   2015 WL 7008185 (C.D. Cal. Sept. 18, 2015) ....................................................................5

*Lorenzo* v. *Qualcomm Inc.*,
   603 F. Supp. 2d 1291 (S.D. Cal. 2009) ................................................................................1

*Rebel Oil, Inc.* v. *Atl. Richfield Co.*,
   51 F.3d 1421 (9th Cir. 1995) ................................................................................................5

*Stanislaus Food Prods. Co.* v. *USS-Posco Indus.*,
   2010 WL 3521979 (E.D. Cal. 2010) ....................................................................................5

*United Food & Com. Workers Loc. 1776 & Participating Emps. Health &
   Welfare Fund* v. *Teikoku Pharma USA, Inc.*,
   74 F. Supp. 3d 1052 (N.D. Cal. 2014) .................................................................................5

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# INTRODUCTION

Clarification or reconsideration of the Court's motion to dismiss Order (Dkt. 48) is warranted because the Court's Order addressed the issue of antitrust standing for only a subset of Plaintiffs and claims. A complete ruling on antitrust standing is particularly important because antitrust standing "is a threshold requirement that every plaintiff must satisfy to bring a private suit under the federal antitrust laws." *Lorenzo* v. *Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1300 (S.D. Cal. 2009).

The Court found that Plaintiffs have antitrust standing to pursue claims "as direct purchasers of alleged antitrust co-conspirators" and, "[b]ased on this," concluded that it "need not address Plaintiffs' standing under an umbrella theory." Dkt. 48 at 8. But Plaintiffs admit that they did not all purchase from alleged "co-conspirators," nor are their claims as pled limited to such purchases. As a result, the co-conspirator standing doctrine does not provide a basis for permitting all Plaintiffs, or the Complaint as a whole, to proceed. To be clear, Amazon strenuously disagrees with the notion that sellers in its store are "co-conspirators," and will show why that allegation by Plaintiffs is baseless. But recognizing that, for purposes of this motion, Plaintiffs' allegations must be accepted as true, they do not resolve the antitrust standing issue.

Plaintiffs' brief incorrectly treated co-conspirator and umbrella standing theories as if they were interchangeable and did not clearly distinguish between those Plaintiffs who purchased from third-party sellers who sell on Amazon—the sellers who Plaintiffs label as alleged "co-conspirators"—and those who purchased from other e-commerce retailers. Dkt. 19 at 5–7. But at least fifteen of the twenty-one named Plaintiffs assert claims based solely on purchases from e-commerce retailers who even Plaintiffs admit were *not* co-conspirators. The Court's Order did not address the antitrust standing of these fifteen Plaintiffs. And their ability to proceed with their claims depends entirely on an umbrella theory which Plaintiffs acknowledge the Ninth Circuit has never before recognized.

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Further, while there are six Plaintiffs who do allege that they made purchases from alleged "co-conspirators," these Plaintiffs also have not met the pleading requirements to establish antitrust standing, given that the only conspiracy claims left in this case following the Court's ruling are claims of separate vertical conspiracies. To proceed with such claims on the basis of co-conspirator standing, Ninth Circuit law requires Plaintiffs to join as defendants the alleged "co-conspirator" sellers. Plaintiffs' Complaint fails to do that.

Finally, co-conspirator standing provides no basis for Plaintiffs to proceed on their monopolization and attempted monopolization claims, which are not conspiracy claims. Because the Court's Order found standing based only on alleged "co-conspirator" purchases, it did not address whether any Plaintiffs have antitrust standing to assert Sherman Act, Section 2 claims. Because co-conspirator standing cannot apply to Section 2 claims, which are based on unilateral conduct by a single firm, the direct purchaser rule is a bar to Plaintiffs' antitrust standing for their Section 2 claims.

For these reasons, and as explained more fully below, Amazon respectfully requests that the Court clarify or reconsider its Order on antitrust standing.

**I.     Plaintiffs Lack Standing for Claims Based on Purchases from "Non-Conspiring Retailers," and Plaintiffs Failed to Join as Defendants "Co-Conspirator" Sellers.**

**A.     Most Plaintiffs Lack Standing Based on Purchases from "Non-Conspiring Retailers."**

In the Ninth Circuit, antitrust standing based on the co-conspirator exception to *Illinois Brick* does not apply to customers who purchase from "non-conspiring retailers" because "the price paid by a plaintiff must be set by the conspiracy and not merely affected by the setting of another price." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 754 (9th Cir. 2012); *see also* Dkt. 29 at 2–4. Plaintiffs allege third-party sellers on Amazon are its co-conspirators, and the Court concluded that Plaintiffs pleaded standing to sue Amazon on that basis alone. Amazon strongly disagrees that its sellers are co-conspirators, but recognizes that the Court must accept Plaintiffs' allegation as true for purposes of this Motion. Even so, unless the Court also rules on umbrella standing, its opinion would permit certain named Plaintiffs (and proposed class members) to

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

proceed without pleading facts sufficient to establish standing because they assert claims based on purchases from retailers not alleged to be co-conspirators. With respect to such purchases, there is no "co-conspirator standing."

