The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIEN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-00424-RAJ<br><br>PLAINTIFFS' MOTION TO COMPEL 26(F) CONFERENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37<br><br>NOTED FOR MOTION CALENDAR: April 15, 2022 |



**TABLE CONTENTS**

**Page**

I. INTRODUCTION AND BACKGROUND ................................................................................1

II. ARGUMENT ........................................................................................................................2

III. CONCLUSION ....................................................................................................................4

PLAINTIFFS' MOTION TO COMPEL 26(F) CONFERENCE
CASE NO. 2:20-cv-00424-RAJ


# I. INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs[1] respectfully move to compel Defendant Amazon's participation in a conference pursuant to Federal Rule of Civil Procedure 26(f), to allow this case, which has now been pending for over two years—and has survived Amazon's motion to dismiss—to proceed into discovery.

This Action was originally filed on March 19, 2020, alleging that Amazon uses its market power to suppress competition from its own third-party sellers, who also sell on other platforms including Wal-Mart or eBay, by enforcing price restraints whereby Amazon's third-party sellers agree not to sell their products on other websites for less than they do on Amazon's own platform. This practice has already come under threat from antitrust regulators in Britain and Germany, as well as the United States Federal Trade Commission, and is a violation of the Sherman Act.

At the time the Complaint was filed, the parties agreed to defer setting the usual initial case deadlines, including the 26(f) conference, until after disposition of Amazon's anticipated motion to dismiss, Dkt. 5 at 2, and this Court thereafter suspended those deadlines pending its decision, Dkt. Entry, July 14, 2020 (suspending initial case deadlines "pending the Court's ruling on Defendant's 11 MOTION to Dismiss for Failure to State a Claim"). But after careful consideration of Amazon's motion to dismiss the Amended Complaint, on March 11, 2022, this Court issued a decision largely denying Amazon's motion, and holding that Plaintiffs adequately pleaded the relevant market, anticompetitive conduct, and antitrust injury. Dkt. 48 at 18, 20-22.

In light of the Court's decision that Plaintiffs' case may proceed, Plaintiffs' counsel met and conferred on March 24 on a Microsoft Teams video call with counsel for Amazon to discuss scheduling a 26(f) conference, and beginning discovery in this long-pending case. Declaration of Steve W. Berman In Support of Plaintiffs' Motion To Compel 26(f) Conference Under Federal Rule Of Civil Procedure 37, ¶ 1 (filed herewith).

---

[1] "Plaintiffs" are Deborah Frame-Wilson, Christian Sabol, Samanthia Russell, Arthur Scharein, Lionel Keros, Nathan Chaney, Chris Gulley, Sheryl Taylor-Holly, Anthony Courtney, Dave Westrope, Stacy Dutill, Sarah Arrington, Mary Elliot, Heather Geesey, Steve Mortillaro, Chaunda Lewis, Adrien Hennen, Glenda R. Hill, Gail Murphy, Phyllis Huster, and Gerry Kochendorfer.



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

On the call, Amazon responded that Plaintiffs' request to schedule a 26(f) conference was "premature" because Amazon planned to file a motion for reconsideration of the Court's order. But, as Plaintiffs' counsel pointed out on the call, the local rules expressly provide that motions for reconsideration do not stay discovery. *Id.*; *see* Local Civil Rule 7(h)(2) ("The pendency of a motion for reconsideration *shall not stay discovery*." (emphasis added)). Amazon's refusal to engage in a 26(f) conference amounts to nothing more than a self-imposed stay of discovery contrary to the Rules—and Amazon might be one of the largest corporations in the world, but the rules apply to it as they would to anyone else.

Permitting Amazon to further delay discovery, even after this Court has denied Amazon's motion to dismiss, deprives Plaintiffs of the ability to prosecute their case, and unnecessarily extends the schedule for this Action. Plaintiffs respectfully move the Court to order that discovery may commence, and to compel Defendant Amazon to participate in a Rule 26(f) conference within one week of the Court's issuing an order compelling such participation.

## II. ARGUMENT

More than two years after the initial filing of this Action on March 11, 2022, this Court ruled that Plaintiffs' allegations of anticompetitive actions by Amazon survived Amazon's motion to dismiss. This Court issued a decision holding that Plaintiffs plausibly pleaded the relevant market (having pleaded both a U.S. retail ecommerce market, and a series of alternative U.S. ecommerce retail submarkets); that Plaintiffs plausibly pleaded Amazon's anticompetitive conduct (and that Amazon's arguments about purported procompetitive justifications for its pricing policies are not appropriate for the motion to dismiss stage); and that Plaintiffs plausibly pleaded antitrust injury (in the form of increased retail prices to consumers). Dkt. 48 at 18, 20-22.

Plaintiffs are prepared to prosecute this action, and discovery should proceed promptly. Amazon's refusal to schedule and participate in a Rule 26(f) conference is inconsistent with the Federal Rules of Civil Procedure, the practice in this district, and the expectations of the Court and the Parties. *See generally* Fed. R. Civ. P. 26; Local Rule 7(h)(2); Dkts. 5, 9 & Dkt. Entry, July 20, 2020.

There can be no dispute about the basic obligations that Rule 26(f) imposes upon both parties in a litigation. Rule 26(f) provides that the parties must conduct a 26(f) conference "as soon as practical," Fed. R. Civ. P. 26(f)(1), and that the attorneys on both sides are "jointly responsible for arranging the conference," and negotiating a discovery plan, Fed. R. Civ. P. 26(f)(2). Indeed, under Federal Rule of Civil Procedure 37, a party's failure to participate in good faith in developing the discovery plan for submission to the court is grounds for an order to pay expenses, including attorneys' fees. Fed. R. Civ. P. 37(f).

Now that the Court has ruled that Plaintiffs' allegations should not be dismissed, it is time to proceed with discovery. Amazon cannot be permitted to unilaterally stay discovery by refusing to participate in the 26(f) conference required by the Federal Rules. Indeed, courts in this district have granted motions to compel participation in such conferences where one party refuses to participate, noting that "gamesmanship surrounding discovery conferences and other actions that prevent [a] matter from moving forward will not be tolerated." *See Secure Channels, Inc. v. Coleridge*, 2017 WL 3026059, at *1 (W.D. Wash. May 1, 2017) (setting Rule 26(f) conference deadline); *see also Panyanouvong v. Aphay*, 2014 WL 2986507, at *7-8 (W.D. Wash. July 1, 2014) (compelling attendance at Rule 26(f) conference and awarding attorneys' fees); *ING Bank, fsb v. Fazah*, 2009 WL 3824751, at *3, 5 (E.D. Cal. Nov. 16, 2009), *report and recommendation adopted*, 2009 WL 4507722 (E.D. Cal. Dec. 3, 2009) (compelling participation in Rule 26(f) conference).

It is no excuse that Amazon has elected to file a motion asking this Court to reconsider its decision. Dkt. No. 51. Setting to the side the fact that Amazon's motion for reconsideration does not meet any of the standards for such a motion as set forth in this district's Local Civil Rules, even for a meritorious motion, Local Rule 7(h)(2) expressly provides that "[t]he pendency of a motion for reconsideration *shall not stay discovery* or any other procedure." (emphasis added). Amazon's refusal to participate in a 26(f) conference therefore violates the rules of this Court, and impedes Plaintiffs' proper prosecution of their claims.

## III. CONCLUSION

This Court has already denied Amazon's motion to dismiss. Permitting Amazon to nevertheless unilaterally delay discovery deprives Plaintiffs of their right under the rules to prosecute their case, and unnecessarily extends this already long-pending action. Plaintiffs therefore respectfully move the Court to order that discovery may commence, and to compel Defendant Amazon to participate in a Rule 26(f) conference within one week of the Court's issuing an order compelling such participation..

DATED: March 31, 2022          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By     /s/ Steve W. Berman
 Steve W. Berman (WSBA No. 12536)
 /s/ Barbara A. Mahoney
 Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
barbaram@hbsslaw.com

KELLER ROHRBACK L.L.P.

By:    /s/ Derek W. Loeser
Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Dloeser@kellerrohrback.com

KELLER LENKNER LLC

Zina G. Bash (pro hac vice)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerlenkner.com



|   |   |
|---|---|
| 1 | Warren D. Postman (pro hac vice) |
| 2 | Albert Y. Pak (pro hac vice) |
|   | 1100 Vermont Avenue, N.W., 12th Floor |
| 3 | Washington DC, 20005 |
|   | Telephone: (202) 918-1123 |
| 4 | E-mail: wdp@kellerlenkner.com |
|   | E-mail: albert.pak@kellerlenkner.com |

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:    */s/ Alicia Cobb*
Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Attorneys for Plaintiffs and the Proposed Class*



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2022, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                              */s/ Steve W. Berman*
                              Steve W. Berman

