The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:20-CV-00424-RAJ

AMAZON.COM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RULE 26(F) CONFERENCE

***NOTE ON MOTION CALENDAR:***
April 15, 2022

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................1

ARGUMENT .........................................................................................................................2

I.    ANTITRUST STANDING IS A THRESHOLD LEGAL ISSUE THAT THE COURT SHOULD RESOLVE BEFORE THE RULE 26(F) CONFERENCE AND THE COMMENCEMENT OF DISCOVERY. .......................................................2

II.    PLAINTIFFS WILL SUFFER NO PREJUDICE FROM A DELAYED RULE 26(F) CONFERENCE. ...............................................................................................4

CONCLUSION ......................................................................................................................5

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (2007)......................................................................................................3

*Contentguard Holdings, Inc.* v. *ZTE Corp.*,
  2013 WL 12072533 (S.D. Cal. Jan. 16, 2013)..............................................................4

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. July 24, 2007)...............................................................3

*Little* v. *City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) .........................................................................................2

*Meyer* v. *Qualcomm Inc.*,
  2009 WL 539902 (S.D. Cal. March 3, 2009)................................................................2

*In re Morning Song Bird Food Litig.*,
  2013 WL 12143947 (S.D. Cal. Jan. 25, 2013)..............................................................4

*Nexstar Broad., Inc.* v. *Granite Broad. Corp.*,
  2011 WL 4345432 (N.D. Ind. Sept. 15, 2011) .............................................................3

*Rutman Wine Co.* v. *E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ........................................................................................3

*Zavala* v. *Kruse-Western, Inc.*,
  2019 WL 3219254 (E.D. Cal. July 17, 2019) ...............................................................4

**Other Authorities**

Federal Rule of Civil Procedure 26(b)...................................................................................4

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## INTRODUCTION

It would be premature—and inefficient—to hold a Rule 26(f) conference until the Court resolves the threshold antitrust standing issues left undecided by the Court's order on Amazon's motion to dismiss. As Amazon's pending motion for clarification/reconsideration explains, these standing issues will determine which plaintiffs can assert claims, as well as the nature and scope of those claims. Further, as to those claims for which the Court *has* found standing, plaintiffs have not yet joined necessary defendants. This Court suspended all discovery deadlines pending its resolution of Amazon's motion to dismiss when it was unclear which plaintiffs could assert claims, as well as the nature and scope of those claims—information essential to frame discussions at any Rule 26(f) conference. Those issues will remain unclear until the Court resolves Amazon's pending motion, counseling continued suspension of the deadlines.

For these reasons, and as explained more fully below, Amazon requests that the Court deny Plaintiffs' motion to compel a Rule 26(f) conference prior to resolution of Amazon's pending motion.

## BACKGROUND

On March 11, 2022, this Court issued an order granting in part and denying in part Amazon's motion to dismiss, Dkt. 48 (the "Motion to Dismiss Order"), and providing Plaintiffs until April 11, 2022, to file a Second Amended Complaint addressing the pleading deficiencies identified by the Court. In the Motion to Dismiss Order, the Court concluded that Plaintiffs have antitrust standing to pursue claims "as direct purchasers of alleged antitrust co-conspirators" and, "[b]ased on this," concluded it "need not address Plaintiffs' standing under an umbrella theory." *Id.* at 8. On March 25, 2022, Amazon filed a motion seeking clarification or reconsideration of the Court's ruling with respect to antitrust standing. Dkt. 51.

As Amazon explained in its motion for clarification/reconsideration, at least fifteen of the twenty-one named Plaintiffs assert claims based solely on purchases from e-commerce sellers who were not alleged "co-conspirators"—as even Plaintiffs admit. *Id.* at 2–3. These fifteen Plaintiffs cannot claim co-conspirator standing, and the Court has not yet addressed their

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

antitrust standing. And the remaining six named Plaintiffs—who claim they made purchases from alleged "co-conspirator" sellers—have not satisfied the legal requirements for pleading co-conspirator standing in the Ninth Circuit because they have failed to join as defendants the alleged "co-conspirator" sellers from whom they purchased. *Id.* at 4–5. The Court's Motion to Dismiss Order also did not address whether Plaintiffs have antitrust standing to proceed with their monopolization and attempted monopolization claims under Section 2 of the Sherman Act: co-conspirator standing cannot apply to the Section 2 claims because those claims are based on unilateral, single-firm conduct. *Id.* at 5–6. Resolution of these threshold antitrust standing issues will have a substantial impact on the scope of the case, and thus on the appropriate scope and schedule for discovery—the primary topics to be discussed in a Rule 26(f) conference.

## ARGUMENT

### I. Antitrust Standing Is a Threshold Legal Issue that the Court Should Resolve Before the Rule 26(f) Conference and the Commencement of Discovery.

After Amazon filed its motion to dismiss, the Court *sua sponte* suspended all deadlines in this case, including those relating to a conference under Rule 26(f) of the Federal Rules of Civil Procedure, pending the Court's ruling on Amazon's motion to dismiss. July 14, 2020 Order. That action was consistent with the Court's "wide discretion in controlling discovery," *Little* v. *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and was particularly appropriate given that Plaintiffs' antitrust standing to bring these claims had not yet been determined. Because the issue of antitrust standing still has not been determined for all Plaintiffs and claims, discovery deadlines (including the deadline for the Rule 26(f) conference) should remain suspended until the Court resolves Amazon's pending clarification/reconsideration motion.

"'Antitrust standing' is a threshold requirement that every plaintiff must satisfy to bring a private suit under the federal antitrust laws." *Meyer* v. *Qualcomm Inc.*, 2009 WL 539902, at *6 (S.D. Cal. March 3, 2009) (citing *City of Pittsburgh* v. *W. Penn Power Co.*, 147 F.3d 256, 264 (3d Cir. 1998)). Because antitrust standing is a question of law, its resolution does not depend on discovery. *Eagle* v. *Star-Kist Foods, Inc.*, 812 F.2d 538, 539 (9th Cir. 1987). It is therefore

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

appropriate to stay discovery until the Court has fully resolved the issue of antitrust standing. *E.g.*, *Nexstar Broad., Inc.* v. *Granite Broad. Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011) (staying discovery pending resolution of antitrust standing because "discovery concerns are particularly great in antitrust litigation, where discovery can quickly become enormously expensive and burdensome to defendants"); *see also In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (staying discovery pending resolution of motion to dismiss antitrust claims, concluding that "adjudicating the motions to dismiss will shed light on the best course for discovery").

Resolution of Amazon's pending motion will determine important antitrust standing issues which will in turn affect discovery, including: whether the fifteen named Plaintiffs who did not purchase from alleged "co-conspirator" sellers have antitrust standing; whether the few Plaintiffs who *did* make purchases from alleged "co-conspirator" sellers must join the alleged "co-conspirator" sellers from whom they purchased in order to proceed, Dkt. 51 at 2–4; and whether Plaintiffs have antitrust standing to proceed with their claims for monopolization and attempted monopolization under Section 2 of the Sherman Act, *id.* at 5–6. Given the breadth of Plaintiffs' claims and the scope of the discovery Amazon expects them to seek, the Court should resolve these threshold issues before the parties discuss discovery planning and begin discovery.

This approach is consistent with the purpose of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. In antitrust cases this procedure makes sense because the costs of discovery in such actions are prohibitive." *Rutman Wine Co.* v. *E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation omitted); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 558 (2007) ("It is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." (citation omitted)). As noted above, the Court's resolution of the antitrust standing issues will directly impact the scope of permissible discovery. For example, even if some Plaintiffs meet the requirements for co-conspirator standing, a decision that

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs' claims are limited to purchases made from Amazon's alleged "co-conspirators"—as opposed to every e-commerce retailer—will materially impact the scope of expensive discovery.

Rule 26 of the Federal Rules of Civil Procedure points to the same result. Rule 26(b) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Rule 26(b) permits discovery "relevant to any party's claim or defense," tying the permissible scope of discovery to the parties' pleadings. The Court's resolution of the pending motion—addressing which Plaintiffs have antitrust standing and for what claims, and who the necessary Defendants are—could have a significant impact on the parties to the case, as well as the claims asserted and therefore the scope of the operative complaint. Plaintiffs have not—and cannot—establish "good cause" to begin discovery before the Court's resolution of these threshold issues. *See, e.g.*, *Zavala* v. *Kruse-Western, Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (citation omitted) (holding "Plaintiff has not shown good cause to hold the Rule 26(f) conference prior to the Court's ruling on Defendant's motion to dismiss"); *In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (denying motion to compel Rule 26(f) conference based on pending motion to dismiss); *Contentguard Holdings, Inc.* v. *ZTE Corp.*, 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (finding no good cause to require a Rule 26(f) conference, concluding it "would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

## II.     Plaintiffs Will Suffer No Prejudice from a Delayed Rule 26(f) Conference.

Plaintiffs do not identify any prejudice to them from postponing the Rule 26(f) conference until after the Court resolves Amazon's pending motion. Holding the Rule 26(f) conference after the Court resolves antitrust standing issues is the most efficient way to proceed: a ruling on the proper plaintiffs and the necessary defendants, as well as the scope of the claims those plaintiffs may pursue, is a necessary predicate for the development of a discovery plan through the Rule 26(f) process.

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel a Rule 26(f) conference.

DATED this 11th day of April 2022.

Davis Wright Tremaine LLP,

s/ *Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8136
Fax: (206) 757-7136
E-mail: steverummage@dwt.com
E-mail: maryannalmeida@dwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP

s/ *Karen L. Dunn*
Karen L. Dunn (*pro hac vice)*
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
2001 K Street, NW
Washington, D.C.
Telephone: (202) 223-7300
Fax:  (202) 223-7420
E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com
E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com

Attorneys for AMAZON.COM, Inc.

AMAZON'S RESPONSE TO MOTION TO COMPEL
RULE 26(f) CONFERENCE (2:20-CV-00424-RAJ) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax