The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

Case No. 2:20-cv-00424-RAJ

AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

***NOTE ON MOTION CALENDAR:***
July 22, 2022

***Oral Argument Requested***

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No.2:20-CV-00424-RAJ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

I. Amazon Has Properly Raised Its Arguments for Dismissal in This Motion. ................... 2

II. Plaintiffs Lack Antitrust Standing. .................................................................................... 4

    A. Plaintiffs Who Are Not Direct Purchasers of Third-Party Sellers Must Rely on an Impermissible Umbrella Theory of Standing. .................................... 4

    B. Plaintiffs Who Did Purchase from Third-Party Sellers Do Not Satisfy the Requirements for the Co-Conspirator Exception to *Illinois Brick*. ......................... 5

III. Plaintiffs Lack Article III Standing to Bring Claims Based on Sales with Third-Party Sellers with Whom They Have Never Transacted. ................................................... 7

IV. Plaintiffs Fail to State a Conspiracy to Monopolize Claim. .............................................. 8

V. Plaintiffs' *Per Se* Claim Should Be Dismissed, as This Court Previously Held. ............. 9

VI. The Court Should Dismiss Plaintiffs' Claims Based on the Fair Pricing Policy. ........... 11

VII. Plaintiffs Fail to Adequately Allege Anticompetitive Effects. ...................................... 12

Conclusion ......................................................................................................................... 12

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No.2:20-CV-00424-RAJ) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aluminum Warehouse Antitrust Litig.*,
  2014 WL 4277510 (S.D.N.Y. 2014) ...................................................................................5

*In re American Express Anti-Steering Rules Antitrust Litig.*,
  19 F.4th 127 (2d Cir. 2021) ..................................................................................................5

*In re Apple iPhone Antitrust Litig.*,
  846 F.3d 313 (9th Cir. 2017) ................................................................................................3

*Associated General Contractors of California, Inc.* v. *California State Council of Carpenters*,
  459 U.S. 519 (1983) ........................................................................................................1, 4

*In re ATM Antitrust Fee Litig.*,
  686 F.3d 741 (9th Cir. 2012) ................................................................................................5

*Aya Healthcare Services, Inc.* v. *AMN Healthcare, Inc.*,
  9 F.4th 1102 (9th Cir. 2021) ...............................................................................................10

*Cascade Health Solutions* v. *Peacehealth*,
  515 F.3d 883 (9th Cir. 2008) ................................................................................................9

*In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*,
  691 F.2d 1335 (9th Cir. 1982) .........................................................................................4, 7

*Costco Wholesale Corp.* v. *AU Optronics Corp.*,
  2014 WL 4723880 (W.D. Wash. 2014) ...............................................................................4

*Dimidowich* v. *Bell & Howell*,
  803 F.2d 1473 (9th Cir. 1986) ............................................................................................11

*Evans* v. *S. S. Kresge Co.*,
  544 F.2d 1184 (3d Cir. 1976) .............................................................................................11

*Fairhaven Health, LLC* v. *BoiOrigyn, LLC*,
  2021 WL 5987023 (W.D. Wash. 2021) ...............................................................................4

*Garot Anderson Agencies, Inc.* v. *Blue Cross & Blue Shield United*,
  1993 WL 78756 (N.D. Ill. 1993) .......................................................................................10

*Harrell* v. *City of Gilroy*,
  2019 WL 452039 (N.D. Cal. 2019) .....................................................................................4

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No.2:20-CV-00424-RAJ) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Insight Psych. & Addiction, Inc.* v. *City of Costa Mesa*,
  2021 WL 1218253 (C.D. Cal. 2021)..................................................................................4

*Lazy Y Ranch Ltd.* v. *Behrens*,
  546 F.3d 580 (9th Cir. 2008) ........................................................................................11

*Leeder* v. *Nat'l Ass'n of Realtors*,
  2022 WL 1307100 (N.D. Ill. 2022) .................................................................................6

*Lenhoff Enters., Inc.* v. *United Talent Agency*,
  2015 WL 7008185 (C.D. Cal. 2015)................................................................................8

*Los Gatos Mercantile, Inc.* v. *E.I. du Pont de Nemours and Co.*,
  2015 WL 4755335 (N.D. Cal. 2015) ...............................................................................5

*Marion Diagnostics Ctr. LLC* v. *Becton Dickinson & Co.*,
  29 F.4th 337 (7th Cir. 2022) ...........................................................................................7

*McCarthy* v. *Recordex Serv.*,
  80 F.3d 842 (3d Cir. 1996)..............................................................................................5

*Morgan, Strand, Wheeler & Biggs* v. *Radiology, Ltd.*,
  924 F.2d 1484 (9th Cir. 1991) ........................................................................................8

*National Football League's Sunday Ticket Antitrust Litig.* v. *DirecTV, LLC*,
  933 F.3d 1136 (9th Cir. 2019) ........................................................................................8

*Orchard Supply Hardware LLC* v. *Home Depot USA, Inc.*,
  967 F. Supp. 2d 1347 (N.D. Cal. 2013) ........................................................................12

*Palmer* v. *BRG of Georgia, Inc.*,
  498 U.S. 46 (1990)........................................................................................................10

*United States* v. *Paramount Pictures, Inc.*,
  334 U.S. 131 (1948)........................................................................................................9

*Payton* v. *County of Kane*,
  308 F.3d 673 (7th Cir. 2002) ..........................................................................................8

*Rebel Oil Co., Inc.* v. *Atlantic Richfield Co*,
  51 F.3d 1421 (9th Cir. 1995) ..........................................................................................9

*Salinas Valley Mem. Hosp. Healthcare Sys.* v. *Monterey Peninsula
  Horticulture, Inc.*,
  2018 WL 6268878 (N.D. Cal. 2018) ...............................................................................3

*Sambreel Holdings LLC* v. *Facebook, Inc.*,
  906 F. Supp. 2d 1070 (S.D. Cal. 2012).........................................................................10

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No.2:20-CV-00424-RAJ) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*United States* v. *Syufy Enterpr.*,
 903 F.2d 659 (9th Cir. 1990) ...........................................................................................9

*Syufy Enterpr.* v. *Am. Multicinema, Inc.*,
 793 F.2d 990 (9th Cir. 1986) ........................................................................................8, 9

*In re TFT LCD (Flat Panel) Antitrust Litig.*,
 2012 WL 6708866 (N.D. Cal. 2012) ................................................................................4

*Twin City Sportservice, Inc.* v. *Charles O. Finley & Co.*,
 676 F.2d 1291 (9th Cir. 1982) .......................................................................................12

*Vuz* v. *DCSS III, Inc.*,
 2020 WL 4366023 (S.D. Cal. 2020) .................................................................................3

*William Inglis & Sons Baking Co.* v. *ITT Continental Baking Co.*,
 668 F.2d 1014 (9th Cir. 1981) .........................................................................................7

*William O. Gilley Enterprises Inc.* v. *Atlantic Richfield Co.*,
 2006 WL 8437393 (S.D. Cal. 2006) ...............................................................................12

*William O. Gilley Enters., Inc.* v. *Atl. Richfield Co.*,
 561 F.3d 1004 (9th Cir. 2009) .......................................................................................12

*William O. Gilley Enters., Inc.* v. *Atl. Richfield Co.*,
 588 F.3d 659 (9th Cir. 2009) .........................................................................................12

*Williams & Cochrane, LLP* v. *Quechan Tribe of the Fort Yuma Indian Reserv.*
 2018 WL 6018504 (S.D. Cal. 2018) .................................................................................4

*Wolfire Games, LLC* v. *Valve Corp.*,
 2022 WL 1443744 (W.D. Wash. 2022) .........................................................................12

**Other Authorities**

Fed. R. Civ. P. 1 ...................................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6) .......................................................................................................2, 3

Fed. R. Civ. P. 12(c) ...............................................................................................................3

Fed. R. Civ. P. 12(g) ...........................................................................................................2, 3

Fed. R. Civ. P. 12(h) ...........................................................................................................2, 3

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No.2:20-CV-00424-RAJ) - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# INTRODUCTION

Plaintiffs' opposition brief ignores the basis for the Court's decision on the motion to dismiss the First Amended Complaint ("FAC") and makes arguments that contradict allegations in their Second Amended Complaint ("SAC"). The result is an SAC that is legally deficient for multiple independent reasons beyond those that the Court has previously addressed.

*First*, Plaintiffs do not have antitrust standing under the co-conspirator exception to *Illinois Brick*, the basis for the Court finding standing in ruling on the first motion to dismiss, because Plaintiffs now admit that only "some"—not all—of them purchased directly from third-party sellers alleged to have conspired with Amazon. In addition, co-conspirator standing is not available under Ninth Circuit law to any Plaintiff named in the SAC because the SAC confirms that the prices Plaintiffs paid were not set by any alleged conspiracy. And Plaintiffs' radical claim for umbrella standing over vast amounts of online retail commerce cannot cure this threshold problem: Plaintiffs' theory of umbrella standing cannot meet the requirements for Article III standing, or for antitrust standing established in *Associated General Contractors of California, Inc.* v. *California State Council of Carpenters*, 459 U.S. 519 (1983).

*Second*, the Court should dismiss the conspiracy to monopolize claim that Plaintiffs added in the SAC because the SAC does not and cannot allege, as it must, that Amazon's two million third-party sellers acted in concert with the specific intent to confer a monopoly on Amazon.

*Third*, the Court should reject Plaintiffs' attempt to resurrect their dismissed *per se* Section 1 claim because Plaintiffs have identified no new allegations that provide a basis for the Court to reconsider its prior ruling. As before, Plaintiffs allege only that each third-party seller individually agreed to the terms and conditions Amazon set for the sale of products in its store.

*Fourth*, the Court should dismiss the SAC's claims based on the Fair Pricing Policy because the plain language of the Policy precludes a plausible allegation that the Policy requires alleged co-conspirator sellers to raise prices outside Amazon's store—consistent with the holding of the court that dismissed the D.C. Attorney General's similar claims against Amazon.

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Fifth*, the SAC does not allege anticompetitive effects resulting from any contract between Amazon and its third-party sellers, because Plaintiffs do not and cannot allege that any of the sellers has the market power necessary to raise prices above competitive levels.

*Finally*, Plaintiffs defend their Cartwright Act claim on the ground that they alleged valid Sherman Act claims. Because the Sherman Act claims fail, the Cartwright Act claim also fails.

## I.     Amazon Has Properly Raised Its Arguments for Dismissal in This Motion.

Plaintiffs argue that Amazon is raising new arguments in its motion, but they ignore that briefing on this motion takes place after Plaintiffs' theories have changed based both on the Court's ruling on the prior motion to dismiss the FAC and the amendments Plaintiffs made in the SAC. From the outset of this case, Amazon has argued that Plaintiffs must rely on what is called an umbrella theory for antitrust standing. Based on Plaintiffs' arguments, this Court concluded that it need not address umbrella standing because the Plaintiffs satisfied the "co-conspirator" exception to *Illinois Brick*, as they were allegedly direct purchasers of Amazon's alleged co-conspirators. MTD Order, Dkt. 48 at 8. Amazon then filed a timely reconsideration motion, explaining that the FAC's allegations demonstrated that not all Plaintiffs were direct purchasers of alleged antitrust co-conspirators and identifying additional reasons why allowing standing based on the co-conspirator exception would be contrary to Ninth Circuit precedent in a case now based on vertical conspiracies. Recons. Mot., Dkt. 51, at 2–5. Plaintiffs were on notice of all of Amazon's standing arguments when they filed the SAC.

Other arguments that Plaintiffs contend should have been previously raised arose from the Court's decision granting in part Amazon's motion to dismiss the FAC, limiting the theory of the case under Section 1 of the Sherman Act to a claim of separate vertical conspiracies. MTD Order, Dkt, 48 at 11–12. This theory raised new issues for the case that Amazon has properly addressed in its motion for reconsideration, Dkt. 51, and this motion.

This is therefore not a case where Amazon delayed in raising Rule 12(b)(6) arguments. But, even if there were arguments that Amazon could have originally raised but did not, the Ninth Circuit requires courts to read the mandates of Rules 1 and 12(h) in conjunction with Rule

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

12(g)(2)'s requirement that a party not raise in a second motion defenses that were available but not raised in a prior motion.  Rule 12(h) provides that a Rule 12(b)(6) defense is not waived if not raised in an initial motion; the defense can still be raised through trial "in other contexts," including a motion for judgment on the pleadings.  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom.*, 139 S. Ct. 1514 (2019).  Rule 1 directs that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  *Id.*  In *Apple iPhone Antitrust Litigation*, the district court ruled on a previously available antitrust standing argument that Apple had not raised in earlier motions to dismiss.  The Ninth Circuit held that deferring ruling on the previously available standing argument until Apple could file a Rule 12(c) motion "'is not the intended effect of Rule 12(g), and the result would be in contradiction of Rule 1's mandate.'"  *Id.* at 318–19 (quoting *Allstate Ins. Co.* v. *Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011)); *see also Apple*, 846 F.3d at 319 ("Moore's *Federal Practice* endorses the approach" that because a 12(b)(6) motion is "'so basic and was not waived,'" a court "'might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits'"); *Vuz* v. *DCSS III, Inc.*, 2020 WL 4366023, at *17  (S.D. Cal. 2020) ("The Court agrees that denying Rule 12(b)(6) motions and relegating Defendants to procedural avenues specified in Rule 12(h)(2) would 'produce unnecessary and costly delays, contrary to the direction of Rule 1.'"); *Salinas Valley Mem. Hosp. Healthcare Sys.* v. *Monterey Peninsula Horticulture, Inc.*, 2018 WL 6268878, at *5 (N.D. Cal. 2018) (considering new arguments in second motion to dismiss where there was "nothing to suggest that defendants raised arguments for a strategically abusive purpose" and to deny them would "do nothing to promote judicial efficiency").

       Similarly here, Rule 1 requires allowing Amazon's motion in full because Plaintiffs were on notice of all Amazon's antitrust standing arguments when they filed the SAC, the arguments arise in part out of the Court's decision that Plaintiffs have alleged only separate vertical conspiracies, and Plaintiffs filed a new SAC with extensive amendments.  Amazon's arguments

AMAGON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

expedite disposition on key merits issues, and are not for purposes of delay.  None of the cases Plaintiffs cite dictate a contrary result.  Those cases involve defendants raising arguments previously decided and denied, *Fairhaven Health, LLC* v. *BioOrigyn, LLC*, 2021 WL 5987023, at *6 (W.D. Wash. 2021); *Insight Psych. & Addiction, Inc.* v. *City of Costa Mesa*, 2021 WL 1218253, at *6 (C.D. Cal. 2021); waiting for a third complaint to move to dismiss multiple causes of action, *Harrell* v. *City of Gilroy*, 2019 WL 452039, at *7 (N.D. Cal. 2019); and amended complaints without extensive amendments, *Williams & Cochrane, LLP* v. *Quechan Tribe of the Fort Yuma Indian Reserv.*, 2018 WL 6018504, at *18 (S.D. Cal. 2018).

## II.   Plaintiffs Lack Antitrust Standing.

### A.   Plaintiffs Who Are Not Direct Purchasers of Third-Party Sellers Must Rely on an Impermissible Umbrella Theory of Standing.

The Court previously concluded that it "need not address Plaintiffs' standing under an umbrella theory" because "Plaintiffs have established antitrust standing as direct purchasers of alleged co-conspirators."  MTD Order, Dkt. 48 at 8.  Because Plaintiffs concede that only "some Plaintiffs"—not all—are direct purchasers of alleged antitrust co-conspirators, Opp., Dkt. 61 at 11, Plaintiffs who are not direct purchasers must rely on an umbrella theory encompassing enormous volumes of online retail for standing.[1]  This Court previously rejected this theory for purchases from non-conspirator sellers.  *Costco Wholesale Corp.* v. *AU Optronics Corp.*, 2014 WL 4723880 at *3–4 (W.D. Wash. 2014) (permitting umbrella standing for purchases from alleged co-conspirators, but denying umbrella standing claims for direct purchases from firms "who were neither alleged co-conspirators or in a control relationship with conspirators").

Plaintiffs neither address nor dispute the failure of their umbrella standing claim to satisfy the factors in *Associated General Contractors of California, Inc.* v. *California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*").  Nor can Plaintiffs satisfy *AGC* because they have

---

[1] "The umbrella theory is essentially a consequential damages theory. It seeks to hold price-fixers liable for harm allegedly flowing from the illegal conduct even though the price-fixing defendants received none of the illegal gains and were uninvolved in their competitors' pricing decisions." *In re TFT LCD (Flat Panel) Antitrust Litig.*, 2012 WL 6708866, at *1 (N.D. Cal. 2012) (quoting *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 691 F.2d 1335, 1339 (9th Cir.1982)).

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

not alleged a direct causal connection between the challenged conduct (i.e., policies governing sales by third-party sellers in Amazon's store and the fees sellers pay Amazon for such sales) and the prices Plaintiffs paid for products *outside* Amazon's store from sellers not alleged to be co-conspirators. These prices depend on multiple intervening causes, including independent decisions of non-conspiring retailers, violating *AGC*'s requirement that injury must be at the first step of the causal chain. Mot., Dkt. 59 at 12–15 (citing cases). Because the SAC does not plausibly allege that Plaintiffs who purchased from alleged non-conspiring sellers satisfy *AGC*, the Court should dismiss their claims for both damages and injunctive relief.

Plaintiffs argue that "Amazon's arguments against umbrella liability rely on *Illinois Brick*, which does not apply to Plaintiffs' standing for injunctive relief." Opp., Dkt. 61 at 11. But Amazon's arguments arise from *AGC*, which addresses "analytically distinct aspects of antitrust standing." *McCarthy* v. *Recordex Serv., Inc.*, 80 F.3d 842, 851 n.14 (3d Cir. 1996). The *AGC* inquiry is "akin to the determination of 'proximate cause' in the negligence context." *Id.* And unlike *Illinois Brick*, *AGC*'s causation requirements *do* apply to claims for injunctive relief. *E.g.*, *Los Gatos Mercantile, Inc.* v. *E.I. du Pont de Nemours & Co.*, 2015 WL 4755335, at *17–18 (N.D. Cal. 2015) (dismissing injunctive relief claim based on *AGC* causation factors); *In re Aluminum Warehouse Antitrust Litig.*, 2014 WL 4277510, at *18 (S.D.N.Y. 2014) ("*AGC* factors are reasonably applicable to actions in which only injunctive relief is sought"). "Because the difference in remedies does not affect the proximate cause analysis," Plaintiffs lack antitrust standing to seek injunctive relief based on an umbrella theory. *In re Am. Expr. Anti-Steering Rules Antitrust Litig.*, 19 F.4th 127, 143 n.10 (2d Cir. 2021) (dismissing injunctive relief request based on umbrella theory).

### B. Plaintiffs Who Did Purchase from Third-Party Sellers Do Not Satisfy the Requirements for the Co-Conspirator Exception to *Illinois Brick*.

Plaintiffs do not dispute that the co-conspirator exception does not apply when "the price paid by a plaintiff" is not alleged to have been set by the conspiracy but "merely affected by the setting of another price." *In re ATM Antitrust Fee Litig.*, 686 F.3d 741, 754 (9th Cir. 2012). Nor

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

do they dispute that the exception does not apply "when the theory of liability depends on pass-on damages." *Id.* at 755.  Plaintiffs argue their claims do not depend on a pass-on theory and that the prices they paid were set by alleged co-conspirator sellers' agreements with Amazon not to charge lower prices outside Amazon's store.  Neither argument withstands scrutiny.

Plaintiffs' claims depend on an impermissible pass-on theory because they allege that Amazon's supposedly excessive commissions for sales in its store are built into prices consumers pay for products in e-commerce.  The FAC expressly called this a "pass-on" theory, alleging "Amazon charges high fees that third-party sellers pass on to their customers both on and off the Amazon.com platform."  FAC, Dkt. 15 at 35 (heading); *see also id.* ¶ 82 (alleging Amazon's fees are "embedded into the prices [sellers] offer on other platforms").  The Court in its opinion on the first motion to dismiss accepted that theory as a basis to distinguish cases holding that best price provisions for consumers are *per se* competitive, holding that Amazon's policies were different because they "require[] sellers to add Amazon's fees to the cost of their products when they sell them on all external platforms."  MTD Order, Dkt. 48 at 20.

Plaintiffs repudiate that basis for the Court's ruling, arguing that "Plaintiffs do not rely on a pass-on theory of damages."  Opp., Dkt. 61 at 10.  The SAC attempts to disguise Plaintiffs' pass-on theory by now alleging that "Amazon charges high sellers fees that raise online prices of consumer goods on and off Amazon Marketplace," SAC, Dkt. 55 at 51 (heading), with the fees "baked into" and "built into" the prices alleged co-conspirator sellers "offer on other platforms." *Id.* ¶ 125; *also* ¶ 123.  But saying a fee is "'baked into' the purchase price is just another way of saying that the cost is 'passed through' to the buyer." *Leeder* v. *Nat'l Ass'n of Realtors*, 2022 WL 1307100, at *4 (N.D. Ill. 2022).

The SAC also confirms that Plaintiffs' claims challenge prices that were not set by any alleged conspiracy.  The fees paid by sellers in Amazon's store are established by Amazon and not alleged to be set by any conspiracy.  As a result, as in *ATM*, Plaintiffs' claims fall outside the co-conspirator exception because the prices they paid outside Amazon's store were not alleged to have been set by any alleged conspiracy, but were "merely affected by the setting of another

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

price"—i.e., the allegedly inflated prices that alleged co-conspirator sellers charge on Amazon with fees "baked into the prices." SAC ¶ 125.

Plaintiffs also cannot rely on the co-conspirator exception because they have failed to name Amazon's alleged co-conspirators as defendants. Mot., Dkt. 59 at 9–10. Plaintiffs cite *William Inglis & Sons Baking Co.* v. *ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981), for the proposition that, "as a rule," they are "not required to sue all of the alleged conspirators." Opp., Dkt. 61 at 9. But *Inglis* was a competitor case that did not involve *Illinois Brick* or indirect purchaser standing. Amazon does not argue that a plaintiff has to name all co-conspirators in *any* vertical conspiracy case, only that a plaintiff must do so to invoke the co-conspirator exception to *Illinois Brick*. *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982).

Plaintiffs argue that they need not join alleged co-conspirators here because the damages they seek (alleged overcharges for retail products) are not duplicative of the damages the third-party sellers could seek in a separate suit (allegedly inflated Amazon fees). Opp., Dkt. 61 at 9–10. But, as discussed above, Plaintiffs admit that these are not separate and distinct injuries; the allegedly inflated fees are supposedly "baked into" alleged overcharges to purchasers. SAC ¶ 125. Joinder is thus necessary to avoid the unacceptable risk of multiple liability.

### III. Plaintiffs Lack Article III Standing to Bring Claims Based on Sales with Third-Party Sellers with Whom They Have Never Transacted.

Although the claims in the SAC involve allegations of approximately two million separate vertical conspiracies between Amazon and its alleged co-conspirator sellers, the named Plaintiffs made purchases from only a handful of those sellers. As a matter of law, Plaintiffs do not have Article III standing to assert claims based on alleged vertical conspiracies involving sellers from whom they have never made any purchases. *E.g.*, *Marion Diagnostics Ctr. LLC* v. *Becton Dickinson & Co.*, 29 F.4th 337, 346–47 (7th Cir. 2022) (plaintiff lacked Article III standing to bring antitrust claims based on transactions occurring in an entirely separate vertical conspiracy). Plaintiffs do not explain, for example, how the price Plaintiff Lionel Keros paid

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

seller HOCAFF for salmon roe is fairly traceable to alleged conspiracies between Amazon and different sellers of different products from whom Mr. Keros never made a purchase. Plaintiffs argue that "[o]nce the Court determines that a named plaintiff has 'individual standing' to raise the claims asserted, this concludes the Court's standing inquiry," Opp., Dkt. 61 at 14. But the cases they cite, including *Payton* v. *County of Kane*, 308 F.3d 673 (7th Cir. 2002) (prisoners injured by same statute), involve plaintiffs injured uniformly by the same cause—not antitrust claims involving millions of separate alleged vertical conspiracies.

### IV. Plaintiffs Fail to State a Conspiracy to Monopolize Claim.

Plaintiffs address conspiracy to monopolize in the context of antitrust standing, but they do not dispute that their newly alleged conspiracy to monopolize claim still requires that each of Amazon's two million sellers had the specific intent of maintaining or enhancing an Amazon monopoly. *Lenhoff Enters., Inc.* v. *United Talent Agency*, 2015 WL 7008185, at *3 (C.D. Cal. 2015). The SAC's single allegation of intent is not only conclusory, SAC ¶ 269, it is implausible because the SAC repeatedly alleges that third-party sellers and Amazon *compete* without any explanation why third-party sellers would have an incentive to empower Amazon. To support that implausible allegation, Plaintiffs argue that "specific intent can be inferred 'from the character of the actions taken,' including the agreement between the parties." Opp., Dkt. 61 at 5. But even when there are agreements, there is "no authority that a Section 2 conspiracy may be established without some showing that more than one of the alleged co-conspirators had at least some awareness that the underlying conduct was anticompetitive or monopolistic." *Syufy Enterpr.* v. *Am. Multicinema, Inc.*, 793 F.2d 990, 1000–01 (9th Cir. 1986).[2] The SAC not only

---

[2] Plaintiffs rely on *National Football League's Sunday Ticket Antitrust Litigation* v. *DirecTV, LLC*, 933 F.3d 1136 (9th Cir. 2019), quoting it as holding that "plausible allegations that the challenged 'agreements were designed to maintain market power' were 'sufficient to allege [the contracting parties'] specific intent" to monopolize." Opp., Dkt. 61 at 5. Plaintiffs omit the preceding word "interlocking" in referencing the agreements. *Id.* Integral to the theory in *Sunday Ticket* were "interlocking agreements that work[ed] together" whereby the NFL and its teams gave all rights to Sunday afternoon out-of-market games to DirecTV. *Id.* at 1149. Here, Plaintiffs allege no interlocking or other agreements between or among third party sellers. *Morgan, Strand, Wheeler & Biggs* v. *Radiology, Ltd.*, 924 F.2d 1484 (9th Cir. 1991), involved dismissal of a conspiracy to monopolize claim; an agreement was not sufficiently alleged.

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

fails to allege any such awareness, or any facts connecting third-party sellers to one another demonstrating an agreement among sellers to maintain or enhance an Amazon monopoly, it makes no economic sense that sellers would conspire to increase Amazon's market power, and "like all antitrust cases, this one must make economic sense." *United States* v. *Syufy Enterpr.*, 903 F.2d 659, 663 (9th Cir. 1990).

Plaintiffs argue specific intent can be inferred from the third-party sellers' acquiescence to "an illegal scheme." Opp., Dkt. 61 at 5. But following Amazon's pricing policies is not the same as acquiescence to an illegal scheme. As the Ninth Circuit explained in *Rebel Oil Co., Inc.* v. *Atlantic Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995): "To prove a conspiracy to monopolize, Rebel must show that the independent dealers had the specific intent to conspire to monopolize; it is not enough to show that the dealers merely agreed to go along with ARCO's pricing." *Id.* at 1437 n.8. Plaintiffs try to distinguish *Rebel*, arguing that it involved "a *distributor's* acceptance of a *supplier's* pricing," Opp., Dkt. 61 at 6 (emphases in original). But the requirements for pleading a conspiracy to monopolize do not vary based on the parties. Neither *United States* v. *Paramount Pictures*, *Inc.*, 334 U.S. 131 (1948), nor *Cascade Health Solutions* v. *Peacehealth*, 515 F.3d 883 (9th Cir. 2008), cited by Plaintiffs for this proposition, Opp., Dkt. 61 at 5–6, conflict with *Rebel* or even address the specific intent element of a conspiracy to monopolize. *See, e.g.*, *Syufy*, 793 F.2d at 1001 (distinguishing acquiescence in *Paramount* from conduct with a co-conspirator's "knowledge that the underlying conduct was anticompetitive or monopolistic").

### V.     Plaintiffs' *Per Se* Claim Should Be Dismissed, as This Court Previously Held.

The SAC's new allegations do not justify the Court reconsidering its conclusion that the policy "connotes a vertical relationship, one in which Amazon is not competing with third-party sellers, but rather setting requirements as a condition for" access to Amazon's store. MTD Order, Dkt. 48 at 12. "Vertical agreements are analyzed under the rule of reason." *Id.* at 11.

To support reconsideration, Plaintiffs argue that the Court erred when it "adopted Amazon's premise" that to allege a horizontal conspiracy "Plaintiffs must allege an agreement that fixes both the 'prices of Amazon's products *and* those of third-party sellers.'" Opp., Dkt. 61

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

at 16. Plaintiffs rely on *Palmer* v. *BRG of Georgia, Inc.*, 498 U.S. 46 (1990), emphasizing the one-sided licensing arrangement in that case. But they omit to mention that *Palmer* involved a *reciprocal* agreement among conspiring defendants to allocate markets, a type of agreement that has long been held *per se* illegal. *Id.* at 49; *see also Garot Anderson Agencies, Inc.* v. *Blue Cross & Blue Shield United*, 1993 WL 78756, at *13 (N.D. Ill. 1993) (same).

Plaintiffs' reliance on *Aya Healthcare Services, Inc.* v. *AMN Healthcare, Inc.*, 9 F.4th 1102 (9th Cir. 2021), also does not support application of a *per se* framework. Aya and AMN—two providers of nursing services—were horizontal competitors who entered into a non-solicitation agreement, and it was "undisputed that the parties' non-solicitation agreement constituted a horizontal restraint." *Id.* at 1109. The court addressed whether the restraint was "naked or ancillary," and in turn *per se* unlawful or subject to the rule-of-reason, concluding it was ancillary and subject to the rule of reason because it was part of a collaboration with a procompetitive purpose. *Id.* at 1109–10. The undisputed horizontal restraint in *Aya* says nothing about the challenged policies relating to Amazon's operation of its store: Amazon and third-party sellers are not horizonal competitors with respect to operating a store, with each operating at different levels of the supply chain. MTD Order, Dkt. 48 at 11. And even if Amazon and third-party sellers *were* competitors in operating a store, the rule of reason would still govern because, like *Aya*, the policies are ancillary to a legitimate collaboration that allows third-party sellers to offer products in Amazon's store alongside Amazon where they compete for sales.[3]

The Court previously ruled that "[e]ven if the Court were to find that the agreements between Amazon and third-party sellers contained a horizontal element, such a 'hybrid arrangement' would be analyzed under the rule of reason." MTD Order, Dkt. 48 at 12. Plaintiffs incorrectly argue that the "'hybrid arrangement' exemption" applies only to "arrangements with 'both a dual distributorship and a horizontal relationship.'" Dkt. 61 at 18. The Ninth Circuit has held that hybrid arrangements warrant the rule of reason where, as here, "the market in which the

---

[3] *Sambreel Holdings LLC* v. *Facebook, Inc.*, 906 F. Supp. 2d 1070 (S.D. Cal. 2012), held that agreements which serve as a condition of platform access are reviewed under the rule of reason. Because *Aya* involved horizontal agreements, Plaintiffs are incorrect that *Sambreel* is no longer good law. Opp., Dkt. 61 at 17.

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

conspirators are in a vertical relationship is in some way interdependent with the market in which they have a horizontal relationship." *Dimidowich* v. *Bell & Howell*, 803 F.2d 1473, 1481 (9th Cir. 1986), *as modified*, 810 F.2d 1517 (9th Cir. 1987); *see also Evans* v. *S. S. Kresge Co.*, 544 F.2d 1184, 1194 (3d Cir. 1976) (applying rule of reason to the "hybrid business arrangement" governing a third-party seller selling in K-Mart's stores).

Plaintiffs also mischaracterize Amazon's argument that application of a *per se* rule would be unprecedented.  Opp., Dkt. 61 at 18.  Amazon did not focus on the industry involved but on the type of restraint at issue—"policies that require competitive prices for consumers"—to which no court has ever applied a *per se* analysis, Mot., Dkt. 59 at 18, foreclosing *per se* treatment.

**VI.     The Court Should Dismiss Plaintiffs' Claims Based on the Fair Pricing Policy.**

The Court previously distinguished Amazon's Fair Pricing Policy from lawful "best price" provisions because, based on the allegations of the FAC, it "*requires* sellers to add Amazon's fees to the cost of their products when they sell them on all external platforms."  MTD Order, Dkt. 48 at 20 (emphasis added).  With this motion, Amazon submitted the actual Policy because the Court should not "accept as true allegations contradicting documents that are referenced in the complaint."  *Lazy Y Ranch Ltd.* v. *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  And Plaintiffs do not dispute that the Policy contains no requirement, explicit or implicit, that sellers add Amazon's fees to the cost of the products they sell on external platforms.

Unable to defend the erroneous allegation on which the Court previously relied, Plaintiffs now argue the Policy is anticompetitive because it "operates as an MFN *in practice* to require sellers to *raise prices on competing sites*" and claim the plain language "creates a factual dispute."  Opp., Dkt. 61 at 19–20 (second emphasis added).  But nothing in the SAC alleges that sellers must (or naturally would) respond to the Policy by raising their prices outside Amazon's store rather than lowering prices in Amazon's store.  The Policy requires only that third-party sellers offer Amazon shoppers prices that are not "significantly higher" than recent prices on or off Amazon.  For that reason, the D.C. Superior Court dismissed the similar case that the D.C. Attorney General filed, finding equally conclusory allegations that the Policy operates as an

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

MFN and creates a price floor to be implausible in light of the Policy's plain language. Mot., Dkt. 59 at 21. This Court should reach the same result here.

### VII. Plaintiffs Fail to Adequately Allege Anticompetitive Effects.

The SAC fails to allege that any one of the vertical agreements at issue has anticompetitive effects because it does not allege that any third-party seller has market power to raise prices off Amazon above competitive levels. Plaintiffs make the same argument rejected in *William O. Gilley Enterprises Inc.* v. *Atlantic Richfield Co.*, 2006 WL 8437393 (S.D. Cal. 2006), *aff'd* 588 F.3d 659 (9th Cir. 2009)—that the millions of separate alleged agreements can be considered in the aggregate. In *Gilley*, the plaintiffs alleged that oil companies entered into multiple exchange agreements to limit supply and increase prices; the court held that "it would be improper to aggregate all of a defendant's exchange agreements for purposes of determining anticompetitive effect" because there were no allegations of collusion *among* the defendants. *Id.* at *4. The Court distinguished *Twin City Sportservice, Inc.* v. *Charles O. Finley & Co.*, 676 F.2d 1291 (9th Cir. 1982), a pre-*Gilley* decision cited by Plaintiffs, where it was alleged each alleged exclusive dealing agreement had a "discrete effect" on competition. *Gilley*, 2006 WL 8437393, at *4.[4] Here, the SAC contains no allegation of any agreement having a discrete effect on competition.

### CONCLUSION

For the foregoing reasons, and those in Amazon's opening brief, the Court should grant Amazon's motion to dismiss. Because Plaintiffs have had three distinct opportunities to state a claim and have failed to do so, and because their lack of standing cannot be cured, Amazon asks the Court to deny leave to amend.

---

[4] Plaintiffs also rely on other cases that pre-date *Gilley*. *Orchard Supply Hardware LLC* v. *Home Depot USA, Inc.*, 967 F. Supp. 2d 1347 (N.D. Cal. 2013), relies on an earlier decision in *Gilley* that was withdrawn, *see William O. Gilley Enters., Inc.* v. *Atl. Richfield Co.*, 561 F.3d 1004 (9th Cir. 2009), *withdrawn and superseded by* 588 F.3d 659 (9th Cir. 2009). *Wolfire Games, LLC* v. *Valve Corp.*, 2022 WL 1443744 (W.D. Wash. 2022), did not address aggregation.

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of July, 2022.

        Davis Wright Tremaine LLP
        Attorneys for AMAZON.COM, INC.

        *s/ Stephen M. Rummage*
        Stephen M. Rummage, WSBA #11168
        MaryAnn Almeida, WSBA #49086
        920 Fifth Avenue, Suite 3300
        Seattle, WA  98104-1610
        Telephone: (206) 757-8136
        Fax: (206) 757-7136
        E-mail: steverummage@dwt.com
        E-mail: maryannalmeida@dwt.com

        Paul, Weiss, Rifkind, Wharton & Garrison LLP

        *s/ Karen L. Dunn*
        Karen L. Dunn (*pro hac vice*)
        William A. Isaacson (*pro hac vice*)
        Amy J. Mauser (*pro hac vice*)
        Martha L. Goodman (*pro hac vice*)
        2001 K Street, NW
        Washington, DC 20006-1047
        Telephone: (202) 223-7300
        Fax: (202) 223-7420
        E-mail: kdunn@paulweiss.com
        E-mail: wisaacson@paulweiss.com
        E-mail: amauser@paulweiss.com
        E-mail: mgoodman@paulweiss.com

        Attorneys for AMAZON.COM, INC.

AMAZON'S REPLY ISO MOTION TO DISMISS
(Case No. 2:20-CV-00424-RAJ) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax