HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

Case No. 2:20-cv-00424-RAJ

ORDER ON MOTIONS TO CLARIFY OR RECONSIDER (Dkt. # 51) AND TO COMPEL 26(f) CONFERENCE (Dkt. # 52)

ORDER – 1

## I.   INTRODUCTION

Before the Court are two motions. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court finds that oral argument is unnecessary.  For the reasons below, Defendant's Motion to Clarify or Reconsider Portions of the Court's March 11, 2022 Order (Dkt. # 51) is **DENIED as moot**.  Plaintiff's Motion to Compel 26(f) Conference Under FRCP 37 (Dkt. # 52) is **GRANTED.**

## II.   BACKGROUND

On March 19, 2020, Plaintiffs filed this lawsuit against Amazon.com, Inc. ("Amazon" or "Defendant").  Dkt. # 1.  On July 13, 2020, Amazon filed a motion to dismiss the complaint for failure to state a claim.  Dkt. # 11.  On August 3, 2020, Plaintiffs filed their First Amended Complaint (Dkt. # 15) and, soon thereafter, Amazon's pending motion to dismiss was terminated.  On September 2, 2020, Amazon filed a motion to dismiss the First Amended Complaint.  Dkt. # 18.  On March 11, 2022, this Court granted in part and denied in part Amazon's motion to dismiss, allowing Plaintiffs to file another amended complaint within thirty (30) days of entry of the Order.  Dkt. # 48 at 25-26.  Amazon then filed a motion to clarify or reconsider the Court's Order on March 25, 2022.  Dkt. # 51.  On March 31, 2022, Plaintiffs filed a motion to compel a Rule 26(f) conference, and on April 11, Plaintiffs filed their Second Amended Complaint.  Amazon then filed a motion to dismiss the Second Amended Complaint on May 16, 2022.  The Court now addresses Amazon's pending motion for reconsideration and Plaintiff's pending motion to compel.

## III.   DISCUSSION

### A.   Motion to Clarify or Reconsider (Dkt. # 51)

Amazon asserts that this Court's March 11, 2022 Order (Dkt. # 48), which granted in part and denied in part Defendant's motion to dismiss, "addressed the issue of antitrust standing for only a subset of Plaintiff's and claims." Dkt. # 51 at 1.  Amazon requests that

ORDER – 2

this Court amend its Order to hold that: "(1) Plaintiffs have antitrust standing for their Sherman Act, Section 1 claim only for claims based on direct purchases from alleged 'co-conspirators' and only to the extent that they join them as defendants; and (2) Plaintiffs, as indirect purchasers, lack antitrust standing to sue Amazon under Sherman Act, Section 2." *Id.* at 6.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). However, the Court need not address the merits of Amazon's arguments at this time because Plaintiff's filing of their Second Amended Complaint on April 11, 2022 rendered Amazon's motion for reconsideration moot. It is "well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated as non-existent.'" *Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)). When a party files a subsequent complaint, "'the original pleading no longer performs any function.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Because Amazon's motion for reconsideration targets the Court's Order concerning Plaintiff's First Amended Complaint (and because Plaintiffs have subsequently filed a Second Amended Complaint and Amazon has in turn filed a motion to dismiss[1] this Second Amended Complaint), Amazon's request for reconsideration must be deemed moot. *See Sanders v. Matthew*, No. 1:15-cv-395-LJO-EPG, 2016 WL 11486352, at *2 (E.D. Cal. March 9, 2016) ("As a result [of the filing of an amended complaint], any pleading directed at Plaintiff's original complaint—including Plaintiff's motion for reconsideration—is moot.")

---

[1] Further, Amazon's most recent motion to dismiss raises the same arguments as those raised in its motion for reconsideration. Dkt. ## 51, 59.

ORDER – 3

### B. Motion to Compel (Dkt. # 52)

The Court now turns to Plaintiff's motion to compel. Plaintiffs seek an order compelling Amazon's participation in a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). Dkt. # 52 at 1. On April 20, 2020, this Court issued an Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report, which required the parties to conduct a Rule 26(f) conference by July 20, 2020. Dkt. # 9. Plaintiffs state that, at the time the Complaint was filed, the parties agreed to defer several case deadlines, including the deadline for holding a Rule 26(f) discovery conference until the disposition of Amazon's anticipated motion to dismiss. *Id.* Indeed, on July 14, 2020, the Court suspended the various deadlines contained in its April 20 Order pending the disposition of Amazon's motion to dismiss, which Amazon had filed the day prior. Dkt. ## 14, 11. On March 11, 2022, this Court granted in part and denied in part Amazon's motion to dismiss. Dkt. # 48. On March 31, Plaintiffs filed their motion to compel, claiming that Amazon refused to schedule a Rule 26(f) conference, and that due to Amazon's inaction, discovery has been stayed in violation of Local Rule 7(h). Dkt. ## 52 at 1-2, 53 at 1.

Amazon requests that this Court deny Plaintiff's request to compel a conference, arguing that Amazon's motion for reconsideration must be resolved before the parties move forward with discovery. Dkt. # 54. Amazon argues that Plaintiff's standing to bring several claims has "not yet been determined[,]" and that this "threshold requirement" must be addressed before the parties engage in discovery. *Id.* at 2-3. Amazon further suggests that Plaintiffs will not be prejudiced from a delayed conference because it is "inefficient" to move forward with discovery while Amazon's motion remains outstanding. *Id.* at 4. Plaintiffs counter that Amazon fails to point to a case where the court has stayed discovery pending a motion for *reconsideration*, and notes that the case has been pending for over two years and further delay risks the loss of evidence and witnesses. Dkt. # 56 at 1-2.

ORDER – 4

District courts have "broad discretion to manage discovery and to control the course of litigation." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information that falls within this scope of discovery is discoverable even if it may not be admissible in evidence. *Id.* "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cunningham v. Bank One*, No. C05-2104RSM, 2006 WL 3361773, at *1 (W.D. Wash. Nov. 20, 2006). Rule 26(d) requires that the parties confer before discovery begins, stating: "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1).

Rule 26(f), which governs the timing of the discovery conference, provides that the parties must confer "as soon as practicable" so that they may "consider the nature and basis of their claims and defenses and possibilities for promptly settling or resolving the case," make required disclosures, discuss the preservation of discoverable information, and "develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1)-(2). Further, Local Rule 7(h), concerning motions for reconsideration, states that "[t]he pendency of a motion for reconsideration shall not stay discovery or any other procedure." LCR 7(h)(2).

Here, Amazon plainly argues that its motion for reconsideration should stay discovery. Dkt. # 54 at 1. The Court disagrees. Amazon correctly notes that the Court must consider the costs of pretrial discovery in antitrust cases where the sufficiency of the

ORDER – 5

complaint has been challenged. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). However, that concern is lessened where, as here, the Court has already allowed much of Plaintiff's case to move forward, has granted leave to amend the complaint, *see* Dkt. # 48 at 25-16, and where Plaintiff has in fact filed a Second Amended Complaint. Dkt. # 55.

Further, the authorities cited by Amazon for the proposition that Amazon's standing challenge supports a continuing pause on discovery are distinguishable. In each of the cases cited by Amazon, Plaintiffs sought to compel participation in a Rule 26(f) conference: (1) prior to the filing of a motion to dismiss or any responsive pleading (*In re Morning Song Bird Food Litigation*, 2013 WL 12143947 (S.D. Cal. January 25, 2013)); and 2) prior to the rendering of any decision on a pending motion to dismiss (*Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254, (E.D. Cal. July 17, 2019); *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013 WL 12072533 (S.D. Cal. January 16, 2013)). Unlike the plaintiffs in *Zalava*, *Contentguard*, and *Morning Song*, who sought to compel a conference prior to a ruling on a pending motion to dismiss, here the Court has addressed Amazon's previous motion to dismiss on the merits and has already made a finding that Plaintiffs have established standing for at least some claims. Dkt. # 48 at 8, 22; *see Rutman*, 829 F.2d at 738 ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"). Given the Court's decision on Amazon's motion to dismiss and LCR 7(h)'s prohibition on staying discovery due to a pending motion for reconsideration, the Court sees no reason to further delay discovery in this long-pending case.

//
//
//

ORDER – 6

## IV.  CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Clarify or Reconsider Portions of the Court's March 11, 2022 Order is **DENIED as moot**.  Plaintiff's Motion to Compel 26(f) Conference Under FRCP 37 is **GRANTED.**  The Court will order Amazon to participate in a Rule 26(f) conference **within ten days of this Order**.

DATED this 2nd day of August, 2022.

HON. RICHARD A. JONES
United States District Judge

ORDER – 7