The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

         Plaintiffs,

 v.

AMAZON.COM, INC., a Delaware corporation,

         Defendant.

No. 2:20-cv-00424-RAJ

**JOINT STATUS REPORT AND DISCOVERY PLAN**



Counsel for Plaintiffs and Defendant Amazon.com, Inc. ("Amazon") (collectively "Parties") held a conference as required by LCR 26(f) on August 15, 2022. This Joint Status Report and Discovery Plan is the outcome of that conference and the Parties' subsequent discussions.

**1.     Statement of the nature and complexity of the case**

**Plaintiffs' statement:**

Plaintiffs are online shoppers ("ecommerce" consumers) who allege that Amazon imposes an illegal price restraint on the ecommerce retailers that sell on Amazon's online marketplace ("Amazon Marketplace"), and that this price restraint prohibits the ecommerce retailers from competing on price when selling the same products on other ecommerce retail sites that compete with Amazon Marketplace. This price restraint was originally found in section S-4 ("Parity with Your Sales Channel") in Amazon's Standard Business Agreement with the ecommerce retailers and is now incorporated by reference in that agreement through Amazon's "fair pricing" provision, to which the ecommerce retailers also agree to adhere. Plaintiffs further allege that by agreeing to Amazon's contractual price constraints, the ecommerce retailers are Amazon's co-conspirators. Amazon and its Co-conspirators' price restraints harm competition and injure Plaintiffs and other consumers by charging them supracompetitive online prices. Plaintiffs further allege that through their price restraints Amazon and its Co-conspirators conspire to create or maintain Amazon Marketplace's monopoly in the relevant U.S. online retail markets, including the ecommerce market, the online retail marketplaces market, and the ecommerce submarkets for various product categories. Alternatively, Plaintiffs allege that Amazon Marketplace is dangerously likely to achieve a monopoly in the relevant markets.

This case presents complex legal and factual matters, which require substantial discovery. Plaintiffs assert violations of Sections 1 and 2 of the Sherman Act and the Cartwright Act on behalf of themselves and similarly situated class members. Plaintiffs ask that the Court certify a federal law class on a nationwide basis and a California subclass for purposes of the Cartwright claim.

**Defendant's statement**:

Having a reputation for low prices—and in fact offering low prices—are fundamental business objectives for Amazon. Within the intensely competitive retail environment, customers shop around until they find the best deal. Even a single bad experience in Amazon's store—such as paying an uncompetitive price for a product—can damage customer trust, which is essential to success in retail and can easily be lost. The gravamen of Plaintiffs' Second Amended Complaint is that Amazon's policies encouraging low prices in its store and deterring price gouging constitute an antitrust violation. This proposition—that Amazon should not be allowed to encourage low prices and prohibit price gouging in its store—defies common sense and the fundamental dynamics of retail competition. It also defies the letter and spirit of the antitrust laws, which protect the very type of competition in which Plaintiffs allege Amazon is engaging. If Plaintiffs' claims survive a motion to dismiss, Amazon will establish, based on the factual record, that class certification requirements have not been established and that Plaintiffs' claims fail for multiple reasons, including but not limited to the following:

(1) Plaintiffs lack antitrust standing because their claims violate the direct purchaser requirement of *Illinois Brick*; and fall outside the co-conspirator exception to *Illinois Brick*, as the prices they paid for goods they purchased outside Amazon's store were not set by any alleged conspiracy;

(2) Plaintiffs' claimed injury is far too attenuated to satisfy the requirements for antitrust standing set forth in *Associated General Contractors* and violates the rule that antitrust injury must occur at the first step in the causal chain of events of a defendant's alleged anticompetitive conduct;

(3) Amazon has legitimate, procompetitive business justifications for the pricing policies that Plaintiffs challenge;

(3) The relevant product markets alleged by Plaintiffs defy how customers shop. The alleged markets are too narrow because they disregard the fact that the vast majority of retail sales take place in brick-and-mortar stores, and at the same time they are overbroad because the



600 million products in Plaintiffs' alleged Online Marketplace market are not reasonably interchangeable and the products do not all face the same competitive conditions;

(4) Amazon lacks market power in a properly defined market;

(5) Plaintiffs cannot establish anticompetitive effects, which requires Plaintiffs to show that each of Amazon's agreements with third-party sellers causes anticompetitive harm. No agreement between Amazon and a third-party seller had a cognizable impact on competition.

(6) Plaintiffs mischaracterize Amazon's Marketplace Fair Pricing Policy as a most-favored nation (MFN) provision. The provision prohibits only prices "significantly higher" than recent prices on or off Amazon, protecting consumers against price gouging. Even if the former parity provision constitutes an MFN, the provision has as its purpose providing consumers lower prices, and no case has held that an MFN provision that seeks lower prices for consumers is an antitrust violation;

(7) Plaintiffs cannot establish a conspiracy to monopolize because they will not be able to show that each of Amazon's two million third-party sellers had the specific intent of maintaining or enhancing an Amazon monopoly; and

(8) Plaintiffs cannot establish on a class-wide basis that, as a result of the former parity provision and the Marketplace Fair Pricing Policy, the prices they paid for online purchases of goods outside of Amazon's store were higher than they otherwise would have been.

**2.   Proposed deadline for joining additional parties**

Plaintiffs propose that the Parties join any additional parties within the later of six months from the date of submission of this Joint Status Report and Discovery Plan ("this Report") or 45 days after the Court's order on Amazon's pending motion to dismiss (ECF No. 59).

Amazon opposes any further amendment by Plaintiffs, given that they have already filed three complaints in this action. Should Plaintiffs obtain leave of court permitting them to file a further amended complaint, they should be required to do so no later than thirty days from the Court's ruling on the pending motion to dismiss.

**3.   Consent to a Magistrate**

No.



**4.     Discovery plan**

The Parties propose the following schedule of discovery and related deadlines:

| Event | Proposed Deadline or Date |
|---|---|
| Initial Disclosures | September 12, 2022 |
| Class certification motion | October 30, 2023. |
| Completion of non-expert discovery | Within 4 months after the Court's order on class certification |
| Disclosure of merits expert reports (except those that are used to support or oppose a motion for class certification) | Within 5 months after the Court's order on class certification |
| Disclosure of merits rebuttal expert reports (except those that are used to support or oppose a motion for class certification) | Within 7 months after the Court's order on class certification, i.e., within 60 days of merits expert reports |
| Disclosure of expert responses to rebuttal reports (except those that are used to support or oppose a motion for class certification) | Within 9 months after the Court's order on class certification |
| Completion of expert discovery | Within 10 months after the Court's order on class certification |
| Dispositive and *Daubert* motion(s) | Within 12 months after the Court's order on class certification |
| Trial | Date to be determined, but no sooner than 14 months from the Court's order on class certification |

The Parties agree to work together to negotiate a Protective Order and an ESI Protocol that they will present to the Court on or before October 14, 2022. If agreement cannot be reached, the Parties will submit a joint statement by that deadline, outlining the Parties' respective positions on any areas of disagreement. No such disputes are anticipated at this time.

a. **The exchange of initial disclosures**

As described in the preceding chart in this section, the Parties will exchange their initial disclosures on September 12, 2022.

b. **Subjects, timing, and potential phasing of discovery**

1) **Plaintiffs:** Plaintiffs anticipate extensive discovery, including documents and data:

- concerning the relevant markets;
- identifying Amazon's third-party sellers;
- identifying Class Products;
- identifying products Amazon sells in competition with Class Products;
- identifying the online retail channels third-party sellers use to sell their products when not selling on Amazon Marketplace;
- concerning historical and current price information for Class Products and products Amazon sells in competition with Class Products;
- concerning third-party sellers' obligations under the Price Parity Provision;
- concerning Amazon's withdrawal of the Price Parity Provision in any geographic market;
- concerning third-party sellers' obligations under the Fair Pricing Provision;
- concerning the enactment and enforcement of Amazon's Price Parity Provision and Fair Pricing Provision;
- concerning departments and employees/officers primarily charged with enacting and enforcing these provisions and with tracking and comparing prices for Class Products; and
- concerning productions made to the House Judiciary Committee, the DOJ, the FTC, and state attorneys general as they relate to any of the above categories of documents.

Additionally, if the class is certified, Plaintiffs will seek class member names and contact information from Amazon for purposes of class notification.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
Case No. 2:20-cv-00424-RAJ



2) **Defendant**: If the Court denies Amazon's motion to dismiss, Amazon likewise anticipates extensive discovery, including seeking documents and data related to some of the topics Plaintiffs outline above, from Plaintiffs and from nonparties. Amazon reserves all rights to object to the scope of discovery sought by Plaintiffs. In addition, Amazon anticipates seeking discovery on the following additional topics from Plaintiffs and from nonparties:

- The identities of Amazon's alleged co-conspirators;
- Plaintiffs' (or Plaintiffs' representatives) communications with any third-party seller in Amazon's store;
- Plaintiffs' (or Plaintiffs' representatives) communications with any government regulator or congressional committee concerning the former Parity Provision or the Marketplace Fair Pricing Policy;
- Documents relied on in the Complaint, First Amended Complaint, or Second Amended Complaint;
- Plaintiffs' (or Plaintiffs' representatives') communications with any author or contributor to any public document relied on in the Complaint, the First Amended Complaint, or the Second Amended Complaint;
- Third-party sellers' costs to sell in other online marketplaces or other distribution channels;
- Plaintiffs' purchases of products during the putative Class Period—regardless of where Plaintiffs made each such purchase—i.e., from any retailer, third-party seller, brand, or marketplace, whether online or in a physical store;
- Plaintiffs' shopping habits and practices;
- Competitive conditions for sales of the alleged Class Products, including potential substitutions and the policies of other retailers;
- The prices and terms at which other retailers, third-party sellers, or marketplaces offered products which Plaintiffs purchased at the time of Plaintiffs' purchases; and
- Plaintiffs' document and data preservation practices.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
Case No. 2:20-cv-00424-RAJ


HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

The Parties agree that discovery should not be bifurcated or phased.

### c.   Electronically stored information

The Parties agree to work together to propose a protocol addressing the disclosure requirements for electronically stored information ("ESI"), based on the "Model ESI Agreement" referenced in LCR 26(f)(1)(I)(ii). If agreement cannot be reached, the Parties will present to the Court any disputed issues requiring the Court's resolution.

### d.   Privilege issues

The Parties will promptly negotiate the terms of a proposed protective order containing procedures for handling the inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence, and will submit the proposed order for the Court's consideration. Plaintiffs propose that the Parties file their proposed ESI agreement by September 28, 2022, or, if agreement cannot be reached, submit a joint statement by that deadline, outlining the Parties' respective positions. No such disputes are anticipated at this time.

### e.   Proposed limitations on discovery

The Parties agree to follow the Federal Rules of Civil Procedure for the exchange of discovery and conducting depositions. Each party reserves the right to seek leave of court at the appropriate time to expand the limitations on the number of depositions in Fed. R. Civ. P. 30(a)(2)(A)(i), or the number of interrogatories in Fed. R. Civ. P. 33 (a)(1).

### f.   The need for any discovery related orders

#### 1. Plaintiffs' Position

Plaintiffs believe that this action, the largest pending antitrust case in the country, would benefit from status conferences by telephone every two months on dates and at times convenient for the Court. *See* Manual for Complex Litigation, Fourth §11.22 (2004). A complex antitrust class action presents special case management issues, in particular the efficient and timely completion of discovery, and it is common in such cases to hold regular status conferences to address issues likely to arise in the course of litigating this matter. Plaintiffs propose that the Parties jointly file a Status Conference Report 7 calendars days before each scheduled Status

Conference, setting forth what issues, if any, there are for discussion with or resolution by the Court. If there are no issues, the Parties would jointly recommend cancelation of the scheduled Status Conference.

Plaintiffs disagree as to the scope of preservation required in this litigation. *See* 5(e) below. Plaintiffs request an order on that issue and propose that the Parties meet and confer and submit a proposed briefing schedule to address it.

### 2. Amazon's Position

Amazon believes there is no reason for regularly scheduled status conferences. This matter involves experienced counsel on both sides. The Parties should work together to resolve any areas of disagreement that may arise before seeking the Court's involvement. Scheduling regular conferences may have the effect of surfacing issues to the Court's attention before counsel have exhausted efforts to resolve them consensually.

### 5. Items set forth in Local Civil Rule 26(f)(1)

#### a. Prompt case resolution

The Parties will litigate this case as efficiently as possible.

#### b. Alternative dispute resolution ("ADR")

The Parties will review ADR options in this matter as the case develops.

#### c. Related cases.

The Parties identify the following related cases:

- *De Coster, et al. v. Amazon.com, Inc.*, 2:21-cv-693, Chief Judge Ricardo S. Martinez
- *West, et al. v. Amazon.com, Inc.*, 2:21-cv-694, Chief Judge Ricardo S. Martinez (consolidated with *De Coster*)
- *Hogan v. Amazon.com, Inc.*, 2:21-cv-00996, Chief Judge Ricardo S. Martinez
- *Seberson v. Amazon.com, Inc.*, 2:21-cv-01009, Chief Judge Ricardo S. Martinez (consolidated with *Hogan*)

The Parties agree to coordinate discovery between this matter and *De Coster* (Plaintiffs' counsel and Amazon's counsel in this matter are also counsel for plaintiffs and for Amazon, respectively, in *De Coster*) to avoid duplication of effort. The Parties further agree to meet and confer with counsel in *Hogan* and *Seberson* to coordinate discovery, as appropriate. The Parties agree that, should *De Coster* and *Hogan/Seberson* proceed beyond the pending and fully briefed motions to dismiss and into discovery, duplicative discovery across the related matters should be avoided. The Parties will meet and confer as necessary to avoid unnecessary and duplicative depositions of the same witnesses.

### d.     Phasing motions

Plaintiffs anticipate that their proposed schedule described in No. 4 above represents an efficient phasing of motions. Depending on the information obtained during discovery and the potential level of complexity presented by their calculation of damages, Plaintiffs may choose to satisfy their burden on class certification by presenting evidence of class-wide impact and a common methodology of calculating damages, while deferring an actual calculation of aggregate class damages until the deadline for expert merit reports.

Amazon is considering an early motion for partial summary judgment to narrow the issues in the case.

### e.     Preservation

Plaintiffs request preservation of all data and documents responsive to their anticipated discovery, as described in No. 4(b)(1) above. Consistent with the claims asserted in this case, Plaintiffs have preserved relevant documents, including their online purchases. Amazon's additional requests that Plaintiffs also preserve "their habits and practices" of purchasing, all manner of purchases of any product from any source, including physical stores, and the "prices and terms at which" such products are sold by any seller anywhere, are unduly burdensome requests and fail to address the disparity in resources and burden placed on individual consumers serving as class representatives.

Amazon likewise requests preservation of all data and documents responsive to its anticipated discovery, as described in No. 4(b)(2) above.



**f.     ESI Protocols**

The Parties agree to work together to propose a protocol addressing discovery of electronically stored information ("ESI") based on the "Model ESI Agreement" referenced in LCR 26(f)(1)(I)(ii).

**6.     Discovery deadline**

The Parties agree that discovery shall close 4 months after the Court's order on class certification, as described in No. 4 above.

**7.     Bifurcation**

The Parties are not proposing any bifurcation between class certification and merits or between liability and damages at this time.

**8.     Individualized Trial Program**

The Parties agree that an individualized trial program is not appropriate for this action.

**9.     Other suggestions for shortening or simplifying the case**

The Parties agree to meet and confer as appropriate to propose any issues that can be narrowed by stipulation or by motion, as well as any potential means to expedite the presentation of evidence at trial.

**10.    The date the case will be ready for trial**

Plaintiffs anticipate that their case will be ready for trial 14 months after the Court's order on class certification, as described in No. 4 above.

Assuming the case survives the pending motion to dismiss, Amazon believes trial readiness cannot be assessed until after the Court rules on class certification and/or any early summary judgment motion.

**11.    Trial Type**

Plaintiffs have requested a trial by jury.

**12.    Trial Length**

Plaintiffs currently anticipate it will require 10 days for the presentation of their case.

At this stage of the case, when the exact scope of the issues to be tried is not clear, it is premature to project the length of the trial. Amazon proposes that the Court request the Parties

to estimate the trial length at a later stage, after any ruling on the class certification motion and/or early summary judgment motion.

**13.     Names, addresses, and telephone numbers of all trial counsel**

<u>Counsel for Plaintiffs</u>

Steve W. Berman, WSBA No. 12536S
Barbara A. Mahoney, WSBA No. 31845
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com

KELLER POSTMAN, LLC

Zina G. Bash (pro hac vice)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Warren D. Postman (pro hac vice)
Albert Y. Pak (pro hac vice)
1100 Vermont Avenue, N.W., 12th Floor
Washington DC, 20005
Telephone: (202) 918-1123
E-mail: wdp@kellerpostman..com
E-mail: albert.pak@kellerpostman.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
Case No. 2:20-cv-00424-RAJ



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

Derek W. Loeser, WSBA No. 24274
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
E-mail:  Dloeser@kellerrohrback.com

Counsel for Amazon

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
Amy J. Mauser (pro hac vice)
Martha L. Goodman (pro hac vice)
Kyle Smith (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Facsimile:   (202) 223-7420
E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com
E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com
E-mail:  ksmith@paulweiss.com

Stephen M. Rummage
John A. Goldmark
MaryAnn Almeida
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-7136
Telephone:  (206) 622-3150
Facsimile:   (206) 757-7700
E-mail:  SteveRummage@dwt.com
E-mail:  JohnGoldmark@dwt.com
E-mail:  MaryAnnAlmeida@dwt.com

**14.    Scheduling complications to be considered in setting a trial date**

The Parties propose a trial date contingent upon the date of the Court's order on class certification. Because of the contingent nature of this proposal, the Parties are not currently

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
Case No. 2:20-cv-00424-RAJ



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

aware of scheduling conflicts in setting a trial date.

**15.    Deadline for corporate disclosure statement**

All corporate parties have submitted corporate disclosure statements.

**16.    Deadline to serve parties, who have not been served**

All parties have been served.

DATED: August 29, 2022             Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Steve W. Berman
Steve W. Berman (WSBA No. 12536)
By:   /s/ Barbara A. Mahoney
Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com

KELLER POSTMAN, LLC

Zina G. Bash (pro hac vice)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Warren D. Postman (pro hac vice)
Albert Y. Pak (pro hac vice)
1100 Vermont Avenue, N.W., 12th Floor
Washington DC, 20005
Telephone: (202) 918-1123
E-mail: wdp@kellerpostman..com
E-mail: albert.pak@kellerpostman.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Alicia Cobb*
Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

KELLER ROHRBACK L.L.P.

By:   */s/ Derek W. Loeser*
Derek W. Loeser (WSBA No. 24274)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
E-mail: Dloeser@kellerrohrback.com

*Attorneys for Plaintiffs and the Proposed Class*


DAVIS WRIGHT TREMAINE LLP

By:   */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Ph: (206) 622-3150; Fax: (206) 757-7700
E-mail:  SteveRummage@dwt.com
E-mail:  JohnGoldmark@dwt.com
E-mail:  MaryAnnAlmeida@dwt.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
Case No. 2:20-cv-00424-RAJ



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
Amy J. Mauser (pro hac vice)
Martha L. Goodman (pro hac vice)
Kyle Smith (pro hac vice)
2001 K Street, NW
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
E-mail:  kdunn@paulweiss.com
E-mail:  wisaacson@paulweiss.com
E-mail:  amauser@paulweiss.com
E-mail:  mgoodman@paulweiss.com
E-mail:  ksmith@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
Case No. 2:20-cv-00424-RAJ



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                     */s/ Steve W. Berman*
                     Steve W. Berman