The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN
SABOL, SAMANTHIA RUSSELL, ARTHUR
SCHAREIN, LIONEL KEROS, NATHAN
CHANEY, CHRIS GULLEY, SHERYL
TAYLOR-HOLLY, ANTHONY COURTNEY,
DAVE WESTROPE, STACY DUTILL,
SARAH ARRINGTON, MARY ELLIOT,
HEATHER GEESEY, STEVE MORTILLARO,
CHAUNDA LEWIS, ADRIAN HENNEN,
GLENDA R. HILL, GAIL MURPHY,
PHYLLIS HUSTER, and GERRY
KOCHENDORFER, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

        v.

AMAZON.COM, INC., a Delaware corporation,

                              Defendant.

No. 2:20-cv-00424-RAJ

**JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY
PROTOCOLS**



1

**TABLE OF CONTENTS**

2
                                                                                    **Page**

3    I.     INTRODUCTION ........................................................................................1

4    II.    PROTECTIVE ORDER..............................................................................1

5           A.    Plaintiffs' Statement..........................................................................3

6           B.    Defendant's Statement ......................................................................5

7    III.   ESI PROTOCOLS ......................................................................................7

8           A.    General Principles ..............................................................................7

9                 1.    Plaintiffs' Statement.................................................................8

10                2.    Defendant's Statement.............................................................8

11          B.    Timing of Disclosures.........................................................................9

12                1.    Plaintiffs' Statement.................................................................9

13                2.    Defendant's Statement...........................................................10

14          C.    Number of Custodians ......................................................................10

15                1.    Plaintiffs' Statement...............................................................10

16                2.    Defendant's Statement...........................................................12

17          D.    Search methodology..........................................................................13

18                1.    Plaintiffs' Statement...............................................................13

19                2.    Defendant's Statement...........................................................13

20          E.    Presumptively Overbroad Search Results........................................14

21                1.    Plaintiffs' Statement...............................................................14

22                2.    Defendant's Statement...........................................................15

23          F.    Supplemental Disclosures ................................................................16

24                1.    Plaintiffs' Statement...............................................................16

25                2.    Defendant's Statement...........................................................16

26          G.    Privilege ...........................................................................................17

27                1.    Plaintiffs' Statement...............................................................17

28

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

|  |  | a. | Timing | .................................................................... | 17 |
|  |  | b. | Required disclosures of a privilege log | .......................................... | 17 |
|  | 2. | Defendant's Statement | ................................................................ | 18 |
|  |  | a. | Timing | .................................................................... | 18 |
|  |  | b. | Privilege log requirements | ........................................................ | 18 |
| IV. | CONCLUSION | ................................................................................. | 18 |

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

## I.    INTRODUCTION

The Parties worked in good faith to reach agreement on (1) a Protective Order and (2) an Order Regarding Discovery of Electronically Stored Information ("ESI Protocols"). Through ongoing discussion, the Parties substantially narrowed their disputes, but were unable to reach agreement on all aspects of these proposed discovery protocols. The disputed issues, and the Parties' respective positions on each, are set forth below.

## II.    PROTECTIVE ORDER

The Parties' disputes with respect to the Protective Order concern the disclosure of "Highly Confidential—Attorneys' Eyes Only" information to industry experts. Amazon proposes that the Protective Order include a definition of "industry experts" and a provision requiring the disclosure of industry experts before they have access to Highly Confidential information, and Plaintiffs propose that these provisions be excluded.

**Disputed Provisions**:

The first provision defines an "Industry Expert"

2.6    Industry Expert:  "An Expert whose specialized knowledge or experience derives from personal experience in the industries and markets pertinent to the litigation and who satisfies the other criteria for the definition of Expert."  **Exhibit B** at ¶ 2.6.

The second provision addresses pre-disclosure requirements for Industry Experts before they may receive access to "Highly Confidential" information:

5.4    Procedures for Approving or Objecting to Disclosure to Expert of Materials Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Industry Expert any material that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Industry Expert, (2) sets forth the full name of the Industry Expert and the city and state of his or her primary residence, (3) attaches a copy of the Industry Expert's

JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY PROTOCOLS - 1
Case No. 2:20-cv-00424-RAJ

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

current resume, (4) identifies the Industry Expert's current employer(s), (5) identifies each person or entity from whom the Industry Expert has received compensation or funding for work in his or her areas of expertise or to whom the Industry Expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Industry Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years. If the Industry Expert believes that any of the information sought through part (6) of this disclosure is subject to a confidentiality obligation to a third party, then the Expert should indicate the confidential matters with as much detail as possible.

(b)     A Party that makes a written disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" Material to the identified Industry Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Industry Expert may file a motion as provided in Local Civil Rule 7 seeking permission from the Court to do so, or may use the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Industry Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Industry Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Industry

2    Expert. **Exhibit B** at ¶ 5.4.

3        With the exception of these disputed provisions and any references to them, the Parties'

4    proposed Protective Orders (**Exhibits A and B[1]**) are the same.

5    A.    **Plaintiffs' Statement**

6        The disputed provision deviates sharply from this Court's Model Protective Order, which

7    does not require that experts be disclosed, much less approved, before receiving discovery

8    materials. As courts in this district recognize, "[t]he model order is the model for a reason—it

9    was drafted and approved by the judges of this district based on their collective experience

10   managing numerous cases with confidential material." *Kater v. Churchill Downs Inc.*, 2020 WL

11   13490764, at *2 (W.D. Wash. May 5, 2020) (internal quotation omitted). Additional restrictions

12   require a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1). Amazon cannot make that

13   showing here, where its proposed restrictions are unnecessary and grossly prejudicial to

14   Plaintiffs.

15       *First*, the Protective Order already bars experts from disclosing or utilizing Amazon's

16   protected information outside this litigation. Prior to reviewing *any* Confidential or Highly

17   Confidential—Attorneys' Eyes Only material, experts must acknowledge in writing that they are

18   bound by the Protective Order and "solemnly promise" not to "disclose in any manner any

19   information or item that is subject to this Stipulated Protective Order to any person or entity

20   except in strict compliance with the provisions of this Order." *See* Exs. A & B, at Ex. A. Further,

21   protected material can be used "in connection with this case only for prosecuting, defending, or

22   attempting to settle this litigation." Ex. A at § 5.1. Any expert who fails to abide by these

23   requirements is subject "to sanctions and punishment in the nature of contempt." *Id.* at Ex. A.

24       The additional restrictions Amazon seeks are thus premised on the assumption that

25   experts will violate the Protective Order. This is not an assumption courts entertain. Quite the

26   opposite, courts "presume[] that counsel and expert witnesses will abide by the letter and spirit of

27
     ───────────────
28   [1] In compliance with LCR26(c)(2), the parties attach redlines as Exhibit 1 to their proposed protective orders to
     identify departures from the model protective order.

the Protective Order." *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 WL 5465401, at *2 (N.D. Ill. Oct. 27, 2014); *Columbia Mach., Inc. v. Besser Co.*, 2011 WL 6753927, at *3 (W.D. Wash. Dec. 23, 2011) ("The Court assumes that all parties will comply with the terms of that Order and any inappropriate use of documents produced subject to the Protective Order may subject the offending party to sanctions. This Court has no reason to believe that this would be insufficient to protect defendant's proprietary interests."). Speculation about illicit disclosures, which is all Amazon offers here, does not override the presumption of compliance. *See Nat'l Prod. Inc. v. Innovative Intelligent Prod.*, LLC, 2021 WL 2671874, at *2 (W.D. Wash. June 29, 2021) (to enter protective order, "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements") (internal quotation omitted).

*Second*, Amazon is the only party likely to produce "Highly Confidential—Attorneys' Eyes Only" information, and only Amazon is seeking to limit expert access to discovery under that designation. By making its productions potentially unavailable to Plaintiffs' industry experts (or available only after motion practice), Amazon's proposed provisions would give it a tactical advantage by disrupting Plaintiffs' expert work, while allowing its own experts to continue their work uninterrupted. This one-sided burden on Plaintiff is substantial and would impede the fluid exchange of information that is essential for effective expert work. Before sharing any "general category" of "Highly Confidential—Attorneys' Eyes Only" with an industry expert, Plaintiffs would need to disclose the expert and a litany of information regarding his or her prior work. Amazon would then have the unilateral right to bar the disclosure, whereupon Plaintiffs would need to file and prevail on a motion to share the discovery material. *See* Ex. B at § 5.4. This process would take months to resolve for each category of information. During that delay, Plaintiffs' industry experts would be deprived of discovery materials they need to analyze the facts and formulate opinions, whereas Amazon's experts would be unaffected. That is unfair. 

*Third*, the disputed provision would require that industry experts be identified many *months* before the Rule 26 disclosure deadline. And again, because Plaintiffs are far less likely to have "Highly Confidential—Attorneys' Eyes Only" information, this becomes a one-sided

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

exchange in which Amazon gets a preview of Plaintiffs' experts, without the need to reciprocate. Additionally, the provision would require Plaintiffs to disclose *consulting* (non-testifying) industry experts, which is not required under the Federal Rules. This is significant because Plaintiffs' ability to retain qualified consulting experts may depend on the confidentiality of the engagement. Amazon is the world's dominant retailer and an active funder of think tank and policy groups. Fearing reprisal or loss of funding, consultants willing to advise Plaintiffs confidentially would have good reasons to decline if the engagement is disclosed. *See In re Pizza Time Theatre Secs. Litig.*, 113 F.R.D. 94, 99-100 (N.D. Cal. 1986) (denying request for protective order that would require disclosure of non-testifying experts prior to their receipt of discovery material).

For all these reasons, Amazon cannot establish good cause to adopt its additional expert disclosure requirements. The provisions would be deeply prejudicial, and as a practical matter would likely foreclose Plaintiffs from submitting any industry expert testimony. Plaintiffs therefore respectfully request that the Court adopt Plaintiffs' Proposed Protective Order, attached hereto as **Exhibit A**, which adheres to this Court's Model Order with respect to expert disclosures.

**B.      Defendant's Statement**

This case is likely to involve the production of extremely sensitive business information, the disclosure of which would create a risk of competitive or commercial harm.  It is also likely that one or more Parties might retain experts whose specialized knowledge or experience derives from personal experience in the industries and markets pertinent to the litigation ("Industry Experts").  The Industry Experts, in addition to serving as experts in litigation, may also advise Amazon's competitors in connection with business matters.  The use of Industry Experts creates heightened concerns that the expert will not be able to compartmentalize information learned as an expert in this matter from serving as an advisor for actual or potential Amazon competitors. *Telebuyer, LLC* v. *Amazon.com, Inc.*, 2014 WL 5804334, at *2 (W.D. Wash. 2014) (explaining that "even the most rigorous efforts of the recipient of such information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent

HB   HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

compromise" because "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so"). Therefore, Amazon proposes that the Parties be required to make modest disclosures regarding the identity of any Industry Experts before any information that is designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" is shared with Industry Experts. This modest disclosure requirement is necessary to ensure that any concerns of a competitive or commercial disadvantage deriving from the expert's industry participation can be resolved at the outset, before Amazon's highly sensitive and confidential business information is disclosed to an Industry Expert. This disclosure requirement would apply only to Industry Experts, not all experts.

To be clear, Amazon's proposal does not prohibit Plaintiffs from retaining an Industry Expert. Nor does it prohibit Plaintiffs from sharing "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material with that expert; Amazon only requests that it be afforded seven-days' notice of the Industry Expert's identity before Plaintiffs disclose such information to such experts, with sufficient information to evaluate the risk that its sensitive information could be disclosed to competitors. Ex. B. ¶ 5.4(a). And if Amazon believes that the risk of harm that the disclosure would entail would outweigh the Plaintiffs' need to disclose the material to its industry expert, the onus would be on Amazon to lodge a written objection, engage in a meet-and-confer process, and seek relief from the Court if necessary. Ex. B. ¶ 5.4(b)–(c); *see also Pac. Marine Propellers, Inc.* v. *Wartsila Def., Inc.*, 2018 WL 2059512, at *3–4 (S.D. Cal. 2018) (listing factors for court to analyze in addressing the independence of potential expert to avoid divulging confidential information "to place that party at a competitive disadvantage").

Courts routinely enter provisions with additional safeguards of this nature where the case reflects a risk that highly sensitive business information produced during discovery could fall into the hands of a competitor as a result of disclosures to industry experts. *See, e.g., Ibrahim* v. *Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012) (holding that pre-disclosure requirement provides reasonable method for vetting industry consultant); *CleanCrawl, Inc.* v. *Crawl Space Cleaning Pros, Inc.*, 2019 WL 2869169, at *2 (W.D. Wash. 2019) (holding that 10-day disclosure requirement for industry participants retained as consultants was reasonable). And other recent

cases in this District, including before this Court, have used expert pre-disclosure procedures akin to what Amazon proposes here.[2]

Plaintiffs do not dispute Amazon's proposal that special care needs to be taken to ensure that Amazon sensitive data does not make its way to the hands of competitors. Ex. A. ¶ 2.5 (preventing employees of competitors from serving as experts).  But Plaintiffs provide no reasoned explanation for ignoring the heightened risk that disclosure to an Industry Expert necessarily creates.  Amazon's proposal is a narrowly-tailored and reasonable way to ensure there is a process for resolving any issues in advance, while allowing Plaintiffs to retain experts who, following the disclosure process and resolution of any disputes, will be permitted to review the Highly Confidential materials in this case.  *Pac. Marine Propellers*, 2018 WL 2059512, at *2  (Protective Order required that the receiving party to "provide the producing party with the name and curriculum vitae of the proposed independent expert" before disclosing "CONFIDENTIAL—FOR COUNSEL ONLY").  Amazon respectfully requests that the Court adopt its Proposed Protective Order, attached as **Exhibit B**.

## III.    ESI PROTOCOLS

The Parties worked in good faith to negotiate a set of ESI protocols and reached agreement on some issues, while others remain, as outlined below. Plaintiffs ask that the Court enter the Proposed ESI Protocols appended as **Exhibit C**, which incorporate Plaintiffs' proposed approach on the disputed issues. Amazon asks that the Court enter the Proposed ESI Protocols appended as **Exhibit D**, which incorporate Amazon's approach.

### A.    General Principles

Under the section on general principles, the Model ESI states that "the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case," and "[t]o further the

---

[2] *See, e.g., O'Donnell/Salvatori, Inc.* v. *Microsoft Corp.*, No. 2:20-cv-00882-MLP (W.D. Wash. Nov. 30, 2020), Dkt. 40 ¶ 5.4; *Benson* v. *Double Down Interactive, LLC*, No. 2:18-cv-00525-RBL (W.D. Wash. July 28, 2020), Dkt. 123 ¶ 7; *PTP Oneclick, LLC* v. *Avalara, Inc.*, No. 19-cv-00640-JLR (W.D. Wash. July 8, 2019), Dkt. 49 ¶ 5.4; *Hopjacks, Inc.* v. *Rock Solid Restaurants, LLC*, No. 2:18-cv-00848-RAJ (W.D. Wash. Aug. 8, 2018), Dkt. 60 ¶ 4.4; *Intellicheck Mobilisa, Inc.* v. *Wizz Sys. LLC d/b/a IDScan.net*, No. 2:15-cv-00366-JLR (W.D. Wash. Feb. 9, 2016), Dkt. 53 ¶ 5; *Cousineau* v. *Microsoft Corp.*, No. 2:11-cv-01438-JCC (W.D. Wash. Nov. 9, 2013), Dkt. 53 ¶ 8; *Lane's Gifts and Collectibles, LLC* v. *Microsoft Online, Inc.*, No. 2:12-cv-01181-JCC (W.D. Wash. Feb. 28, 2013), Dkt. 29 & 30 ¶ 4.4.

JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY PROTOCOLS - 7
Case No. 2:20-cv-00424-RAJ

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible." Both parties have included that statement in their proposed ESI orders. **Exhibits C and D**, *see* General Principles. Amazon also seeks to add the following provision:

> Nothing in this ESI Protocol shall be construed to alter the Producing Party's rights arising under Federal Rule of Civil Procedure 26 or otherwise, for example, with respect to proportionality, or to be able to withhold production of Documents because the source of the Documents is not reasonably accessible or its production would be unduly burdensome or duplicative.

### 1.       Plaintiffs' Statement

Plaintiffs object to this proposed supplemental provision both because it is duplicate of the preceding statement of general principles and because Amazon seeks to interject this provision as a limitation on the provisions of the ESI order that are intended to ensure proportionality, i.e., the parties' duty to preserve and conduct adequate searches of reasonably accessible ESI. As a court in this District recently held: "Of course, Rule 26(b)(1) requires that the Court consider 'whether the burden or expense of the proposed discovery outweighs its likely benefit,'" but that proportionality principle does not relieve the producing party of the obligations to conduct searches in accord with the ESI order. *Benanav v. Healthy Paws Pet Ins. LLC*, 2022 WL 3587982, at *4 (W.D. Wash. Aug. 22, 2022) (ruling that burden objections were not a basis to defy the ESI protocol). If a search or a preservation obligation is unduly burdensome under the principles of proportionality, a party may not substitute its own judgment by deviating from the ESI order but is expected to cooperate in good faith with opposing counsel to resolve the impasse. *Id.* at 5. Amazon's proposed addition introduces the Trojan horse that would allow a Party's individual assessment of the relative burdens of production to trump the specific provisions if the ESI order, thereby defeating the order's purpose.

### 2.       Defendant's Statement

Rule 26(b)(1) of the Federal Rules of Civil Procedure provide that, "Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

HB   HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Amazon's proposed  provision makes clear that the ESI Protocol, when issued as an order from this Court, does not disturb the careful balance created by the Federal Rules and caselaw.  If disputes arise concerning the meaning of the ESI Protocols, or their application, resolution of such disputes should be guided by the proportionality and other requirements set forth in Rule 26.  *E.g.*, *Nichols* v. *Noom Inc.*, 2021 WL 948646, at *2-*3 (S.D.N.Y. 2021) (explaining that, where parties disagreed on an issue regarding a court-ordered ESI protocol, the parties' search methodology must be "reasonable" and the court is "guided by proportionality concerns set forth in Rule 26(b)(1)" in evaluating the dispute); *Livingston* v. *City of Chicago*, 2020 WL 5253848, at *3 (N.D. Ill. 2020) (citing Fed. R. Civ. Pro. 26) (finding in a dispute clarifying a court-ordered ESI protocol that the defendant's proposal "satisfies the reasonable inquiry standard and is proportional to the needs of this case under the federal rules").

Plaintiffs have already served nearly 100 wide-ranging requests for production seeking broad discovery about more than a decade of Amazon's worldwide operations.  Given the massive breadth of the requests Plaintiffs have already served, it is particularly appropriate to make clear that nothing in the ESI Protocol supplants the standards for proportionality, relevance, and burden, set forth in Rule 26 and applicable caselaw.

## B.  Timing of Disclosures

### 1.  Plaintiffs' Statement

The model ESI order provides that the parties have 30 days to make their necessary disclosures. Amazon seeks 60 days here despite its prior agreement to a 30-day deadline in another class action lawsuit. *Crosby* v. *Amazon.com, Inc*., 2022 U.S. Dist. LEXIS 36151, at *2 (W.D. Wash. Mar. 1, 2022). Plaintiffs object to the extra month because this case has been pending since March of 2020 and Plaintiffs are eager to engage in discovery. As this Court previously noted, "the case has been pending for over two years and further delay risks the loss of evidence and witnesses." ECF 63 at 4. Providing an extra 30 days to satisfy ESI disclosures would further delay Amazon's search and production of documents responsive to Plaintiffs' discovery requests because Plaintiffs cannot blindly negotiate the list of custodians and non-custodial searches without such basic disclosures. As a sophisticated, high-tech company that

specializes in collecting, managing, deciphering, and storing vast sums of data, the task of identifying the custodial and non-custodial sources of potentially relevant information should be child's play for Amazon, even if the sources are numerous. More time is not warranted for this task, especially when entry of this order will be delayed until disputes over this order have been resolved.

### 2.    Defendant's Statement

Amazon proposes a modest increase in the time in which the Parties will be required to make their ESI disclosures, from 30 to 60 days.  Plaintiffs' 30-days proposal is unreasonably short in the context of this case.  As Plaintiffs acknowledge, they assert wide-ranging claims and seek extensive data, including data relating to every third-party seller that has offered a product in Amazon's store and details of each third-party-seller transaction in Amazon's store covering more than a decade.  Even if Plaintiffs significantly narrowed their requests, it would take substantial time and effort to collect and verify the information needed for Amazon's ESI disclosures.  The ESI disclosure timeline will not delay discovery; Plaintiffs have already served nearly 100 wide-ranging Requests for Production, and Amazon has committed to meet and confer with Plaintiffs on those requests the week after serving its responses.  Requiring an unreasonably fast disclosure of Amazon's ESI information imposes a burdensome and unnecessarily short deadline and will draw the Parties' attention away from continuing the progress on discovery that is already underway.

### C.    Number of Custodians

### 1.    Plaintiffs' Statement

In this large and complex case, Amazon contends that it need only identify *ten* potential document custodians. This is an unreasonable limitation. Amazon is the world's largest retailer with more than 1.6 million employees.[3] On its face, 10 custodians is unreasonable in a case involving the core business of the world's largest online retail marketplace. But it is ludicrous in the context of this case. By Amazon's own description, Plaintiffs' antitrust claims are

---

[3] *See* https://www.statista.com/statistics/234488/number-of-amazon-employees/.

JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY PROTOCOLS - 10
Case No. 2:20-cv-00424-RAJ

HB  HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

unprecedented in breadth and scope. By Amazon's own description, Plaintiffs' discovery in this case is necessarily broad. Plaintiffs challenge Amazon's practices of restricting its two million third-party sellers' freedom to set their own prices for the hundreds of millions of distinct products they sell on Amazon's platform and on the many other sites where they sell online. The development, implementation, and monitoring of Amazon's practices and procedures governing such broad-based policies almost certainly involves hundreds of employees and officers.

These issues cannot be adequately evaluated with the documents of *just 10* Amazon employees. In comparable complex litigation, it is not uncommon for 100 or more custodians to be identified or searched. *In re Seroquel Prods. Liab. Litig.*, 2008 WL 508391, at *2 (M.D. Fla. Feb. 21, 2008) (defendant produced files from 100 custodians); *Johnson v. Ford Motor Co.*, 2015 WL 6758234, at *2 (S.D. W.Va. Nov. 15, 2015) (defendant conducted document searches of over 100 employees across many departments); *John B. v. Goetz*, 879 F. Supp. 2d 787, 836 (M.D. Tenn. 2010) (defendant examined the individual computers of the over 150 custodians); *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont De Nemours & Co.*, 2013 WL 608154, at *8 (S.D. Ohio Feb. 19, 2013) (defendant disclosed 310 custodians); *In re Intel Corp. Microprocessor Antitrust Litigation*, 258 F.R.D. 280, 284 (D. Del. 2008) (defendant disclosed 1,023 custodians).

The model ESI Protocol provides that the number of custodians depends on the nature of the case. Rather than generically predetermining the number of custodians that may be sufficient, Plaintiffs propose that the parties rely on the requirements of Rule 26 and their good faith assessment of the demands of the case to inform their disclosure obligations. In the aforementioned *Crosby* class action lawsuit, pending before Judge Coughenour, Amazon agreed to an ESI protocol that removed any limit on the number of custodians to be disclosed. *Crosby*, 2022 U.S. Dist. LEXIS 36151, at *2. Given the potentially large number of officers and employees involved in the policies and practices that Plaintiffs challenge, Plaintiffs propose the same approach here.

Moreover, pursuant to agreed terms of the ESI Protocol, identifying potential custodians will not commit Amazon to gathering documents from all of them. Rather, the ESI Protocols

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1    contemplate further negotiations on that issue. *See* Exhibits C and D, at § C.2. If Amazon

2    convinces Plaintiffs, or the Court, that any individuals Amazon discloses as having potentially

3    relevant information are not appropriate document custodians, e.g., because their records are

4    likely to be duplicative of others Amazon has agreed to search, their documents need not be

5    searched. But identification of these custodians will at least allow the parties to have an informed

6    discussion early in the case.

7              **2.        Defendant's Statement**

8              The Model Agreement sets as a default the disclosure of five custodians most likely to possess

9    discoverable ESI.  *See* Model § B.1.  As a measure of compromise with Plaintiffs, Amazon has offered

10   to double this default amount, whereas Plaintiffs provide no number and no compromise, insisting that

11   Amazon disclose *every* custodian that might have discoverable ESI based on Amazon's "good faith

12   assessment."  Plaintiffs' boundless proposal is contrary to the letter and spirit of this Court's Model

13   Protocol, and untenable.  The Court should adopt Amazon's proposal.

14             The Model Protocol provides that "[t]his disclosure provision is distinct from the parties'

15   agreement . . . about determining the number of custodians from whom ESI should be gathered."  *Id.*

16   For its ESI disclosures, Amazon proposes to disclose the 10 custodians most likely to have discoverable

17   ESI and then, based on Plaintiffs' discovery requests and the subsequent responses, to designate

18   custodians as appropriate.  Amazon is prepared to negotiate, in good faith, on the appropriate number

19   and identity of custodians, but it should not be required to list every custodian likely to have

20   discoverable ESI as part of its ESI disclosures, imposing a disproportionate burden on Amazon.

21             If the disclosure of the ten custodians proposed by Amazon turns out to be inadequate for any

22   reason, Plaintiffs are welcome to ask for information on possible additional custodians as document

23   discovery unfolds based on the discovery they receive.  The Model Order sets a number for a reason—

24   to limit the burdens on the responding party before the requesting party shows any actual need for

25   broader inquiry.  Plaintiffs demonstrate no actual need, at the current posture, to more than double the

26   Model Order's default number of disclosed custodians.

27

28



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

**D.     Search methodology**

**1.     Plaintiffs' Statement**

The explanation accompanying the model order's provision on search methodology states: "The Court presumes that the use of search terms and queries, file type and date restrictions, and technology-assisted review [TAR] will be reasonably necessary to locate or filter ESI likely to contain discoverable information." The model order provides that parties meet and confer on these matters to determine what is appropriate in the context of the case. Amazon seeks to substitute that entire regime with a presumption that the producing party knows best how to preserve, search, and reviews its own documents. Even among the most cooperative opposing counsel, transparency is vital in an adversarial process. Plaintiffs therefore do not agree that the producing party's individual judgment provides a fair and adequate substitution for the use of negotiated search terms and TAR.

**2.     Defendant's Statement**

Amazon proposes to add language to the ESI Protocol stating:

> The parties agree that to support a cooperative discovery process, they will each act reasonably in disclosing their intended processes for search and retrieval, including the use of computer- or technology-aided methodologies.  If the parties determine that they will utilize search terms, the parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, and data sources (including custodians).  The parties agree that each producing party will take reasonable steps to identify, review, and produce relevant documents.  The parties further agree that each producing party is best situated to evaluate and utilize the procedures, methodologies, and technologies appropriate to identify, review, and produce its own Documents.

Plaintiffs have objected to this language, taking the position that TAR and search terms are the default search methodologies to be used.  But that issue is not yet ripe: the provision does not say whether TAR and search terms are the only methodologies that may be used or are "default" methodologies.  Instead, the provision provides that the parties shall disclose their selected search-and-retrieval methodologies.

Amazon's proposed language is consistent with the applicable case law holding that Amazon, as the producing party, "is best situated to determine its own search and collection



methods so long as they are reasonable." *Nichols* v. *Noom Inc.*, 2021 WL 948646, at *2 (S.D.N.Y. 2021); *see also Livingston* v. *City of Chicago*, 2020 WL 5253848, at *3 (N.D. Ill. 2020) ("the responding party is best situated to decide how to search and produce emails responsive to plaintiffs' discovery requests"); *Hyles* v. *New York City*, 2016 WL 4077114, at *3 (S.D.N.Y. 2016) (same).  The "insistence" that one party "must collaborate" with the other "to establish a review protocol and validation process has no foothold in the federal rules governing discovery," and would serve only to create further friction and disputes down the road.  *Livingston*, 2020 WL 5253848, at *3; *Hyles*, 2016 WL 4077114, at *1.  Amazon will design an efficient and reasonable method based on its knowledge of its own systems and data, and will disclose its search methodology to Plaintiffs.  But that methodology should not be dictated by Plaintiffs, who are not in the best position to assess reasonable methods of searching and collecting documents from Amazon's internal systems.

**E.       Presumptively Overbroad Search Results**

      **1.       Plaintiffs' Statement**

Amazon's proposed ESI Protocols include an *optional* provision from this Court's Model ESI Protocols, pursuant to which search strings that return data above a set megabyte threshold are presumptively overbroad. While Amazon increased the threshold from 250 to 500 megabytes, this remains an unreasonable limitation for a case of this magnitude. For a point of reference, Plaintiffs testing on other ESI databases indicates that *fewer than 400* documents can exceed Amazon's 500-megabyte threshold. That type of threshold may make sense for a small case with limited document discovery. It does not make sense here. A search that yields fewer than 400 documents across Amazon's custodial and non-custodial sources cannot be deemed presumptively overbroad. And indeed in the *Crosby* class action, Amazon did not seek such a limitation, yet it inexplicably seeks to do so here. 2022 U.S. Dist. LEXIS 36151, at *4.

Plaintiffs agree, however, that the parties need to work constructively to fashion reasonably targeted searches. And Plaintiffs agree that Amazon should have the ability to object to search strings it deems overbroad. As noted, Plaintiffs' proposed ESI protocol expressly allows for this. *See* Ex. C at § C.2.a.iii (adopting the provision from the Model ESI order: "The

1   producing party may identify each search term or query returning overbroad results

2   demonstrating the overbroad results and a counter proposal correcting the overbroad search or

3   query"). The Parties are represented by experienced counsel who can work through these issues

4   cooperatively and in good faith. There is no need to fix a threshold for overbroad searches, and if

5   any threshold is set, the needs of this case require that it be set far above 500 megabytes.

6          **2.      Defendant's Statement**

7          The Model Agreement offers an optional provision providing that, if an additional search

8   term or string proposed by a requesting party returns more than 250 megabytes of data, the term

9   or string "is presumed to be overbroad."  Model § C.2.a.iii.  Amazon has made a number of

10  compromises on the scope of the searches it will conduct.  It agreed to Plaintiffs' ability to propose

11  both pre- and post-production 20 additional search terms or strings—double the presumptive 10

12  terms provided in the Model ESI Protocol.  In addition, Amazon agreed to double the megabyte

13  threshold  for  what  constitutes  an  overbroad  search  from  250  to  500  megabytes.   Plaintiffs,

14  however, decline to compromise and insist that no amount of data is presumptively overbroad.

15  Here, the burden of collecting, reviewing, and producing an increased email volume will fall

16  exclusively on Amazon.  Plaintiffs' position is not a reasonable counterproposal—it is an invitation

17  to unbounded inquiry regardless of data volume.   A presumptive overbreadth threshold will

18  incentivize Plaintiffs to craft targeted and proportionate searches.

19         Because Plaintiffs fail to offer a concrete position, the Court should adopt Amazon's 500

20  megabyte limitation.  In any event, the presumptive limit is just that: presumptive.  If Plaintiffs

21  make a reasonable request for additional searches, Amazon will consider the request in good faith.

22  Further, the presumptive limit does not prevent Plaintiffs from seeking relief from the Court if they

23  can show that a particular search is appropriate.  Even if the Court agrees with Plaintiffs that a 500

24  megabytes presumption is insufficient for this case, the Court should still impose *some* specific

25  presumptive limit to force Plaintiffs to be judicious with their search proposals.

26

27

28



**F.      Supplemental Disclosures**

      **1.      Plaintiffs' Statement**

      Pursuant to Rule 26(e)(1), and this's Model ESI Protocols, parties must supplement their productions "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1); Ex. C at § D.2. Without justification, Amazon's proposed ESI Protocols would eliminate this requirement. Supplementation pursuant to Rule 26(e)(1) is critical to ensure that the record is complete and accurate. There is nothing unique to this case that might eliminate the need for supplementation. The Court should adhere to the federal rules requiring supplementation pursuant to Rule 26(e)(1).

      **2.      Defendant's Statement**

      The Model Agreement contains a provision by which parties will supplement their disclosures "with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made . . . ." Model ¶ D.2. Amazon proposes that this provision be revised to read: "The Parties will agree to meet and confer in good faith to identify the categories of information identified in their initial disclosures for which supplementation will be provided in accordance with Fed. R. Civ. P. 26(e)." Ex. D. ¶ D.2

      As both Parties acknowledge, the discovery sought in this action is likely to be wide-ranging.  There must be some reasonable parameters on the supplementation of disclosures.  The literal application of the provision, as written in the Model Protocol, would require Amazon to provide continuous supplementation based on each additional transaction in its store.  Application of the provision in that manner takes into account neither proportionality nor burden.  Accordingly, Amazon proposes that the parties meet and confer in good faith to reach a mutual agreement on each other's supplementation obligations consistent with the Federal Rules.


HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1

**G.      Privilege**

2

> **1.      Plaintiffs' Statement**

3

> > **a.      Timing**

4

The model rule provides two alternative deadlines for serving the privilege log within 30

5

days of delivering a production or 30 days after productions are complete. Amazon has indicated

6

that it foresees withholding a significant number of documents on privilege grounds and

7

proposes that it not be required to produce its privilege logs until "a reasonable time" after its

8

production is substantially complete. Producing privilege logs late in the discovery period would

9

significantly limit the time and opportunity for Plaintiffs to review Amazon's privilege logs and

10

raise valid challenges. Plaintiffs therefore ask the Court to enter its proposed order, requiring

11

service of the privilege logs within 45 days of delivering the production. Amazon agreed to this

12

term in the *Crosby* class litigation, and it is appropriate here, too.

13

> > **b.      Required disclosures of a privilege log**

14

Plaintiffs propose specifying the information that must be disclosed in the parties'

15

privilege log and offered the provisions required by the local rule from the SDNY as their

16

proposal. Exhibit B, at § E.1 ("Unless divulgence of such information would cause disclosure of

17

the allegedly privileged information, the following information shall be provided: (i) the type of

18

document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the

19

date of the document; and (iv) the author of the document, the addressees of the document, and

20

any other recipients, and, where not apparent, the relationship of the author, addressees, and

21

recipients to each other."); *see* S.D.N.Y Local Civil Rule 26.2(a)(2)(A). Amazon argues that it

22

has no obligation to identify the relationship of the parties on a communication if not

23

immediately obvious. But the "most basic information required of any privilege log" includes

24

"whether persons other than the attorney and client have had access to the documents at issue[.]"

25

*In re GL Master Inc.*, 2021 Bankr. LEXIS 3515, at *11 (Bankr. C.D. Cal. Dec. 17, 2021). An

26

agreement to provide this information at the outset avoids unnecessary disputes and delays in the

27

process of reviewing and challenging privilege assertions.

28

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1

## 2.     Defendant's Statement

### a.     Timing

Amazon proposes the service of logs be required to occur within a reasonable time after the final production of documents.  Given the volume of documents Plaintiffs are seeking, interim privilege logs will slow down rolling productions and disrupt, not further, the efficiency and effectiveness of the discovery process.  It is to both Parties' benefit that each side stage discovery in an orderly fashion, with the first step in document production being review and production of documents.  Once that occurs, the Parties can then focus their efforts on the additional burden of preparing privilege logs after the completion of document production, and of course engage in any meet and confer discussions as may be appropriate at that time.  Those discussions will be far more productive and efficient with the context of the full scope of document productions in the case rather than on an *ad hoc* ongoing basis as the various partial productions of documents are made.

### b.     Privilege log requirements

Plaintiffs attempt to depart from the Model Protocol to increase Amazon's Privilege Log obligations beyond what either the Federal Rules or this District's Model Order provides.  Plaintiffs provide no rationale for this departure other than that it is to "avoid unnecessary disputes."  Instead of creating new burdensome privilege log obligations with no corresponding benefit, Amazon proposes that the parties' privilege logs be prepared in conformity with Fed. R. Civ. P. Rule 26(b)(5).

## IV.     CONCLUSION

The parties request that the Court enter their respective proposed orders or resolve the disputed provisions so that the parties may jointly submit proposed orders approved by the Court.

JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY PROTOCOLS - 18
Case No. 2:20-cv-00424-RAJ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1    DATED: October 14, 2022          Respectfully submitted,

2                                     HAGENS BERMAN SOBOL SHAPIRO LLP

3                                     By ___/s/ Steve W. Berman_____
                                         Steve W. Berman (WSBA No. 12536)
4                                     By /s/ Barbara A. Mahoney_____
                                         Barbara A. Mahoney (WSBA No. 31845)
5                                     1301 Second Avenue, Suite 2000
6                                     Seattle, WA 98101
                                      Telephone: (206) 623-7292
7                                     Facsimile: (206) 623-0594
                                      steve@hbsslaw.com
8                                     barbaram@hbsslaw.com

9                                     KELLER ROHRBACK L.L.P.

10                                    By: ___/s/ Derek W. Loeser_____
11                                       Derek W. Loeser (WSBA No. 24274)
                                      1201 Third Avenue, Suite 3200
12                                    Seattle, WA 98101-3052
                                      Telephone: (206) 623-1900
13                                    Facsimile: (206) 623-3384
                                      Dloeser@kellerrohrback.com
14
                                      KELLER LENKNER LLC
15
                                      Zina G. Bash (pro hac vice)
16                                    111 Congress Avenue, Suite 500
                                      Austin, TX, 78701
17                                    Telephone: (512) 690-0990
                                      E-mail: zina.bash@kellerlenkner.com
18
19                                    Warren D. Postman (pro hac vice)
                                      Albert Y. Pak (pro hac vice)
20                                    1100 Vermont Avenue, N.W., 12th Floor
                                      Washington DC, 20005
21                                    Telephone: (202) 918-1123
                                      E-mail: wdp@kellerlenkner.com
22                                    E-mail: albert.pak@kellerlenkner.com

23

24

25

26

27

28



QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:____*/s/ Alicia Cobb*_____
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Attorneys for Plaintiffs and the Proposed Class*

DAVIS WRIGHT TREMAINE LLP

By:____*/s/ John Goldmark*_____
Stephen M. Rummage, WSBA #11168
John A. Goldmark, WSBA # 40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Ph: (206) 622-3150; Fax: (206) 757-7700
E-mail: SteveRummage@dwt.com
E-mail: JohnGoldmark@dwt.com
E-mail: MaryAnnAlmeida@dwt.com



1

2

3

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
Amy J. Mauser (pro hac vice)
Martha L. Goodman (pro hac vice)
Kyle Smith (pro hac vice)
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
E-mail: kdunn@paulweiss.com
E-mail: wisaacson@paulweiss.com
E-mail: amauser@paulweiss.com
E-mail: mgoodman@paulweiss.com
E-mail: ksmith@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

### <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing was filed

3

electronically by CM/ECF, which caused notice to be sent to all counsel of record.

4

*/s/ Steve W. Berman*

5

Steve W. Berman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT OF DISPUTES
REGARDING DISCOVERY PROTOCOLS - 22
Case No. 2:20-cv-00424-RAJ



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX