The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-cv-00424-RAJ<br><br>MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE<br><br>NOTE FOR MOTION CALENDAR: January 27, 2023 |

MOTION TO APPOINT LEADERSHIP
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

**TABLE OF CONTENTS**

<div align="right">**Page**</div>

I.  INTRODUCTION .................................................................................................................1

II.  STATEMENT OF FACTS ...................................................................................................1

III.  LEGAL STANDARD............................................................................................................2

IV.  ARGUMENT ........................................................................................................................3

    A.  Counsel Have Already Done Substantial Work To Litigate Amazon's MFN Clause.................................................................................................3

    B.  Counsel Have Significant Experience With Complex Class Actions And Deep Knowledge Of Antitrust Law And Problems Posed By Large Technology Firms..................................................................................................4

        1.  Hagens Berman..................................................................................5

        2.  Keller Postman...................................................................................6

        3.  Quinn Emanuel .................................................................................8

        4.  Keller Rohrback................................................................................10

    C.  Counsel Will Bring Extensive Human and Financial Resources to Litigate These Proposed Class Actions................................................................11

    D.  Counsel Bring Diverse Backgrounds, Experiences, And Perspectives To The Case ...........................................................................................................12

V.  CONCLUSION....................................................................................................................12



Case 2:20-cv-00424-RAJ   Document 84   Filed 01/09/23   Page 3 of 18


# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*McFadden v. Microsoft Corp.*,
   2020 WL 5642822 (W.D. Wash. Sept. 22, 2020) ............................................................................ 2

*In re Stubhub Refund Litig.*,
   2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) ................................................................................ 1

*In re WorldCom, Inc. ERISA Litig.*,
   2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004) ............................................................................... 10

### OTHER AUTHORITIES

Fed. R. Civ. P. 23(g)(1)(B) ................................................................................................................. 12

Fed. R. Civ. P. 23(g)(1)(A)(i) .............................................................................................................. 3

Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii) ..................................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A)(iv) .......................................................................................................... 11



## I. INTRODUCTION

Under Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23. The court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020). Appointment of lead counsel is necessary because Plaintiffs recently learned of a substantially similar proposed class action recently filed in the Southern District of New York. *See* Dkt. 80. To avoid duplicative efforts, minimize costs, and avoid risks to the Class by conflicting representation, Plaintiffs seek leave to appoint their counsel as interim lead counsel. Plaintiffs further propose a leadership structure for the current proposed class action, consisting of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Keller Postman LLC ("Keller Postman") as Interim Co-Lead Class Counsel, as well as Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Keller Rohrback L.L.P. ("Keller Rohrback") as members of a Plaintiffs' Executive Committee ("PEC").

These appointments are warranted pursuant to Federal Rule of Civil Procedure 23(g)(3). The above firms have already invested substantial time and resources to investigate, file, and litigate the claims at issue in the proposed class actions. They have deep experience prosecuting complex class actions and antitrust cases and will bring that experience, and the firms' vast resources, to these cases. Counsel will coordinate closely with one another to prosecute the class actions efficiently and effectively, without duplication of effort, and will represent the diversity of our society and the legal profession with their varied backgrounds and experiences. Plaintiffs, therefore, respectfully request that the Court adopt the proposed leadership structure.

## II. STATEMENT OF FACTS

The above firms are counsel in the current action on behalf of consumers who were harmed by Amazon's anticompetitive conduct. In March 2020, Plaintiffs filed a complaint alleging that in Amazon's agreement with third-party merchants that sell products on its platform, Amazon imposed a "most favored nation" (MFN) clause to prevent those merchants from selling their products for lower prices on competing online platforms. This resulted in

MOTION TO APPOINT LEADERSHIP - 1
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

supra-competitive prices for those products, both on Amazon's platform and on competing online platforms. In March 2022, the Court denied Amazon's motion to dismiss Plaintiffs' federal monopoly and rule of reason antitrust claims and allowed Plaintiffs to amend their dismissed claims (Dkt. 48). While Amazon's motion to dismiss Plaintiffs' amended claims is pending before this Court, after the Court granted Plaintiffs' motion to compel Amazon's participation in a 26(f) conference (Dkt. 63), the parties have proceeded to discovery over the last several months. *See* Dkt. 70 (discovery case schedule). Meanwhile, Plaintiffs' counsel first learned on December 30 of the substantially similar action filed in the Southern District of New York in November 2022—nearly three years after the filing of the instant action.

The proposed leadership structure fairly recognizes Hagens Berman's and Keller Rohrback's innovative work in filing the original consumer class action against Amazon, and Keller Postman's and Quinn Emanuel's role furthering the litigation. All Plaintiffs also agree that this leadership structure will facilitate the efficient and successful litigation of all proposed class actions, particularly given that the four firms in the proposed leadership structure also serve as counsel in the related case, *De Coster, et al. v. Amazon.com, Inc.*, 2:20-cv-00424-RAJ (W.D. Wash.) (the "*De Coster*" action).

### III.   LEGAL STANDARD

Rule 23(g)(3) allows the Court to designate interim class counsel "to act on behalf of a putative class before determining whether to certify a matter as a class action." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). "Factors relevant to the appointment of counsel include: '(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). In addition, "[t]he Court may also 'consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)). This includes consideration of whether the leadership team reflects the diversity of the class and the legal bar.



## IV.     ARGUMENT

**A.     Counsel Have Already Done Substantial Work To Litigate Amazon's MFN Clause**

Hagens Berman, Keller Postman, Quinn Emanuel, and Keller Rohrback have each already expended significant resources to investigate and to pursue antitrust claims arising out of Amazon's MFN clause. Rule 23(g)(1)(A)(i)—"the work counsel has done in identifying or investigating potential claims in the action"—thus strongly favors their leadership appointments.

**Hagens Berman** filed the instant action on March 19, 2020, and led the litigation. The 50-page original complaint reflects Hagens Berman's extensive pre-filing factual investigation into Amazon's MFN clause and its anticompetitive effects, and a careful legal analysis of the relevant markets in which Amazon operates and has harmed competition. Hagens Berman further invested significant resources, and has continued to investigate and refine allegations of Amazon's antitrust violations, as reflected in its 90-page amended complaint and in leading Plaintiffs' opposition to Amazon's motion to dismiss (Dkts. 15 and 19). This Court denied in part Amazon's motion (Dkt. 48) and "allowed much of Plaintiff's case to move forward." (Dkt. 63). Hagens Berman has continued to lead the litigation in the discovery phase and in preparation for Plaintiffs' motion for class certification. The firm was appointed co-lead with Keller Postman in the related *De Coster* action.

**Keller Postman** has assisted in discovery and motion practice and was appointed co-lead counsel in the related *De Coster* action. Keller Postman has litigated Amazon's anticompetitive conduct and the effects of its MFN clause on behalf of close to 50,000 Amazon consumers in individual arbitrations. Declaration of Zina Bash in Support of Motion for Appointment of Interim Lead Counsel and Plaintiffs' Executive Committee ("Bash Decl."), at ¶ 8. The firm began filing arbitration demands on behalf of those consumers in January 2021. *Id.* Before that, Keller Postman had spent months investigating the anticompetitive nature of Amazon's MFN clause and the harmful effects on Amazon's customers. *Id.* As in the complaints at issue here, the 50,000 consumers whom Keller Postman represented in arbitration alleged that they overpaid for products on Amazon because of Amazon's MFN clause. *Id.*

MOTION TO APPOINT LEADERSHIP - 3
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

What's more, it was Keller Postman's innovative arbitration practice that made possible the consumer class actions against Amazon at issue here. For years, Amazon had imposed on its consumers a mandatory arbitration provision that specifically prohibited class actions. This changed only when Keller Postman filed tens of thousands of individual arbitration demands against Amazon, including demands raising the same antitrust theories at issue in *De Coster* and *West*. The pressure created by Keller Postman's vigorous arbitration demands prompted Amazon to withdraw its mandatory arbitration provision, allowing the *De Coster* and *West* Plaintiffs to pursue their claims in court. *See* Sara Randazzo, *Amazon Faced 75,000 Arbitration Demands. Now It Says: Fine, Sue Us*, WALL STREET J. (June 1, 2021), https://www.wsj.com/articles/amazon-faced-75-000-arbitration-demands-now-it-says-fine-sue-us-11622547000.

**Quinn Emanuel** and **Keller Rohrback** have also invested significant resources litigating Amazon's anticompetitive restrictions. Quinn Emanuel was co-counsel with Keller Postman in litigating many of the tens of thousands of individual arbitration demands against Amazon that resulted in Amazon removing its arbitration clause, and has assisted in motion practice and discovery in this action, and Keller Rohrback coordinated with Hagens Berman to file and litigate this action since it was filed in March 2020. Quinn Emanuel and Keller Rohrback have been appointed to the executive committee in the *De Coster* action. Declaration of Steig D. Olson in Support of Motion for Appointment of Interim Lead Counsel and Plaintiffs' Executive Committee ("Olson Decl."), ¶¶ 3-4.

**B.     Counsel Have Significant Experience With Complex Class Actions And Deep Knowledge Of Antitrust Law And Problems Posed By Large Technology Firms**

Hagens Berman, Keller Postman, Quinn Emanuel, and Keller Rohrback have vast experience with and knowledge of antitrust cases. Together, counsel represent the most robust team of lawyers that could be assembled to litigate an antitrust class action against one of the world's biggest companies. Rule 23(g)(1)(A)(ii)-(iii)—"counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "counsel's knowledge of the applicable law"—strongly favors the proposed leadership structure.

MOTION TO APPOINT LEADERSHIP - 4
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

### 1.     Hagens Berman

Hagens Berman has decades of experience representing class plaintiffs in antitrust cases, which has culminated in several awards and its current prominent role in some of the nation's biggest ongoing antitrust class actions. Declaration of Steve W. Berman in Support of Motion for Appointment of Interim Lead Counsel and Plaintiffs' Executive Committee ("Berman Decl."), ¶ 4 and Ex. A (firm resume). As two recent examples, acting as lead counsel, Hagens Berman recently settled app developers' claims against both Google and Apple in *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.), and *Cameron v. Apple Inc.*, No. 4:19-03074-YGR (N.D. Cal.), in cases alleging that these tech giants wrongfully obtained monopoly power over the distribution of apps and in-app products, collectively settling for $185 million. Hagens Berman is co-lead counsel in *Klein v. Meta Platforms Inc*, No. 5:20-cv-08570 (N.D. Cal.), a class action, alleging that Facebook exploited user data to maintain its market power. *Id.* ¶ 7; Ex. B (listing examples of the firm's antitrust cases).

**Steve Berman** is the founding partner of Hagens Berman and the nationwide managing partner of its nine offices. *Id.* ¶ 1. Mr. Berman has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and complex litigations too numerous to count. *Id.* ¶ 4. For example, Mr. Berman served as co-lead trial and appellate counsel in *Alston v. National Collegiate Athletic Association (In re NCAA Ath. Grant-In-Aid Cap Antitrust Litig.)*, No. 14-md-02541-CW (N.D. Cal.). Mr. Berman obtained a $208 million damages settlement on behalf of tens of thousands of current and former NCAA Division 1 college athletes and prevailed at a separate trial on injunctive relief. A unanimous Supreme Court affirmed the injunction prohibiting the NCAA from restricting the education-related benefits that its members may offer student athletes under the rule of reason and rejected the NCAA's request that its compensation restrictions be analyzed under an extremely deferential standard. *Id.* ¶ 3. Mr. Berman has a record of securing significant settlements for plaintiffs. As co-lead counsel, with only one other firm, in *In re Visa Check/Mastercard Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.), he secured a settlement on the eve of trial for over $3 billion in cash and over $20 billion in injunctive relief, making it one of the largest antitrust settlements in history. *Id.* Mr.

MOTION TO APPOINT LEADERSHIP - 5
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

Berman and his firm also represented 13 states in the historic litigation against the tobacco industry and served as co-lead trial counsel to secure a global settlement worth $206 billion, still the largest recovery in history. *Id.* ¶ 5. In *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Products Liability Litigation*, No.10-ml-2151 JVS (FMOx) (C.D. Cal.), the court *sua sponte* identified Mr. Berman as a presumptive co-lead counsel. *Id.*; *see also* ¶¶ 4-5 (other notable cases and awards). Mr. Berman is also counsel in the related *De Coster* action, where the firm was appointed interim co-lead.

**Barbara Mahoney** is an attorney at Hagens Berman and counsel in the related *De Coster* action, and in *In Re Amazon.com, Inc. eBook Antitrust Litigation*, No. 1:21-cv-351-GHW-DCF (S.D.N.Y), where the firm was also appointed interim lead counsel on behalf of a proposed class action against Amazon and the five largest trade book publishers for conspiring to fix the price of eBooks. *Id.* ¶ 8. She is also counsel in two other antitrust class action lawsuits against Amazon and in *In Re: Generic Pharmaceuticals Pricing Antitrust Multi-District Litigation*, No. 2:16-md-02724 (E.D. Pa.), where the firm was appointed to the interim direct purchaser steering committee in a multi-district class action litigation alleging conspiracies among dozens of generic drug manufacturers to fix the prices of over 150 generic drugs. *Id.* ¶¶ 8-9; *see also id* (listing other notable cases).

  2.  **Keller Postman**

After being formed in 2018 by veterans of the defense bar, Keller Postman has become one of the leading complex litigation firms for plaintiffs. *See* Bash Decl. ¶ 2, Ex. F (firm resume). The firm serves hundreds of thousands of clients in litigation and arbitration matters and acts as plaintiffs' counsel in high-stakes class and public-enforcement actions. Keller Postman's complex litigation practice includes high-profile antitrust and consumer-rights cases. *See id*. ¶¶ 4-5, Ex. F. For example, the firm represents several States in a multi-state antitrust case against Google, *The State of Texas, et al. v. Google*, *LLC*, No. 4:20-cv-00957 (E.D. Tex.). The firm is also lead counsel in a class action against LinkedIn for its inflated ad metrics, *TopDevz, LLC, et al. v. LinkedIn Corp.*, 5:20-cv-08324-SVK (N.D. Cal.).

MOTION TO APPOINT LEADERSHIP - 6
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

Keller Postman's lawyers have been recognized nationally for developing groundbreaking legal arguments and strategies. For example, the firm has pioneered the strategy of pursuing individual arbitrations for tens of thousands of employees and consumers simultaneously, which, as reported by the *New York Times*, has left defendants "scared to death." *See* Bash Decl., Ex. F. In connection with that practice, and in thwarting a defendant's attempt to avoid its own arbitration clause, a judge of the L.A. Superior Court recently praised the firm's work, commenting "Let's give [the] … Keller Firm … a toast. Good work." *Id.* ¶ 4, Ex. C. The firm has won numerous precedent-setting victories requiring defendants to comply with arbitration obligations they impose on customers and associates.

**Zina G. Bash** is a Partner at Keller Postman, where she founded the firm's Texas office. Before joining the firm, Ms. Bash served as senior counsel to the Texas Attorney General. In that capacity, she coordinated major multi-state cases with attorneys general across the country, and she advised on significant litigation and antitrust matters. Previously, she practiced as a litigator at the Washington D.C. office of Gibson Dunn. Ms. Bash also served as a law clerk to Justice Samuel Alito of the U.S. Supreme Court and Justice Brett Kavanaugh when he sat on the U.S. Court of Appeals for the D.C. Circuit. Ms. Bash was born in Monterrey, Mexico and is a native Spanish speaker.

Ms. Bash is counsel in the related *De Coster* case. Ms. Bash is counsel for the States of Texas, Idaho, Indiana, Mississippi, North Dakota, South Carolina, and South Dakota in the multi-state antitrust litigation against Google mentioned above. She also represents the State of Texas in an enforcement action against Meta Platforms, Inc. regarding its collection and use of biometric identifiers, *The State of Texas v. Meta Platforms, Inc.*, No. 22-0121 (Harrison Cty.). She was also part of the Keller Postman team that repress.ented tens of thousands of claimants pursuing antitrust claims against Amazon in individual arbitrations. More broadly, Ms. Bash has served as counsel or advisor for public-entity plaintiffs in numerous high-profile and complex matters. Bash Decl. ¶ 10. Ms. Bash has received several awards for her work, including an award for minority women in leadership positions by Profiles in Diversity Journal. She has been named

MOTION TO APPOINT LEADERSHIP - 7
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

a Plaintiffs' Attorney Trailblazer and an Elite Woman of the Plaintiffs' Bar by The National Law Journal, and a Trailblazer in the South by The American Lawyer.

**Warren D. Postman** is the Managing Partner of Keller Postman. He has been recognized by *Lawdragon* as one of the 500 Leading Lawyers in America and was selected as one of the *National Law Journal*'s Plaintiff's Lawyers Trailblazers for his work building the firm's mass arbitration practice. Mr. Postman has also been recognized by Chambers & Partners with an esteemed Band 1 ranking in the Litigation: Mainly Plaintiffs category for the District of Columbia. Before joining the firm, Mr. Postman was Vice President and Chief Counsel for Appellate Litigation at the U.S. Chamber Litigation Center and an attorney at Jones Day. Mr. Postman served as a law clerk to Justice David Souter at the U.S. Supreme Court and Judge William A. Fletcher of the U.S. Court of Appeals for the Ninth Circuit.

Mr. Postman is counsel in the related *De Coster* case. Mr. Postman has litigated major antitrust matters for both defendants and plaintiffs. For example, he represented Sirius XM in its defense of private antitrust claims in *Blessing v. Sirius XM*, No. 09-cv-10035 (S.D.N.Y.). He also represents several States in the litigation against Google, as well as consumer plaintiffs pursuing antitrust claims against Live Nation and Ticketmaster in *Olivia Van Iderstine, et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:20-cv-03888 (C.D. Cal.). Mr. Postman also led the representation of over 100,000 clients who pursued antitrust claims in individual arbitrations.

**Jessica B. Beringer** is an Associate at the firm, where she represents clients in high-stakes disputes, including consumer and antitrust matters. Ms. Beringer is a graduate of the University of Virginia School of Law and represents the State of Texas in the enforcement matter mentioned above.

3. **Quinn Emanuel**

Quinn Emanuel is the world's largest law firm devoted solely to business litigation. Quinn Emanuel has been named a "litigation powerhouse" by *The American Lawyer*, a "global force in litigation" by *The Wall Street Journal*, one of "The Four Firms that GCs Fear The Most" by BTI Consulting Group, a "Tier One" antitrust practice by *Benchmark Litigation*, "Antitrust Litigation Department of the Year" by *The Recorder*, and "Class Action Group of the Year" by

MOTION TO APPOINT LEADERSHIP - 8
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292 206.623.0594 FAX

1  *Law360*. Olson Decl., Exs. H-L. Quinn Emanuel has a long string of victories on behalf of
2  antitrust and class plaintiffs and defendants. *See, e.g.*, *In re Credit Default Swaps Antitrust Litig.*,
3  No. 13-md-02476 (S.D.N.Y.) (obtaining over $1.87 billion in settlements); *ISDAfix Antitrust*
4  *Litig.*, No. 14-cv-7126 (S.D.N.Y.) (obtaining more than $500 million in settlements); *see also*
5  Olson Decl. ¶¶ 6-7 (listing cases). Quinn Emanuel currently serves on the executive committee
6  in the related *De Coster* action, and as interim co-lead counsel in *In re Valve Antitrust Litigation*,
7  No. 2:21-cv-044563-JCC (W.D. Wash.). Olson Decl. ¶ 4.

8      **Steig D. Olson** was one of the principal attorneys in *In re: Credit Default Swaps Antitrust*
9  *Litigation*, resulting in one of the largest antitrust class actions in history. *See* Olson Decl. ¶ 8.
10 The mediator there declared that "this was one of the finest examples of efficient and effective
11 lawyering by plaintiffs' counsel that I have ever witnessed." *Id.*; *see also id.* ¶ 9 (discussing Mr.
12 Olson's involvement in *ISDAfix Antitrust Litigation*); Olson Decl., Ex. T (Mr. Olson's firm
13 profile). Mr. Olson was named a "Rising Star" in the field of competition law by legal journal
14 *Law360* and a "Leading Lawyer" by *Legal 500 USA*. *Id.*, Exs. M-N. In 2021, he was awarded a
15 Chambers rating for Antitrust: Mainly Plaintiff, where he was described as "fantastic, whip-
16 smart and an incredible writer." *Id.*, Ex. O. Following his graduation from Harvard Law School,
17 he clerked on the Northern District of California, for Judge Vaughn R. Walker, and on the
18 Second Circuit, for Judge Barrington D. Parker, Jr. *See id.* ¶ 11. He is also counsel in the related
19 *De Coster* action.

20     **Adam B. Wolfson** currently serves on the Executive Committee in *In re 3M Combat*
21 *Arms Earplug Products Liability Litig.*, No. 19-md-2885 (N.D. Fla.), a mass tort seeking
22 compensation for over 250,000 former service members injured by defective earplugs, *see* Olson
23 Decl. ¶ 13, and has played significant roles in a number of other antitrust and class actions
24 including *Mackmin, et al. v. Visa Inc., et al.*, No. 11-cv-01831 (D.D.C.), and *Polyurethane Foam*
25 *Antitrust Litig.*, No. 10-md-02196 (N.D. Ohio), *see* Olson Decl. ¶ 14 (listing cases); Olson Decl.,
26 Ex. U (Mr. Wolfson's firm profile). Mr. Wolfson has also taken class actions to final judgment,
27 including recovering $5.4 billion for two classes of health insurers. *See* Olson Decl. ¶ 16. Mr.
28 Wolfson has been named an "MVP" and a "Rising Star" in the field of class actions by *Law360*,

MOTION TO APPOINT LEADERSHIP - 9
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292   206.623.0594 FAX

listed among the top 500 plaintiffs' financial lawyers in the nation by *Lawdragon*, and as one of the "key lawyers" in Quinn Emanuel's ranked antitrust defense practice by *Legal 500 USA*. *Id.*, Exs. P-S. He is also counsel in the related *De Coster* action.

**Alicia Cobb** is a partner in and heads up Quinn Emanuel's Seattle office. Ms. Cobb represents plaintiffs in significant antitrust cases including the related *De Coster* action against Amazon, *In re Valve Antitrust Litigation*, No. 2:21-cv-044563-JCC (W.D. Wash.), *The Home Depot v. Visa Inc., et al.*, No. 16-cv-5507 (E.D.N.Y), and *In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL No. 1869 (D.D.C.). *See* Olson Decl. ¶¶ 17-19. Ms. Cobb clerked for Judge Edward R. Korman in the Eastern District of New York. *See* Olson Decl. ¶ 21; Olson Decl., Ex. V (Ms. Cobb's firm profile).

### 4.      Keller Rohrback

Keller Rohrback has three decades of experience representing plaintiffs in large-scale, complex cases involving corporate wrongdoing, and has recovered nearly $50 billion for its clients to date. Courts nationwide have appointed Keller Rohrback attorneys to leadership positions in many of the most competitive, newsworthy, and high-stakes cases across the country. Declaration of Derek Loeser in Support of Motion for Appointment of Interim Lead Counsel and Plaintiffs' Executive Committee ("Loeser Decl."), ¶¶ 3-4, 10. Keller Rohrback's experience and ability in managing class actions has been recognized in numerous published opinions. *See, e.g.*, *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2338151, at *10 (S.D.N.Y. Oct. 18, 2004) ("Lead Counsel [Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity. It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation, and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members.").

**Derek Loeser** is a senior partner at Keller Rohrback and a member of the firm's Executive Committee. Mr. Loeser maintains a national practice prosecuting class actions and large-scale individual cases, and he frequently serves in a leadership role. He has recently been appointed lead or co-lead counsel in complex matters involving the Wells Fargo unauthorized account scandal and the MDL stemming from the Facebook/Cambridge Analytica scandal,

MOTION TO APPOINT LEADERSHIP - 10
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292   206.623.0594 FAX

among numerous other high-profile cases. Loeser Decl. ¶¶ 6-8. He is also counsel in the related *De Coster* action.

**Ryan McDevitt** and **Matthew Gerend** are partners in Keller Rohrback's Complex Litigation group with more than twenty years' combined experience representing consumers, institutional and individual investors, employees, and competitors in consumer protection, fraud, antitrust, ERISA, and intellectual property matters nationwide. Mr. McDevitt has recent leadership experience in complex consumer and antitrust matters including consumer class actions against numerous major automakers and in the sprawling Delta Dental antitrust litigation. *Id.* ¶ 11. Mr. Gerend has successfully argued dispositive motions and appeals in ERISA litigation against some of the largest health care systems in the country and recovered hundreds of millions of dollars for ERISA plans and beneficiaries. *Id.* ¶ 12. They are also counsel in the related *De Coster* action.

### C.  Counsel Will Bring Extensive Human and Financial Resources to Litigate These Proposed Class Actions.

Standing alone, each of Hagens Berman, Keller Postman, Quinn Emanuel, and Keller Rohrback has vast human and financial resources to litigate a complex matter like this. **Hagens Berman** has 85 lawyers nationwide and consistently advances millions of dollars of litigation costs, without third-party funding, in matters of exceptional size and complexity. **Keller Postman**, in just five years since its formation, has grown from a seven-lawyer boutique to a firm of over 54 lawyers handling some of the nation's largest antitrust cases. **Quinn Emanuel** is the world's largest law firm devoted solely to business litigation, with more than 900 lawyers across 31 offices on 4 continents, including an office in Seattle. **Keller Rohrback** has approximately 70 lawyers and 100 staff across six offices nationwide and has an in-house e-discovery team that can efficiently reduce or obviate the need for third-party discovery vendors.

Together, counsel will provide unparalleled resources to prosecute these proposed class actions against Amazon. Rule 23(g)(1)(A)(iv)—"the resources that counsel will commit to representing the class"—strongly favors the proposed leadership appointments.

MOTION TO APPOINT LEADERSHIP - 11
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

**D.      Counsel Bring Diverse Backgrounds, Experiences, And Perspectives To The Case**

Counsel's diverse backgrounds, experiences, and perspectives enhance their "ability to fairly and adequately represent the interests of the class" under Rule 23(g)(1)(B). Diversity in MDL proceedings has received increased attention in recent years, with many judges seeking to make appointments "that are consistent with the diversity of our society and the justice system." Bash Decl. ¶ 6, Ex. D (Resolution on Diversity in Trial Court Appointments, National Association of Women Judges). One of the proposed standards and best practices for large and mass-tort MDLs asks transferee judges to "take into account whether the leadership team adequately reflects the diversity of legal talent available and the requirements of the case." *Id.* ¶ 6, Ex. E (Standards and Best Practices for Large and Mass-Tort MDLs). Recommended best practices ask judges to appoint a diverse group of attorneys, taking into account gender, race and national origin, age, and sexual orientation, while also being "mindful of creating a team with diversity of experience, balancing the benefits of selecting leadership members who have worked well together in the past." Hagens Berman, Keller Postman, Quinn Emanuel, and Keller Rohrback each believes strongly in the value of a diverse legal team. To that end, they have proposed a combined team in this case that includes members of different genders, ages, sexual orientation, racial and ethnic identities, and life experiences whose diversity will reflect and benefit the proposed classes.

## V.      CONCLUSION

Plaintiffs' proposed leadership structure brings together firms with vast experience litigating complex matters, including antitrust class actions against corporate giants—and over a year's worth of experience investigating and litigating the precise issue underlying these cases: Amazon's MFN clause. They bring the unmatched resources needed to pursue this case through all aspects of litigation. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Hagens Berman and Keller Postman as Interim Co-Lead Class Counsel, and Quinn Emanuel and Keller Rohrback as members of a Plaintiffs' Executive Committee.

MOTION TO APPOINT LEADERSHIP - 12
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

| | | |
|---|---|---|
| 1 | DATED: January 9, 2023 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | By:   */s/ Steve W. Berman*   |
| 4 | |    Steve W. Berman (WSBA No. 12536) |
| | | By:  */s/ Barbara A. Mahoney*   |
| 5 | |    Barbara A. Mahoney (WSBA No. 31845) |
| 6 | | 1301 Second Avenue, Suite 2000 |
| | | Seattle, WA 98101 |
| 7 | | Telephone: (206) 623-7292 |
| | | Facsimile:  (206) 623-0594 |
| 8 | | Email: steve@hbsslaw.com |
| 9 | |          barbaram@hbsslaw.com |
| 10 | | KELLER ROHRBACK L.L.P. |
| 11 | | By:   */s/ Derek W. Loeser*   |
| | |    Derek W. Loeser (WSBA No. 24274) |
| 12 | | 1201 Third Avenue, Suite 3200 |
| | | Seattle, WA 98101-3052 |
| 13 | | Telephone: (206) 623-1900 |
| 14 | | Facsimile:  (206) 623-3384 |
| | | Email: dloeser@kellerrohrback.com |
| 15 | | |
| 16 | | KELLER POSTMAN LLC |
| 17 | | Zina G. Bash (*pro hac vice*) |
| | | 111 Congress Avenue, Suite 500 |
| 18 | | Austin, TX, 78701 |
| | | Telephone: (512) 690-0990 |
| 19 | | Email: zina.bash@kellerPostman.com |
| 20 | | Jessica B. Beringer |
| 21 | | 150 N. Riverside, Suite 4100 |
| | | Chicago, IL 60606 |
| 22 | | Telephone: (312) 280-5788 |
| | | Email: jessica.beringer@kellerpostman.com |
| 23 | | |
| 24 | | Warren D. Postman (*pro hac vice*) |
| | | Albert Y. Pak (*pro hac vice*) |
| 25 | | 1100 Vermont Avenue, N.W., 12th Floor |
| | | Washington DC, 20005 |
| 26 | | Telephone: (202) 918-1123 |
| | | Email: wdp@kellerpostman.com |
| 27 | |          albert.pak@kellerpostman.com |
| 28 | | |

MOTION TO APPOINT LEADERSHIP - 13
Case No. 2:20-cv-00424-RAJ
010888-11/2120173 V2



1301 SECOND AVENUE, SUITE 2000, SEATTLE, WA 98101
206.623.7292  206.623.0594 FAX

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Alicia Cobb*
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Attorneys for Plaintiffs and the Proposed Class*



# **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2023, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                                   */s/ Steve W. Berman*
                                    Steve W. Berman

