HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

Case No. 2:20-cv-00424-RAJ

ORDER REGARDING DISCOVERY DISPUTES

ORDER – 1

## I.   INTRODUCTION

This matter comes before the Court on the parties' Local Civil Rule 37 joint submission regarding discovery protocols. The parties have requested that the Court resolve several disputes concerning the protective order and the order regarding discovery of electronically stored information ("ESI"). Having reviewed the parties' joint submission, the relevant portions of the record, and applicable law, the Court sets forth its ruling below.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26 allows this Court to issue a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). Parties are encouraged to use the district's model protective order. LCR 26(c)(2); *see also* MODEL STIPULATED PROTECTIVE ORDER, *available at* www.wawd.uscourts.gov/local-rules-and-orders.

### A.   Protective Order

The parties' first dispute concerns language that Amazon seeks to have included in the Protective Order. Amazon proposes that the Order include provisions related to the disclosure of "Highly Confidential—Attorneys' Eyes Only" (AEO) material to "Industry Experts." An "Industry Expert" is defined as "[a]n Expert whose specialized knowledge or experience derives from personal experience in the industries and markets pertinent to the litigation and who satisfies the other criteria for the definition of Expert." Dkt. # 77 at 4. The proposal provides that a party will provide contact and background information for Industry Experts, including their employers, entities from whom they have received compensation or funding for work, and any litigation that the Expert has participated in the past four years. Once a party discloses the identity and background of the Expert, the designating party may lodge a written objection within seven days. In the absence of an objection during that time frame, the disclosing party may then share AEO material. The parties must then meet and confer and may bring the dispute to the Court in accordance with LCR 37(a)(2), with the designating party bearing the burden of proving the risk of

ORDER – 2

harm of disclosure outweighs the need to disclose AEO material to the Industry Expert.

Plaintiffs argue that Amazon's proposed provisions deviate from the District's model protective order, which does not require that experts be disclosed, let alone approved, prior to receiving AEO materials, and that Amazon cannot show the "good cause" required to include additional restrictions in the protective order. First, Plaintiffs argue that the Protective Order already prohibits experts from disclosing or utilizing AEO material outside the context of this litigation, and Amazon's proposed restrictions are based on speculative assumptions that potential experts are likely to violate the order. *Id.* at 6-7. Second, only Amazon is likely to produce AEO discovery, meaning that only Plaintiffs would be required to disclose the names of Industry Experts and potentially move the court for an order allowing them to share AEO material with their expert. *Id.* Finally, Plaintiffs argue that that they would be prejudiced by Amazon's proposal because it would require Plaintiffs (and likely, *only* Plaintiffs) to disclose experts (including non-testifying experts) to Amazon months prior to the Rule 26 disclosure deadline. *Id.* at 8.

Amazon, on the other hand, argues that the case will likely "involve the production of extremely sensitive business information," and disclosure would "create a risk of competitive or commercial harm." *Id.* at 8. Amazon raises concerns that Industry Experts will not be able to compartmentalize information learned in the course of this litigation if, in the future, they advise actual or potential competitors. *Id.* Amazon argues that courts, including those in this District, routinely enter orders with heightened safeguards in cases where highly sensitive business information will be exchanged during discovery[1], and this narrowly tailored provision will allow the parties to resolve any issues in advance of disclosure. The Court finds Amazon's argument regarding disclosure

---

[1] Defendant cites several recent orders, including those entered in *O'Donnell/Salvatori, Inc. v. Microsoft Corp.*, No. 2:20-cv-00882-MLP (W.D. Wash. Nov. 30, 2020), Dkt. # 40, ¶ 5.4; *Benson v. Double Down Interactive, LLC*, No. 2:18-cv-00525-RBL (W.D. Wash. July 28, 2020), Dkt. # 123, ¶ 7; and *PTP Oneclick, LLC v. Avalara, Inc.*, NO. 19-cv-00640-JLR (W.D. Wash. July 8, 2019), Dkt. # 49, ¶5.4.

ORDER – 3

to Industry Experts persuasive.

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders and allows the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). District courts have "broad latitude to grant protective orders" to prevent disclosure of highly sensitive commercial information. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *see also Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340 BHS, 2019 WL 2869169, at *1 (W.D. Wash. July 3, 2019) (quoting *Cabell v. Zorro Productions, Inc.*, 294 F.R.D. 604, 610 (W.D. Wash 2013)). The Court must balance the conflicting interests of the parties when considering protective orders for confidential information, specifically the risk to Defendant of inadvertent disclosure to competitors against the risk that Plaintiff's prosecution of its claims will be impaired. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). In evaluating the parties' conflicting interests, the Court should look at the parties' "specific factual circumstances." *Id.* at 1471.

Amazon's concerns regarding the potential dissemination of highly confidential business information are not merely speculative. The Court expects that all counsel and experts will "abide by the letter and spirit of the Protective Order," *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 14-CV-7748, 2014 WL 5465401, at * 2 (N.D. Ill. Oct. 27, 2014), and will not presume that experts will violate it; however, it is not unusual for courts to enter orders that provide for varying levels of protection for the most sensitive information produced in discovery. Indeed, Courts have rejected protective order proposals that do not include "separate levels of protection for confidential documents." *Clean Crawl*, 2019 WL 2869169, at *1. The disclosure rules proposed by Amazon would apply only to: 1) individuals designated as "Industry Experts" because of

ORDER – 4

not only their expertise but their personal experience in the industries at issue, Dkt. # 77, Ex. B at 3, and only to the most sensitive material designated as "Highly Confidential—Attorney's Eyes Only," which should lessen the burden of disclosure on Plaintiffs.

Further, the multi-tiered protective order is reasonable to protect Amazon from the potential disclosure of confidential information to an Industry Expert who may then work for a competitor. "[V]etting litigation consultants [is] an ordinary and reasonable method to protect" AEO material. *Clean Crawl*, 2019 WL 2869169, at *2. Indeed, this Court has entered protective orders with similar disclosure requirements in the past. *See Hopjacks. Inc. v. Rock Solid Restaurants, LLC,* No. 2:18-CV-00848-RAJ (W.D. Wash. Aug. 2, 2018), Dkt. # 60. However, the Court also understands Plaintiffs' concerns that the disclosure requirement can be used to delay Plaintiffs' experts' work and give Amazon a tactical advantage by requiring Plaintiffs to disclose both testifying and consulting Industry Experts prior to any applicable deadline. The Court also takes into consideration Plaintiffs' concern that they will be hampered in their ability to retain qualified experts if they cannot assure the confidentiality of the engagement. While the Federal Rules do not prohibit disclosure of the *identities* of consulting experts, the Court will not require Plaintiffs to disclose the names of consulting Industry Experts before applicable disclosure deadlines contained in the Rules, if any. *See Clean Crawl*, 2019 WL 2869169, at *2 ("[Fed. R. Civ. P. 26(b)(4(D)] does not prevent disclosure of the identity of a nontestifying expert, but only 'facts known or opinions held' by such an expert") (*citing Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012)). Prior to any expert witness disclosure deadlines, only Industry Experts expected to testify must be disclosed by either party. Given these parameters, the Court "expects the parties…use…AEO designations" and Industry Expert challenges "sparingly and only where necessary in order to minimize onerous litigation." *Cabell,* 294 F.R.D. at 610. Next, the Court will turn to the parties' disputes concerning ESI protocols.

ORDER – 5

**B.     ESI Protocols**

The parties have been unable to come to an agreement regarding the modification and adoption of an order governing the exchange of Rule 34 ESI and specifically, how to amend this District's model agreement. *See* [MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER, *available at* www.wawd.uscourts.gov/local-rules-and-orders. The Court has broad authority and discretion to manage this process, *Phillips*, 307 F.3d at 1211-12, and addresses each dispute below.

*i.     General Principles*

Amazon seeks to add a provision to the parties' proposed ESI order that states:

> Nothing in this ESI Protocol shall be construed to alter the Producing Party's rights arising under Federal Rule of Civil Procedure 26 or otherwise, for example, with respect to proportionality, or to be able to withhold production of Documents because the source of the Documents is not reasonably accessible or its production would be unduly burdensome or duplicative.

Dkt. # 77, Ex. 4. Plaintiffs object to the addition of this provision, arguing that it would allow a party's individualized assessment of the burden of production to trump the specific provisions of the order, and that the provision is simply duplicative of the preceding provision. Amazon, on the other hand, argues that the proposed provision makes clear that the ESI protocol does not disturb the balance created by the Rules and caselaw. The Court is not persuaded. The proposed provision is duplicative and unnecessary. "[A]n ESI protocol has to be specific or it doesn't mean anything." *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST, 2019 WL 4256383, at *2 (N.D. Cal. Sept. 9, 2019). Amazon's vague proposed language deviates from this District's model ESI agreement and would provide no greater clarity to the parties in the event of a dispute.

ORDER – 6

ii. *Timing of Disclosures*

Amazon requests 60 days (instead of the 30 provided by the model) to make required ESI disclosures. Plaintiffs object to the request, arguing that any delay risks the loss of evidence and witnesses. Amazon states that Plaintiffs have served requests for wide-ranging data, including details related to every third-party-seller transaction in the Amazon store for the past decade. Amazon argues a 30-day extension will not hamstring discovery, as Plaintiffs have already served nearly 100 requests for production. The Court agrees that a modest increase is not unreasonable in the context of this complex case; however, in order to ensure that discovery continues apace, all ESI disclosures shall be completed within 45 days of the entry of the ESI order.

iii. *Number of Custodians*

Similarly, the parties disagree as to the number of custodians required to be disclosed. Amazon proposes the disclosure of ten custodians, which is double the number currently included in the District's model. Plaintiffs propose that the parties rely on "the requirements of Rule 26 and their good faith assessment of the demands" of this complex case as the basis for their disclosures.

The Court finds that limiting the number of custodians to be disclosed to 10 is not warranted. Given the large amount of discovery expected to be produced and the complexity of this matter, the Court will require that the parties make a good faith assessment as to the appropriate number of custodians to be disclosed, especially given that the parties are best placed to make an accurate assessment of the "custodians most likely to have discoverable ESI in their possession, custody, or control."

iv. *Search Methodology*

Amazon proposes to add the following language to the ESI protocol:

> The parties agree that to support a cooperative discovery process, they will each act reasonably in disclosing their intended processes for search and retrieval, including the use of computer- or technology-aided methodologies. If the parties determine that they will utilize search terms, the parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, and data sources (including custodians). The parties agree that each producing party

ORDER – 7

will take reasonable steps to identify, review, and produce relevant documents. The parties further agree that each producing party is best situated to evaluate and utilize the procedures, methodologies, and technologies appropriate to identify, review, and produce its own Documents.

Amazon fails to present good cause to deviate from the language in this District's model. The Court declines to add the proposed language to the parties' ESI agreement.

      v.      *Presumptively Overbroad Search Results*

Amazon requests that the parties ESI protocol include a threshold of 500 megabytes as a presumptively overbroad search, while Plaintiffs oppose the inclusion of such a limit. The model contains an optional provision stating that a search that produces 250 megabytes of data (excluding large files such as PowerPoint and audio files) is presumed to be overbroad. The model also indicates that this is a "starting point" for parties' negotiations.

Plaintiffs argue that, based on their testing of other ESI databases, a search that produces fewer than 400 documents can exceed Amazon's proposed 500-megabyte limit. Given that the parties have described the document requests propounded by Plaintiffs as "wide-ranging," Dkt. # 77 at 12, and the litigation as "complex," *id.* at 14, the Court declines to impose a presumptively overbroad megabyte limit. The Court reiterates that the parties are expected to provide tailored and targeted search proposals throughout the discovery process.

      vi.      *Supplemental Disclosures*

Amazon proposes that the model's requirement that the parties supplement disclosures in accordance with Fed. R. Civ. P. 26(3), located at § D.2, be removed. Amazon argues that the provision would require continuous supplementation based on each individual transaction in the Amazon store, creating a disproportionate burden for the Defendant. Plaintiffs argue that there is nothing about this case that would obviate the need for supplementation. The Court agrees with Plaintiffs. The Rules require the parties

ORDER – 8

to supplement or correct a disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…." Fed. R. Civ. P. 26(e)(1)(A). The Court encourages the parties to work together to create a reasonable plan for supplementation of transaction information or other data, if necessary. This may mean that the parties agree to a rolling production of incoming data or larger periodic productions at agreed-upon intervals.

        *vii.*    Privilege Log Timing

Both Plaintiffs and Amazon propose deviating from the model agreement, which provides that privilege logs be produced to all other parties either no later than 30 days after delivering a production or no later than 30 days before the deadline for filing motions related to discovery. Instead, Plaintiffs propose that privilege logs be served within 45 days of delivering the production, while Amazon proposes that service of logs be within a "reasonable time" after the final production. Given the breadth of discovery in this matter, the Court understands Amazon's desire to avoid the *ad hoc* production of logs. However, a requirement that logs be served within "reasonable time" leaves too much room for the parties to differ. An expanded time frame to produce logs is reasonable, and the Court orders that logs be served within 45 days of delivering the production.

        *viii.*    Privilege Log Requirements

Plaintiffs request that the parties be required to disclose certain information in their privilege logs, drawing from the model rules of the Southern District of New York. *See* S.D.N.Y. Local Rule 26.2. This information would include: the type of document; general subject matter; the date, author, addressees, and other recipients; and where not apparent, the relationship between the author of the document and recipients. *Id.* Amazon objects to this proposal, arguing that the Federal Rules and this District's model contain no such requirements.

ORDER – 9

A party claiming that a document is privileged has the burden of establishing that privilege applies. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). The Rules provide that a party asserting a privilege must "describe the nature of the documents … and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5(A)(ii). In the Ninth Circuit, a party may make their *prima facie* burden of showing that privilege applies by identifying: "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons on entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992). "However, a party may substantiate a claim of privilege by other means." *In re Google RTB Consumer Privacy Litigation*, No. 21-cv-02155-YGR, 2022 WL 17072016, at *2 (N.D. Cal. Nov. 17, 2022) (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 306 F.R.D. 234 (N.D. Cal. Apr. 3, 2015) (analyzing ESI protocol that declined to include a statement of what information "may be necessary to resolve certain disputes about privilege claims[.]"). The Court declines to impose further specific requirements beyond those in this District's model and the Rules at this time. The parties are expected to prepare privilege logs that comport with the Rules and Ninth Circuit precedent, and meet and confer regarding deficiencies in a party's log before bringing disputes to the Court.

//
//
//
//
//
//
//

ORDER – 10

## III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Amazon's request concerning the draft protective order, and orders Amazon to submit a revised proposed protective order in Microsoft Word format, consistent with this opinion, within **seven (7) days of the date of this Order**. Further, the Court orders Plaintiffs to submit a revised proposed order regarding ESI within **seven (7) days of the date of this Order**. The proposed ESI order shall be consistent with this opinion, and any provision not specifically addressed by this opinion, or mutually agreed upon by the parties, shall be consistent with this District's model agreement.

DATED this 1st day of February, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 11