The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, NATHAN CHANEY, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, MARY ELLIOT, HEATHER GEESEY, STEVE MORTILLARO, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

CASE NO. 2:20-cv-00424-RAJ

**ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The parties shall abide to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation

1 | to cooperate in facilitating and reasonably limiting discovery requests and responses raises
2 | litigation costs and contributes to the risk of sanctions.
3 |   2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ.
4 | P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the
5 | application of the proportionality standard in discovery, requests for production of ESI and
6 | related responses should be reasonably targeted, clear, and as specific as possible.
7 | **B. ESI Disclosures**
8 |   Within 45 days of entry of this Order, or at a later time if agreed to by the parties, each
9 | party shall disclose:
10 |   1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their
11 | possession, custody, or control. The custodians shall be identified by name, title, connection to
12 | the instant litigation, and the type of the information under the custodian's control.
13 |   2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared
14 | drives, servers), if any, likely to contain discoverable ESI.
15 |   3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to
16 | contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud
17 | storage) and, for each such source, the extent to which a party is (or is not) able to preserve
18 | information stored in the third-party data source.
19 |   4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable
20 | ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically
21 | identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P.
22 | 26(b)(2)(B).

5. <u>Foreign data privacy laws.</u> Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in response to any ESI or other discovery request.

**C.    ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

    a.    Prior to running searches:

        i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query, including hit counts by custodian, provided that it can be done with minimal burden.

        ii.    The requesting party is entitled to, within 21 days of the producing party's disclosure of hit counts as described in Section 2(a)(i) above, add no more than 20 search terms or queries to those disclosed by the producing party absent a showing of

good cause or agreement of the parties. If any additional search term or query produces a disproportionate number of hits, the parties agree to meet and confer in good faith.

iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b. After production: Within 45 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a Request for Production of Documents, the receiving party may request no more than 20 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

c. Upon a reasonable request, a party producing data will produce data dictionaries relevant for such data to the extent such dictionaries exist.

3. Format.[1]

a. ESI will be produced to the requesting party with searchable text, in a format set forth in Exhibit A.

---

[1] Documents that are not produced in the first instance in this litigation, i.e., documents that were previously produced in other matters, shall be produced pursuant to the ESI protocols governing the format of document productions in those other matters or the format of document productions

        b.        Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

        c.        Each document image file shall be named with a unique number (Bates Number). Documents produced in native format will be assigned a Bates Number and be produced with a corresponding load file. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

        d.        If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

        f.        The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

    4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a

---

in those other matters, provided that those re-productions are in a reasonably useful format and provided that the Producing Party informs all other Partiers, prior to or at the time of production, that the production will be in a nonconforming format. The Parties reserve the right to object to a nonconforming format.

duplicate/other custodian field in the database load file. If processing and production is done on a rolling basis, an updated Duplicate Custodians field with additional values shall be provided in an overlay. The producing party shall identify whether the overlay replaces previously produced fields for a file or supplements them.

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy or missing metadata, if, for example, a threaded email cuts off to/from/cc/subject line/date information.

6. <u>Metadata fields.</u> The parties agree to the metadata fields set forth in Exhibit A.

7. <u>Hard-Copy Documents.</u> The parties agree to the production of hard copies in the manner set forth in Exhibit A

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall take reasonable and proportional steps to preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory

disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. The Parties agree that only unique, non-duplicative sources of relevant Documents need to be preserved.

4. Absent a showing of good cause by the requesting party, the categories of ESI that need not be preserved include but are not limited to:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Interim automatically saved drafts, as opposed to drafts saved by a user.

    f. Dynamic fields of databases or log files that are not retained in the usual course of business.

    g. Back-up data that are duplicative of data that are more accessible elsewhere.

    h. Server, system or network logs.

    i. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    j. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

E. Privilege

1. A producing party shall create a privilege log of all documents or categories thereof fully withheld from production on the basis of a privilege or protection, unless otherwise

agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 45 days after delivering a production unless an earlier deadline is agreed to by the parties.

2.  Redactions need not be logged so long as the basis for the redaction is clear on the face of the redacted document.

3.  With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.  Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

F.  **Non-Party Discovery**

    1.  A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena.

    2.  The Issuing Party shall be responsible for producing any Documents obtained under a subpoena to all other Parties.

    3.  If the Non-Party production is not Bates-stamped, the Issuing Party shall endorse the Non-Party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

## ORDER

Based on the foregoing, IT IS SO ORDERED.

Dated this 28th day of February, 2023.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge