The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, HEATHER GEESEY, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-cv-00424-RAJ<br><br>**AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO PREVENT DISCOVERY OF PRESCRIPTIONS AND LIMIT DISCOVERY OF BRICK-AND-MORTAR PURCHASES**<br><br>**Note on Motion Calendar**:<br>April 14, 2023 |

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 1

III.    LEGAL STANDARD ............................................................................................. 5

IV.    ARGUMENT .......................................................................................................... 5

V.    CONCLUSION ..................................................................................................... 10

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Asacol Antitrust Litig.*,
2017 WL 11476172 (D. Mass. 2017) ........................................................................................7

*Beckman Indus. Inc.* v. *Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ....................................................................................................9

*Ceats, Inc.* v. *Cont'l Airlines*,
2012 WL 12886830 (E.D. Tex. 2012) ......................................................................................6

*City of Colton* v. *Am. Promotional Events, Inc.*,
2011 WL 13223968 (C.D. Cal. Nov. 28, 2011) ........................................................................8

*In re Cox Enters. Set-Top Cable Television Box Antitrust Litig.*,
2014 WL 104964 (W.D. Okla. 2014) .......................................................................................7

*Cunningham* v. *Bank One*,
2006 WL 3361773 (W.D. Wash. Nov. 20, 2006) .....................................................................5

*Doe* v. *Trump*,
329 F.R.D. 262 (W.D. Wash. 2018) .........................................................................................8

*Ellis* v. *Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ....................................................................................................7

*Equifax, Inc.* v. *F.T.C.*,
618 F.2d 63 (9th Cir. 1980) ......................................................................................................6

*Hicks* v. *PGA Tour, Inc.*,
897 F.3d 1109 (9th Cir. 2018) ..................................................................................................6

*High Tech. Careers* v. *San Jose Mercury News*,
996 F.2d 987 (9th Cir. 1993) ....................................................................................................6

*Intellicheck Mobilisa, Inc.* v. *Honeywell Int'l Inc.*,
2017 WL 4221091 (W.D. Wash. 2017) ....................................................................................9

*Llera* v. *Tech Mahindra (Ams.) Inc.*,
2021 WL 5182346 (W.D. Wash. 2021) ....................................................................................9

*Lucas Auto. Eng'g, Inc.* v. *Bridgestone/Firestone, Inc.*,
275 F.3d 762 (9th Cir. 2001) ....................................................................................................6

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*In re Napster, Inc. Copyright Litig.*,
    462 F. Supp. 2d 1060 (N.D. Cal. 2006) ................................................................................ 8

*Newcal Indus., Inc.* v. *Ikon Office Sol.*,
    513 F.3d 1038 (9th Cir. 2008) ............................................................................................. 5

*Oxbow Carbon & Minerals LLC* v. *Union Pac. Railroad C*o.,
    322 F.R.D. 1 (D.D.C. 2017) ............................................................................................ 8, 9

*Reinsdorf* v. *Sketchers U.S.A., Inc.*,
    296 F.R.D. 604 (C.D. Cal. 2013) ........................................................................................ 8

*Rocco* v. *Nam Tai Elecs.*,
    245 F.R.D. 131 (S.D.N.Y. 2007) ........................................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 5

Fed. R. Civ. P. 26(f) ............................................................................................................. 2, 4

LCR 37 ................................................................................................................................. 1, 3

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Eighteen Plaintiffs bring an antitrust class action of enormous magnitude on behalf of hundreds of millions of consumers, arising out of: their purchases, over a seven-plus-year time period, from any online retailer (other than Amazon), of 340 million every day, consumer products. In a case of such magnitude, Amazon accordingly seeks relevant and proportional discovery regarding Plaintiffs' own retail purchases.

Plaintiffs object to producing information relating to Plaintiffs' brick-and-mortar purchases, claiming that the information sought would be unduly burdensome to search for and produce. Amazon made several compromise proposals tailored to Plaintiffs' objections, but Plaintiffs refused them. Exs. B, D, G.[1] Instead, Plaintiffs bring this motion for a protective order, rather than under LCR 37, as this Court encourages. In so doing, they mischaracterize Amazon's requests as "harassing," and assert that Amazon's requests were a reason (never known to Amazon) that three Plaintiffs voluntarily dismissed their claims. Mot. 1, 4, 8–9. This rhetoric is improper and belied by the record. Exs. A–G. Amazon has requested relevant information, explained its need for this discovery, and made compromise proposals to resolve Plaintiffs' objections. This Court should deny Plaintiffs' motion and order Plaintiffs to produce documents consistent with Amazon's proposal.

## II. BACKGROUND

Subsequent to Plaintiffs' filing of their motion, the parties negotiated an agreement with respect to Plaintiffs' prescription medical purchases objection, mooting that portion of Plaintiffs' motion. Ex. 1 at 1. Accordingly, this opposition addresses only the brick-and-mortar objection.

**A.** Plaintiffs filed this action in March 2020. Dkt. 1. In July 2020, Amazon sought dismissal for, among other reasons, failure to plausibly allege a relevant product market because Plaintiffs excluded retail purchases from brick-and-mortar physical stores. Dkt. 11 at 23. Thus, from the outset of this case, Amazon has made clear it would defend against Plaintiffs' claims with

---

[1] Citations to lettered exhibits are citations to exhibits attached to the declaration of Steve Berman, Dkt. 98; citations to numbered exhibits are citations to exhibits attached to the declaration of Martha Goodman, filed herewith.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (2:20-cv-00424-RAJ) - 1

the commonsense point that Plaintiffs and consumers in the putative class buy all manner of products—from t-shirts to garden hoses to cough drops—in online and physical stores, and products offered in both places are interchangeable, and indeed the same.

Plaintiffs amended their complaint and added allegations attempting to distinguish physical store retail from online retail. Dkt. 15 ¶¶ 141-149. Amazon moved to dismiss and again argued that Plaintiffs' alleged market was underinclusive because it did not include brick-and-mortar retail. Dkt. 18 at 22-24. This Court denied in part the motion as to the market definition, finding that "the validity of the relevant market is a factual question." Dkt. 48 at 18.

On April 11, 2022, Plaintiffs filed their Second Amended Complaint ("SAC"), that as before, alleged that consumers do not substitute between online and physical retail, supporting that contention with factual allegations purportedly distinguishing between online retail and physical retail. Dkt. 55 ¶¶ 177-88. As from the outset, Plaintiffs seek damages for the purchases of 340 million different Class Products—which Plaintiffs define as those "sold through a retail ecommerce channel other than Amazon Marketplace, and" which are "concurrently offered by Amazon's third-party sellers on Amazon Marketplace." Dkt. 55 ¶¶ 53, 54.

On August 15, 2022, the parties held the Rule 26(f) conference. Dkt. 69 at 2. Amazon explained that Plaintiffs should be preserving documents related to their retail purchases outside of Amazon's store, including purchases from brick-and-mortar stores, and preserving all documents responsive to Amazon's anticipated discovery requests—Plaintiffs' "purchases of products during the putative Class Period . . . whether online or in a physical store," "shopping habits and practices," and "document and data preservation practices," *Id*. at 7, 10.

**B.** Amazon served discovery seeking documents related to Plaintiffs' purchases of alleged Class Products as well as their purchase of products in physical stores. Plaintiffs objected to producing documents related to their purchases in physical stores. *See e.g.*, Ex. A at 6. Amazon explained the relevance of the discovery to Plaintiffs' assertions that consumers do not substitute between online and physical retail, and to Amazon's well-known defense in this case that a relevant market must include products sold in brick-and-mortar stores. Amazon also explained that it is

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (2:20-cv-00424-RAJ) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

not unduly burdensome for Plaintiffs to conduct a reasonable search for these documents where they may be located. Ex. B at 3–4. To address Plaintiffs' burden objection, Amazon made a proposal that would significantly narrow the scope of Plaintiffs' search for brick-and-mortar documents.

Amazon proposed that each Plaintiff conduct a reasonable search—up to 8 hours—of places where hard-copy, physical store purchase documents are likely to be found. If that search takes less than 8 hours, Amazon asked that the Plaintiff so state. Next, given Plaintiffs' contention that they were not obligated to preserve relevant brick-and-mortar documents since the filing of their complaint, Ex. C. at 6, Ex. 1 at 7, a proposition with which Amazon disagrees,[2] Amazon proposed that Plaintiffs produce hard-copy documents related to their brick-and-mortar purchases they have affirmatively preserved for this litigation, starting from the date they began preserving and continuing for one year. Amazon would agree that Plaintiffs do not have an ongoing obligation to preserve such documents after that date. Ex. G at 4. Amazon's proposal did not ask or require Plaintiffs to change their ordinary practices with respect to obtaining hard-copy receipts. *Id.*

On April 4, 2023, the parties conferred on this proposal. Amazon asked Plaintiffs to make a counterproposal. Goodman Decl. ¶ 7. If the parties could not agree, Amazon asked Plaintiffs to utilize LCR 37's joint discovery dispute resolution procedures: to minimize the burden on the Court, to potentially further narrow disputes, and given the parties' history of using such procedures and the Court's strong preference for that procedure. *Id.*; *see* Dkt. 77; Jones, J., Discovery Disputes Individual Procedures.

Two days later, Plaintiffs emailed: "we cannot accept your proposals, and do not have any further counterproposals to make." Ex. 1 at 9. Thirty minutes later, Plaintiffs' counsel filed the instant motion, and in *De Coster et al.* v. *Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.) (Martinez, J.) ("*De Coster*"), a related case seeking antitrust damages for consumers' purchases of

---

[2] Amazon reserves all rights with respect to Plaintiffs' seeming failure to preserve documents once the obligation to preserve attached.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (2:20-cv-00424-RAJ) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

products in Amazon's store, where the plaintiffs are represented by the same counsel as Plaintiffs here.

On April 10, Amazon made another proposal in an effort to avoid burdening *two courts* with this dispute. Ex. 1 at 7–8. To resolve the brick-and-mortar objection, Amazon modified the second aspect of its proposal to require Plaintiffs to produce hard copy documents collected and preserved over ten months instead of a year. *Id*. at 8. Plaintiffs rejected Amazon's brick-and-mortar proposal, reiterating objections already stated without particularizing the burden placed on Plaintiffs. *Id*. at 9. In their response, Plaintiffs all but conceded that they have not been preserving brick-and-mortar purchase documents in this case. *Id.* at 7.

**C.** Plaintiffs attempt to take advantage of discovery coordination discussions in filing a nearly identical motion in *De Coster*, where Amazon has not served discovery requests and the parties only recently agreed to general coordination principles as to Amazon's discovery of the *Frame-Wilson* and *De Coster* Plaintiffs.[3] While Amazon served discovery of Plaintiffs in *Frame-Wilson*, the parties did not explicitly discuss *De Coster* in their conferrals on that discovery. Goodman Decl. ¶ 5.

On March 17, the parties held the *De Coster* Rule 26(f) conference. *Id*. ¶ 6. The parties agreed in principle that the document requests served in *Frame-Wilson* would be deemed served in *De Coster*, as would objections and responses; and that any party could revise or tailor their requests, or responses and objections, depending on any differences between the cases. *Id*. The parties have not yet filed the Rule 26(f) Joint Status Report and Discovery Plan in *De Coster*, which will reflect and detail such agreements. *Id.*

After Plaintiffs filed this motion here and in *De Coster*, Amazon proposed that Plaintiffs' counsel withdraw their motion in *De Coster*, and Amazon further proposed that the parties mutually agree that this Court's decision on this motion be binding in *De Coster*. Ex. 2 at 3–4.

---

[3] The other cases the parties are working to coordinate aspects of discovery are *Brown et al.* v. *Amazon.com, Inc*., No. 22-cv-00965 (W.D. Wash.), Judge Chun; *Mbadiwe et al.* v. *Amazon.com, Inc*., No. 22-cv-09542 (S.D.N.Y.), Judge Broderick; and *People of the State of California* v. *Amazon.com, Inc*., No. CGC-22-601826 (Cal. Super. Ct. San Francisco) (Judge Schulman).

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon also proposed the parties agree to a process for resolving discovery disputes that span related cases. *Id*. Plaintiffs refused and also declined to address how the parties would deal with potentially conflicting rulings from this Court and the *De Coster* Court, seemingly to leverage any ruling they deemed favorable to the detriment of an unfavorable ruling. *Id*. at 2–3.

### III.   LEGAL STANDARD

Discoverable information is any that is "relevant to any party's claim or defense and proportional to the needs of the case," as measured by, among other things, the amount in controversy, the parties' resources, and whether the burden or expense outweighs benefits. Fed. R. Civ. P. 26(b)(1). Information is discoverable "even if it may not be admissible in evidence." Dkt. 63 at 5. A party resisting discovery must "show discovery should not be allowed." *Cunningham* v. *Bank One*, 2006 WL 3361773, at *1 (W.D. Wash. Nov. 20, 2006).

### IV.   ARGUMENT

#### A. Plaintiffs' Brick-and-Mortar Purchase Documents Are Relevant, and the Burden on Plaintiffs is Proportional to the Needs of the Case

**1.** To prove their antitrust claims, Plaintiffs must prove a relevant market—a market that "must encompass the products at issue as well as all economic substitutes for the product." *Newcal Indus., Inc.* v. *Ikon Office Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008) (citation omitted). Amazon contends that the market must include products available for purchase in physical stores because as a matter of common sense, consumers turn to physical retailers just as they would look online to purchase all manner of products. In denying Amazon's motion to dismiss on this argument, the Court implicitly recognized an entitlement to this discovery, holding that "the validity of the relevant market" "is a factual question." Dkt. 48 at 18. Plaintiffs' physical store purchases are directly relevant to whether Plaintiffs' alleged market of "ecommerce retail" can be proved, and Amazon is entitled to discovery on this topic.

In the SAC, Plaintiffs go to great lengths to support their allegations that there is a "distinct ecommerce retail market" "within the U.S. retail market." Dkt. 55 ¶ 177. Plaintiffs allege "consumers distinguish between ecommerce and brick-and mortar shopping," *id*. ¶ 184, and

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (2:20-cv-00424-RAJ) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"online retailers can provide more competitive prices, whereas brick-and-mortar stores . . . offer consumers immediate gratification and personalized service." *Id.* ¶ 178; ¶ 179 ("online consumers can more easily compare different alternatives . . . than offline consumers"); ¶ 185 ("Shopping in physical stores offers more social interaction and socializing with other shoppers and it is faster and easier to return a defective or unwanted product in-store").

Put simply, Plaintiffs make these allegations to support the alleged market of only online retail, contending consumers do not substitute between shopping online and in physical stores for everyday retail goods. Put in terms of the antitrust law, market definition may consider "a factual inquiry into the commercial realities faced by consumers." *High Tech. Careers* v. *San Jose Mercury News*, 996 F.2d 987, 990 (9th Cir. 1993) (internal quotations and citation omitted). Amazon knows that an online-only market defies commonsense because consumers routinely switch between online and physical shopping, and Amazon is entitled to discovery from Plaintiffs in order to show that routine substitution. *See also Hicks* v. *PGA Tour, Inc.*, 897 F.3d 1109, 1120 (9th Cir. 2018); *Equifax, Inc.* v. *F.T.C.*, 618 F.2d 63, 66 (9th Cir. 1980) (looking to "practical indicia" for market definition, such as "industry or public recognition of the [submarket] as a separate economic entity, the product's peculiar characteristics and uses, unique production facilities, distinct customers, distinct prices, sensitivity to price changes, and specialized vendors") (internal quotations and citation omitted).

With Plaintiffs' records of physical store purchases, Amazon can probe allegations seeking to differentiate online retail from physical retail, and whether Plaintiffs' shopping habits reflect these alleged differences, particularly when compared to Plaintiffs' records of online purchases of the same, similar, or economically substitutable products. Without documents, Plaintiffs might not remember their brick-and-mortar purchase history or the circumstances under which the purchases were made. Receipts are crucial in aiding Plaintiffs' recollection and establishing any pattern or practice that the documents reflect. *Ceats, Inc.* v. *Cont'l Airlines*, 2012 WL 12886830, at *7 (E.D. Tex. 2012) ("contemporaneous documents . . . served as strong memory aids").

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Physical store purchase records from 18 Plaintiffs, spanning a year, will also provide pricing data to compare online prices to in-store prices and evidence of Plaintiffs' practices concerning product substitution. *Lucas Auto. Eng'g, Inc.* v. *Bridgestone/Firestone, Inc.*, 275 F.3d 762, 767 (9th Cir. 2001) (relevant product market also considers "those products to which consumers will turn, given reasonable variations in price").

While acknowledging that "market definition is an important part of the case," Plaintiffs insist that their purchases are irrelevant because Amazon can rely on "market-wide" or "aggregate pricing" data, without delineating between or further specifying these types of data or acknowledging that pricing data is not the same as transaction data. Mot. 11, 12. Plaintiffs do not get to dictate the evidence that Amazon may use to prove its defenses, and Plaintiffs' argument fails to appreciate that product substitution and "practical indicia" beyond price are relevant to market definition. Plaintiffs' cited cases are inapposite. In *In re Asacol Antitrust Litig.*, 2017 WL 11476172, at *4 (D. Mass. 2017), it was undisputed that there was a "wealth of aggregate data . . . available to all parties," and the discovery defendants sought was not in the plaintiffs' possession. Here, Amazon seeks transaction-level data only in Plaintiffs' possession, which Amazon could use to, among other things, compare the price Plaintiffs paid to the price of the same product, at or around the same time, in Amazon's store or elsewhere in online retail, or provide specific evidence of any substitution between brick-and-mortar and online retail. *In re Cox Enters. Set-Top Cable Television Box Antitrust Litig.*, 2014 WL 104964, at *10 (W.D. Okla. 2014) is a class-certification decision, not a discovery decision, that noted a relevant market could not be proved with "individual consumers' preferences," but needed "common" evidence.

Plaintiffs' brick-and-mortar purchase records are also relevant to Plaintiffs' suitability as class representatives. *Ellis* v. *Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (typicality looks at "whether other members have the same or similar injury, [or] whether the action is based on conduct which is not unique to the named plaintiffs"). Amazon is entitled to robust discovery of the Plaintiffs' shopping habits to identify whether their transactions (with online or

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

brick-and-mortar retailers) are typical of those of the putative class. Aggregate data of any kind would not aid in that line of inquiry.

**2.** Amazon's proposal more than adequately addresses Plaintiffs' alleged burden in producing brick-and-mortar documents, and is proportional to the needs of the case. Plaintiffs seek damages for purchases of 340 million Class Products over a seven-year-plus time period—amounting to likely billions of consumer purchases. As class representatives, Plaintiffs have an "obligation" to participate in discovery. *Rocco* v. *Nam Tai Elecs*., 245 F.R.D. 131, 137 (S.D.N.Y. 2007) (addressing class representative's failure to comply with discovery requests). Commensurate with their role and the massive scope of this case, it is not unduly burdensome for Plaintiffs to look for paper receipts for eight hours (or less), and to produce documents they have and will continue to collect for a limited period of time. All that Plaintiffs describe is "the ordinary burdens that civil litigants must bear." *Doe* v. *Trump*, 329 F.R.D. 262, 271–272 (W.D. Wash. 2018).

Because Plaintiffs have not been preserving all physical store purchase records since they reasonably anticipated filing suit, *In re Napster, Inc. Copyright Litig*., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006), Ex. 1 at 7–8, Amazon's proposal is a reasonable way to locate responsive documents existing in the ordinary course. Amazon asks Plaintiffs to conduct a reasonable search of places they are likely to find responsive documents—their home, car, or office—of up to eight hours, and if a reasonable search of such locations takes less than eight hours, to so state. Ex. G. Amazon is not asking Plaintiffs to search every nook or cranny, but rather, to conduct a reasonable search of where their potentially responsive documents may exist—an obligation that all plaintiffs must expect and fulfill as the party that voluntarily brought suit. *Reinsdorf* v. *Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (discovery rules require "a reasonable search," and "do not demand perfection"); *City of Colton* v. *Am. Promotional Events, Inc.*, 2011 WL 13223968, at *4 (C.D. Cal. Nov. 28, 2011) (a "reasonable search" factors in that "the responding party has superior knowledge of both the content and location of its own documents").

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Second, Amazon asks Plaintiffs to produce brick-and-mortar documents that they have affirmatively preserved for a one-year period. Amazon put Plaintiffs explicitly on notice in August 2022 that it would seek records of brick-and-mortar purchases. Dkt. 69. Had Plaintiffs started preserving then, their one-year window would conclude in August 2023. Further, considering the amount in controversy and the needs of this case, there is little burden imposed on Plaintiffs to collect these records and give them to their attorneys, who can review and produce responsive ones. *Cf. Oxbow Carbon & Minerals LLC* v. *Union Pac. Railroad C*o., 322 F.R.D. 1, 9-10 (D.D.C. 2017) (granting motion where the estimated cost to review and produce responsive documents constituted an insignificant amount in comparison to the "tens of millions of dollars" plaintiff sought in damages).

Plaintiffs are incorrect when arguing that credit card statements, electronic records of in-store purchases, and 10 to 25 paper receipts are adequate. Credit card statements do not contain an itemized list of products purchased or of their price. Electronic copies of brick-and-mortar receipts (distinct from buy online, pick up in store records) are few and far between, particularly compared to the ubiquity of paper receipts and online-purchase records. Given the immense scale of consumer purchases at issue in this case, Plaintiffs' proposed production of 10 to 25 receipts is hardly commensurate, and is an insufficient basis to probe Plaintiffs' shopping habits, market definition, or suitability as class representatives.

Finally, Plaintiffs' claims of undue burden lack factual support; they have not put forth any evidence explaining why it would be unduly burdensome for Plaintiffs to search for receipts up to eight hours, or why it would be unduly burdensome to collect their physical retail hard copy records in a box or bag for a year and periodically turn them over to attorneys. Their failure to articulate and support the purported undue burden is grounds for denying the motion. *Beckman Indus. Inc.* v. *Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (finding "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" insufficient); *Llera* v. *Tech Mahindra (Ams.) Inc.*, 2021 WL 5182346, at *4 (W.D. Wash. 2021) (denying motion for a protective order where defendant did "not explain why" the requested search "would be difficult

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or expensive or how such a targeted search" was overbroad); *Intellicheck Mobilisa, Inc.* v. *Honeywell Int'l Inc.*, 2017 WL 4221091, at *4 (W.D. Wash. 2017) (denying protective order where movant made "no particularized showing of the specific harm that would occur").

## V.  CONCLUSION

Amazon respectfully requests that the Court deny Plaintiffs' motion and order Plaintiffs to produce documents consistent with Amazon's proposal.

DATED this 12th day of April 2023.

    Davis Wright Tremaine LLP

    */s/ John A. Goldmark*
    John A. Goldmark, WSBA # 40980
    MaryAnn Almeida, WSBA #49086
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 757-8136
    Fax: (206) 757-7136
    E-mail: johngoldmark@dwt.com
    E-mail: maryannalmeida@dwt.com

    Paul, Weiss, Rifkind, Wharton & Garrison LLP

    */s/ Karen L. Dunn*
    Karen L. Dunn (*pro hac vice*)
    William A. Isaacson (*pro hac vice*)
    Amy J. Mauser (*pro hac vice*)
    Martha L. Goodman (*pro hac vice*)
    2001 K Street, NW
    Washington, D.C.
    Telephone: (202) 223-7300
    Fax:  (202) 223-7420
    E-mail:  kdunn@paulweiss.com
    E-mail:  wisaacson@paulweiss.com
    E-mail:  amauser@paulweiss.com
    E-mail:  mgoodman@paulweiss.com

    Attorneys for AMAZON.COM, Inc.

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (2:20-cv-00424-RAJ) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF LENGTH**

I hereby certify that this memorandum complies with the word count limit set forth LCR 7(e) because it contains 3,314 words. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

/s/ *John A. Goldmark*
John A. Goldmark

OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax