The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, CHRISTIAN SABOL, SAMANTHIA RUSSELL, ARTHUR SCHAREIN, LIONEL KEROS, CHRIS GULLEY, SHERYL TAYLOR-HOLLY, ANTHONY COURTNEY, DAVE WESTROPE, STACY DUTILL, SARAH ARRINGTON, HEATHER GEESEY, CHAUNDA LEWIS, ADRIAN HENNEN, GLENDA R. HILL, GAIL MURPHY, PHYLLIS HUSTER, and GERRY KOCHENDORFER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-cv-00424-RAJ<br><br>**DECLARATION OF MARTHA L. GOODMAN IN SUPPORT OF AMAZON.COM INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER TO PREVENT DISCOVERY OF PRESCRIPTIONS AND LIMIT DISCOVERY OF BRICK-AND-MORTAR PURCHASES**<br><br>**Note on Motion Calendar**: April 14, 2023 |

GOODMAN DECLARATION ISO OF
OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

I, MARTHA L. GOODMAN, declare as follows:

1. I am an attorney at Paul, Weiss, Rifkind, Wharton & Garrison LLP, and counsel to Defendant Amazon.com, Inc. ("Amazon") in this action. I am licensed to practice law in the District of Columbia and the State of New York and am admitted *pro hac vice* in this action.

2. I submit this declaration in support of in support of Amazon's opposition to Plaintiffs' Motion for a Protective Order to Prevent Discovery of Prescriptions and Limit Discovery of Brick-and-Mortar Purchases. This declaration is based on my personal knowledge and on documents in the possession of my firm.

3. The parties have generally discussed coordination of discovery between this action and a related action, *De Coster et al.* v. *Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.), which is pending before Judge Martinez ("*De Coster*") because, among other reasons, the challenged conduct is the same, and counsel for the Plaintiffs and for Amazon are the same, in *Frame-Wilson* and *De Coster*.

4. The parties' coordination discussions have taken place over the last several months, and largely focused on Amazon's provision of discovery to Plaintiffs.

5. Amazon served discovery of Plaintiffs in *Frame-Wilson*, and in conferring over the last several months on that discovery, the parties did not explicitly discuss *De Coster*.

6. On March 17, 2023, the parties held a Rule 26(f) conference in *De Coster*, where coordination discussions first focused on Plaintiffs' provision of discovery to Amazon. As relevant here, the parties agreed in principle that: document requests served in *Frame-Wilson* would be deemed served in *De Coster*, as would objections and responses, and that any party could revise or tailor their requests or responses and objections. The parties are continuing to discuss coordination of discovery, and have not yet filed their Joint Status Report and Discovery Plan in *De Coster*.

7. On April 4, 2023, Amazon met and conferred with counsel for Plaintiffs in the action to discuss Amazon's compromise proposals aimed at resolving Plaintiffs' "brick-and-mortar" and "prescription medical purchases" objections. Plaintiffs' counsel participating

GOODMAN DECLARATION ISO OF
OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

included Barbara Mahoney (Hagens Berman), Jessica Beringer (Keller Postman), Alicia Cobb (Quinn Emanuel), and Max Meadows (Quinn Emanuel). Amazon's counsel participating included Martha Goodman (Paul, Weiss), MaryAnn Almeida (Davis, Wright & Tremaine LLP), Cristina Fernandez (in-house counsel for Amazon), and Omid Banuelos (in-house counsel for Amazon). I explained Amazon's proposals on the call and answered Plaintiffs' counsels' questions. I asked Plaintiffs to make counter-proposals and, if the parties were unable to agree, that Plaintiffs utilize LCR 37's expedited joint discovery dispute resolution procedures to resolve these disputes.

8. On April 6, 2023, Plaintiffs rejected Amazon's compromise proposals that were discussed during the April 4 meet and confer and notified Amazon that Plaintiffs had no further counterproposals to make. A true and correct copy of this email, within an email string, is attached to this declaration as Exhibit 1. Less than an hour later, Plaintiffs filed their motion for a protective order.

9. On April 10, 2023, Amazon made a further proposal in an effort to avoid burdening the Court with this dispute. A true and correct copy of this email, within an email string, is attached to this declaration as Exhibit 1.

10. On April 10, 2023, counsel for Amazon asked Plaintiffs to withdraw their motion for a protective order filed in *De Coster*, as well as a separate motion to compel discovery also filed in this action as well as in *De Coster*. The same day, counsel for Plaintiffs declined to do so. A true and correct copy of this email correspondence is attached to this declaration as Exhibit 2.

11. On April 11 and 12, 2023, counsel for the parties exchanged further emails regarding Amazon's April 10 proposal. The parties were able to resolve Plaintiffs' objection as to prescription medical purchases, and counsel for Plaintiffs indicated that Amazon could tell the Court that the parties have negotiated an agreement with respect to Plaintiffs' prescription medical purchases, mooting that portion of Plaintiffs' motion. Plaintiffs rejected Amazon's brick-and-mortar proposal. A true and correct copy of this email correspondence is attached to this declaration as Exhibit 1.

//

GOODMAN DECLARATION ISO OF
OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) – 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  I declare under penalty of perjury that the foregoing is true and correct.

2  DATED this 12th day of April 2023, at Washington, District of Columbia.

3

4  */s/ Martha L. Goodman*
   Martha L. Goodman

GOODMAN DECLARATION ISO OF
OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
(2:20-cv-00424-RAJ) – 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# Exhibit 1

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **To:** | Goodman, Martha; Alicia Cobb; Jessica Beringer; Mauser, Amy; Robert Haegele; steverummage@dwt.com; Steve Berman; Shelby Smith; Zina Bash; adamwolfson; Steig Olson; Derek Loeser; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows |
| **Cc:** | Dunn, Karen L; Isaacson, William A; Smith, Kyle; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew; Daniel Strunk; Eliot, Maria; Carrie Flexer |
| **Subject:** | RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence |
| **Date:** | Wednesday, April 12, 2023 1:34:40 PM |
| **Attachments:** | image001.png |

Martha,

We don't think that a notice of withdrawal of part of our motions is necessary. We would agree to Amazon characterizing the agreement in its opposition that: "Subsequent to Plaintiffs' filing of the motion, the parties have negotiated an agreement with respect to Plaintiffs' prescription medical purchases, mooting that portion of Plaintiffs' motions." We ask that Amazon prepare a stipulation outlining the parties' agreement that can be jointly filed on Friday.

Best regards,
Barbara

--

**Barbara Mahoney** | Hagens Berman Sobol Shapiro LLP | (206) 268-9308

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Wednesday, April 12, 2023 6:38 PM
**To:** Barbara Mahoney <barbaram@hbsslaw.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; adamwolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>; Eliot, Maria <meliot@paulweiss.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Barbara,

With *Frame-Wilson*, we are in agreement.

With *De Coster*, your email is helpful in making clear that "the scope of the De Coster class is determined by products sold on Amazon Marketplace, not Amazon's separate, non-marketplace

pharmacy site: https://pharmacy.amazon.com." The CAC does not make this clear, as the first paragraph of it defines "Amazon's marketplace" very broadly, and would include pharmacy.amazon.com. However, with this representation, we agree that the resolution of the prescription medical purchases objection in *Frame-Wilson* applies in *De Coster*. We ask that Plaintiffs file a notice in both actions withdrawing the prescription medical purchases portion of their motion by 6 pm ET today. We would also like to formalize in a single writing both the resolution of the prescription medical purchases objection, and Plaintiffs' representations that the *De Coster* class's scope does not include products sold in Amazon Pharmacy, and we will follow up with a proposal.

Again, I appreciate you working through this with us. None of our meet and confers on discovery that Amazon served in *Frame-Wilson* were ever explicitly covering *De Coster*. And it was not until the Rule 26(f) in *De Coster* that the parties ever discussed treating Amazon's document requests served in *F-W* as applicable to *De Coster,* and even then the parties noted that revisions may need to be made to take into account differences between the cases.

On *Brown*, please consider this email a formal request that Plaintiffs in that case preserve hard-copy, paper documents pertaining to their purchases from brick and mortar stores. I am happy to follow up with a formal letter.

Martha


**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

---

**From:** Barbara Mahoney <barbaram@hbsslaw.com>
**Sent:** Wednesday, April 12, 2023 11:12 AM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; adamwolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Martha,

After Amy's email admonishing us for filing separate motions, we're surprised to hear that you are treating the prescription aspect of the motion differently, depending on whether the discovery is conducted in Frame-Wilson or De Coster.

As to Frame-Wilson, we agree that our motion order to prevent discovery into plaintiffs' prescriptions is mooted, as long as 1) Amazon withdraws all requests for purchases or product reviews that pertain to products that plaintiffs purchased through a prescription, and the parties proceed as stated in my April 11 email, and 2) that Amazon refrains from any other discovery, including deposition questions, that would require plaintiffs to reveal their prescriptions. For avoidance of doubt, Amazon may ask plaintiffs about their general shopping and purchasing practices as between prescription products and substitute products, or general practices of shopping for a prescribed product through a non-prescription channel, only if plaintiffs are not asked to reveal directly or indirectly their own prescriptions.

We don't understand why the same resolution does not apply equally to the De Coster plaintiffs. And it seems silly for Amazon to argue that the motion is not ripe. We've been meeting and conferring on this issue since December. And it's been a month since the parties first confirmed that discovery in Frame-Wilson would be treated as served in De Coster, so that the parties need not repeat the M&Cs on overlapping requests. Since then we have had two more M&Cs and several written communications on Amazon's prescription discovery as they apply in both cases. What is the basis of Amazon's "understand[ing]" that the "Online Retail Sales Market" encompassed prescription-only products? Much like Frame-Wilson, the scope of the De Coster class is determined by products sold on Amazon Marketplace, not Amazon's separate, non-marketplace pharmacy site: https://pharmacy.amazon.com. If Amazon has allowed prescription-only products to be sold without a prescription on Amazon Marketplace, we're entitled to discovery of those violations of Amazon's rules, the identities of all affected products, the volume of sales in terms of units and dollars, and that this be added to the discovery Amazon provides us as part of our coordination proposal. Once we have that discovery, we can make an informed decision on whether exclusions for such purchases is appropriate. We can't make that decision in the dark, and until we see evidence to the contrary, we are entitled to rely on Amazon's public representations that Amazon Marketplace does not sell prescription-only products. Regardless, for all the reasons argued in our brief, plaintiffs' individual purchases through a prescription are not discoverable. Unless Amazon will agree to refrain from discovery into the De Coster plaintiffs' prescriptions under the same terms as we have agreed in Frame-Wilson, we will need to go forward with our motion.

We also agree that the parties are far apart on preservation of paper receipts and the scope of plaintiffs' duty to preserve such records.

Finally, your last-minute insertion of the Brown case into the mix is inappropriate. Amazon has never argued that the Brown case is related to Frame-Wilson or De Coster. If you have a good faith basis to assert that the Brown plaintiffs have a duty to preserve paper receipts, the proper step is to send us a preservation letter in the context of that litigation and to clearly articulate the basis therefore.

Best regards,

Barbara

--

**Barbara Mahoney** | Hagens Berman Sobol Shapiro LLP | (206) 268-9308

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Tuesday, April 11, 2023 11:42 PM
**To:** Barbara Mahoney <barbaram@hbsslaw.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; adamwolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Barbara,
Thanks for your note. While I disagree with your characterization of our proposal, nevertheless, I think it is productive that we continue to engage in an effort to lessen the burden on the court(s) with these matters.

On the prescription medical purchases objection, we are in agreement with your proposal in substantial part, and ask for clarity as to precisely what you are asking that "Amazon agree not to seek further discovery of any prescription purchases from plaintiffs, including in depositions." We would agree not to inquire of a plaintiff's prescription-only purchase history, and could agree not to ask questions about the plaintiff's specific prescription purchases where the same product is for sale in Amazon's store by a 3P seller. But we would like the ability to ask Plaintiffs about their general shopping and purchasing practices as between prescription products and substitute products, or general practices of shopping for a prescribed product through a non-prescription channel.

Further, on the prescription medical purchases objection, we think that it applies differently to De Coster based on Plaintiffs' allegations in that case of an "Online Retail Sales Market," which we understand to encompass the online purchases of prescription products, including by Plaintiffs from any online retailer. Therefore, in De Coster, we would ask those Plaintiffs to stipulate that their claims do not cover prescription-only products, and are not seeking damages for themselves or on behalf of the class, for prescription-only purchases.

We appreciate that this is the first De Coster-specific discussion with respect to this objection which we are having. Thus, Amazon is happy to further confer on De Coster specifics with respect to this

objection—as was generally contemplated in our Rule 26(f) conference—that parties could serve discovery requests anew or responses and objections anew depending on the different circumstances of that case.  We did not discuss on that conference—and have not reached agreement—on a time frame for that process.  If further discussion is warranted from Plaintiffs' point of view, we ask that Plaintiffs withdraw their motion/this portion of the motion in De Coster, without prejudice to refiling should we not reach agreement or be able to resolve it before Amazon's opposition is due tomorrow.

Second, on the brick and mortar objection, it appears the parties will not be able to reach an agreement.  I want to make clear two things: first, we disagree as to when Plaintiffs' obligation – in De Coster, Frame-Wilson, and for the avoidance of any doubt, Brown -- to preserve hard-copy, physical purchase documents attached. Amazon reserves all rights with respect to the deficiencies in Plaintiffs' preservation practices.  Second, Amazon's proposal is that Plaintiffs conduct a reasonable search up to 8 hours -- not that they _must_ search for 8 hours.  If that changes Plaintiffs' position, please let us know.

We ask for your response on the De Coster issue above, and for clarity on Plaintiffs' proposal with respect to further discovery, by 10 am PT tomorrow.

Regards,
Martha
**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

---

**From:** Barbara Mahoney <barbaram@hbsslaw.com>
**Sent:** Tuesday, April 11, 2023 12:03 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; adamwolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Martha,
The compromise you propose on prescription purchases is virtually identical to the proposal we

made in January except that you do not offer to provide the identities of the products that third-party sellers sold without a prescription throughout the class period. Nonetheless we think that the parties can resolve the dispute as follows:  Plaintiffs' counsel will conduct a good faith review to determine whether plaintiffs have purchased any products online through a prescription and if so, whether such products are currently sold on Amazon Marketplace without a prescription. If there are any matching products, plaintiffs will provide a log of eligible Class Products that are withheld or redacted—without attributing them to particular plaintiffs. As you note, this avoids any public disclosure of plaintiffs' purchases through a prescription. Further, plaintiffs will treat any prescription-only medical purchases as nonresponsive, and redact references to them in otherwise responsive documents, again without providing a log. Furthermore, Amazon will agree not to seek further discovery of any prescription purchases from plaintiffs, including in depositions. If that is acceptable, we agree that that portion of our motion is mooted.

However, your proposed compromise regarding paper receipts of purchases at brick-and-mortar stores does not substantially alleviate the considerable burden you have placed on plaintiffs by demanding that they retain paper receipts for 10 months. First, your insistence on a timed, presumptive 8-hour search of Plaintiffs' premises is unacceptable and exceeds their discovery obligations. Second, for all the reasons stated in our motion and previously, the paper receipts have minimal if any relevance to the case, and the burden of retaining and producing isolated paper receipts is disproportionate to Amazon's purported interests in the extremely limited information such documents would provide. Third, we disagree with your premise that plaintiffs had a duty to preserve such documents since August. We timely objected at the *Frame-Wilson* 26(f) conference to the undue burden such a preservation duty would impose on plaintiffs, and we preserved that objection when we again asserted it in response to your discovery requests served in October. The circumstances did not change until January when we agreed to preserve them *temporarily* until the Court could rule on our motion for a protective order. With respect to the *De Coster* action, Amazon did not tell counsel until March 2023 that they intended to seek the same documents from the *De Coster* plaintiffs.

Best regards,
Barbara

--

**Barbara Mahoney** | Hagens Berman Sobol Shapiro LLP | (206) 268-9308

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Monday, April 10, 2023 6:45 PM
**To:** Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; adamwolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>

**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Alicia,

We are disappointed that Plaintiffs had no further counterproposals to make regarding their prescription purchases and brick and mortar objections, as communicated in your email sent less than an hour before Plaintiffs filed their motion for a protective order.  We have evaluated that motion and plan to oppose it on Wednesday.  Nevertheless, because we think these issues are of a nature and kind that could be resolved via compromise and without court intervention, Amazon makes an additional proposal that we think should resolve these disputes.

First, as to the prescription medical purchases objection, Amazon proposes that, Plaintiffs (a) withhold or redact any prescription medical purchase from their production, and (b) for any prescription medical purchase that Plaintiffs contend is a Class Product or eligible to be a Class Product, and which Plaintiffs withhold or redact from production, Plaintiffs provide Amazon with a log of such Class Products or eligible Class Products that are withheld or redacted.  Under this proposal, Plaintiffs would not need to log any withholding or redaction of prescription medical purchases that are available by prescription only and thus could not be Class Products, nor would Plaintiffs need to stipulate that any particular product is not a Class Product.

Second, as to the brick and mortar objection, Amazon is willing to reduce the period of time for which Plaintiffs would have to produce hard copy documents they are currently preserving for purposes of this litigation from 1 year to 10 months.  While Plaintiffs were obligated to preserve these documents since the filing of their complaint, they should have begun preserving them in August 2022, when Amazon explicitly put Plaintiffs on notice that they would seek them in discovery.  Ten months' worth of hard copy documents, in a case with a seven-year-plus relevant time period, is more than reasonable, and any burden on Plaintiffs to preserve them would come to a close in just two months, assuming they began preserving last August.  The other aspect of Amazon's proposal—that Plaintiffs conduct a reasonable search for responsive documents existing in the ordinary course for up to 8 hours—remains.

Please let us know by close of business on Tuesday whether Plaintiffs will agree to these proposals and withdraw their motion for a protective order.

Sincerely,
Martha

**Martha L. Goodman** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7341 (Direct Phone) | 315 269 4061 (Cell)
mgoodman@paulweiss.com | www.paulweiss.com

**From:** Alicia Cobb <aliciacobb@quinnemanuel.com>
**Sent:** Thursday, April 6, 2023 7:19 PM
**To:** Goodman, Martha <mgoodman@paulweiss.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

Martha,

Following up on our Tuesday meet and confer, we cannot accept your proposals, and do not have any further counterproposals to make.

Thank you,
Alicia

---

**From:** Goodman, Martha <mgoodman@paulweiss.com>
**Sent:** Monday, April 3, 2023 12:19 PM
**To:** Alicia Cobb <aliciacobb@quinnemanuel.com>; Jessica Beringer <jessica.beringer@kellerpostman.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Mauser, Amy <amauser@paulweiss.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; Zina Bash <zina.bash@kellerpostman.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; mgerend@kellerrohrback.com; Max Meadows <maxmeadows@quinnemanuel.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; johngoldmark@dwt.com; MaryAnnAlmeida@dwt.com; Topal, Andrew <atopal@paulweiss.com>; Daniel Strunk <daniel.strunk@kellerpostman.com>
**Subject:** RE: Frame-Wilson, et al. v. Amazon.com, Inc. Case No. 2:20-cv-424 (W.D. Wash.): Meet and Confer Correspondence

**[EXTERNAL EMAIL from mgoodman@paulweiss.com]**

---

Alicia,

# Exhibit 2

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **To:** | Mauser, Amy |
| **Cc:** | Steve Berman; Shelby Smith; zina.bash@kellerpostman.com; mgerend@kellerrohrback.com; jessica.beringer@kellerpostman.com; adamwolfson; steigolson@quinnemanuel.com; aliciacobb@quinnemanuel.com; Derek Loeser; rmcdevitt@kellerrohrback.com; Daniel Strunk; Max Meadows; Anne F. Johnson; Nia Reese; Robert Haegele; steverummage@dwt.com; MaryAnnAlmeida@dwt.com; Dunn, Karen L; Isaacson, William A; Goodman, Martha; johngoldmark@dwt.com; Smith, Kyle |
| **Subject:** | RE: Plaintiffs" discovery motions in Frame-Wilson and De Coster |
| **Date:** | Monday, April 10, 2023 2:52:08 PM |
| **Attachments:** | image001.png |

Hi Amy,

Going forward, once we have an agreement on coordination, the parties can discuss how to proceed in order to obtain relief from both actions. But until an agreement is reached, the appropriate course is the one plaintiffs took here—filing concurrently in separate actions presided over by different judges.  We note also that before filing we informed you of our intention to seek relief in both cases, but you did not make your current proposal until after we filed.  While the motions in each action are similar, they are not identical, and it is neither necessary nor appropriate for plaintiffs to withdraw the motions in either action at this time. Once we have received an order on a motion in one action, however, we can discuss whether it is appropriate to stipulate that the ruling would also apply in the other action and whether to withdraw the pending motion at that time.

Best regards,
Barbara


--

**Barbara Mahoney** | Hagens Berman Sobol Shapiro LLP | (206) 268-9308

**From:** Mauser, Amy <amauser@paulweiss.com>
**Sent:** Monday, April 10, 2023 7:01 PM
**To:** Barbara Mahoney <barbaram@hbsslaw.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Shelby Smith <shelby@hbsslaw.com>; zina.bash@kellerpostman.com; mgerend@kellerrohrback.com; jessica.beringer@kellerpostman.com; adamwolfson <adamwolfson@quinnemanuel.com>; steigolson@quinnemanuel.com; aliciacobb@quinnemanuel.com; Derek Loeser <dloeser@kellerrohrback.com>; rmcdevitt@kellerrohrback.com; Daniel Strunk <daniel.strunk@kellerpostman.com>; Max Meadows <maxmeadows@quinnemanuel.com>; Anne F. Johnson <ANNEJ@hbsslaw.com>; Nia Reese <niar@hbsslaw.com>; Robert Haegele <Robert@hbsslaw.com>; steverummage@dwt.com; MaryAnnAlmeida@dwt.com; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Goodman, Martha <mgoodman@paulweiss.com>; johngoldmark@dwt.com; Smith, Kyle <ksmith@paulweiss.com>
**Subject:** Plaintiffs' discovery motions in Frame-Wilson and De Coster

Barbara,

Plaintiffs filed two nearly identical motions—a motion for a protective order relating to the

production of documents by plaintiffs, and a motion to compel concerning UK and German data—in both De Coster and Frame-Wilson.  Proceeding this way is inefficient and a waste of valuable judicial time and resources.  It is also an untenable way to proceed moving forward.  Notwithstanding the nearly final agreements we've reached on coordination, the requests that are the subject of the motions were served in Frame-Wilson, and at a time when no discovery was taking place in De Coster.   For these reasons, Amazon's position is that Frame-Wilson is the matter in which these motions should be briefed and decided, and that Plaintiffs should withdraw the motions in De Coster, so both Judge Martinez and Judge Jones are not considering identical motions.  Amazon would agree that any rulings from Judge Jones would apply equally to De Coster.  Going forward, we should discuss a process so identical motions are not being filed in both Frame-Wilson and De Coster, and the parties agree that a discovery ruling in one case will be binding in the other case.

Please let us know how you plan to proceed.

Thanks,

Amy

**Amy J. Mauser** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7371 (Direct Phone) | 202 615 6841 (Cell)
202 379 4077 (Direct Fax)
amauser@paulweiss.com | www.paulweiss.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.