The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN
SABOL, SAMANTHIA RUSSELL, ARTHUR
SCHAREIN, LIONEL KEROS, NATHAN
CHANEY, CHRIS GULLEY, SHERYL
TAYLOR-HOLLY, ANTHONY COURTNEY,
DAVE WESTROPE, STACY DUTILL,
SARAH ARRINGTON, MARY ELLIOT,
HEATHER GEESEY, STEVE MORTILLARO,
CHAUNDA LEWIS, ADRIAN HENNEN,
GLENDA R. HILL, GAIL MURPHY,
PHYLLIS HUSTER, and GERRY
KOCHENDORFER, on behalf of themselves
and all others similarly situated,

                                        Plaintiffs,

        v.

AMAZON.COM, INC., a Delaware corporation,

                                        Defendant.

No. 2:20-cv-00424-RAJ

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER TO PREVENT
DISCOVERY OF PRESCRIPTIONS
AND LIMIT DISCOVERY OF BRICK-
AND-MORTAR PURCHASES**

**NOTED FOR MOTION CALENDAR:
April 14, 2023**

PLAINTIFFS' REPLY ISO MTN. FOR PROTECTIVE
ORDER
Case No. 2:20-cv-00424-RAJ
010888-11/2239004 V1



## I.   INTRODUCTION

Plaintiffs were compelled to file this motion after *several months* of negotiations and attempts at compromise. In its Opposition, Amazon emphasizes this case involves purchases of "340 million Class Products over seven-plus years," yet the crux of Amazon's demand that Plaintiffs preserve and produce *every paper receipt* from *every transaction* at brick-and-mortar stores is that these receipts, from just 18 plaintiffs, will provide relevant evidence about market definition.  Opp. 1, 7. Courts have uniformly rejected that premise: individual plaintiff's own shopping habits are inconsequential. Aggregate, not individual consumer behavior, is the touchstone for determining the relevant market. Plaintiffs' paper receipts contribute nothing to the evidentiary record on how to assess market definition.

Amazon also suggests that Plaintiffs' hard-copy receipts from in-store purchases are relevant to the typicality analysis under Rule 23(a), but the typicality requirement focuses on *defendant's conduct* and whether Plaintiffs allege the same injury as other class members by reason of the same conduct. Plaintiffs allege that they and class members overpaid for products bought online through sites other than Amazon, because Amazon and its third-party sellers agreed that Amazon's third-party sellers would not lower their online prices on other sites. Plaintiffs' paper receipts from brick-and-mortar stores unaffected by this conspiracy do not figure into the typicality analysis.

Finally, Amazon has access to other and vastly more relevant sources of aggregate consumer behavioral data that it could access without imposing an undue burden on Plaintiffs, in addition to Plaintiffs' proposed compromises.

Given these facts, the *de minimis* relevance of Plaintiffs' paper receipts to any issue in this case does not outweigh the burden placed on Plaintiffs to retain paper receipts for every purchase at every retail store for over 10 months, and Plaintiffs' motion for a protective order should be granted.[1]

---

[1]  Amazon complains (Opp. 1, 3) that Plaintiffs chose to bring the instant motion under LCR 7(d)(2)(B), rather than use the LCR 37(a)(2) process.  Of course, that process is voluntary, and Plaintiffs are permitted to bring their

PLAINTIFFS' REPLY ISO MTN. FOR PROTECTIVE
ORDER - 1
Case No. 2:20-cv-00424-RAJ
010888-11/2239004 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## II.     ARGUMENT

**A.     Amazon Has Not Met the Threshold Discoverability Requirement of Relevance.**

Plaintiffs seek protection from the burden of saving paper receipts from brick-and-mortar stores. "The scope of a party's duty to preserve is the same as the scope of discovery articulated in [Rule] 26(b)(1)," *Bailey v. Michigan Dep't of Corr.*, 342 F.R.D. 420, 425 (E.D. Mich. 2022), which limits the scope of discovery to information that is "relevant to any party's claim or defense." Amazon's failure to show relevance supports Plaintiffs' request for a protective order under Rule 26(b)(2)(C) and 26(c)(1).

Evidence is relevant if tends to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Amazon argues that Plaintiffs' paper receipts at brick-and-mortar stores make it less probable that the online markets Plaintiffs have alleged are the relevant markets to assess Amazon's conduct. But that premise has been squarely rejected.

When evaluating the relevant market, "economists examine the aggregate demand of consumers as represented by a demand curve rather than the purchasing decisions of an individual consumer." *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 2014 WL 104964, at *10 (W.D. Okla. Jan. 9, 2014). "[A]s stated by Professors Areeda and Hovenkamp, the 'least reliable' evidence in predicting the effects of a hypothetical price increase is 'subjective testimony by customers that they would or would not defect in response to a given price increase.'" *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 127 (C.D. Cal. 2007) (quoting Areeda & Hovenkamp, ANTITRUST LAW ¶ 538b). The economist in *In re Asacol Antitrust Litig.*, 2017 WL 11476172, at *3 (D. Mass. Jan. 3, 2017) likewise explained: "Market-wide data are necessary because the behavior of individual market participants cannot be used to measure the extent to which substitution puts downward pressure on a firm's pricing strategy." *Id.* Presented with the defendants' motion to compel plaintiff wholesalers' sales records, the

---

motion in a form that will allow them the full length for their reply argument, and to complete briefing *faster* than LCR 37 contemplates.



*Asacol* court therefore ruled that the plaintiffs "persuasively established that the materials defendants are seeking . . . will not assist the defendants in proving market share 'in any meaningful way' and would not 'provide much other than anecdotal evidence.'" *Id.*; *see also Rochester Drug Coop Cooperative v. Braintree Laboratories, Inc.*, 2011 WL 13098292, at *2 (D. Del. Jun. 15, 2011) (denying motion to compel sales records because they "would not assist in any 'relevant market' analysis" because the products sought from the plaintiff "account for less than one-half of 1% of the historical purchases" at issue).

Against this overwhelming authority, Amazon fails to identify a single case that supports using individual consumers' shopping habits to establish the relevant market. *High Tech. Careers v. San Jose Mercury News*, 996 F.2d 987, 990 (9th Cir. 1993) (considering alternative media outlets, not individual consumer readership); *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120-21 (9th Cir. 2018) (affirming failure to plead plausible product market by omitting discussion of what all "companies" and "professional golf fans" do *collectively*); *Equifax, Inc. v. F.T.C.*, 618 F.2d 63, 66-67 (9th Cir. 1980) (looking to "industry or public recognition" and practices as "practical indicia"—not individual consumers); *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 767 (9th Cir. 2001) (discussing entire "segment of customer[s]").

Further, Amazon argues that these documents are needed to refresh Plaintiffs' recollections of their "routine" shopping habits rather than having any independent relevance. Opp. 5-6. But there is no reason to believe Plaintiffs would need hard-copy receipts to remember their "routine" shopping habits.

Amazon also argues (incorrectly) that regardless of the merits of Plaintiffs' antitrust claims, Plaintiffs' receipts are relevant to whether Plaintiffs are "typical" of the Class under Rule 23(a). But "[t]ypicality focuses on the class representative's claim" and "not the specific facts from which the claim arose[.]" *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). "In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory[.]" *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 734 (9th Cir. 2007) (quotation omitted). Plaintiffs' purchases from brick-and-mortar stores, unaffected by Amazon's

allegedly unlawful conduct, the conspiracy, do not affect the typicality analysis. *See Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 284 (N.D. Cal. 2016) ("[T]o satisfy the typicality requirement," it is "sufficient" that "Plaintiffs have alleged the same antitrust violation as to every class member.").

**B.     Retention of Paper Receipts from Brick-and-Mortar Stores is Disproportionate to the Needs of the Case.**

Rule 26(b)(1) also requires that discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *First*, Amazon has not identified *any* "importance" of Plaintiffs' paper receipts "in resolving" any issue in the case. The information these receipts offer is simply too trivial and idiosyncratic to resolve the core issue of the proper relevant market, and it has *no bearing* on the typicality requirement of Rule 23(a)(3). Amazon's cites support *reasonable* searches, not Amazon's demand to preserve and produce irrelevant documents. *Reinsdorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) ("parties must impose a reasonable construction on discovery requests"); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223968, at *4 (C.D. Cal. Nov. 28, 2011) (DoD searching its archives); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (discussing preservation of discussions of Napster, not all emails).

*Second*, Amazon has far superior access to information concerning U.S. consumer's behavior, the behavior of U.S. retailers online and in brick-and-mortar stores, and pricing than Plaintiffs. *See* Mot. 9, 12. Amazon's new argument that it requires "pricing data" and "transaction data," Opp. 7—by which Amazon apparently refers to Plaintiffs' anecdotal paper receipts—omits that Amazon can seek actual aggregated pricing or transaction data via third-party retailers (in addition to whatever data Amazon itself has). Mot. 12. Plaintiffs' individual receipts, on the other hand, do not offer any insights into market behavior. Amazon is the second-largest retailer in the United States and one of Wall Street's most valuable companies,



and has superior resources to Plaintiffs. If Amazon does not already possess the critical information necessary to context Plaintiffs' definition of the relevant market, it has ample resources to acquire additional data as needed. Mot. 12. And Amazon's suggestion that a year's worth of hard-copy receipts would provide sufficient data, Opp. 7, is further belied by Amazon's agreement that Plaintiffs need not begin collecting receipts if their prior habit was to decline them, Ex. G at 4.

*Third*, while there is a great amount in controversy here, that does not weigh in favor of disclosure here given the limited relevance of the requested material.

*Lastly*, saving paper receipts on every purchase, exchange, or return over the course of a year is a significant burden on individual consumer Plaintiffs that far outweighs any hypothetical evidentiary benefit of these receipts. Mot. 2, 5, 11-12. Plaintiffs have articulated the undue burden posed by Amazon's demands, Ex. A, Mot. 2, 10-12, and Amazon's cases are inapposite. *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (stipulated blanket protective order insufficient to prevent intervention to obtain transcripts and avoid duplicative discovery); *Llera v. Tech Mahindra (Ams.) Inc.*, 2021 WL 5182346, at *4 (W.D. Wash. Jun. 9, 2021) (permitting "*targeted search*" for specific terms in ESI, absent specific objections); *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, 2017 WL 4221091, at *4 (W.D. Wash. Sept. 21, 2017) (declining to *defer* discovery until after motion to dismiss); *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 8-10 (D.D.C. 2017) (corporate plaintiff conceded cost of compliance was not an issue). Even if Plaintiffs' shopping behavior at brick-and-mortar stores were relevant, the electronic purchase records Plaintiffs have already agreed to produce, including credit card and bank statements, PayPal, Venmo, debit card information, and receipts sent by email—as well as the reasonable number of hard-copy documents Plaintiffs had proposed as a compromise (which Amazon rejected)—satisfy Amazon's purported need for "memory aids" in depositions. Opp. 6. Amazon's additional demand that Plaintiffs either search eight hours for their paper receipts or submit a written explanation to Amazon to justify searching for less than eight hours is neither justifiable under Rule 26's reasonableness requirement nor permitted under Rule 34.

PLAINTIFFS' REPLY ISO MTN. FOR PROTECTIVE ORDER - 5
Case No. 2:20-cv-00424-RAJ
010888-11/2239004 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Plaintiffs are ordinary people who have sued Amazon in their representative capacity. Requiring them to maintain exhaustive paper records unrelated to their claims is unfair and likely to chill consumer participation in similar class actions. Whereas eliminating this requirement would have no impact on Amazon's ability to defend itself in this action.

*        *        *

Finally, Amazon's suggestion that it was somehow improper for Plaintiffs to file motions in both this case and the related *De Coster* case, and that Plaintiffs are somehow "taking advantage" of the parties' discussions regarding potential discovery coordination or attempting to "leverage" inconsistent rulings (Opp. 4), is not well taken. Amazon has recently informed Plaintiffs' counsel—who also represent the separate Plaintiffs in the *De Coster* case—that Amazon will ask the *De Coster* Plaintiffs to produce the same categories of documents at issue here, and that Amazon therefore believes the *De Coster* Plaintiffs also have an ongoing preservation obligation. Ex. 1 p.11. But the two cases are not consolidated, are before different judges, and are expected to proceed on different case schedules. It was therefore necessary to file motions for protective order in both matters, and Plaintiffs informed Amazon of their intention to do so. Ex. F (Mar. 27, 2023 Cobb Email). Amazon never suggested until *after* Plaintiffs' motions were filed that this Court should decide the issue for *both* the *Frame-Wilson* and *De Coster* cases. To the contrary, Amazon has to date been resistant to conducting consolidated briefing across the two cases, 2:21-cv-00693-RSM, ECF 60 4-9. Nevertheless, Plaintiffs have informed Amazon that going forward, Plaintiffs are open to discussing whether there may be ways to streamline filings across these two cases. Ex. 2 p.1.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for a protective order.



1  DATED: April 14, 2023                Respectfully submitted,

2                                       HAGENS BERMAN SOBOL SHAPIRO LLP

3                                       By _____*/s/ Steve W. Berman*_____
                                            Steve W. Berman (WSBA No. 12536)
4                                       By ___*/s/ Barbara A. Mahoney*_____
5                                           Barbara A. Mahoney (WSBA No. 31845)
                                         1301 Second Avenue, Suite 2000
6                                        Seattle, WA 98101
                                         Telephone: (206) 623-7292
7                                        Facsimile: (206) 623-0594
                                         steve@hbsslaw.com
8                                        barbaram@hbsslaw.com

9                                        Anne F. Johnson (pro hac vice)
10                                       68 3rd Street, Suite 249
                                         Brooklyn, NY 11231
11                                       Telephone: (718) 916-3520
                                         E-mail:  annej@hbsslaw.com
12
                                         KELLER LENKNER LLC
13
                                         Zina G. Bash (pro hac vice)
14                                       111 Congress Avenue, Suite 500
                                         Austin, TX, 78701
15                                       Telephone: (512) 690-0990
                                         E-mail: zina.bash@kellerlenkner.com
16
17                                       Warren D. Postman (pro hac vice)
                                         Albert Y. Pak (pro hac vice)
18                                       1100 Vermont Avenue, N.W., 12th Floor
                                         Washington DC, 20005
19                                       Telephone: (202) 918-1123
                                         E-mail: wdp@kellerlenkner.com
20                                       E-mail: albert.pak@kellerlenkner.com
21
                                         *Interim Co-Lead Counsel for Plaintiffs and the*
22                                       *proposed Class*

23                                       KELLER ROHRBACK L.L.P.

24                                       By:____*/s/ Derek W. Loeser*_____
                                            Derek W. Loeser (WSBA No. 24274)
25                                       1201 Third Avenue, Suite 3200
                                         Seattle, WA 98101-3052
26                                       Telephone: (206) 623-1900
                                         Facsimile: (206) 623-3384
27                                       Dloeser@kellerrohrback.com

28

PLAINTIFFS' REPLY ISO MTN. FOR PROTECTIVE
ORDER - 7
Case No. 2:20-cv-00424-RAJ
010888-11/2239004 V1


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____*/s/ Alicia Cobb*_____
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David D. LeRay (pro hac vice)
Nic V. Siebert (pro hac vice)
Maxwell P. Deabler-Meadows (pro hac vice)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
Email: davidleray@quinnemanuel.com
Email: nicolassiebert@quinnemanuel.com
Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the
proposed Class*

## CERTIFICATE OF LENGTH

I hereby certify that this memorandum complies with the word count limit set forth in Local Civil Rule 7(e) because it contains 2,085 words. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

_____*/s/ Steve W. Berman*_____
Steve W. Berman



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 14, 2023, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman

PLAINTIFFS' REPLY ISO MTN. FOR PROTECTIVE
ORDER - 9
Case No. 2:20-cv-00424-RAJ
010888-11/2239004 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX