1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Richard S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON, CHRISTIAN
SABOL, SAMANTHIA RUSSELL, ARTHUR
SCHAREIN, LIONEL KEROS, NATHAN
CHANEY, CHRIS GULLEY, SHERYL
HOLLY-TAYLOR, ANTHONY COURTNEY,
DAVE WESTROPE, STACY DUTILL, SARAH
ARRINGTON, MARY ELLIOT, HEATHER
GEESEY, STEVE MORTILLARO, CHAUNDA
LEWIS, ADRIAN HENNEN, GLENDA R.
HILL, GAIL MURPHY, PHYLLIS HUSTER,
and GERRY KOCHENDORFER, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:20-cv-00424-RSM

**DEFENDANT AMAZON.COM,
INC.'S ANSWER TO
PLAINTIFFS' SECOND
AMENDED CLASS ACTION
COMPLAINT (SECOND
CORRECTED)**

## PRELIMINARY STATEMENT

Having a reputation for competitive prices—and in fact offering competitive prices—are

fundamental business objectives for Amazon, which prides itself on being Earth's most

customer-centric company.  Within the intensely competitive retail environment, customers shop

around until they find the best deal.  Even a single bad experience in Amazon's store—such as

paying an uncompetitive price for a product—can damage customer trust, which is essential to

success in retail and can easily be lost.  The gravamen of Plaintiffs' Second Amended Class

Action Complaint (Second Corrected) ("Complaint") is that Amazon's policies encouraging low

prices in its store somehow constitute an antitrust violation.  This proposition—that Amazon

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

should not be allowed to encourage low prices from third-party sellers in its store, featuring competitively priced products—defies common sense and the fundamental principles of competition law.

## AMAZON'S ANSWER TO PLAINTIFFS' COMPLAINT

Amazon responds to the allegations in the Complaint as set forth below.  Any allegation not expressly and explicitly admitted is denied.  To the extent substantive factual allegations embodied in the boldface headings from the Complaint reproduced below require a response, Amazon denies them.

1.     Amazon admits that the Court granted in part and denied in part Amazon's motion to dismiss Plaintiffs' First Amended Complaint with leave to amend.  *Frame-Wilson* v. *Amazon.com, Inc.*, 591 F. Supp. 3d 975 (W.D. Wash. 2022).  Amazon further admits that Plaintiffs filed a Complaint, and the Court granted in part Amazon's Motion to Dismiss Plaintiffs' Second Amended Complaint, dismissing Plaintiffs' *per se* claims under Section 1 of the Sherman Act and the Cartwright Act.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 1.

2.     Amazon denies the allegations in Paragraph 2.  The Court dismissed Plaintiffs' claim that they have alleged agreements between competitors, holding that Plaintiffs are challenging vertical agreements between Amazon and each of its third-party sellers, *Frame-Wilson*, 591 F. Supp. 3d at 986–87; *Frame-Wilson* v. *Amazon.com, Inc.*, 2023 WL 2632513 at *4 (W.D. Wash. March 24, 2023), and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to *per se* liability," 2023 WL 2632513 at *5. Accordingly, the Court dismissed without leave to amend Plaintiffs' causes of action for *per se* liability.  *Id.*

3.     Amazon admits that the Court denied Amazon's Motion to Dismiss for antitrust standing based on the co-conspirator exception that requires that a plaintiff be a direct purchaser of defendant.  *Frame-Wilson*, 591 F. Supp. 3d at 984.  Only a small portion of Plaintiffs' alleged purchases could fall within the co-conspirator exception because most did not involve purchases

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

from alleged co-conspirators.  Amazon admits that the Court did not consider whether, for purchases from non-conspirator sellers, Plaintiffs have antitrust standing based on an umbrella theory.  *Id.*  Amazon further admits that in the Complaint, Plaintiffs added a claim for conspiracy to monopolize.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 3.

4.     Amazon admits that the Court denied Amazon's Motion to Dismiss Plaintiffs' First Amended Complaint for failure to adequately plead market definition, concluding that: "The validity of the relevant market is a factual question reserved for a jury, and the Court makes no such determination here."  *Frame-Wilson*, 591 F. Supp. 3d at 990.  In addition, Amazon admits that Paragraph 4 references a House Judiciary Committee report, which speaks for itself.  Amazon further admits that in the Complaint, Plaintiffs added additional submarkets and a claim for conspiracy to monopolize.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 4.

5.     Amazon denies the allegations in Paragraph 5.  The Court held that Plaintiffs' California state law claim asserted in the Complaint failed for the same reasons that its *per se* claim under the Sherman Act failed to state a claim and dismissed the California state law claim.  *Frame-Wilson*, 2023 WL 2632513, at *7.

6.     Amazon admits that Paragraph 6 purports to describe the Complaint, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 6.

7.     To the extent the allegations in Paragraph 7 contain legal conclusions and characterizations, no responsive pleading is required.  Insofar as a responsive pleading is required, Amazon denies the allegations in Paragraph 7.

8.     Amazon admits that in 2000, Amazon opened its U.S. store—the U.S. Amazon Marketplace—to offer its marketplace services to third-party sellers.  Before that time, Amazon only sold goods to consumers as a retailer.  Like others administering online marketplace services, Amazon, retains a "referral fee" for each item sold in its U.S. store, which varies based

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

on the item sold.  Amazon further admits that it charges third-party sellers fees for optional services that third-party sellers would otherwise need to perform themselves and/or pay for (for example, storage, packaging, and shipping), including when they sell on their own websites. These fees are therefore not additional fees but are rather fees for services that a seller has the option of having Amazon perform.  Amazon further admits that Paragraph 8 selectively quotes from an article, a 2018 Declaration from Ella Irwin, and a 2017 Declaration from Nicholas Denissen, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 8, and specifically denies the substance of the quoted language.

9.      Amazon admits that Paragraph 9 references articles, which speak for themselves. Amazon has countless competitors, including Walmart—the largest retailer in the United States (and the world).  Third-party sellers thrive in Amazon's U.S. store because Amazon has helped third-party sellers compete by innovating and investing in and offering them selling tools, including tools to help sellers manage inventory, process payments, track shipments, and create reports, with sales by third-party sellers in Amazon's U.S. store exceeding those by Amazon as a first-party seller.  Amazon admits that as a first-party seller, it sells a wide range of physical goods to customers shopping in its U.S. store, and that some of these goods overlap with goods offered by third-party sellers in Amazon's store.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 9.

10.      Amazon admits that it offers third-party sellers the opportunity to purchase ads and that many sellers avail themselves of the opportunity to purchase ads, although ads are not required to sell in Amazon's U.S. store.  Amazon likewise incurs advertising costs.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 10.

11.      Amazon admits that there is vigorous competition for retail and fulfillment services and that for the type and quality of services that Amazon provides, its services are priced competitively and reflect the value that Amazon delivers to sellers and customers.  Third-party sellers thrive in Amazon's U.S. store because Amazon has helped third-party sellers compete by innovating and investing in and offering them selling tools, including tools to help

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

sellers manage inventory, process payments, track shipments, and create reports.  Amazon's innovation and investment in Fulfillment by Amazon and the Prime membership program meaningfully improved the customer experience of buying from independent sellers, contributing to their success in Amazon's U.S. store.  Except to the extent expressly admitted, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.     Amazon denies the allegations in Paragraph 12.

13.     Amazon admits that it enters into a Business Solutions Agreement ("BSA") with third-party sellers who sell physical goods in Amazon's U.S. store that describes the terms and conditions under which third-party sellers may sell their physical goods in Amazon's U.S. store. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 13.

14.     Amazon admits that the BSA formerly contained a parity provision, which was removed in March 2019 for sellers in Amazon's U.S. store; prior to its removal, the provision was rarely enforced.  Amazon further admits that the parity provision required that "the Purchase Price and every other term of offer or sale" of a seller's product be "at least as favorable to Amazon Site users as the most favorable terms upon which a product is offered or sold" via a seller's other sales channels.  These provisions are commonplace in retail to avoid third-party sellers from discriminating against a store's customers and to help stores offer customers a trusted place to shop.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 14.

15.     Amazon admits that the parity provision was removed from the BSA for the U.S. store in March 2019, including because it was rarely enforced.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 15.

16.     Amazon admits that the BSA requires third-party sellers to follow Amazon policies, including the Marketplace Fair Pricing Policy ("MFPP").  The MFPP is not an MFN provision; it prohibits third-party sellers from offering their products in Amazon's U.S. store at prices that are "significantly higher" than competitive prices across thousands of retail stores, as

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  well as recent prices on Amazon; in other words, the MFPP prohibits price gouging.  The MFPP
2  was adopted in the BSA for the U.S. store in November 2017, over a year before the parity
3  provision was removed from the BSA.  Amazon further admits that Paragraph 16 selectively
4  quotes and refers to the MFPP.  Except to the extent expressly admitted, Amazon denies the
5  allegations in Paragraph 16.

6        17.     Amazon admits that Paragraph 17 selectively quotes from a report by the House
7  Antitrust Subcommittee, which speaks for itself.  Except to the extent expressly admitted,
8  Amazon denies the allegations in Paragraph 17, and specifically denies the substance of the
9  quoted language.

10        18.     To the extent the allegations in Paragraph 18 are legal conclusions and
11  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is
12  required, Amazon admits that Paragraph 18 selectively quotes from an April 2019 letter to
13  investors from Jeff Bezos, which speaks for itself.  The letter also compared "the share of
14  physical gross merchandise sales sold on Amazon by independent third-party sellers—mostly
15  small- and medium-sized businesses—as opposed to Amazon retail's own first party sales.
16  Third-party sales have grown from 3% of the total to 58%."  The letter also explained how
17  Amazon helped independent sellers compete against Amazon's first-party business by investing
18  in and offering them selling tools, including tools that help sellers manage inventory, process
19  payments, track shipments, create reports, and sell across borders.  As the letter further
20  explained:  "But of great importance are Fulfillment by Amazon and the Prime membership
21  program.  In combination, these two programs meaningfully improved the customer experience
22  of buying from independent sellers.  With the success of these two programs now so well
23  established, it's difficult for most people to fully appreciate today just how radical those two
24  offerings were at the time we launched them.  We invested in both of these programs at
25  significant financial risk and after much internal debate. We had to continue investing."  Except
26  to the extent expressly admitted, Amazon denies the allegations in Paragraph 18.

27        19.     Amazon denies the allegations in Paragraph 19.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

20.     Amazon admits that some third-party sellers who sell goods in Amazon's U.S. store also sell goods through other retail channels, including through Walmart, which is the largest retailer in the United States (and the world).  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 regarding the number of third-party sellers that sell on other retail websites and therefore denies them.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 20.

21.     Amazon admits that popular, household brands use Amazon's U.S. store to sell to customers.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 21.

22.     Amazon admits that Paragraph 22 selectively quotes from a 2018 Declaration from Ella Irwin, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 22, and specifically denies the substance of the quoted language.

23.     Amazon admits that multiple offers for the same product may be placed on a single detail page, allowing customers to easily compare all offers for a particular product. Amazon further admits that the "Featured Offer" is intended to highlight for customers an offer that Amazon believes, based on an analysis of data, that they would most likely choose.  Amazon further admits that, in addition to the Featured Offer, other competing offers are available on the single detail page and the all offers display page.  Amazon also admits that Paragraph 23 purports to include images of Amazon's U.S. store but lacks sufficient knowledge or information to form a belief of the truth or accuracy of the image and therefore denies the truth and accuracy of the image.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 23.

24.     Amazon admits that the Featured Offer is available on Amazon's mobile U.S. store on the single detail page for a given item; the all offers display, which shows all other offers, is also present on the single detail page.  Amazon also admits that Paragraph 24 purports to include an image of Amazon's mobile U.S. store but lacks sufficient knowledge or information to form a belief of the truth or accuracy of the image and therefore denies the truth

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

and accuracy of the image.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 24.

25.     Amazon admits that most of the sales in Amazon's U.S. store are from Featured Offers.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 25.

26.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 concerning how "outside retailers" compete with Amazon and therefore denies them.  Amazon denies the remaining allegations in Paragraph 26.

27.     Amazon denies the allegations in Paragraph 27.

28.     Amazon admits that Paragraph 28 selectively quotes from a 2018 Declaration from Ella Irwin, which speaks for itself.  To the extent the remaining allegations in Paragraph 28 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the remaining allegations in Paragraph 28, and specifically denies the substance of the quoted language.

29.     The Court has dismissed Plaintiffs' *per se* claim under Section 1 of the Sherman Act twice for failure to state a claim; accordingly, no responsive pleading is required.  *Frame-Wilson*, 591 F. Supp. 3d at 987; *Frame-Wilson*, 2023 WL 2632513, at *5.  To the extent a response is required, the allegations in Paragraph 29 are legal conclusions and characterizations, to which no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 29.

30.     The Court dismissed Plaintiffs' *per se* claim under California's antitrust law; accordingly, no responsive pleading is required.  *Frame-Wilson*, 2023 WL 2632513, at *7.  To the extent a response is required, the allegations in Paragraph 30 are legal conclusions and characterizations, to which no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 30.

31.     To the extent the allegations in Paragraph 31 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 31 selectively summarizes an article regarding retailer

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   Molson Hart, which speaks for itself.  Except to the extent expressly admitted, Amazon denies

2   the allegations in Paragraph 31.

3         32.    Amazon admits that there is vigorous competition for online retail and fulfillment

4   services and that for the type and quality of services that Amazon provides, its services are

5   priced competitively and reflect the value that Amazon delivers to sellers and customers.

6   Amazon has countless competitors, including eBay.  Third-party sellers thrive in Amazon's U.S.

7   store because Amazon has helped third-party sellers compete by innovating and investing in and

8   offering them selling tools, including tools to help sellers manage inventory, process payments,

9   track shipments, and create reports. Amazon's innovation and investment in Fulfillment by

10  Amazon and the Prime membership program meaningfully improved the customer experience of

11  buying from independent sellers, contributing to their success in Amazon's U.S. store.  Amazon

12  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

13  Paragraph 32 regarding sellers' experiences selling in eBay's store and therefore denies them.

14  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph

15  32.

16        33.    Amazon admits that Paragraph 33 selectively quotes an article, which speaks for

17  itself.  Amazon admits that it competes with Walmart, the largest retailer in the United States

18  (and the world).  Amazon further admits that some third-party sellers that sell in Amazon's U.S.

19  store also sell in Walmart's marketplace.  Amazon further admits that it offers third-party sellers

20  optional services for additional fees, including FBA.  Amazon lacks knowledge or information

21  sufficient to form a belief as to the truth of the allegations in Paragraph 33 regarding sellers'

22  experiences selling in Walmart's store and therefore denies them.  Except to the extent expressly

23  admitted, Amazon denies allegations in Paragraph 33, and specifically denies the substance of

24  the quoted language.

25        34.    Amazon admits that it offers sellers the opportunity to purchases ads and that

26  many sellers avail themselves of the opportunity to purchase ads, although ads are not required to

27  sell in Amazon's U.S. store.  Amazon further admits that Paragraph 34 selectively quotes from

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   articles, which speak for themselves.  Amazon lacks knowledge or information sufficient to form
2   a belief as to the truth of the allegations in Paragraph 34 regarding sellers' experiences selling in
3   Walmart's store and therefore denies them.  Except to the extent expressly admitted, Amazon
4   denies the allegations in Paragraph 34, and specifically denies the substance of the quoted
5   language.

6          35.     Amazon admits that Paragraph 35 selectively quotes from testimony before the
7   House Judiciary Committee and an article regarding retailer Molson Hart, which speak for
8   themselves.  Amazon represents only a small percentage of the intensely competitive U.S. retail
9   industry, where customers switch between online and offline shopping, with most sales still
10  made through physical stores that sell identical products to those offered online.  There is also
11  intense price competition, with consumers using their smartphones in stores to compare prices at
12  other physical and online stores.  Except to the extent expressly admitted, Amazon denies the
13  allegations in Paragraph 35, and specifically denies the substance of the quoted language.

14         36.     To the extent the allegations in Paragraph 36 are legal conclusions and
15  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is
16  required, Amazon denies the allegations in Paragraph 36.

17         37.     To the extent the allegations in Paragraph 37 are legal conclusions and
18  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is
19  required, Amazon denies the allegations in Paragraph 37.

20         38.     Amazon admits that Paragraph 38 selectively quotes from a 2018 Declaration
21  from Ella Irwin and a 2020 Press Release, which speak for themselves.  Except to the extent
22  expressly admitted, Amazon denies the allegations in Paragraph 38, and specifically denies the
23  substance of the quoted language.

24         39.     To the extent the allegations in Paragraph 39 are legal conclusions and
25  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is
26  required, Amazon denies the allegations in Paragraph 39.  Amazon's percentage of the intensely
27  competitive U.S. retail industry is small, where customers switch between online and offline

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   shopping, with most sales still made through physical stores that sell identical products to those

2   offered online.  There is also intense price competition, with consumers using their smartphones

3   in stores to compare prices at other physical and online stores.

4       40.     To the extent the allegations in Paragraph 40 are legal conclusions and

5   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

6   required, Amazon denies the allegations in Paragraph 40.  As a retailer, Amazon competes with

7   all retailers both online and offline.

8       41.     To the extent the allegations in Paragraph 41 are legal conclusions and

9   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

10  required, Amazon denies the allegations in Paragraph 41.

11      42.     Amazon admits that third-party sellers account for the majority of sales in

12  Amazon's U.S. store.  Amazon admits that Paragraph 42 contains a chart entitled Amazon

13  Marketplace Sales in the United States but lacks knowledge or information sufficient to form a

14  belief as to the truth or accuracy of the chart and therefore denies the truth and accuracy of the

15  chart. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 42.

16      43.     To the extent the allegations in Paragraph 43 are legal conclusions and

17  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

18  required, Amazon denies the allegations in Paragraph 43.

19      44.     To the extent the allegations in Paragraph 44 are legal conclusions and

20  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21  required, Amazon admits that Paragraph 44 purports to describe a study, the results of which

22  speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in

23  Paragraph 44.

24      45.     To the extent the allegations in Paragraph 45 are legal conclusions and

25  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

26  required, Amazon admits that Paragraph 45 purports to describe an article in Jumpstart, which

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in

2    Paragraph 45.

3        46.    To the extent the allegations in Paragraph 46 are legal conclusions and

4    characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

5    required, Amazon denies the allegations in Paragraph 46.

6        47.    To the extent the allegations in Paragraph 47 are legal conclusions and

7    characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

8    required, Amazon denies the allegations in Paragraph 47.

9        48.    To the extent the allegations in Paragraph 48 are legal conclusions and

10   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

11   required, Amazon admits that Paragraph 48 selectively quotes from a New Republic article,

12   which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations

13   in Paragraph 48, and specifically denies the substance of the quoted language.

14       49.    To the extent the allegations in Paragraph 49 are legal conclusions and

15   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

16   required, Amazon admits that Paragraph 49 selectively quotes from a Marketplace Pulse article

17   and summarizes a Techwire Asia article, which speak for themselves.  Except to the extent

18   expressly admitted, Amazon denies the allegations in Paragraph 49, and specifically denies the

19   substance of the quoted language.

20       50.    Amazon denies the allegations in Paragraph 50.  There are low barriers to entry in

21   retail, as demonstrated by the tens of thousands of retail stores across the United States, the ease

22   with which physical stores have expanded online, and the number of new marketplaces that have

23   emerged.  E-commerce has reduced barriers to entry, with companies like Shopify and Channel

24   Advisor facilitating retailers' entry and expansion online.  Sales through Amazon's store

25   represent only a small percentage of the intensely competitive U.S. retail industry, where

26   customers switch seamlessly between online and offline shopping, with most sales still made

27   through physical stores that sell identical products to those offered online.  Retail is one of the

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

least concentrated industries in the United States, with customers shopping and purchasing across many different retailers and stores.

51.     Amazon admits that Plaintiffs purport to bring a class action alleging violations of federal antitrust law and the antitrust law of California.  The Court dismissed Plaintiffs' claim under the antitrust law of California.  *Frame-Wilson*, 2023 WL 2632513, at *7.  Amazon denies that this case can be maintained as a class action.  Amazon also admits that another putative class action, *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-693-RSM (W.D. Wash.), has been brought in this District and is pending before this Court.  Amazon admits that Amazon's U.S. store's Conditions of Use for consumers contained an arbitration clause at the time the lawsuit was originally filed, but that Amazon removed the arbitration clause prior to the filing of the Complaint.  Amazon lacks knowledge or information sufficient to form a belief as to why Plaintiffs' counsel filed (at least) two separate actions and therefore denies those allegations.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 51.

52.     Amazon denies the allegations in Paragraph 52 and specifically denies that this case can be maintained as a class action.

53.     Amazon admits that Plaintiffs contend that Class Products consist of approximately 340 million consumer products offered by Amazon's third-party sellers.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 53 and specifically denies that this case can be maintained as a class action.

54.     To the extent the allegations in Paragraph 54 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 54 purports to set forth Plaintiffs' definition of Class Products.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 54 and specifically denies that this case can be maintained as a class action.

55.     Amazon admits that Paragraph 55 selectively quotes and refers to the MFPP, which speaks for itself.  Amazon further admits that it takes action to enforce the MFPP,

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  including to prevent price gouging by third-party sellers when they offer goods for sale in

2  Amazon's U.S. store.  Except to the extent expressly admitted, Amazon denies the allegations in

3  Paragraph 55.

4        56.     To the extent the allegations in Paragraph 56 are legal conclusions and

5  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

6  required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

7  allegations relating to sellers' conduct in other sales channels and therefore denies them.

8  Amazon denies the remaining allegations in Paragraph 56.

9        57.     Amazon denies the allegations in Paragraph 57.

10        58.     Amazon denies the allegations in Paragraph 58.

11        59.     Amazon denies the allegations in Paragraph 59, including the allegations

12  concerning the price practices of other retailers.  The retail landscape is vigorously competitive

13  across channels (offline, online, omni-channel), with brick-and-mortar stores competing with

14  online stores for sales.  There is also intense price competition, with consumers using their

15  smartphones to compare prices at other physical and online stores.

16        60.     To the extent the allegations in Paragraph 60 are legal conclusions and

17  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

18  required, Amazon denies the allegations in Paragraph 60.

19        61.     To the extent the allegations in Paragraph 61 are legal conclusions and

20  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21  required, Amazon admits that Plaintiffs purport to plead subject matter jurisdiction pursuant to

22  28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 15(a).  Except to the extent expressly admitted,

23  Amazon denies the allegations in Paragraph 61.

24        62.     To the extent the allegations in Paragraph 62 are legal conclusions and

25  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

26  required, Amazon admits that Plaintiffs purport to plead subject matter jurisdiction pursuant to

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   28 U.S.C. § 1332(d).  Except to the extent expressly admitted, Amazon denies the allegations in

2   Paragraph 62.

3       63.     To the extent the allegations in Paragraph 63 are legal conclusions and

4   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

5   required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

6   Plaintiffs' residencies and therefore denies them.  Amazon denies the remaining allegations in

7   Paragraph 63.

8       64.     To the extent the allegations in Paragraph 64 are legal conclusions and

9   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

10  required, Amazon admits that one of its two headquarters is in Seattle, Washington, and it does

11  business in Washington and has registered with the Washington Secretary of State.  Except to the

12  extent expressly admitted, Amazon denies the allegations in Paragraph 64.

13      65.     To the extent the allegations in Paragraph 65 are legal conclusions and

14  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

15  required, Amazon admits that Plaintiffs purports to plead venue pursuant to 28 U.S.C.

16  § 1391(b)(1) and (2).  Except to the extent expressly admitted, Amazon denies the allegations in

17  Paragraph 65.

18      66.     To the extent the allegations in Paragraph 68 are legal conclusions and

19  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

20  required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

21  allegations in Paragraph 66 relating to purchases that Plaintiff made outside of Amazon's store

22  and therefore denies them.  Amazon denies the remaining allegations in Paragraph 66, including

23  the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

24  injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

25  Amazon's store.

26      67.     To the extent the allegations in Paragraph 68 are legal conclusions and

27  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 67, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

68.     To the extent the allegations in Paragraph 68 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 68, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

69.     To the extent the allegations in Paragraph 69 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 69, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

70.     To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph70, including

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

2    injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

3    Amazon's store.

4           71.    To the extent the allegations in Paragraph 71 are legal conclusions and

5    characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

6    required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

7    allegations in Paragraph 71 relating to purchases that Plaintiff made outside of Amazon's store

8    and therefore denies them.  Amazon denies the remaining allegations in Paragraph 71, including

9    the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

10   injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

11   Amazon's store.

12          72.    To the extent the allegations in Paragraph 72 are legal conclusions and

13   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

14   required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

15   allegations in Paragraph 72 relating to purchases that Plaintiff made outside of Amazon's store

16   and therefore denies them.  Amazon denies the remaining allegations in Paragraph 72, including

17   the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

18   injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

19   Amazon's store.

20          73.    To the extent the allegations in Paragraph 73 are legal conclusions and

21   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

22   required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

23   allegations in Paragraph 73 relating to purchases that Plaintiff made outside of Amazon's store

24   and therefore denies them.  Amazon denies the remaining allegations in Paragraph 73, including

25   the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

26   injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

27   Amazon's store.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

74.     To the extent the allegations in Paragraph 74 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 74, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

75.     To the extent the allegations in Paragraph 75 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 75, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

76.     To the extent the allegations in Paragraph 76 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 76, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

77.     To the extent the allegations in Paragraph 77 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

allegations in Paragraph 77 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 77, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

78.     To the extent the allegations in Paragraph 78 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 78, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

79.     To the extent the allegations in Paragraph 79 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 79, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

80.     To the extent the allegations in Paragraph 80 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 80, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

2   Amazon's store.

3        81.     To the extent the allegations in Paragraph 81 are legal conclusions and

4   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

5   required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

6   allegations in Paragraph 81 relating to purchases that Plaintiff made outside of Amazon's store

7   and therefore denies them.  Amazon denies the remaining allegations in Paragraph 81, including

8   the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

9   injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

10  Amazon's store.

11       82.     To the extent the allegations in Paragraph 82 are legal conclusions and

12  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

13  required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

14  allegations in Paragraph 82 relating to purchases that Plaintiff made outside of Amazon's store

15  and therefore denies them.  Amazon denies the remaining allegations in Paragraph 82, including

16  the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

17  injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

18  Amazon's store.

19       83.     To the extent the allegations in Paragraph 83 are legal conclusions and

20  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21  required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the

22  allegations in Paragraph 83 relating to purchases that Plaintiff made outside of Amazon's store

23  and therefore denies them.  Amazon denies the remaining allegations in Paragraph 83, including

24  the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff

25  injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of

26  Amazon's store.

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

84.     To the extent the allegations in Paragraph 84 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 84, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

85.     To the extent the allegations in Paragraph 85 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 85, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

86.     To the extent the allegations in Paragraph 86 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 relating to purchases that Plaintiff made outside of Amazon's store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 86, including the allegation that policies that govern the offer of goods in Amazon's store caused Plaintiff injury or is likely to cause Plaintiff injury in connection with the purchase of goods outside of Amazon's store.

87.     To the extent the allegations in Paragraph 87 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 87 selectively quotes from a letter from the Retail

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Industry Leaders Association to the Federal Trade Commission, which speaks for itself.  Except

2    to the extent expressly admitted, Amazon denies the allegations in Paragraph 87, and specifically

3    denies the substance of the quoted language.

4         88.    Amazon admits that one of its two headquarters is in Seattle, Washington.

5    Amazon admits that it sells products as a first-party seller in its U.S. store and also allows third-

6    party sellers to sell certain physical goods in its U.S. store.  Amazon further admits that the BSA

7    requires third-party sellers to follow Amazon policies, including the MFPP.  Except to the extent

8    expressly admitted, Amazon denies the allegations in Paragraph 88.

9         89.    Amazon denies the allegations in Paragraph 89.

10        90.    Amazon admits that it works with independent sellers, authors, content creators,

11   developers, delivery businesses, and IT solution providers.  The retail landscape is vigorously

12   competitive across channels (offline, online, omni-channel), with brick-and-mortar stores

13   competing with online stores for sales.  The largest retailer in the United States (and the world) is

14   Walmart.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph

15   90.

16        91.    Amazon admits that Paragraph 91 quotes from an article regarding retailer

17   Molson Hart, which speaks for itself.  Except to the extent expressly admitted, Amazon denies

18   the allegations in Paragraph 91, and specifically denies the substance of the quoted language.

19        92.    Amazon admits that Amazon Prime is a paid-membership program that entitles

20   customers to certain benefits, including free shipping on eligible products as well as access to

21   Prime Video and Amazon Music Prime.  Amazon admits that Paragraph 92 summarizes articles

22   and surveys, which speak for themselves.  Except to the extent expressly admitted, Amazon

23   denies the allegations in Paragraph 92.

24        93.    Amazon admits that it sells a wide-range of consumer products through its U.S.

25   store, including Amazon-branded products and that it also allows third-party sellers to sell

26   certain physical goods in its store.  Except to the extent expressly admitted, Amazon denies the

27   allegations in Paragraph 93.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

94.     Amazon admits that Paragraph 94 selectively quotes from several reports of the House subcommittee and German competition authorities, which speak for themselves.  Amazon admits that it sells a wide-range of consumer products through its U.S. store, including Amazon-branded products and that it also allows third-party sellers to sell certain physical goods in its store.   Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 94, and specifically denies the substance of the quoted language.

95.     Amazon admits that Paragraph 95 selectively quotes from a report by the House Antitrust Subcommittee, a CNBC report, and a shareholder letter, which speak for themselves. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 95.

96.     Amazon admits that Paragraph 96 selectively quotes from a shareholder letter, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 96.

97.     Amazon admits that sometimes Amazon may sell the same product in its store as a third-party seller.  Amazon further admits that selection for the Featured Offer takes into account multiple factors such as price, delivery speed, and seller reliability, with a goal of highlighting for customers an offer that Amazon believes they would most likely choose if they compared all offers.  Amazon further admits that, in addition to the Featured Offer, other competing offers are available on the single detail page, including in the all offers display. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 97.

98.     To the extent the allegations in Paragraph 98 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 98.

99.     Amazon denies the allegations in Paragraph 99.

100.     The barriers to entry in retail are low.  Amazon denies the allegations in Paragraph 100.

101.     Amazon admits that, like any retailer, it collects information concerning the use of its store.  Amazon further admits that Paragraph 101 selectively quotes from a report by the

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

House Antitrust Subcommittee, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 101.

102.     Amazon admits that Paragraph 102 purports to summarize research by Google and an article in Business Insider, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 102.

103.     To the extent the allegations in Paragraph 103 are legal conclusions and characterizations, no responsive pleading is required. In addition, the Court dismissed Plaintiffs' *per se* claim without leave to amend.  *Frame-Wilson*, 2023 WL 2632513, at *7.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 103.

104.     To the extent the allegations in Paragraph 104 are legal conclusions and characterizations, no responsive pleading is required.  In addition, the Court dismissed Plaintiffs' *per se* claim without leave to amend.  *Frame-Wilson*, 2023 WL 2632513, at *7.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 104.

105.     To the extent the allegations in Paragraph 105 are legal conclusions and characterizations, no responsive pleading is required.  In addition, the Court dismissed Plaintiffs' *per se* claim without leave to amend.  *Frame-Wilson*, 2023 WL 2632513, at *7.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 105.

106.     To the extent the allegations in Paragraph 106 are legal conclusions and characterizations, no responsive pleading is required.  In addition, the Court dismissed Plaintiffs' *per se* claim without leave to amend. *Frame-Wilson*, 2023 WL 2632513, at *7.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 106.

107.     To the extent the allegations in Paragraph 107 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 107.

108.      To the extent the allegations in Paragraph 108 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 108.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1      109.     To the extent the allegations in Paragraph 109 are legal conclusions and

2 characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

3 required, Amazon denies the allegations in Paragraph 109.

4      110.     Amazon lacks knowledge or information sufficient to form a belief as to the truth

5 of the allegations in Paragraph 110 regarding eBay and therefore denies them.  Amazon admits

6 that Germany's Federal Cartel Office investigated the parity provision for Amazon's German

7 store in 2013 and that Paragraph 110 selectively quotes from that Office's report, which speaks

8 for itself.  Plaintiffs' claims here relate solely to their purchase of goods in the United States

9 outside of Amazon's U.S. store.  Except to the extent expressly admitted, Amazon denies the

10 remaining allegations in Paragraph 110, and specifically denies the substance of the quoted

11 language.

12      111.     To the extent the allegations in Paragraph 111 are legal conclusions and

13 characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

14 required, Amazon admits that Paragraph 111 selectively quotes from a report by the German

15 Federal Cartel Office, which speaks for itself.  Plaintiffs' claims here relate solely to their

16 purchase of goods in the United States outside of Amazon's U.S. store.  Except to the extent

17 expressly admitted, Amazon denies the allegations in Paragraph 111, and specifically denies the

18 substance of the quoted language.

19      112.     To the extent the allegations in Paragraph 112 are legal conclusions and

20 characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21 required, Amazon admits that Paragraph 112 selectively quotes from a report by the German

22 Federal Cartel Office, which speaks for itself.  Plaintiffs' claims here relate solely to their

23 purchase of goods in the United States outside of Amazon's U.S. store.  Except to the extent

24 expressly admitted, Amazon denies the allegations in Paragraph 112, and specifically denies the

25 substance of the quoted language.  The Court in this case held that Plaintiffs have failed to state a

26 claim for horizontal price-fixing under U.S. antitrust law.  *Frame-Wilson*, 2023 WL 2632513, at

27 *7.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

113.    To the extent the allegations in Paragraph 113 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon admits that Paragraph 113 selectively quotes from a report by the German Federal Cartel Office, which speaks for itself.  Plaintiffs' claims here relate solely to their purchase of goods in the United States outside of Amazon's U.S. store.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 113, and specifically denies the substance of the quoted language.  The Court in this case held that Plaintiffs have failed to state a claim for horizontal price-fixing under U.S. antitrust law.  *Frame-Wilson*, 2023 WL 2632513, at *7.

114.    To the extent the allegations in Paragraph 114 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 114 selectively quotes from a report by the German Federal Cartel Office, which speaks for itself.  Plaintiffs' claims here relate solely to their purchase of goods in the United States outside of Amazon's U.S. store.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 114, and specifically denies the substance of the quoted language.

115.    Amazon admits that it removed the parity provision from its agreements with third-party sellers in Europe in 2013.  Amazon admits that the parity provision was the subject of investigations conducted by agencies of the United Kingdom and Germany in 2013.  Plaintiffs' claims relate solely to the United States; the parity provision was removed in the United States in March 2019.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 115.

116.    Amazon admits that Paragraph 116 purports to summarize an analysis by Evercore ISI, which speaks for itself.  Amazon has made substantial innovations and investments to support third-party sellers, resulting in their experiencing massive growth in Amazon's U.S. store.  Amazon further admits that for each item sold in its U.S. store, it retains a "referral fee,"

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 26

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   which varies based on the item sold.  Except to the extent expressly admitted, Amazon denies the

2   allegations in Paragraph 116.

3        117.    Amazon admits that third-party sellers pay a registration fee to sell in Amazon's

4   U.S. store, with the fee dependent on the plan selected by the seller.  Third-party sellers also pay

5   Amazon certain fees in exchange for services, including optional services, provided by Amazon.

6   Amazon further admits that Paragraph 117 quotes from an article, which speaks for itself.

7   Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 117, and

8   specifically denies the substance of the quoted language.  Most of the fees that the Plaintiffs

9   describe are fees for optional services, services that sellers would have to otherwise pay for if

10  they did not have Amazon perform those services (for example, storing, packing, and shipping).

11  These fees are fees for services that a seller has the option of having Amazon perform, a third

12  party perform, or the seller perform on its own.

13       118.    Amazon admits that when an Amazon customer buys an item listed by a third-

14  party seller, the customer pays Amazon directly; Amazon receives a referral and sometimes other

15  fees; and remits payment to the third party-seller.  Except to the extent expressly admitted,

16  Amazon denies the allegations in Paragraph 118.

17       119.    Amazon admits that Paragraph 119 quotes from an article, which speaks for itself.

18  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 119, and

19  specifically denies the substance of the quoted language.

20       120.    Amazon admits that Paragraph 120 quotes from an article, which speaks for itself.

21  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 120, and

22  specifically denies the substance of the quoted language.

23       121.    Amazon admits that it offers sellers the opportunity to purchases ads and that

24  many sellers avail themselves of the opportunity to purchase ads, although ads are not required to

25  sell in Amazon's U.S. store.  Amazon further admits that Paragraph 121 selectively quotes from

26  and summarizes articles, which speak for themselves.  Except to the extent expressly admitted,

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon denies the allegations in Paragraph 121, and specifically denies the substance of the quoted language.

122.    Amazon admits that Paragraph 122 selectively quotes and describes an article, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 122, and specifically denies the substance of the quoted language.

123.    Amazon denies the allegations in Paragraph 123.

124.    Amazon admits that admits that Paragraph 124 selectively quotes from a report by Retail Dive and an article in Statista, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 124, and specifically denies the substance of the quoted language.

125.    Amazon admits that third-party sellers pay Amazon certain fees in exchange for services, including optional services, provided by Amazon.  Amazon further admits that Paragraph 125 quotes from various articles, which speak for themselves.  Amazon admits that it seeks to prevent price gouging of customers in its store, in accordance with the MFPP, including by monitoring prices on and off Amazon and sending notices to sellers.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the pricing practices of individual sellers and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 125, and specifically denies the substance of the quoted language.

126.    Amazon admits that Paragraph 126 purports to quote and summarize an article and a letter from Senator Richard Blumenthal to the FTC, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 126, and specifically denies the substance of the quoted language.

127.    Amazon admits that the parity provision was removed from the BSA for European sellers in 2013 and removed from the BSA for U.S. sellers in March 2019; prior to its removal the provision was rarely enforced. Amazon also admits that Senator Blumenthal wrote a letter to the FTC in December 2018, and that Paragraph 127 purports to quote various articles,

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 28

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

which speak for themselves. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 127, and specifically denies the substance of the quoted language.

128.    Amazon admits that the parity provision was removed from the BSA in March 2019 for U.S. sellers; prior to its removal, the provision was rarely enforced. Amazon further admits that Paragraph 128 quotes from an article, which speaks for itself.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the pricing practices of individual sellers and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 128, and specifically denies the substance of the quoted language.

129.    Amazon denies the allegations in Paragraph 129.

130.    Amazon admits that Paragraph 130 purports to summarize an article, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 130.

131.    Amazon admits that Paragraph 131 purports to summarize an article which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 131.

132.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 concerning the percentage of Mr. Hart's sales that come from sales in Amazon's U.S. store and therefore denies them.  Amazon denies the remaining allegations in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 133.  Plaintiffs' allegations disregard the realities of retail competition: all retail—online, offline, and omni-channel—compete for the same sales. Consumers may purchase the same product through multiple retail channels. According to the U.S. Census Bureau, for the fourth quarter of 2022, 84 percent of retail took

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 29

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

place offline; prices online and offline have largely converged, demonstrating that consumers substitute across channels.

134.    Amazon admits that Paragraph 134 describes an analysis performed by Profitero, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 134.  Plaintiffs' allegations disregard the realities of retail competition: all retail—online, offline, and omni-channel—compete for the same sales. Consumers may purchase the same product through multiple retail channels.  According to the U.S. Census Bureau, for the fourth quarter of 2022, 84 percent of retail took place offline; prices online and offline have largely converged, demonstrating that consumers substitute across channels.

135.    Amazon admits that Paragraph 135 purports to summarize articles, which speak for themselves.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 regarding the third-party seller described in the Profitero report and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 135.  Amazon focuses on building consumer trust through everyday low prices—not short term or per-unit profitability.  Amazon's mission is to be Earth's most customer-centric company.  Amazon competes vigorously every day to provide its customers lower prices, more selection, and better service.

136.    To the extent the allegations in Paragraph 136 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 136.

137.    Amazon admits that many third-party sellers who sell goods in Amazon's U.S. store also sell goods through other retail channels.  Amazon also admits that about two million third-party sellers offer goods in Amazon's U.S. store.  Amazon further admits that in 2000, Amazon opened its U.S. store—the U.S. Amazon Marketplace—to offer its marketplace services to third-party sellers.  Before that time, Amazon only sold goods to consumers as a retailer.  Amazon further admits that the retail industry is fiercely competitive, and Amazon is just one of tens of thousands of retailers—existing online, offline, and omni-channel—competing for

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 30

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   consumers' business.  According to the U.S. Census Bureau, for the first quarter of 2023, only

2   15.1 percent of consumer retail purchases take place through online stores, with the

3   overwhelming majority taking place in physical stores.  Except to the extent expressly admitted,

4   Amazon denies the allegations in Paragraph 137.

5          138.    To the extent the allegations in Paragraph 138 are legal conclusions and

6   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

7   required, Amazon denies the allegations in Paragraph 138.

8          139.    Amazon admits that it seeks to feature offers that have competitive prices and to

9   prevent price gouging by third-party sellers when they offer goods for sale in Amazon's U.S.

10  store.  Except to the extent expressly admitted, Amazon denies the allegations in 139.

11         140.    Amazon denies the allegations in Paragraph 140.

12         141.    The Fair Pricing Policy prohibits prices on Amazon that are "significantly higher"

13  than prices on or off Amazon.  In other words, it protects consumers in Amazon's U.S. store

14  from price gouging.  The Fair Pricing Policy does not reference the price set by a single third-

15  party seller outside of Amazon's U.S. store.  The Fair Pricing Policy expressly states that pricing

16  practices that harm customer trust include "Setting a price on a product or service that is

17  significantly higher than recent prices offered on or off Amazon," as well as "Setting a reference

18  price on a product or service that misleads customers"; "Selling multiple units of a product for

19  more per unit than that of a single unit of the same product"; "Setting a shipping fee on a product

20  that is excessive."  Except to the extent expressly admitted, Amazon denies the allegations in

21  Paragraph 141.

22         142.    Amazon admits that it regularly enforces the Marketplace Fair Pricing Policy.

23  This policy is not an MFN; it does not compare the prices of a particular seller inside and outside

24  Amazon's U.S. store.  Instead, the Fair Pricing Policy prohibits price gouging and other practices

25  that harm customer trust.  Except to the extent expressly admitted, Amazon denies the allegations

26  in Paragraph 142.

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 31

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

143.    To the extent the allegations in Paragraph 143 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 144.

145.    To the extent the allegations in Paragraph 145 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 145.  The Court, in deciding Plaintiffs' motion to dismiss the Complaint, held that Plaintiffs failed to state a claim based on an unlawful agreement between competitors.  *Frame-Wilson*, 2023 WL 4240826, at *5.

146.    To the extent the allegations in Paragraph 146 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Paragraph 146 purports to describe an article, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 146.

147.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and the charts in Paragraph 147 and therefore denies them.

148.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and the chart in Paragraph 148 and therefore denies them.

149.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

150.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and chart in Paragraph 150 and therefore denies them.

151.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and chart in Paragraph 151 and therefore denies them.

152.    Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and chart in Paragraph 152 and therefore denies them.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 32

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

153.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations and chart in Paragraph 153 and therefore denies them.

154.     To the extent the allegations in Paragraph 154 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon admits that Paragraph 154 quotes from several articles, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 154, and specifically denies the substance of the quoted language.

155.     Amazon admits that Paragraph 155 selectively quotes and cites various articles, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 155, and specifically denies the substance of the quoted language.  Sales by third-party sellers on Amazon have grown because, among other reasons, Amazon helped sellers compete by investing in and offering them tools that allowed them to manage inventory, process payments, track shipments, and create reports.  Through Fulfillment by Amazon and the Prime membership program, Amazon also meaningfully improved the customer experience of buying from third-party sellers.

156.     To the extent the allegations in Paragraph 156 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 156.

157.     To the extent the allegations in Paragraph 157 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 157.  The retail landscape is intensely competitive. E-commerce has reduced barriers to entry, with companies like Shopify and Channel Advisor facilitating retailers' entry and expansion online.  For example, in 2020, nearly $120 billion in sales were processed through Shopify alone.[1]  Sales through Amazon represent only a small percentage of the intensely competitive U.S. retail industry, where customers switch

---

[1] Do Good Things, *The Future of eCommerce: Shopify Online Store 2.0* (July 19, 2021), https://www.dogoodthings.co.nz/blog/ecommerce-trends-shopify-online-store-2-0.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    between online and offline shopping, with most sales still made through physical stores that sell

2    identical products to those offered online.  There is also intense price competition, with

3    consumers using their smartphones in stores to compare prices at other physical and online

4    stores.

5         158.    Amazon admits that Paragraph 158 selectively quotes and cites from various

6    articles, which speak for themselves.  Amazon admits that like any retailer, it collects

7    information concerning the use of its U.S. store.  Except to the extent expressly admitted,

8    Amazon denies the allegations in Paragraph 158, and specifically denies the substance of the

9    quoted language.

10        159.    Amazon admits that Paragraph 159 selectively cites various articles, which speak

11   for themselves.  Amazon further admits that it has made substantial investments to set up its own

12   distribution network, including warehouses across the country, to ensure customers receive their

13   purchased goods quickly and efficiently.  Amazon lacks knowledge or information sufficient to

14   form a belief as to the truth of the allegations in Paragraph 159 regarding DHL and other

15   shipping and fulfillment services and therefore denies them.  Except to the extent expressly

16   admitted, Amazon denies the remaining allegations in Paragraph 159.

17        160.    To the extent the allegations in Paragraph 160 are legal conclusions and

18   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

19   required, Amazon admits that it has countless competitors, including Walmart—the largest

20   retailer in the United States (and the world).  Third-party sellers thrive in Amazon's U.S. store

21   because Amazon has helped third-party sellers compete by innovating and investing in and

22   offering them selling tools, including tools to help sellers manage inventory, process payments,

23   track shipments, and create reports.  Amazon's innovation and investment in Fulfillment by

24   Amazon and the Prime membership program meaningfully improved the customer experience of

25   buying from independent sellers, contributing to their success in Amazon's U.S. store.  Except to

26   the extent expressly admitted, Amazon denies the allegations in Paragraph 160.

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 34

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

161.   To the extent the allegations in Paragraph 161 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 161.  The Online Retail Sales Market is not a relevant antitrust market.

162.   To the extent the allegations in Paragraph 162 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 162.  The alleged e-commerce submarkets are not relevant antitrust markets.

163.   To the extent the allegations in Paragraph 163 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 163 selectively cites from a 2020 Report from the Subcommittee on Antitrust, Commercial, and Administrative Law, which speaks for itself. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 163. Walmart is the largest retailer in the United States (and the world).

164.   To the extent the allegations in Paragraph 164 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 164.

165.   To the extent the allegations in Paragraph 165 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 165.  Neither the former Parity Provision nor the Fair Pricing Policy establish a floor price.  The Parity Provision prohibited sellers in Amazon's U.S. store from discriminating against Amazon customers on the basis of price, and the Fair Pricing Policy prohibits price gouging in Amazon's U.S. store.

166.   To the extent the allegations in Paragraph 166 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 166.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

167.     Amazon admits that the parity provision was removed from the BSA in March 2019, including because it was rarely enforced.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 167.

168.     Amazon admits that in Summer 2019, the Washington Post reported that the FTC planned to conduct a broad investigation into "large technology companies."  Amazon admits that Paragraph 168 selectively quotes from a Washington Post news article, which speaks for itself.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 regarding an FTC special task force and therefore denies them. Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 168.

169.     Amazon admits that Paragraph 169 selectively summarizes an article from VOX and selectively quotes or refers to a Bloomberg article, which speak for themselves.  It is Amazon's belief that the FTC has spoken to competitors of Amazon, but Amazon lacks knowledge or information sufficient to form a belief as to the identities of those competitors and therefore denies them.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 regarding the FTC investigation and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 169.

170.     Amazon admits that Paragraph 170 selectively quotes from a report by the House Antitrust Subcommittee, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 170, and specifically denies the substance of the quoted language.

171.     Amazon admits that Paragraph 171 selectively quotes from a report by the House Antitrust Subcommittee, which speaks for itself.  Amazon competes with brick-and-mortar stores in the intensely competitive market for retail—which is one of the most competitive industries in the world.  Customers constantly compare prices between brick-and-mortar and online retailers and stores and switch their retail purchases between such retailers and stores.  The same products

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 36

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  that are offered online are also offered in brick-and-mortar stores, and, for the fourth quarter of

2  2022, nearly 84 percent of retail sales remained in physical stores.  At the same time, traditional

3  retailers are creating hybrid options for reaching consumers who can order products online and

4  then pick them up at a physical store.  And brick-and-mortar stores tout themselves as

5  competitors to online retailers, offering price-match guarantees that include prices offered by

6  online retailers.  Accordingly, Amazon denies the allegations in Paragraph 171 regarding there

7  being separate brick-and-mortar and online retail sales markets.  Amazon has a small share of the

8  retail industry in the United States, with Walmart being the largest retailer in the United States

9  (and the world).  Except to the extent expressly admitted, Amazon denies the allegations in

10  Paragraph 171, and specifically denies the substance of the quoted language.

11      172.    To the extent the allegations in Paragraph 172 are legal conclusions and

12  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

13  required, Amazon admits that Paragraph 172 selectively quotes from a report by the House

14  Antitrust Subcommittee, which speaks for itself.  Except to the extent expressly admitted,

15  Amazon denies the allegations in Paragraph 172, and specifically denies the substance of quoted

16  language.

17      173.    To the extent the allegations in Paragraph 173 are legal conclusions and

18  characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

19  required, Amazon admits that Paragraph 173 selectively quotes from a report by the House

20  Antitrust Subcommittee, which speaks for itself.  Except to the extent expressly admitted,

21  Amazon denies the allegations in Paragraph 173, and specifically denies the substance of the

22  quoted language.  There are low barriers to entry in retail, as demonstrated by the tens of

23  thousands of retail stores across the United States, the ease with which physical stores have

24  expanded online, and the number of new marketplaces and direct-to-consumer websites that have

25  emerged in recent years.  Retail is one of the least concentrated industries in the United States,

26  with customers shopping and purchasing across many different retailers and stores.

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 37

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

174.     To the extent the allegations in Paragraph 174 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 174 selectively cites a news article and press release by the Washington State Attorney General's Office, which speak for themselves.  The factual allegations underlying the Washington State Attorney General's Action differ substantially from the allegations here.  While the allegations in this case involve Amazon's former Price Parity Clause and its current Marketplace Fair Pricing Policy, which apply to all of Amazon's third-party sellers, the action by the Washington State Attorney General did not concern or challenge these third-party seller policies.  That action involved the Sold by Amazon program, which is not at issue in this case.  Similarly, the investigation by Italian authorities also did not involve the former Parity Provision or the Fair Pricing Policy and involved application of Italian, not U.S., antitrust laws.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 174.

175.     Amazon admits that it sells goods in its U.S. store as a first-party seller and also allows third-party sellers to sell specific physical goods in its U.S. store.  Amazon further admits that its U.S. store is accessible to consumers throughout the United States who have Internet access.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 175.

176.     To the extent the allegations in Paragraph 176 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 176.  The Court dismissed Plaintiffs' *per se* claims for failure to state a claim.  *Frame-Wilson,* 2023 WL 2632513, at *5.

177.     To the extent the allegations in Paragraph 177 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 177.

178.     To the extent the allegations in Paragraph 178 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 38

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

required, Amazon admits that Paragraph 178 selectively quotes from an article published by Statista Research Department and webpages published by the U.S. Census Bureau, and selectively cites from an article published by the U.S. Bureau of Labor Statistics, which speak for themselves.   Amazon competes with brick-and-mortar stores in the intensely competitive market for retail goods—which is one of the most competitive industries in the world.   Customers constantly compare prices between brick-and-mortar and online retailers and stores and switch their retail purchases between such retailers and stores.   The same products that are offered online are also offered in brick-and-mortar stores, and, for the fourth quarter of 2022, approximately 84 percent of retail sales were in physical stores.   At the same time, traditional retailers are creating hybrid options for reaching consumers who can order products online and then pick them up at a physical store.   And brick-and-mortar stores tout themselves as competitors to online retailers, offering price-match guarantees that include prices offered by online retailers.   Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 178, and specifically denies the substance of the quoted language.

179.     To the extent the allegations in Paragraph 179 are legal conclusions and characterizations, no response is required.   Insofar as any responsive pleading is required, Amazon admits that Paragraph 179 selectively quotes or refers to various articles, which speak for themselves.   Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 179, and specifically denies the substance of the quoted language.

180.     Amazon admits that Paragraph 180 selectively quotes testimony given before the House Judiciary Committee, which speaks for itself.   Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 180, and specifically denies the substance of the quoted language.   There are low barriers to entry in retail, as demonstrated by the tens of thousands of retail stores across the United States, the ease with which physical stores have expanded online, and the number of new marketplaces that have emerged.   E-commerce has reduced barriers to entry, with companies like Shopify and Channel Advisor facilitating retailers' entry and expansion online.   For example, in 2020, nearly $120 billion in sales were processed

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT (SECOND CORRECTED) (2:20-cv-00424-RSM) - 39

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

through Shopify alone.[2]  Sales through Amazon represent only a small percentage of the

intensely competitive U.S. retail industry, where customers switch seamlessly between online

and offline shopping, with most sales still made through physical stores that sell identical

products to those offered online.  Retail is one of the least concentrated industries in the United

States, with customers shopping and purchasing across many different retailers and stores.

181.    Amazon admits that Paragraph 181 selectively quotes from and cites a report and

various articles, which speak for themselves.  Except to the extent expressly admitted, Amazon

denies the allegations in Paragraph 181, and specifically denies the substance of the quoted

language.

182.    Amazon admits that it offers Prime Video and that e-books are available for sale

in its store.  Amazon further admits that, like any retailer, it collects information concerning the

use of its store.  Except to the extent expressly admitted, Amazon denies the allegations in

Paragraph 182.

183.    Amazon lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 183 and therefore denies them.  As a retailer, Amazon competes

with retailers both online and offline.  The overwhelming majority or retail sales take place in

physical stores, with the Census Bureau reporting that for the fourth quarter of 2022, online retail

sales represented only 16 percent of total sales;[3] moreover, physical stores offer products

identical to those available through online retailers.  Walmart is the largest retailer in the United

States (and the world).

184.    Amazon admits that Paragraph 184 selectively quotes from a Pew Research

article, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the

allegations in Paragraph 184, and specifically denies the substance of the quoted language.  The

goods that are available in online marketplaces are also available on direct-to-consumer

---

[2] Do Good Things, *The Future of eCommerce: Shopify Online Store 2.0* (July 19, 2021),
https://www.dogoodthings.co.nz/blog/ecommerce-trends-shopify-online-store-2-0.
[3] U.S. Census Bureau News, Quarterly Retail E-Commerce Sales (Feb. 17, 2023),
https://www.census.gov/retail/mrts/www/data/pdf/ec_current.pdf.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

websites, and in physical stores, as well as through hybrid options for consumers, and these goods are reasonable substitutes for one another.

185.    Amazon admits that Paragraph 185 selectively cites various articles, which speak for themselves.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 185, and specifically denies the substance of the quoted language.  The same goods that are available in online marketplaces are also available on direct-to-consumer websites and in physical stores, as well as through hybrid for consumers, and these goods are reasonable substitutes for one another.

186.    Amazon denies the allegations in Paragraph 186.  The same goods that are available in online marketplaces are also available on direct-to-consumer websites and in physical stores, and these goods are reasonable substitutes for one another.  Further, the distinction between online and offline has been blurred with omni-channel—buy online, pick up at store—becoming increasingly popular with consumers.

187.    To the extent the allegations in Paragraph 187 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 187, and specifically denies that the alleged markets are relevant antitrust markets.

188.    To the extent the allegations in Paragraph 188 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 188.

189.    To the extent the allegations in Paragraph 189 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 189.

190.    To the extent the allegations in Paragraph 190 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 190 selectively cites a report by the Italian competition authority, which speak for itself.  The investigation referenced in Paragraph 190 did not involve

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 41

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the former Parity Provision or the Marketplace Fair Pricing Policy, or U.S. antitrust law.  When the Attorney General of the District of Columbia relied on allegations concerning investigations by U.K. and German regulators, Judge Puig-Lugo concluded that such reliance was "misplaced" because "the statements of European investigators amount to legal conclusions premised on British and German legal frameworks which may or may not be consistent with the legal, procedural, and evidentiary requirements applicable in the United States."  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 190, and specifically denies the substance of the quoted language.

191.    To the extent the allegations in Paragraph 191 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 191 selectively cites and quotes from a report by the Italian competition authority, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 191, and specifically denies the substance of the quoted language.

192.    To the extent the allegations in Paragraph 192 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 192 selectively cites and quotes from a report by the Italian competition authority, which speaks for itself.  Amazon denies the allegations in Paragraph 192 because the same goods that are available in online marketplaces are also available offline, including on proprietary online sites, on social media and price comparison services, and on specialized marketplace platforms among others.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 192.

193.    To the extent the allegations in Paragraph 193 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 193 purportedly quotes from a report by the House Antitrust Subcommittee, which summarizes various articles and reports, which speak for

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 42

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   themselves.  Except to the extent expressly admitted, Amazon denies the allegations in

2   Paragraph 193.

3       194.    Amazon admits that Paragraph 194 selectively cites a report by Feedvisor, which

4   speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in

5   Paragraph 194.

6       195.    Amazon admits that Paragraph 195 summarizes an article describing network

7   effects, which speaks for itself.  Except to the extent expressly admitted, Amazon lacks

8   knowledge and information sufficient to form a belief as to the truth of the remaining allegations

9   in Paragraph 195 and therefore denies them.

10      196.    Amazon admits the allegation in Paragraph 196 concerning the number of third-

11   party sellers offering goods for sale in Amazon's U.S. store.  These third-party sellers have many

12   attractive distribution options other than Amazon through which to make sales, including their

13   own websites, other online retail websites, and physical stores, with it being common for third-

14   party sellers to sell their physical goods through multiple retail channels.  Amazon admits that

15   consumers can search its U.S. store for goods sold directly by Amazon as well as by third-party

16   sellers.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph

17   196.

18      197.    Amazon denies the allegations in Paragraph 197.

19      198.    To the extent the allegations in Paragraph 198 are legal conclusions and

20   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21   required, Amazon denies the allegations in Paragraph 198.

22      199.    To the extent the allegations in Paragraph 199 are legal conclusions and

23   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

24   required, Amazon admits that Paragraph 199 selectively quotes from a Marketplace Pulse article,

25   which speaks for itself.  Except to the extent expressly admitted, Amazon denies the remaining

26   allegations in Paragraph 199.

27

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 43

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

200.    To the extent the allegations in Paragraph 200 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 200.

201.    To the extent the allegations in Paragraph 201 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Amazon admits that Paragraph 201 selectively quotes from a report by the House Antitrust Subcommittee, which speaks for itself.  Third-party merchants often use multiple distribution channels for selling their goods.  Third-party sellers thrive in Amazon's U.S. store because Amazon has helped third-party sellers compete by innovating and investing in and offering them selling tools, including tools to help sellers manage inventory, process payments, track shipments, and create reports.  Amazon's innovation and investment in Fulfillment by Amazon and the Prime membership program meaningfully improved the customer experience of buying from independent sellers, contributing to their success in Amazon's U.S. store.  That is the type of competition that the antitrust laws are designed to promote.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 201, and specifically denies the substance of the quoted language.

202.    Amazon admits that Paragraph 202 selectively quotes from Marketplace Pulse articles, which speak for themselves.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations based on the Marketplace Pulse articles relating to Google and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 202, and specifically denies the substance of the quoted language.

203.    Amazon admits that Paragraph 203 selectively quotes from Marketplace Pulse articles, which speak for themselves.  Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations based on the Marketplace Pulse articles relating to Shopify and therefore denies them.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 203, and specifically denies the substance of the quoted

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 44

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

language.  The retail landscape is intensely competitive.  E-commerce has reduced barriers to entry, with companies like Shopify and Channel Advisor facilitating retailers' entry and expansion online.  For example, in 2020, nearly $120 billion in sales were processed through Shopify alone.[4]  Sales through Amazon represent only a small percentage of the intensely competitive U.S. retail industry, where customers switch between online and offline shopping, with most sales still made through physical stores that sell identical products to those offered online.  There is also intense price competition, with consumers using their smartphones in stores to compare prices at other physical and online stores.

204.    Amazon admits that Paragraph 204 selectively quotes from an article published by Marketplace Pulse based on an interview with Sally Hubbard, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 204, and specifically denies the substance of the quoted language.

205.    Amazon admits that Paragraph 205 selectively cites to various articles, which speak for themselves.  Amazon further admits that there is competition from Chinese companies in the United States, including Alibaba and Temu.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 205.

206.    To the extent the allegations in Paragraph 206 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 206 selectively quotes from a Marketplace Pulse article, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 206, and specifically denies the substance of the quoted language.

207.    To the extent the allegations in Paragraph 207 are legal conclusions and characterizations, no responsive pleading is required.  Plaintiffs' challenge to the Fair Pricing Policy attacks Amazon's efforts to prohibit price gouging, which is illegal under the laws of

---

[4] Do Good Things, *The Future of eCommerce: Shopify Online Store 2.0* (July 19, 2021), https://www.dogoodthings.co.nz/blog/ecommerce-trends-shopify-online-store-2-0.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT (SECOND CORRECTED) (2:20-cv-00424-RSM) - 45

many states.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 207.

208.    To the extent the allegations in Paragraph 208 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 208.  Amazon focuses on building consumer trust through everyday low prices—not short term or per-unit profitability.  Amazon's mission is to be Earth's most customer-centric company.  Amazon competes vigorously every day to provide its customers lower prices, more selection, and better service.  Third-party sellers benefit by being associated with Amazon's reputation as a place consumers find the best selection and low prices.

209.    Amazon denies the allegations in Paragraph 209.

210.    To the extent the allegations in Paragraph 210 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 210.

211.    Amazon admits that Plaintiffs purport to bring a class action pursuant to the Federal Rules of Civil Procedure.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 211 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

212.    Amazon admits that Plaintiffs seek to exclude the individuals identified in Paragraph 212 from the putative classes Plaintiffs seek to represent.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 212 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

213.    Amazon denies that the identity of all products encompassed within the National Class definition, i.e., Class Products, are readily identifiable from information and records maintained by Amazon.  The claims by the California Class were dismissed; accordingly, no response to the allegations relating to the California Class is required.  *Frame-Wilson*, 2023 WL

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 46

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2632513, at *7.  Except to the extent expressly admitted, Amazon denies the remaining allegations in Paragraph 213.

214.    Amazon admits that the proposed class in this case is unprecedented in size, with the Supreme Court previously recognizing that a class of about 1,500,000 members was "one of the most expansive classes ever."  *Wal-Mart* v. *Dukes*, 564 U.S. 338, 342 (2011).  Except to the extent admitted, Amazon denies the remaining allegations in Paragraph 214 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

215.    To the extent the allegations in Paragraph 215 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 215.

216.    To the extent the allegations in Paragraph 216 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and therefore denies them.

217.    To the extent the allegations in Paragraph 217 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 217 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

218.    To the extent the allegations in Paragraph 218 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 218 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

219.    To the extent the allegations in Paragraph 219 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 219 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 47

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

220.    To the extent the allegations in Paragraph 220 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 220 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

221.    To the extent the allegations in Paragraph 221 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 221 and specifically denies that this case can be maintained as a class action on behalf of either of the proposed classes.

222.    To the extent the allegations in Paragraph 222 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 222 and specifically denies that Plaintiffs have antitrust injury.

223.    To the extent the allegations in Paragraph 223 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 223 and specifically denies that Plaintiffs have antitrust injury.  The retail landscape is intensely competitive.  E-commerce has reduced barriers to entry, with companies like Shopify and Channel Advisor facilitating retailers' entry and expansion online.  For example, in 2020, nearly $120 billion in sales were processed through Shopify alone.[5]  Sales through Amazon represent only a small percentage of the intensely competitive U.S. retail industry, where customers switch between online and offline shopping, with most sales still made through physical stores that sell identical products to those offered online.  There is also intense price competition, with consumers using their smartphones in stores to compare prices at other physical and online stores.

224.    Amazon reasserts and hereby incorporates by reference its responses to each paragraph of Plaintiffs' Complaint, as though fully set forth herein.

---

[5] Do Good Things, *The Future of eCommerce: Shopify Online Store 2.0* (July 19, 2021), https://www.dogoodthings.co.nz/blog/ecommerce-trends-shopify-online-store-2-0.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 48

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

225.     Amazon admits that Plaintiffs purport to bring this claim on behalf of a nationwide class.   Except to the extent expressly admitted, Amazon denies the in Paragraph 225 and specifically denies that this case can be maintained as a class action on behalf of the proposed nationwide class.

226.     To the extent the allegations in Paragraph 226 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that it sells a wide range of physical goods to consumers shopping in its U.S. store.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 226.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon.  *Frame-Wilson*, 591 F. Supp. 3d at 986–87; *Frame-Wilson*, 2023 WL 2632513, at *4.

227.     To the extent the allegations in Paragraph 227 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 227.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon, *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4, and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to *per se* liability," *Frame-Wilson*, 2023 WL 2632513, at *5.  Accordingly, the Court dismissed this cause of action.  *Id.*

228.     To the extent the allegations in Paragraph 228 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 228.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 49

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sellers, but instead challenge the vertical agreement between third-party sellers and Amazon. *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4.

229.    To the extent the allegations in Paragraph 229 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 229.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon. *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4.

230.    To the extent the allegations in Paragraph 230 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 230.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon. *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4.

231.    To the extent the allegations in Paragraph 231 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 231.

232.    To the extent the allegations in Paragraph 232 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 232.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon, *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4, and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to *per se* liability," *Frame-Wilson*, 2023 WL 2632513, at *5.  Accordingly, the Court dismissed this cause of action.  *Id.*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

233.    To the extent the allegations in Paragraph 233 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 233.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon, *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4, and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to *per se* liability," *Frame-Wilson*, 2023 WL 2632513, at *5.  Accordingly, the Court dismissed this cause of action.  *Id.*

234.    To the extent the allegations in Paragraph 234 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 234.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon, *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4, and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to *per se* liability," *Frame-Wilson*, 2023 WL 2632513, at *5.  Accordingly, the Court dismissed this cause of action.  *Id.*

235.    To the extent the allegations in Paragraph 235 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 235.  Amazon notes that the Court has already held that Plaintiffs are not challenging Amazon's conduct as a competitor to third-party sellers, but instead challenge the vertical agreement between third-party sellers and Amazon, *Frame-Wilson*, 591 F. Supp. 3d at 986-87; *Frame-Wilson*, 2023 WL 2632513, at *4, and as a result, Plaintiffs have failed to "present facts 'supporting a horizontal agreement, a "meeting of

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 51

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    the minds," or conspiracy between' third-party sellers who entered an MFN that would lead to

2    *per se* liability," *Frame-Wilson*, 2023 WL 2632513, at \*5.  Accordingly, the Court dismissed this

3    cause of action.  *Id.*

4          236.    Amazon reasserts and hereby incorporates by reference its responses to each

5    paragraph of Plaintiffs' Complaint, as though fully set forth herein.

6          237.    Amazon admits that Plaintiffs purport to bring this claim on behalf of a

7    nationwide class.   Except to the extent expressly admitted, Amazon denies the allegations in

8    Paragraph 237 and specifically denies that this case can be maintained as a class action on behalf

9    of the proposed nationwide class.

10         238.    To the extent the allegations in Paragraph 238 are legal conclusions and

11   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

12   required, Amazon denies the allegations in Paragraph 238.

13         239.    To the extent the allegations in Paragraph 239 are legal conclusions and

14   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

15   required, Amazon denies the allegations in Paragraph 239.

16         240.    To the extent the allegations in Paragraph 240 are legal conclusions and

17   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

18   required, Amazon denies the allegations in Paragraph 240.

19         241.    To the extent the allegations in Paragraph 241 are legal conclusions and

20   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

21   required, Amazon denies the allegations in Paragraph 241.

22         242.    To the extent the allegations in Paragraph 242 are legal conclusions and

23   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

24   required, Amazon denies the allegations in Paragraph 242.

25         243.    To the extent the allegations in Paragraph 243 are legal conclusions and

26   characterizations, no responsive pleading is required.  Insofar as any responsive pleading is

27   required, Amazon denies the allegations in Paragraph 243

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 52

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

244. To the extent the allegations in Paragraph 244 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 244.

245. To the extent the allegations in Paragraph 245 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 245.

246. To the extent the allegations in Paragraph 246 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 246.

247. To the extent the allegations in Paragraph 247 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 247.

248. To the extent the allegations in Paragraph 248 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 248.

249. Amazon reasserts and hereby incorporates by reference its responses to each paragraph of Plaintiffs' Complaint, as though fully set forth herein.

250. Amazon admits that Plaintiffs purport to bring this claim on behalf of a nationwide class. Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 250 and specifically denies that this case can be maintained as a class action on behalf of the proposed nationwide class.

251. To the extent the allegations in Paragraph 251 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 251.

252. To the extent the allegations in Paragraph 252 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 252.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 53

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

253. To the extent the allegations in Paragraph 253 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 253.

254. To the extent the allegations in Paragraph 254 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 254.

255. To the extent the allegations in Paragraph 255 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 255.

256. Amazon reasserts and hereby incorporates by reference its responses to each paragraph of Plaintiffs' Complaint, as though fully set forth herein.

257. Amazon admits that Plaintiffs purport to bring this claim on behalf of a nationwide class. Except to the extent expressly admitted, Amazon denies that this case can be maintained as a class action on behalf of the proposed nationwide class.

258. To the extent the allegations in Paragraph 258 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 258.

259. To the extent the allegations in Paragraph 259 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 259.

260. To the extent the allegations in Paragraph 260 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 260.

261. To the extent the allegations in Paragraph 261 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 261.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 54

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

262.    To the extent the allegations in Paragraph 262 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 262.

263.    To the extent the allegations in Paragraph 263 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 263.

264.    To the extent the allegations in Paragraph 264 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 264.

265.    Amazon reasserts and hereby incorporates by reference its responses to each paragraph of Plaintiffs' Complaint, as though fully set forth herein.

266.    Amazon admits that Plaintiffs purport to bring this claim on behalf of a nationwide class.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 266 and specifically denies that this case can be maintained as a class action on behalf of the proposed nationwide class.

267.    To the extent the allegations in Paragraph 267 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 267.

268.    To the extent the allegations in Paragraph 268 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 268.

269.    To the extent the allegations in Paragraph 269 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 269.

270.    To the extent the allegations in Paragraph 270 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 270.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 55

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

271.    To the extent the allegations in Paragraph 271 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 271.

272.    To the extent the allegations in Paragraph 272 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 272.

273.    To the extent the allegations in Paragraph 273 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 273.

274.    To the extent the allegations in Paragraph 274 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 274.

275.    To the extent the allegations in Paragraph 275 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 275.

276.    Amazon reasserts and hereby incorporates by reference its responses to each paragraph of Plaintiffs' Complaint, as though fully set forth herein.

277.    The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is required, Amazon admits that Plaintiffs purport to bring this claim on behalf of a statewide class of California purchasers.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 277 and specifically denies that this case can be maintained as a class action on behalf of the proposed statewide class of California purchasers.

278.    To the extent the allegations in Paragraph 278 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits the allegations in Paragraph 278.

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 56

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

279.     The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is required, Amazon admits that Paragraph 279 selectively quotes from Cal. Bus. & Prof. Code § 301, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 279, and specifically denies the substance of the quoted language.

280.     The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is required, the allegations in Paragraph 280 are legal conclusions and characterizations, to which no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 280 selectively seeks to paraphrase Cal. Bus. & Prof. Code § 16720, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 280.

281.     The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is required, the allegations in Paragraph 281 are legal conclusions and characterizations, to which no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon denies the allegations in Paragraph 281.

282.     The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is required, the allegations in Paragraph 282 are legal conclusions and characterizations, to which no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon admits that Paragraph 282 seeks to paraphrase Cal. Bus. & Prof. Code § 16726, which speaks for itself.  Except to the extent expressly admitted, Amazon denies the allegations in Paragraph 282.

283.     The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL 2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a responsive pleading is required, Amazon lacks knowledge or information sufficient to form a belief as to the allegations that putative members of the proposed California Class purchased products defined

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 57

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   by the Complaint as Class Products during the period defined in the Complaint as the Class

2   Period and therefore denies them.  Amazon denies the remaining allegations in Paragraph 283.

3       284.    The Court dismissed Plaintiffs' Cartwright Act claim, *Frame-Wilson*, 2023 WL

4   2632513, at *7; accordingly, no responsive pleading is required.  Insofar as a response is

5   required, the allegations in Paragraph 284 are legal conclusions and characterizations, to which

6   no responsive pleading is required.  Insofar as any responsive pleading is required, Amazon

7   denies the allegations in Paragraph 284.

8       285.    Amazon admits that Plaintiffs demand a jury trial. Amazon admits that Paragraph

9   285 sets forth the relief that Plaintiffs purport to seek.  Except to the extent expressly admitted,

10  Amazon denies that Plaintiffs are entitled to any such relief and denies the remaining allegations

11  in Paragraph 285.  The remainder of the Complaint consists of Plaintiffs' prayer for relief to

12  which no response is required.  To the extent a response is required, Amazon denies the

13  allegations in Paragraph 285 and specifically denies that Plaintiffs are entitled to the relief sought

14  in the Complaint or to any relief whatsoever.

15  <u>**SEPARATE DEFENSES**</u>

16      Below are Amazon's separate defenses.  By setting forth these separate defenses,

17  Amazon does not assume any burden of proof as to any fact issue or other element of any cause

18  of action that properly belongs to Plaintiffs.  Amazon reserves the right to allege additional

19  defenses as they may become known during discovery, and to amend its Answer accordingly.

20  **FIRST DEFENSE**

21  **(LACK OF STANDING)**

22      Some or all of Plaintiffs' claims and those of the alleged classes are barred, in whole or in

23  part, insofar as Plaintiffs or putative members of the alleged classes lack standing to assert claims

24  individually or in a representative capacity.

25  **SECOND DEFENSE**

26  **(LACK OF ANTITRUST STANDING)**

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Some or all of Plaintiffs' claims and those of the alleged classes are barred, in whole or in part, insofar as the chain of causation between Plaintiffs' claimed injury and the alleged anticompetitive conduct is too attenuated, and there are multiple intervening causes.

### THIRD DEFENSE

#### (LEGITIMATE BUSINESS JUSTIFICATIONS)

Some or all of Plaintiffs' claims and those of alleged classes are barred, in whole or in part, because at all times Amazon's conduct was reasonable and its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

### FOURTH DEFENSE

#### (DUPLICATIVE RECOVERY)

Plaintiffs' claims and those of the alleged classes are barred to the extent any recovery by Plaintiffs and the alleged classes would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting Amazon to the possibility of multiple recovery; such recovery is barred by the Fifth and Eighth Amendments to the U.S. Constitution.

### FIFTH DEFENSE

#### (IMPROPER DAMAGES PRAYERS)

To the extent that Plaintiffs and the alleged classes seek a single sum of damages, the prayer for damages is improper.  As a matter of constitutional right and substantive due process, Amazon would be entitled to contest by jury trial its liability for damages to any particular individual plaintiff, even if the representatives of the putative class prevail on their claims.

### SIXTH DEFENSE

#### (FAILURE TO MITIGATE)

Some or all of Plaintiffs' claims and those of the alleged classes are barred from recovery of some or any alleged damages because of and to the extent of their failure to mitigate.

### EIGHTH DEFENSE

#### (STATUTES OF LIMITATIONS)

DEFENDANT AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 59

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs' claims and those of the alleged classes are barred in whole or in part by the statute of limitations applicable to their respective claims to the extent they seek relief based on purchases outside of the applicable four-year limitations period.

## NINTH DEFENSE

### (FAILURE TO JOIN INDISPENSABLE PARTY)

Plaintiffs' claims and those of the alleged classes are barred, in whole or in part, because they have failed to join third-party sellers who are parties necessary for a just adjudication of their purported claims.

## TENTH DEFENSE

### (ACQUIESCENCE)

Plaintiffs' claims and those of the alleged classes are barred, in whole or in part, because of ratification, agreement, acquiescence, authorization or consent to Amazon's alleged conduct.

## ELEVENTH DEFENSE

### (UNDAMAGED CLASS MEMBERS)

To the extent Plaintiffs and the alleged classes seek relief on behalf of purported class members who have not suffered any damages, the Complaint and each of its claims for relief violate Defendant's rights to due process under the United States Constitution.

## TWELFTH DEFENSE

### (WAIVER)

Plaintiffs' claims and those of the alleged classes are barred, in whole or in part, by the doctrine of waiver, including because Plaintiffs and putative members of the alleged classes continued to make purchases on the internet after learning of the alleged anticompetitive conduct and Plaintiffs continued to enjoy the benefits of said purchases.  Thus, the doctrine of waiver bars Plaintiffs' claims, in whole or in part.

## THIRTEENTH DEFENSE

### (LACHES)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Complaint and each purported cause of action contained therein is barred by the doctrine of laches because Plaintiffs and the alleged classes inexcusably and unreasonably delayed in filing and serving the Complaint and all complaints in this action against Amazon, to Amazon's prejudice.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 24th day of May, 2023.

Davis Wright Tremaine LLP

*/s/ John A. Goldmark*

John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
  920 Fifth Avenue, Suite 3300
  Seattle, WA 98104-1610
  Telephone: (206) 757-8136
  Fax: (206) 757-7136
  E-mail: johngoldmark @dwt.com
  E-mail: maryannalmeida@dwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP

*/s/ Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
  2001 K Street, NW
  Washington, D.C.
  Telephone: (202) 223-7300
  Fax: (202) 223-7420
  E-mail: kdunn@paulweiss.com
  E-mail: wisaacson@paulweiss.com
  E-mail: amauser@paulweiss.com
  E-mail: mgoodman@paulweiss.com
  E-mail: ksmith@paulweiss.com

*Attorneys for AMAZON.COM, Inc.*

AMAZON'S ANSWER TO PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT (SECOND CORRECTED)
(2:20-cv-00424-RSM) - 62

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax