The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH FRAME-WILSON *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation,

Defendant.

No. 2:20-cv-00424-JHC

**AMAZON.COM, INC.'S RESPONSE TO MOTION TO SEAL PORTIONS OF THE THIRD AMENDED COMPLAINT**

NOTE ON MOTION CALENDAR:
June 7, 2024



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiffs' Third Amended Complaint ("TAC"), Dkts. 143 and 147, includes confidential information and data that Amazon produced as part of this litigation. Plaintiffs redacted that information from the publicly filed versions of the TAC and asked the Court to provisionally seal that information. Dkt. 142. Amazon does not seek to maintain the seal on the vast majority of the Amazon information provisionally sealed by Plaintiffs. However, limited portions of six paragraphs contain the same highly sensitive commercial information that this Court sealed in a related case: *De Coster* v. *Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.), Dkt. 135. For the same reasons set forth in Amazon's briefing in *De Coster* (and substantively repeated below), that material should not be filed publicly. *De Coster*, Dkt. 130. Amazon respectfully requests these limited portions of the TAC be permanently sealed pursuant to LCR 5(g). The specific portions Amazon seeks to seal are listed by paragraph number in the publicly filed Exhibit A to the Declaration of Kyle Smith (the "Smith Declaration") filed with this Response (along with the corresponding reference to the sealed material in the operative *De Coster* complaint), and are highlighted in the sealed version of the operative TAC included as Exhibit B to the Smith Declaration.[1]

## II. ARGUMENT

Courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). That is what Amazon sought to seal in the operative *De Coster* complaint and seeks to redact here. Amazon does not oppose the unsealing of the vast majority of the material Plaintiffs provisionally redacted. But portions of six paragraphs[2] of the TAC contain highly sensitive commercial information that should remain sealed because their disclosure could harm Amazon's

[1] Multiple versions of the TAC have been filed on the docket. Dkt. 143-1 is a "clean" version of the proposed TAC. Dkt. 143-2 is a redline showing changes between the prior operative complaint and the proposed TAC. Dkt. 147 is the operative TAC. For the Court's convenience, Exhibit B only reflects the operative TAC, with Amazon's proposed redactions highlighted. *See* Dkt. 147.

[2] The Court sealed portions of five paragraphs of the *De Coster* SCAC. Two paragraphs of the *Frame-Wilson* TAC repeat the same confidential, competitively sensitive information. *Compare Frame-Wilson* TAC ¶ 33 *and Frame-Wilson* TAC ¶ 63 *with De Coster* SCAC ¶ 41.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

standing in the highly competitive retail environment. *See* Declaration of Caroline Jones (the "Jones Declaration") ¶¶ 4–10; *see also* Smith Decl. Ex. A (listing paragraphs containing proposed redactions); *id*. Ex. B (highlighting proposed redactions within each paragraph in sealed version of TAC). For the reasons described below, Amazon respectfully requests that the Court grant its request to seal this limited information.

### A. Legal Standard

The Western District of Washington Local Civil Rules permits sealing confidential information upon a showing of "the legitimate private or public interests that warrant the relief sought; the injury that will result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). The Court may seal judicial records when a party provides a compelling reason to keep information out of the public view. *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding "clear error" when a trial court did not seal "confidential and commercially sensitive information").

Courts have long recognized that "business information that might harm a litigant's competitive standing" should be sealed. *Nixon*, 435 U.S. at 598; *see also Burrows* v. *3M Co.*, 2023 WL 13345429, at *2 (W.D. Wash. Jan. 31, 2023) (recognizing "the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents"). Further, sealing is warranted when disclosure would adversely affect future internal business deliberations, *see In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019), or when the information consists of "nonpublic information regarding litigants' sales, cost, profit, and market share data," *Eko Brands, LLC* v. *Adrian Rivera Maynez Enters., Inc.*, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B. Amazon Has a Compelling Interest In Keeping Certain TAC Material Sealed.

Amazon seeks to permanently seal two categories of highly confidential and competitively sensitive information, the disclosure of which could cause significant harm to Amazon. First, Amazon seeks to seal specific details regarding its proprietary, internal processes. *See supra* B.1; Jones Decl. ¶¶ 7–9. Second, Amazon seeks to seal a highly sensitive and confidential business metric that Amazon has not disclosed publicly. *See supra* B.2; Jones Decl. ¶ 10.

#### 1. Amazon Has A Compelling Interest In Keeping The Details Of Its Proprietary, Internal Processes Under Seal.

In their TAC, Plaintiffs purport to describe details of Amazon's confidential and proprietary business processes that, if published, would "harm [Amazon's] competitive standing." *Nixon*, 435 U.S. at 598. In particular, the TAC purports to describe Amazon's competitive monitoring program and its standards for brands selling in its store. Amazon devotes significant resources to developing these proprietary processes and does not disclose those details publicly. Jones Decl. ¶ 7. Moreover, if the internal processes underlying these programs were made public, Amazon's competitors could use them to improve their competing programs and/or alter their systems to thwart Amazon's efforts, thereby gaining an unfair competitive advantage as a result. *Id.* ¶ 8.

There is no legitimate reason to make public such commercially sensitive information. To the contrary, the risk of Amazon's competitors using this commercially sensitive information to their own advantage significantly outweighs any public interest in disclosure of these few discrete pieces of information, especially in light of the limited nature of Amazon's proposed redactions. *See Kamakana*, 447 F.3d at 1179; *Nixon*, 435 U.S. at 598. Furthermore, there is no less-restrictive alternative than Amazon's proposed redactions. *See* LCR 5(g)(3)(B). For every proposed sealing, Amazon has taken care to redact only the very minimal amount of information necessary while allowing all other information to enter the public domain. Jones Decl. ¶ 9.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**2. Amazon Has A Compelling Interest In Keeping a Highly Sensitive and Confidential Business Metrics Under Seal.**

The TAC purports to contain statistics regarding Amazon's business, the majority of which Amazon does not seek to seal. However, there is a single metric that is highly sensitive, is not publicly disclosed by Amazon, and the disclosure of which would negatively impact Amazon.

Specifically, the TAC purports to contain the results of a study Amazon ran internally regarding its third-party sellers, which competitors could use to gain insight into how Amazon makes sensitive internal business decisions. Jones Decl. ¶ 10. Amazon has proposed redacting only the specific number itself—i.e., the result of the study—and not the description of the study. *Id.* ¶ 11. There is no compelling public reason to order the disclosure of such a narrow redaction over a highly confidential and sensitive business metric.

## III. CONCLUSION

For the above reasons, the Court should permanently seal Amazon's highly confidential and commercially sensitive information in the TAC.

DATED this 31st day of May, 2024.

DAVIS WRIGHT TREMAINE LLP

*/s/ John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8136
Email: JohnGoldmark@dwt.com
Email: MaryAnnAlmeida@dwt.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Karen L. Dunn (*pro hac vice)*
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Kyle Smith (*pro hac vice*)
2001 K Street, NW
Washington, D.C.
Telephone: (202) 223-7300
E-mail: kdunn@paulweiss.com
E-mail: wisaacson@paulweiss.com

E-mail: amauser@paulweiss.com
E-mail: ksmith@paulweiss.com

Meredith Dearborn (*pro hac vice* pending)
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
E-mail: mdearborn@paulweiss.com

*Attorneys for Amazon.com, Inc.*

*I certify that this memorandum contains 1,238 words, in compliance with the Local Civil Rules.*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax