UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:21-cv-00693-JHC<br><br>STIPULATED MOTION AND ORDER REGARDING ADDITIONAL DISCOVERY COORDINATION ISSUES |
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 22-cv-00965-JHC |

STIP. MOT. & ORDER
RE ADDITIONAL DISCOVERY COORDINATION ISSUES
(NO. 2:21-CV-00693-JHC; NO. 2:20-CV-00424-JHC; NO. 22-CV-00965-JHC)

Pursuant to Local Civil Rules 7(d)(1) and 10(g), the Parties in the above-captioned actions, by and through their respective counsel, agree to the following stipulation relating to discovery coordination issues in these actions.

The Parties agreed and the Court ordered that Amazon would produce to Plaintiffs in these matters documents Amazon produced in *People of the State of California v. Amazon.com, Inc.*, No. CGC-22-601826 (Cal. Super. Court, San Francisco) ("*California* Action"). *See, e.g.*, *Frame-Wilson et al. v. Amazon.com, Inc.*, Stipulated Motion and Order Regarding Discovery, ECF No. 123 at ¶ 6; *Frame-Wilson et al. v. Amazon.com, Inc.*, Order Re: Discovery Coordination, Class Certification Briefing Schedule & Rule 30(b)(6) Deposition, ECF No. 172, at 5.

The Court also ordered Amazon to produce to Plaintiffs in these matters documents that it produces in *FTC v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC (W.D. Wash.) ("*FTC* Action") to the extent they are relevant to any "parity" claims asserted in the above-captioned actions. *See Frame-Wilson et al. v. Amazon.com, Inc.*, Order Re: Discovery Coordination, Class Certification Briefing Schedule & Rule 30(b)(6) Deposition, ECF No. 172, at 5.

The Court ordered that "Fact discovery in the above-captioned actions shall be coordinated with fact discovery" in the *California* Action and the *FTC* Action, and that the Parties "shall use all reasonable efforts to coordinate the depositions of Amazon witnesses and nonparty witnesses across all of the coordinated cases," "absent either (i) agreement of the Parties or (ii) a showing of good cause and order of the Court." *Id*. at 5-6.

Accordingly, the Parties stipulate and agree as follows:

1. The parties agree that Amazon will produce to Plaintiffs in these actions any structured data Amazon previously produced or produces in the *California* Action. The Court's prior Order that Amazon produce to Plaintiffs in these actions documents that Amazon produced in the *FTC* Action to the extent they are relevant to any "parity" claims asserted in the above-captioned actions (*Frame-Wilson*, ECF No. 172 at 5) includes structured data that Amazon produced or produces in the *FTC* Action to the extent such data are relevant to such "parity"

claims. For the avoidance of doubt, Amazon need not reproduce data to Plaintiffs that has already been produced to Plaintiffs in these matters. This stipulation and order does not prevent Plaintiffs from seeking any additional or different data that is responsive to discovery requests Plaintiffs have served or will serve in any of the above-captioned actions.

2. Amazon will use best efforts to produce in these actions documents it produced in the *California* Action within 10 business days of their production in the *California* Action.

3. As the parties have been undertaking to date, Amazon will produce to Plaintiffs the search parameters, including, but not limited to, search terms, custodians, and date ranges, used by Amazon to produce documents in the *FTC* Action and the Parties will meet and confer regarding the documents that Amazon will reproduce to Plaintiffs because they are relevant to any "parity" claims asserted in the above-captioned actions. For the avoidance of doubt, Amazon will provide the search parameters used in connection with the Initial Set and Second Set of documents and any other subsequent set of documents produced by Amazon in the *FTC* Action. Once the Parties agree on the search terms likely to yield documents relevant to any "parity" claims asserted in the above-captioned actions from Amazon's custodial productions, Amazon will produce to Plaintiffs all non-privileged documents (and families) from Amazon's custodial productions that it produces in the *FTC* Action that hit on such search term(s) without regard to any additional relevance, responsiveness, or privilege review.

4. Regarding non-custodial documents Amazon produces in the *FTC* Action (i.e., "go-get" productions), Amazon will provide to Plaintiffs an index, which it will update periodically, describing the categories of documents Amazon has produced pursuant to "go-get" collections in the *FTC* Action. The Parties will meet and confer regarding the non-custodial documents that Amazon will reproduce to Plaintiffs because they are relevant to any "parity" claims asserted in the above-captioned actions.

5. The Parties will meet and confer regarding the structured data productions that Amazon has made in the *FTC* Action that Amazon will reproduce to Plaintiffs because they are relevant to any "parity" claims asserted in the above-captioned actions.

6. Notwithstanding any other provision in this Stipulated Motion, to the extent Amazon reproduces to the California Attorney General any documents (including data) Amazon produced in the *FTC* Action, Amazon shall also reproduce such documents to Plaintiffs in the above-captioned actions.

7. With respect to additional document productions Amazon makes to the FTC, Amazon will use best efforts to produce such documents in these actions within 10 business days of their production in the *FTC* Action. Further, Amazon will use best efforts to substantially complete its production to Plaintiffs of documents originally produced in the *FTC* Action no later than 10 business days after Amazon's deadline to substantially complete its productions in the *FTC* Action. Amazon will notify Plaintiffs when its productions are substantially complete.

8. Amazon will make best efforts to provide to Plaintiffs a privilege log for all documents relevant to any "parity" claims asserted in these actions but withheld from production in the *FTC* Action and included on Amazon's privilege log(s) in the *FTC* Action within 10 business days of Amazon's transmittal of its privilege log(s) to the FTC. Amazon agrees to meet and confer with Plaintiffs should they have questions concerning privilege log entries.

9. When Amazon produces to Plaintiffs documents it originally produced in the *FTC* Action, it will provide to Plaintiffs correspondence that Amazon sent to the FTC that accompanies the productions to the FTC (i.e., production cover letters). Amazon reserves the right to redact or withhold any substantive information in those correspondence that is not relevant to the claims in the above-captioned actions and will meet and confer with Plaintiffs about any such redactions to the extent reasonably necessary to resolve Plaintiffs' objections.

10. Upon Plaintiffs' request, Amazon will provide to Plaintiffs unredacted versions of any redacted or sealed court filings and orders entered in the *California* Action or in the *FTC* Action that relate to Plaintiffs' parity-related claims, and/or entered in any other action that has been defined as a "Coordinated Action" in the *California* Action or *FTC* Action (an "Other Coordinated Action") to the extent such filings and orders are relevant to these actions (e.g., to the extent Plaintiffs have access to the underlying materials supporting such filings and orders).

If such redacted or sealed filings or orders contain information designated Confidential or Highly Confidential – Attorneys' Eyes Only by a nonparty, Amazon will redact any such nonparty-designated information that is not in Plaintiffs' possession before providing Plaintiffs with a less redacted version. Plaintiffs may, at the request of the California Attorney General or FTC (or any other plaintiff in an Other Coordinated Action), provide to the California Attorney General or FTC (or Other Coordinated Action plaintiff) unredacted versions of any redacted or sealed Court filings in these actions. If such redacted or sealed filings or orders contain information designated Confidential or Highly Confidential – Attorneys' Eyes Only by a nonparty, Plaintiffs will redact any such nonparty-designated information that is not in the possession of the California Attorney General or FTC (or Other Coordinated Action plaintiff) before providing them with a less redacted version. Amazon agrees to meet and confer with Plaintiffs to resolve any disagreements on which filings and/or court orders are relevant to these actions.

11. Plaintiffs' disclosure of Confidential or Highly Confidential Material that is in the possession or knowledge of the California Attorney General or FTC (or Other Coordinated Action plaintiff) to the California Attorney General or FTC (or Other Coordinated Action plaintiff) under Sections 5.2(g) or 5.3(d) of the Amended Protective Orders entered in these actions (*i.e.*, to an "other person who otherwise possessed or knew the information") does not violate the "use" provision contained in Section 5.1 of the Amended Protective Orders entered in these actions. Amazon, however, does not consent to Plaintiffs receiving Amazon documents or data from the FTC designated Confidential or Highly Confidential – Attorneys' Eyes Only that Amazon has not otherwise produced to Plaintiffs absent compliance with the enumerated conditions in the Court's November 12, 2024 Deposition Coordination Protocol and Order entered in the *FTC* Action.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | DATED: February 18, 2025. | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |

By /s/ *Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
        barbaram@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean Street, Suite 24
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Jessica Beringer (*pro hac vice*)
Shane Kelly (*pro hac vice*)
Alex Dravillas (*pro hac vice*)
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
E-mail: Jessica.Beringer@kellerpostman.com
E-mail: shane.kelly@kellerpostman.com
Email: ajd@kellerpostman.com

Roseann R. Romano (*pro hac vice*)
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036
Telephone: (202) 918-1123
Email: Roseann.Romano@kellerpostman.com

*Interim Co-Lead Counsel for Plaintiffs and the proposed Class*

STIP. MOT. & ORDER
RE ADDITIONAL DISCOVERY COORDINATION ISSUES
(NO. 2:21-CV-00693-JHC; NO. 2:20-CV-00424-JHC; NO. 22-CV-00965-JHC) - 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Alicia Cobb
    Alicia Cobb, WSBA # 48685
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
Email: davidleray@quinnemanuel.com
Email: nicolassiebert@quinnemanuel.com
Email: maxmeadows@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Interim Executive Committee for Plaintiffs and the proposed Class*

DAVIS WRIGHT TREMAINE LLP

By:   /s/ *John A. Goldmark*
    John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: JohnGoldmark@dwt.com
Email: MaryAnnAlmeida@dwt.com

|   |   |
|---|---|
| 1 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 2 | |
| 3 | Karen L. Dunn (*pro hac vice*) |
|   | William A. Isaacson (*pro hac vice*) |
| 4 | Amy J. Mauser (*pro hac vice*) |
|   | Kyle Smith (*pro hac vice*) |
| 5 | 2001 K Street, NW |
|   | Washington, D.C. 20006-1047 |
| 6 | Telephone: (202) 223-7300 |
|   | Email:  kdunn@paulweiss.com |
| 7 | Email:  wisaacson@paulweiss.com |
|   | Email:  amauser@paulweiss.com |
| 8 | Email:  ksmith@paulweiss.com |
| 9 | |
|   | Yotam Barkai (*pro hac vice*) |
| 10 | Mark A. Weiner (*pro hac vice*) |
|   | 1285 Avenue of the Americas |
| 11 | New York, N.Y. 10019-6064 |
|   | Telephone: (212) 373-3452 |
| 12 | Email: ybarkai@paulweiss.com |
|   | Email: mweiner@paulweiss.com |
| 13 | |
| 14 | |
|   | *Attorneys for Defendant Amazon.com, Inc.* |
| 15 | |

IT IS SO ORDERED.

February 18, 2025
Dated

John H. Chun
United States District Judge