# Exhibit 1

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:21-cv-00693-JHC |
| DEBORAH FRAME-WILSON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-00424-JHC |
| CHRISTOPER BROWN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:22-cv-00965-JHC |

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2

<u>**RESPONSES AND OBJECTIONS OF DEFENDANT AMAZON.COM, INC. TO
PLAINTIFFS' SEVENTH SET OF REQUESTS FOR PRODUCTION AND
FOURTH SET OF INTERROGATORIES**</u>

3

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "Federal

4

Rules"), and the Local Rules of the United States District Court for the Western District of

5

Washington (the "Local Rules"), Defendant Amazon.com, Inc. ("Amazon"), by its attorneys Paul,

6

Weiss, Rifkind, Wharton & Garrison LLP, hereby responds and objects to Plaintiffs' Seventh Set

7

of Requests for Production and Fourth Set of Interrogatories, dated March 25, 2025 (the

8

"Requests"), in the above-captioned cases (the "Actions").

9

<u>**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**</u>

10

1.      The responses and objections set forth below are based upon information now

11

available to Amazon, as could be reasonably gathered in the timeframe provided for Amazon's

12

responses.  Without obligating itself to do so, Amazon reserves its right to amend, supplement,

13

correct, or clarify its responses and objections and to present any further information that may be

14

identified hereafter.

15

2.      Amazon makes the responses and objections without waiving or intending to

16

waive: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility

17

of any information or documents produced in response to the Requests; (b) the right to object on

18

any ground to the use of the information or documents produced in response to the Requests at

19

any hearing or at trial; (c) the right to object on any ground, at any time, to a request for further

20

responses to the Requests; (d) the right to use or rely on, at any time, subsequently discovered

21

information or information omitted from these responses; and (e) the right to revise, amend,

22

supplement, or clarify any of Amazon's responses or objections.

23

<u>**GENERAL OBJECTIONS**</u>

24

Amazon hereby incorporates the following general objections into each of its specific

25

responses and objections to the individual Requests as if fully set forth therein:

26

1.      Amazon objects to all the Requests herein as an improper fishing expedition.

27

Plaintiffs concede that these Requests are motivated by antitrust scholar Dr. Herbert Hovenkamp's

28

critique of their proposed market definition in the Actions, discussed during the "Economics Day"

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS

2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

hearing held in *FTC* v. *Amazon.com, Inc.*, No. 23-cv-01495 (W.D. Wash.), and that the sole basis for the Requests is the speculation contained in a 2021 letter by the "Revolving Door Project" questioning Dr. Hovenkamp's impartiality as to companies that are not even litigants in the Actions. Amazon is surprised to see Plaintiffs question the integrity of Dr. Hovenkamp, especially in light of his direct repudiation of the Revolving Door Project's claims. *See* Herbert Hovenkamp, (@Sherman1890), X.COM (Nov. 3, 2021, 3:55 PM), https://tinyurl.com/ytj62jtw (responding to the Revolving Door Project that he has received "[n]o payments since [2002], no grants, and no paid board memberships" from any technology company); *see also* Herbert Hovenkamp (@Sherman1890), X.COM (June 9, 2024, 7:19 PM), https://tinyurl.com/3uxpkh9a ("[I] get no money from CTIC [Center for Technology, Innovation & Competition at his university, the University of Pennsylvania] and none from any single firm. My $ are all from the Upenn and [W]harton General employment funds. You are not thinking through what is entailed if every academic had to run every general funding source all the way up the ladder.").

2.    Further, there is no conceivable connection between the other individuals specifically identified in the requests – or the countless unnamed individuals to whom the Requests might conceivably pertain – to the Actions at bar. The Requests seek information that is entirely irrelevant, based on unfounded assumptions, and are inappropriate.

3.    Amazon objects to Plaintiffs' Requests, and to the Definitions and Instructions set forth therein ("Requests, Definitions, and Instructions"), to the extent that they impose any differing or additional obligations from those required by the Federal Rules, the Local Rules, or any other applicable rule, law, or doctrine, the ESI Protocols and Protective Orders entered in the Actions or any other court order, or any agreements between Amazon and Plaintiffs (the "Applicable Laws, Rules, and Agreements"), on the ground that such a requirement, instruction, or definition exceeds the scope of permissible discovery and attempts to impose an unreasonable burden and expense on Amazon. To the extent any Request, Definition, or Instruction conflicts with, or purports to impose additional or different duties and obligations, Amazon will respond in accordance with the Applicable Laws, Rules, and Agreements.

4.    Amazon objects to the Requests, Definitions, and Instructions to the extent that

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

they are overly broad, vague, ambiguous, and unduly burdensome; or seek documents and information that are neither relevant nor proportional to the needs of the Actions.

5.      Amazon objects to the Requests, Definitions, and Instructions to the extent they seek information or documents or seek to impose a search for information or documents: (a) not within Amazon's possession, custody, or control; (b) not maintained by Amazon in the normal course of business; (c) already in the possession, custody, or control of Plaintiffs; (d) readily available through public sources or from sources that are more convenient, less burdensome, or less expensive; or (e) from sources that are more readily available to Plaintiffs than to Amazon. Amazon further objects to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Amazon objects to the Requests, Definitions, and Instructions to the extent that they seek documents and information protected from disclosure by privileges and other protections from production, including, without limitation: (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.  In responding to the Requests, Amazon will not produce documents protected by such privileges.  Where Amazon withholds information under claim of privilege, Amazon will adhere to the requirements under the ESI Protocol. Amazon does not intend the inadvertent production of any privileged or protected information to constitute a waiver of Amazon's rights to assert any applicable privilege or protection, and Amazon further reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents inadvertently produced and all copies thereof consistent with Fed. R. Civ. P. 26(b)(5)(B) and the terms and conditions of the ESI Protocols and Protective Orders entered in the Actions.

7.      Amazon objects to the Requests, Definitions, and Instructions to the extent that they purport to require Amazon to produce documents in violation of a legal, contractual, or other obligation of nondisclosure owed to a third party.  Amazon will not provide documents or information subject to any such obligation unless and until it receives the necessary consent from any such third party or, in the absence of such consent, unless and until it is ordered to do so by a

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

court of competent jurisdiction.

8.    Amazon objects to the Requests, Definitions, and Instructions to the extent that they seek confidential, trade secret, competitively sensitive, business, financial, or other proprietary information.  To the extent documents containing any such information are nonprivileged, responsive to the Requests, and are not otherwise objectionable, Amazon will only produce such documents and information subject to the ESI Protocols and Protective Orders entered in the Actions.  Amazon further reserves the right to redact or otherwise withhold any confidential, proprietary, trade secret, or competitively sensitive information that is neither relevant nor proportional to the needs of the Actions.

9.    Amazon objects to the definitions of "Amazon," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, and oppressive to the extent it includes entities or persons other than Amazon.com, Inc. and persons or entities under its direct control, such as persons or entities who were previously, but no longer are, associated with Amazon.  Because Amazon has no authority or control over these entities or persons, it has no obligation under the Applicable Laws, Rules, and Agreements to search for or provide documents possessed by them. Amazon will construe the definition of "Amazon," "You," and "Your" to refer only to Amazon.com, Inc.

10.    Amazon objects to the definition of "Amazon's Agents" as vague, ambiguous, overbroad, unduly burdensome, and oppressive to the extent it includes entities or persons other than Amazon.com, Inc. and persons or entities under its direct control, such as persons or entities who were previously, but no longer are, associated with Amazon.  Because Amazon has no authority or control over these entities or persons, it has no obligation under the Applicable Laws, Rules, and Agreements to search for or provide documents possessed by them.  Amazon further objects to the definition of "Amazon's Agents" as vague, ambiguous, overbroad, unduly burdensome, and oppressive to the extent the phrase "persons acting on Amazon's behalf for the purposes of the communication" is vague and unintelligible.  Amazon further objects to the definition of "Amazon's Agents" as inclusive of "its attorneys" to the extent it calls for documents protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.

11.     Amazon objects to the definition of "Concerning" as vague, ambiguous, overbroad, unduly burdensome, and oppressive insofar as it imposes obligations that go beyond the requirements of the Applicable Laws, Rules, and Agreements to the extent it includes "relating to, referring to, describing, evidencing or constituting."  Amazon interprets this term (and any form thereof) throughout its responses as specifically "mentioning" or "referring to," unless otherwise specified, as any other definition would require Amazon to guess at the information sought, in violation of the Applicable Laws, Rules, and Agreements.

12.     Amazon objects to the definition of "Person" as vague, ambiguous, overbroad, unduly burdensome, and oppressive to the extent it includes entities or persons other than Amazon.com, Inc. and persons or entities under its direct control, such as persons or entities who were previously, but no longer are, associated with Amazon.  Because Amazon has no authority or control over these entities or persons, it has no obligation under the Applicable Laws, Rules, and Agreements to search for or provide documents possessed by them.  Amazon further objects to the definition of "Person" as inclusive of "any law firm acting on Amazon's behalf" to the extent it calls for documents protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.

## **INTERROGATORIES**

**INTERROGATORY NO. 8**:

Identify by name each economist, antitrust scholar and/or each economic association to whom Amazon or its Agents have provided payment or funding in connection with his, her, or its economic, academic, or opinion work related to competition, market definition, retail markets, online markets, markets for marketplace services, most-favored-nation (MFN or PMFN) or price parity policies, MMAs, price competitiveness, or Amazon's specific business practices, including any funding or payments made in connection with any economics or legal research papers, including both published and unpublished manuscripts, academic research grants,

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    including grants for research not associated with specific research papers, and any funding or

2    payments in connection with litigation consulting services or expert testimony.

3        For each such economist, antitrust scholar and/or economic association, identify

4    with specificity the research grants, economics research papers, and litigation matters, and the

5    amount of money paid by Amazon in connection with any corresponding grants, funding, and

6    payments.

7    **ANSWER:**

8        Amazon objects to this Request as overbroad, unduly burdensome, not

9    proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party,

10    to the extent it seeks information regarding Amazon's relationship with "economist[s], antitrust

11    scholar[s] and/or [] economic association[s]" regardless of whether such information has any

12    connection to the Actions or to the claims or defenses therein. Amazon further objects to this

13    Request in that it appears intended to harass and annoy Amazon, its employees and third parties,

14    to increase the cost of litigation, and to impeach the integrity of persons who have not been

15    identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund,*

16    *Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim

17    is to . . . harass the person" or to "gather information for use in proceedings other than the pending

18    suit"). Amazon further objects to this request to the extent it is not consistent with the Federal

19    Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly

20    seeks the disclosure of information regarding experts not retained by Amazon in connection with

21    the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in

22    anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at

23    trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and

24    Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from

25    seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No.

26    121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained

27    experts to consult on the Actions, those experts would not be subject to discovery. Insofar as

28    Amazon retained those individuals as experts in connection with other matters, that relationship

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS        7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

is irrelevant to the Actions. Amazon further objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks "*each economist, antitrust scholar and/or each economic association* to whom Amazon or its Agents have provided payment or funding in connection with his, her, or its economic, academic, or opinion work." It is not practical, reasonable, or proportionate to the needs of the Actions to identify each economist, antitrust scholar or economic association with which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have had a relationship, nor is such an inquiry relevant to Plaintiffs' claims. Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein. Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to this Request as it includes, at minimum, two discrete subparts and thus is counted as two Requests. Amazon further objects to the terms "economist," "antitrust scholar," "economic association," "research grants," "economics research papers," "litigation consulting services," "competition," "market definition," "retail markets," "online markets," "markets for marketplace services," "price parity policies," "price competitiveness," and "Amazon's specific business practices" as vague and undefined. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.

Subject to and in light of these objections, Amazon does not believe any response to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs can identify with specificity any information called for by this Request that is relevant and reasonably tailored to the needs of the Actions that has not already been provided or is not otherwise already reasonably accessible to Plaintiffs.

**INTERROGATORY NO. 9:**

Identify with specificity each Publication Amazon or its Agents placed, updated, authored, or published in coordination with other Persons, including, but not limited to, providing

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS        8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

drafts or comments on Publications to be published over the name of a third party, providing information on background, or connecting reporters to third parties for quotes or comments, related to competition, market definition, retail markets, online markets, markets for marketplace services, most-favored-nation (MFN or PMNF) or price parity policies, MMAs, price competitiveness, or Amazon's specific business practices.

**ANSWER:**

Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks information regarding each "Publication Amazon or its Agents placed, updated, authored, or published in coordination with other Persons, including . . . providing drafts or comments on Publications to be published over the name of a third party, providing information on background, or connecting reporters to third parties for quotes or comments" regardless of whether such information has any connection to the Actions or to the claims or defenses therein. It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and every Publication as to which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have provided "information on background" or spoke with a reporter regarding Amazon's business, nor is such an inquiry relevant to Plaintiffs' claims. Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein. Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). Amazon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to the phrases and terms "providing drafts or comments on Publications to be published over the name of a third party," "connecting reporters to third parties," "competition," "market

definition," "retail markets," "online markets," "markets for marketplace services," "price parity policies," "price competitiveness," and "Amazon's specific business practices" as vague and undefined.

Subject to and in light of these objections, Amazon does not believe any response to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs can identify with specificity any information called for by this Request that is relevant and reasonably tailored to the needs of the Actions that has not already been provided or is not otherwise already reasonably accessible to Plaintiffs.

**INTERROGATORY NO. 10:**

Identify with specificity each Publication for which Amazon or its Agents communicated with each of the following individuals: Eleanor Fox; Herbert Hovenkamp; Joshua Wright; Geoffe Manne; Dave Kully; Carl Shapiro.

**ANSWER:**

Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks information regarding "Publications for which Amazon or its Agents communicated with" the identified individuals regardless of whether such information has any connection to the Actions or to the claims or defenses therein. It is not practical, reasonable, or proportionate to the needs of the Actions to identify each "Publication" for which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have communicated with the identified individuals, nor is such an inquiry relevant to Plaintiffs' claims. Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein. Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). By way of further response,

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon states that Request No. 10 was (as Plaintiffs concede) motivated by antitrust scholar Dr. Herbert Hovenkamp's critique of their proposed market definition in the Actions, discussed during the "Economics Day" hearing held in *FTC* v. *Amazon.com, Inc.*, No. 23-cv-01495 (W.D. Wash.), and that the sole basis for the Requests is the speculation contained in a 2021 letter by the "Revolving Door Project" questioning Dr. Hovenkamp's impartiality as to companies that are not even litigants in the Actions.  Amazon is surprised to see Plaintiffs question the integrity of Dr. Hovenkamp, especially in light of his direct repudiation of the Revolving Door Project's claims. *See* Herbert Hovenkamp, (@Sherman1890), X.COM (Nov. 3, 2021, 3:55 PM), https://tinyurl.com/ytj62jtw (responding to the Revolving Door Project that he has received "[n]o payments since [2002], no grants, and no paid board memberships" from any technology company); *see also* Herbert Hovenkamp (@Sherman1890), X.COM (June 9, 2024, 7:19 PM), https://tinyurl.com/3uxpkh9a ("[I] get no money from CTIC [Center for Technology, Innovation & Competition at his university, the University of Pennsylvania] and none from any single firm. My $ are all from the Upenn and [W]harton General employment funds.  You are not thinking through what is entailed if every academic had to run every general funding source all the way up the ladder.").  Further, there is no conceivable connection between the other identified individuals to the Actions at bar and they are thus equally irrelevant. Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of information regarding experts not retained by Amazon in connection with the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6.  Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery.  Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions.  Amazon further

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. Amazon further objects to this Request in that it calls for information more readily available from third parties, including but not necessarily limited to the individuals identified by the Request.

Subject to and in light of these objections, Amazon does not believe any response to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs can identify with specificity any information called for by this Request that is relevant and reasonably tailored to the needs of the Actions that has not already been provided or is not otherwise already reasonably accessible to Plaintiffs.

**INTERROGATORY NO. 11:**

Identify with specificity the amount of money paid directly or indirectly (including through financial contributions to institutions they work for or have a professional relationship with such as a board seat) to each of the following individuals: Eleanor Fox, Herbert Hovenkamp; Joshua Wright; Geoff Manne; Dave Kully; Carl Shapiro.

**ANSWER:**

Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks "the amount of money paid directly or indirectly (including through financial contributions to institutions they work for or have a professional relationship with such as a board seat)" to the identified individuals, regardless of whether such information has any connection to the Actions or to the claims or defenses therein. It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and every "institution" that the identified individuals may "work for" or "have a professional relationship with such as a board seat" so as to respond to this Request, nor is such an inquiry relevant to Plaintiffs' claims. Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). By way of further response, Amazon states that Request No. 11 was (as Plaintiffs concede) motivated by antitrust scholar Dr. Herbert Hovenkamp's critique of their proposed market definition in the Actions, discussed during the "Economics Day" hearing held in *FTC* v. *Amazon.com, Inc.*, No. 23-cv-01495 (W.D. Wash.), and that the sole basis for the Requests is the speculation contained in a 2021 letter by the "Revolving Door Project" questioning Dr. Hovenkamp's impartiality as to companies that are not even litigants in the Actions. Amazon is surprised to see Plaintiffs question the integrity of Dr. Hovenkamp, especially in light of his direct repudiation of the Revolving Door Project's claims. *See* Herbert Hovenkamp, (@Sherman1890), X.COM (Nov. 3, 2021, 3:55 PM), https://tinyurl.com/ytj62jtw (responding to the Revolving Door Project that he has received "[n]o payments since [2002], no grants, and no paid board memberships" from any technology company); *see also* Herbert Hovenkamp (@Sherman1890), X.COM (June 9, 2024, 7:19 PM), https://tinyurl.com/3uxpkh9a ("[I] get no money from CTIC [Center for Technology, Innovation & Competition at his university, the University of Pennsylvania] and none from any single firm. My $ are all from the Upenn and [W]harton General employment funds. You are not thinking through what is entailed if every academic had to run every general funding source all the way up the ladder."). Further, there is no conceivable connection between the other identified individuals to the Actions at bar and they are thus equally irrelevant. Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of information regarding experts not retained by Amazon in connection with the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to the terms "paid directly or indirectly," "institutions they work for," and "have a professional relationship with such as a board seat," as vague and undefined. Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to this Request in that it calls for information more readily available from third parties, including but not necessarily limited to the individuals identified by the Request.

Subject to and in light of these objections, Amazon does not believe any response to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs can identify with specificity any information called for by this Request that is relevant and reasonably tailored to the needs of the Actions that has not already been provided or is not otherwise already reasonably accessible to Plaintiffs.

**INTERROGATORY NO. 12:**

Identify with specificity each third party that Amazon makes financial contributions to that do work related to competition, market definition, retail markets, online markets, markets for marketplace services, most-favored-nation (MFN or PMFN) or price parity policies, MMAs, or price competitiveness, including, but not limited to, trade groups, think tanks, academic institutions (including affiliated entities such as the Global Antitrust Institute), and non-profits.

For each such third party, identify with specificity the amount of financial contributions paid by Amazon.

**ANSWER:**

Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party,

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    14                    Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to the extent it seeks "each third party that Amazon makes financial contributions to that do work related to" the topics identified, regardless of whether such information has any connection to the Actions or allegations, claims or defenses therein.  It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and every "trade group," "think tank," "academic institution," "affiliated entit[y]," "non-profit," and other "third party" to which Amazon may have made a financial contribution.  Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit").  Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of information regarding experts not retained by Amazon in connection with the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6.  Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery.  Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions.  Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested.  Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.  Amazon further objects to this Request as it includes, at minimum, two discrete subparts and thus is counted as

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS

15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  two Requests.  Amazon further objects to the terms "each third party," "financial contributions,"
2  "do work related to," "trade groups," "think tanks," "academic institutions," and "affiliated
3  entities" as vague and undefined.

4          Subject to and in light of these objections, Amazon does not believe any response
5  to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this
6  Request to the extent Plaintiffs can identify with specificity any information called for by this
7  Request that is relevant and reasonably tailored to the needs of the Actions that has not already
8  been provided or is not otherwise already reasonably accessible to Plaintiffs.

9  **INTERROGATORY NO. 13:**

10          Identify all Persons with whom Amazon or its Agents have communicated since
11  2014 regarding Publications that did or potentially would express opinions on the effect of
12  Amazon's use of the challenged PMFN or MMAs on competition or an opinion on the relevant
13  market in which to assess the competitive effects of Amazon's operation of its online store.

14  **ANSWER:**

15          Amazon objects to this Request as overbroad, unduly burdensome, not
16  proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party,
17  insofar as it seeks "all Persons with whom Amazon or its Agents have communicated" regarding
18  "Publications that did or potentially would express opinions" on the topics identified, regardless
19  of whether such information has any connection to the Actions or to the claims or defenses therein.
20  It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and
21  every "Person" with whom Amazon or its "Agents" (as defined by the Requests or as defined by
22  any reasonable definition) may have communicated regarding "Publications that did or potentially
23  would express opinions" on the topics identified so as to respond to this Request, nor is such an
24  inquiry relevant to Plaintiffs' claims.  Amazon specifically adopts its Tenth General Objection
25  above to the definition of "Amazon's Agents" herein.  Amazon further objects to this Request in
26  that it appears intended to harass and annoy Amazon, its employees and third parties, to increase
27  the cost of litigation, and to impeach the integrity of persons who have not been identified as
28  witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*,

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of information regarding experts not retained by Amazon in connection with the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. Amazon further objects to the Request in that it proposes a time frame that is larger than the Proposed Class Period in any of the Actions and therefore seeks information that is not relevant to the Actions. Amazon further objects to the terms "communicated," "did or potentially would express opinions on the effect of," "an opinion on the relevant market in which to assess the competitive effects" and "Amazon's operation of its online store" as vague and undefined.

Subject to and in light of these objections, Amazon does not believe any response to this Request is warranted, but it is willing to meet and confer with Plaintiffs regarding this Request to the extent Plaintiffs can identify with specificity any information called for by this Request that is relevant and reasonably tailored to the needs of the Actions that has not already been provided or is not otherwise already reasonably accessible to Plaintiffs.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 105:

All Documents relating to Your answers in response to Interrogatory No. 8.

## ANSWER:

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 8.  Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks documents regarding Amazon's relationship with "economist[s], antitrust scholar[s] and/or [] economic association[s]" regardless of whether such documents have any connection to the Actions or to the claims or defenses therein.  Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit").  Amazon further objects to this request to the extent it is not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of documents regarding experts not retained by Amazon in connection with the Actions or otherwise seeks documents regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6.  Insofar as Amazon has retained experts to consult on the Actions, those experts would not be subject to discovery.  Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions.  Amazon further objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

defenses of any party, to the extent it seeks documents reflecting "*each economist, antitrust scholar and/or each economic association* to whom Amazon or its Agents have provided payment or funding in connection with his, her, or its economic, academic, or opinion work."  It is not practical, reasonable, or proportionate to the needs of the Actions to produce documents regarding each economist, antitrust scholar or economic association with which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have had a relationship, nor is such an inquiry relevant to Plaintiffs' claims.  Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein.  Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to the terms "economist," "antitrust scholar," "economic association," "research grants," "economics research papers," "litigation consulting services," "competition," "market definition," "retail markets," "online markets," "markets for marketplace services," "price parity policies," "price competitiveness," and "Amazon's specific business practices" as vague and undefined. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents relating to Your answers in response to Interrogatory No. 9.

**ANSWER:**

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 9.  Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks documents regarding each "Publication Amazon or its Agents placed, updated, authored, or published in coordination with other Persons, including . . . providing drafts

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    19

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or comments on Publications to be published over the name of a third party, providing information on background, or connecting reporters to third parties for quotes or comments." It is not practical, reasonable, or proportionate to the needs of the Actions to produce documents reflecting each and every Publication as to which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have provided "information on background" or spoke with a reporter regarding Amazon's business, nor is such an inquiry relevant to Plaintiffs' claims. Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein. Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). Amazon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to the phrases and terms "providing drafts or comments on Publications to be published over the name of a third party," "connecting reporters to third parties," "competition," "market definition," "retail markets," "online markets," "markets for marketplace services," "price parity policies," "price competitiveness," and "Amazon's specific business practices" as vague and undefined.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents relating to Your answers in response to Interrogatory No. 10.

**ANSWER:**

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 10. Amazon further objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

party, to the extent it seeks documents regarding "Publications for which Amazon or its Agents communicated with" the identified individuals regardless of whether such information has any connection to the Actions or to the claims or defenses therein.  It is not practical, reasonable, or proportionate to the needs of the Actions to identify each "Publication" for which "Amazon" or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have communicated with the identified individuals, nor is such an inquiry relevant to Plaintiffs' claims.  Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein.  Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit").  By way of further response, Amazon states that Request No. 107 was (as Plaintiffs concede) motivated by antitrust scholar Dr. Herbert Hovenkamp's critique of their proposed market definition in the Actions, discussed during the "Economics Day" hearing held in *FTC* v. *Amazon.com, Inc.*, No. 23-cv-01495 (W.D. Wash.), and that the sole basis for the Requests is the speculation contained in a 2021 letter by the "Revolving Door Project" questioning Dr. Hovenkamp's impartiality as to companies that are not even litigants in the Actions.  Amazon is surprised to see Plaintiffs question the integrity of Dr. Hovenkamp, especially in light of his direct repudiation of the Revolving Door Project's claims.  *See* Herbert Hovenkamp, (@Sherman1890), X.COM (Nov. 3, 2021, 3:55 PM), https://tinyurl.com/ytj62jtw (responding to the Revolving Door Project that he has received "[n]o payments since [2002], no grants, and no paid board memberships" from any technology company); *see also* Herbert Hovenkamp (@Sherman1890), X.COM (June 9, 2024, 7:19 PM), https://tinyurl.com/3uxpkh9a ("[I] get no money from CTIC [Center for Technology, Innovation & Competition at his university, the University of Pennsylvania] and none from any single firm. My $ are all from the Upenn and [W]harton General employment funds.  You are not thinking through what is entailed if every academic had to run every general funding source all the way up

the ladder."). Further, there is no conceivable connection between the other identified individuals to the Actions at bar and they are thus equally irrelevant. Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of documents regarding experts not retained by Amazon in connection with the Actions or otherwise seeks documents regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the information requested. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. Amazon further objects to this Request in that it calls for documents more readily available from third parties, including but not necessarily limited to the individuals identified by the Request.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents relating to Your answers in response to Interrogatory No. 11.

**ANSWER:**

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 11. Amazon further objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

party, to the extent it seeks documents regarding "the amount of money paid directly or indirectly (including through financial contributions to institutions they work for or have a professional relationship with such as a board seat)" to the identified individuals, regardless of whether such documents have any connection to the Actions or to the claims or defenses therein.  It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and every "institution" that the identified individuals may "work for" or "have a professional relationship with such as a board seat" so as to respond to this Request, nor is such an inquiry relevant to Plaintiffs' claims.  Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit").  By way of further response, Amazon states that Request No. 108 was (as Plaintiffs concede) motivated by antitrust scholar Dr. Herbert Hovenkamp's critique of their proposed market definition in the Actions, discussed during the "Economics Day" hearing held in *FTC* v. *Amazon.com, Inc.*, No. 23-cv-01495 (W.D. Wash.), and that the sole basis for the Requests is the speculation contained in a 2021 letter by the "Revolving Door Project" questioning Dr. Hovenkamp's impartiality as to companies that are not even litigants in the Actions.  Amazon is surprised to see Plaintiffs question the integrity of Dr. Hovenkamp, especially in light of his direct repudiation of the Revolving Door Project's claims.  *See* Herbert Hovenkamp, (@Sherman1890), X.COM (Nov. 3, 2021, 3:55 PM), https://tinyurl.com/ytj62jtw (responding to the Revolving Door Project that he has received "[n]o payments since [2002], no grants, and no paid board memberships" from any technology company); *see also* Herbert Hovenkamp (@Sherman1890), X.COM (June 9, 2024, 7:19 PM), https://tinyurl.com/3uxpkh9a ("[I] get no money from CTIC [Center for Technology, Innovation & Competition at his university, the University of Pennsylvania] and none from any single firm. My $ are all from the Upenn and [W]harton General employment funds.  You are not thinking through what is entailed if every academic had to run every general funding source all the way up

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the ladder."). Further, there is no conceivable connection between the other identified individuals to the Actions at bar and they are thus equally irrelevant. Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of documents regarding experts not retained by Amazon in connection with the Actions or otherwise seeks documents regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to the terms "paid directly or indirectly," "institutions they work for," and "have a professional relationship with such as a board seat," as vague and undefined. Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the documents requested. Amazon further objects to this Request in that it calls for information more readily available from third parties, including but not necessarily limited to the individuals identified by the Request.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents relating to Your answers in response to Interrogatory No. 12.

**ANSWER:**

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 12. Amazon further objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, to the extent it seeks "All" documents regarding "each third party that Amazon makes

financial contributions to that do work related to" the topics identified, regardless of whether such information has any connection to the Actions or to the claims or defenses therein. It is not practical, reasonable, or proportionate to the needs of the Actions to produce "All" documents regarding each and every "trade group," "think tank," "academic institution," "affiliated entit[y]" "non-profit," and other "third party" to which Amazon may have made a financial contribution. Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions. *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit"). Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of documents regarding experts not retained by Amazon in connection with the Actions or otherwise seeks documents regarding the opinions of experts "retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the Actions, insofar as it fails to provide a time frame regarding the documents requested. Amazon further objects to this Request insofar as it calls for information protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. Amazon further objects

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to the terms "each third party," "financial contributions," "do work related to," "trade groups," "think tanks," "academic institutions," and "affiliated entities" as vague and undefined.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents relating to Your answers in response to Interrogatory No. 13.

**ANSWER:**

Amazon objects to this Request on each and every ground to which it objected to Interrogatory No. 13.  Amazon objects to this Request as overbroad, unduly burdensome, not proportionate to the needs of the Actions, and not relevant to the claims or defenses of any party, insofar as it seeks "all Persons with whom Amazon or its Agents have communicated" regarding "Publications that did or potentially would express opinions" on the topics identified, regardless of whether such information has any connection to the Actions or to the claims or defenses therein. It is not practical, reasonable, or proportionate to the needs of the Actions to identify each and every "Person" with whom Amazon or its "Agents" (as defined by the Requests or as defined by any reasonable definition) may have communicated regarding "Publications that did or potentially would express opinions" on the topics identified so as to respond to this Request, nor is such an inquiry relevant to Plaintiffs' claims.  Amazon specifically adopts its Tenth General Objection above to the definition of "Amazon's Agents" herein.  Amazon further objects to this Request in that it appears intended to harass and annoy Amazon, its employees and third parties, to increase the cost of litigation, and to impeach the integrity of persons who have not been identified as witnesses and will not serve as witnesses in the Actions.  *See Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 352 n.17 (1978) ("discovery should be denied when a party's aim is to . . . harass the person" or to "gather information for use in proceedings other than the pending suit").  Amazon further objects to this Request as not consistent with the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(D), insofar as it improperly seeks the disclosure of documents regarding experts not retained by Amazon in connection with the Actions or otherwise seeks information regarding the opinions of experts "retained . . . in anticipation of litigation or to

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS                    26

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

prepare for trial and who is not expected to be called as a witness at trial." Amazon further objects to this Request as not consistent with the Stipulated Motion and Order Regarding Expert Discovery entered in the Actions, which forecloses Plaintiffs from seeking "discovery or disclosure with respect to non-testifying experts." *Frame-Wilson*, Dkt. No. 121 ¶ 6; *De Coster*, Dkt. No. 91 ¶ 6; *Brown*, Dkt. No. 138 ¶ 6. Insofar as Amazon has retained experts to consult on the Actions, those consultants would not be subject to discovery. Insofar as Amazon retained those individuals as experts in connection with other matters, that relationship is irrelevant to the Actions. Amazon further objects to this Request insofar as it calls for documents protected by (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. Amazon further objects to the Request in that it proposes a time frame that is larger than the Proposed Class Period in any of the Actions and therefore seeks information that is not relevant to the Actions. Amazon further objects to the terms "communicated," "did or potentially would express opinions on the effect of," "an opinion on the relevant market in which to assess the competitive effects" and "Amazon's operation of its online store" as vague and undefined.

Subject to these objections, Amazon states that it is willing to meet and confer with Plaintiffs regarding this Request.

DATED this 24th day of April 2025.

**Davis Wright Tremaine LLP**

By:  *John A. Goldmark*
John A. Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 757-8136
(206) 757-7136
johngoldmark@dwt.com
maryannalmeida@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

By: *Karen L. Dunn*
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Kyle Smith (*pro hac vice*)
2001 K Street, NW
Washington, D.C.  20006-1047
(202) 223-7300
(202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
amauser@paulweiss.com
ksmith@paulweiss.com

Meredith Dearborn
535 Mission Street, 24th Floor
San Francisco, CA 94105
(628) 432-5100
(628) 232-3101
mdearborn@paulweiss.com

*Attorneys for Amazon.com, Inc.*

DEFENDANT'S R&Os TO PLAINTIFFS'
SEVENTH RFPs AND FOURTH ROGS

28

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax