UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:21-cv-00693-JHC<br><br>ORDER RE: APPOINTING A SPECIAL MASTER |
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-00965-JHC |

ORDER RE: APPOINTING A SPECIAL MASTER- 1

This matter comes before the Court on Defendant Amazon.com., Inc.'s Motion to Appoint a Special Discovery Master to Address Privilege Disputes. Case No. 21-693, Dkt. # 330; Case No. 20-424, Dkt. # 313, Case No. 22-965, Dkt. # 188. The Court has considered the materials filed in support of and in opposition to the motion, including the parties' proposed orders; the rest of the file; and the governing law. Being fully advised, the Court ORDERS as follows:

1. The Court SELECTS the Honorable Elizabeth D. Laporte (Ret.) as the Special Master in this matter. The Court DIRECTS the Parties to prepare an Order for signature by this Court appointing Judge Laporte as the Special Master. The Special Master will file a declaration under 28 U.S.C. § 455 confirming that there are no grounds for disqualification.

2. The Special Master charges shall be billed at the Special Master's regular hourly rate and borne by the Parties "in proportion to their success (or lack thereof) on the merits of their claims of privilege or work-product protection." Case No. 21-693, Dkt. # 302 at 20. With respect to documents reviewed by the Special Master, Plaintiffs are deemed to have won any challenge as to any specific document where *any* material is determined to have been improperly withheld. Payment to the Special Master shall be made directly to the Special Master and shall be made within 30 days of receipt of any invoice.

3. The Special Master, and any staff or other attorneys facilitating the Special Master's work, will comply with and be bound by the terms of the Amended Protective Orders in these cases.

4. The Parties understand that the Special Master may provide written work product to the Court confidentially and may consult with the Court confidentially.

ORDER RE: APPOINTING A SPECIAL MASTER- 2

5. The Special Master may communicate with counsel in person, by telephone, by videoconference, and/or by e-mail to direct actions by the Parties pursuant to the authority set forth herein or to obtain information needed to carry out his/her responsibilities, so long as no communication with the Special Master is ex parte without the express consent of at least one counsel of record for the other Party, except for communications that relate only to payment of Special Master invoices.

6. Upon request, the Parties shall jointly provide to the Special Master any prior privilege briefing, related hearing transcripts, or related Court orders from this matter as needed to resolve disputes before the Special Master.

7. Voluntary disclosure of privileged or protected information to the Special Master shall not constitute a waiver of privilege or a right of protection in this or any other proceeding.

8. **The Disputes the Special Master has Authority to Hear.** The Special Master will review and decide disputes, including pertaining to the following discovery matters:

    a. Whether specific documents that Amazon has redacted or fully withheld on the basis of the attorney-client privilege and/or the attorney work product doctrine are privileged;

    b. Whether Amazon's redactions for attorney-client privilege and/or attorney work product comply with the applicable legal standards;

    c. Whether Amazon has waived privilege over specific documents;

    d. If applicable, whether Amazon has made a showing of inadvertent production for any documents it seeks to claw back as inadvertently produced; and

    e. Any other privilege dispute that the Court assigns to the Special Master.

ORDER RE: APPOINTING A SPECIAL MASTER- 3

9. The Special Master shall have the authority to set and conduct remote status conferences and/or hearings that may be appropriate, and to enter orders necessary for the prompt and efficient resolution of any assigned disputes.

10. **Applicable Legal Standards**. In deciding any privilege dispute, the Special Master must follow the Court's prior orders in these cases, including its February 3, March 25, and April 2025 Orders and applicable federal privilege law and principles governing privilege and protections in the Ninth Circuit.

11. **Review of Documents Designated as Privileged and/or Work Product.** The Court adopts the following protocol for the review of documents for which Plaintiffs challenge Amazon's privilege claims and the resolution of specific disputes arising from them:

    a. **Plaintiff's Submission.** Plaintiffs seeking a review of documents shall submit a letter not to exceed two single-spaced pages identifying the documents and providing the basis for the challenge. To lessen the burden on the Special Master, no individual challenge shall include more than 100 unique document (though any decision will apply to any duplicate or near duplicate documents or threads), unless the Special Master instructs differently. No more than 100 unique documents may be challenged in any five-business day period.

    b. **Amazon's Response.** Amazon shall submit a responsive two-page, single-spaced letter, along with the relevant privilege log entries, and supplemental information not to exceed one page per document, including any attendant declarations. If Plaintiffs challenge 10 or fewer unique documents, Amazon shall respond within five business days of Plaintiffs' request for review. If Plaintiffs challenge 11 to 100 unique documents, Amazon shall respond within

ORDER RE: APPOINTING A SPECIAL MASTER- 4

seven business days of Plaintiffs' request for review.

    i. Along with its submission, Amazon will make unredacted documents and associated metadata available for the Special Master in the form of electronic PDFs or native redactions within five or seven business days of Plaintiffs' request for review, consistent with the timeline described in this paragraph. To the extent the challenged document cannot be produced in PDF form or native redactions, Amazon will consult with the Special Master and Plaintiffs on the form of production.

    ii. For challenges to documents produced with redactions, Amazon will make the documents available in a form with the redacted portions highlighted or otherwise identified, but not fully redacted, to allow the Special Master to assess whether the redaction is appropriate.

    iii. As provided by ¶12(b)(ii), and subject to the page limits in this paragraph for any argument, Amazon may provide to the Special Master additional documentation or testimony necessary to support Amazon's claim of privilege for specific documents, including but not limited to declarations.

    iv. The Special Master may also request information from Amazon; if Amazon believes such information is itself privileged, Amazon may seek permission to provide such information *in camera*.

c. Within three business days of service of any declarations, Plaintiffs may submit a responsive filing, not to exceed two single-spaced pages per declaration.

d. Parties may seek leave to shorten or lengthen the responsive period and page limit for good cause shown. Such requests for leave may be responded to within

ORDER RE: APPOINTING A SPECIAL MASTER- 5

two business days.

   e. Within four business days of the Special Master issuing a decision that any documents are not privileged, Amazon will make best efforts to either (i) produce PDFs of the documents; or (ii) indicate in writing that it intends to object to the Special Master's decision.

   f. If Amazon indicates in writing by the fourth day that it intends object to the Special Master's decision, it must do so within four days of that notification, using the procedures described for Expedited Joint Motions under the Court's Local Rule 37(a)(2).

12. **Deadlines for Deposition Claw Backs and Emergency Deposition-Related Challenges.**

   a. To reduce the number of disputes related to pre-deposition claw backs, claw back notices for documents affecting any deposition (*i.e.*, documents the witness is a custodian of, received, sent, or authored—in part or in whole), Amazon will use its best efforts to identify any clawbacks for depositions seven days prior to the deposition. Upon Plaintiffs' challenge to a claw back notice, Amazon shall submit a copy of the document claw back according to the timeline outlined in sub-paragraph (b) below.

   b. To the extent that Plaintiffs identify material they want the Special Master to review before a deposition and the timeline described in Paragraph 11 is unworkable, the following procedures apply:

      i. Plaintiffs may challenge up to five documents at a time on an emergency basis. In submitting such a challenge, Plaintiffs must submit the list of documents identified by bates number (if available), and with any

ORDER RE: APPOINTING A SPECIAL MASTER- 6

associated privilege log entry received from Amazon, without any argument. Plaintiffs must identify the witness and date of the relevant deposition.

    ii. After receiving Plaintiffs' request, Amazon must make the documents available to the Special Master within 48 hours. Amazon's response will not exceed one page per document and will indicate whether Amazon will provide a declaration supporting its claim of privilege. If Amazon indicates that it will provide such declaration, it must produce the declaration within two business days after submitting its response.

    iii. The Special Master will issue all rulings related to such documents prior to the deposition of the related witness.

    iv. If a Party seeks to appeal the Special Master's decision to the Court, it must, before the deposition, contact the Court to request permission to file a brief or have a telephone conference.

13. **Privilege Document Disputes During Depositions.** If Defendant raises a claim of privilege document that was not subject to a previous clawback during a deposition, the Special Master will resolve that dispute according to the procedures as follows:

    a. The Parties shall jointly call the Special Master.

    b. If the Special Master is not available, the deposition will proceed, and the dispute may be brought to the Special Master at a later time.

    c. If the Special Master is available, the Special Master, to the extent reasonably practicable, will hear arguments from both Parties by phone or videoconference.

    d. To the extent the Special Master needs to review any documents or other material, the Parties shall make the material available to the Special Master. If

ORDER RE: APPOINTING A SPECIAL MASTER- 7

       Amazon believes such documents or other material are privileged, Amazon may seek permission to provide such documents or other material *in camera*. If the Special Master finds that materials submitted are not privileged, Amazon will make them available to Plaintiffs within two business days.

    e. The Special Master will issue an oral ruling at the end of the conference or will follow up with a ruling before the completion of the deposition. Should no resolution be reached, the deposition will proceed and the Special Master will issue a ruling at a later time.

    f. The Special Master will subsequently issue a written decision.

14. **Status Reports.** The Parties will include in the joint status reports to the Court the following information:

    a. Number of privilege challenges referred to the Special Master to date;

    b. Outcomes of the privilege challenges referred to the Special Master to date;

    c. Any disputes that have arisen during depositions where the Parties contacted the Special Master and the outcomes of those disputes;

    d. Whether the Parties continue to believe that a Special Master is necessary.

15. **Preservation**. The Special Master shall preserve copies of all communications with the Parties' counsel and any third-party communications related to this matter, as well as a complete record of the evidence considered in making any recommendations, findings, or rulings related to any issues she resolves.

16. By signing the consent to serve, the Special Master represents that she consents to serve as provided in this Order and is aware of and will comply with applicable provisions of Rule 53 of the Federal Rules of Civil Procedure including filing an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

ORDER RE: APPOINTING A SPECIAL MASTER- 8

17. This Order may be amended by order of the Court after notice to the Parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

Dated this 7th day of July, 2025.

*[signature: John H. Chun]*

John H. Chun
United States District Judge

ORDER RE: APPOINTING A SPECIAL MASTER- 9