At least fifteen of the twenty-one named Plaintiffs assert claims based on products they purchased from "non-conspiring retailers."[1] For example, the claims include purchases of a ROKU from Best Buy, FAC ¶ 48, a car roof rack from REI, *id.* ¶ 51, and lotion from CVS, *id.* ¶ 58. Best Buy, REI, and CVS are not alleged to be Amazon third-party sellers or co-conspirators. Antitrust standing as to these purchases therefore cannot be based on Plaintiffs having purchased from alleged "co-conspirators." Instead, Plaintiffs claim that the prices these non-conspirators set were affected by the alleged conspiracies—an umbrella theory of standing.

Consistent with the Plaintiffs who have been named, the alleged class definition also depends on umbrella standing. Plaintiffs allege that the "impact of Amazon's restraint on its third-party sellers *is not limited to the third-party sellers' sales*." FAC ¶ 39 (emphasis added). Plaintiffs define "Class Products" to include products purchased from retailers who are not alleged to be "co-conspirators." Plaintiffs expressly allege: "to qualify as a Class Product, *it is not necessary that the product* sold through a competing retail ecommerce channel *be sold by an Amazon third-party seller*." FAC ¶ 34 (emphasis added).

Because the claims of most of the named Plaintiffs and the class definition would require the Court to accept Plaintiffs' umbrella theory of standing, the Court must address this issue. Failing to do so would be manifest error. Amazon's motion to dismiss briefing, and the Second Circuit's recent decision in *In re American Express Anti-Steering Rules Antitrust Litigation*, 19 F. 4th 127, 134 (2d Cir. 2021), submitted as supplemental authority, show why the Court should reject umbrella standing. Dkt. 18 at 9–10; Dkt. 29 at 2–4; Dkt. 42.

---

[1] These plaintiffs are Deborah Frame-Wilson, First Am. Compl. ("FAC"), Dkt. 15 ¶ 46; Samanthia Russell, *id.* ¶ 48; Arthur Scharein, *id.* ¶ 49; Nathan Chaney, *id.* ¶ 51; Chris Gulley, *id.* ¶ 52; Sheryl Taylor-Holly, *id.* ¶ 53; Anthony Courtney, *id.* ¶ 54; Dave Westrope, *id.* ¶ 55; Stacy Dutill, *id.* ¶ 56; Sarah Arrington, *id.* ¶ 57; Mary Elliott, *id.* ¶ 58; Chaunda Lewis, *id.* ¶ 61; Adrian Hennen, *id.* ¶ 62; Glenda R. Hill, *id.* ¶ 63; and Phyllis Huster, *id.* ¶ 65.

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Even as to Purchases from Sellers Alleged to Be "Co-Conspirators," Plaintiffs Fail to Satisfy the Applicable Pleading Requirements.

Although the Court concluded that Plaintiffs have antitrust standing to assert claims against Amazon based on their purchases from "alleged co-conspirators," Dkt. 48 at 8, Plaintiffs cannot proceed on such claims as currently pled because they have failed to join those alleged "co-conspirators" as defendants. Ultimately, the premise that all third parties that elect to sell products in Amazon's stores are automatically "co-conspirators" demonstrates the absurdity of Plaintiffs' allegations, and Amazon strenuously disagrees with that contention. The Ninth Circuit nevertheless requires their joinder because Plaintiffs rely on the conspiracy allegations as the basis for standing. In *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 691 F.2d 1335 (9th Cir. 1982), the Ninth Circuit held that to establish standing based on an alleged vertical conspiracy, where Plaintiffs' claim would otherwise be barred by *Illinois Brick*, joinder of the alleged co-conspirators "is required to prevent a serious risk of multiple liability." *Id.* at 1342.

The Court's Order on the motion to dismiss presents exactly the situation in which the Ninth Circuit held joinder is required. The Court dismissed claims of a *per se* illegal horizontal conspiracy, holding that "Plaintiffs have not plausibly alleged a horizontal agreement between Amazon and third-party sellers as 'competitors,'" and Plaintiffs "have not alleged any facts supporting a horizontal agreement between . . . the third-party sellers." Dkt. 48 at 13. The Court further held that Plaintiffs' allegation that Amazon policies restrict third-party sellers' prices on external sites "connotes a vertical relationship, one in which Amazon is not competing with third-party sellers, but rather setting requirements as a condition for platform access." *Id.* at 12. Based on these principles, Plaintiffs can proceed only on the basis of separate vertical conspiracies between Amazon and each of the third-party sellers from whom Plaintiffs allege they purchased products. *Id.* at 11–12. By failing to join those sellers as parties, Plaintiffs are simply covering up the fact that their case does not involve a single alleged horizontal conspiracy, but rather multiple, independent, vertical ones.

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

In these circumstances, where the third-party sellers' role as alleged "co-conspirators" with Amazon is essential to Plaintiffs' standing, the Ninth Circuit's decision in *Petroleum Products* requires that they be named as defendants. Other courts in this Circuit agree, likewise holding that alleged "coconspirator intermediaries, whose participation must be demonstrated if a vertical conspiracy is to be proved and *Illinois Brick* circumvented, must be named as defendants." *In re Ditropan XL Antitrust Litig.*, 2007 WL 2978329, at *4 (N.D. Cal. Oct. 11, 2007); *see also Stanislaus Food Prods. Co.* v. *USS-Posco Indus.*, 2010 WL 3521979, at *10 (E.D. Cal. 2010) ("In a vertical conspiracy, plaintiff must name the direct seller as a party defendant."). Because Plaintiffs have not joined the alleged "co-conspirators," their claims should be dismissed.

## II. The Court's Decision on Antitrust Standing Did Not Address Whether Plaintiffs Have Standing to Assert Their Sherman Act Section 2 (Monopolization) Claims.

The Court's Order also did not resolve whether Plaintiffs have antitrust standing to proceed with their monopolization and attempted monopolization claims under Sherman Act, Section 2. Antitrust standing for those claims cannot rest on co-conspirator standing, because monopolization and attempted monopolization claims, by definition, rest on single-firm unilateral conduct. Dkt. 29 at 4; *see also Rebel Oil, Inc.* v. *Atl. Richfield Co.*, 51 F.3d 1421, 1443 (9th Cir. 1995) ("To pose a threat of monopolization, one firm *alone* must have the power to control market output and exclude competition."); *United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund* v. *Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1076 (N.D. Cal. 2014) ("A monopoly, by definition, consists of a single firm, and both monopolization and attempted monopolization are single-firm violations."). "District courts in the Ninth Circuit routinely apply th[e] concept" that "a claim under § 2 requires the power to be in one entity rather than shared among multiple entities." *Lenhoff Enters., Inc.* v. *United Talent Agency, Inc.*, 2015 WL 7008185, at *3 (C.D. Cal. Sept. 18, 2015). *Illinois Brick* bars Plaintiffs'

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Section 2 claims because Plaintiffs do not allege purchases from Amazon, the alleged monopolist and the only party alleged to have violated Section 2 of the Sherman Act.  Dkt. 18 at 8–10.[2]

## CONCLUSION

For the reasons set forth above, and in Amazon's prior submissions, Amazon requests that the Court clarify or reconsider its Order to hold that:  (1) Plaintiffs have antitrust standing for their Sherman Act, Section 1 claim only for claims based on direct purchases from alleged "co-conspirators" and only to the extent they join them as defendants; and (2) Plaintiffs, as indirect purchasers, lack antitrust standing to sue Amazon under Sherman Act, Section 2.

DATED this 25th day of March, 2022.

Davis Wright Tremaine LLP

s/ *Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8136
Fax: (206) 757-7136
E-mail: steverummage@dwt.com
E-mail: maryannalmeida@dwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP

s/ *Karen L. Dunn*
Karen L. Dunn (*pro hac vice)*
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
2001 K Street, NW
Washington, D.C.
Telephone: (202) 223-7300
Fax:  (202) 223-7420
E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com
E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com

Attorneys for AMAZON.COM, Inc.

---

[2] Plaintiffs' counsel have filed a separate action, *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-RSM (W.D. Wash.), in which the Plaintiffs are asserting claims based on purchases in Amazon's store.  That case is before Judge Martinez.

AMAZON'S MOTION TO CLARIFY (2:20-CV-00424-RAJ) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax