UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:21-cv-00693-JHC<br><br>ORDER |
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-00965-JHC |

ORDER - 1

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel Amazon to Produce Documents and Information Responsive to Plaintiffs' Seventh Set of Requests for Production and Fourth Set of Interrogatories. Case No. 21-693, Dkt. # 377; Case No. 20-424, Dkt. # 347; Case No. 22-965, Dkt. # 216.[1] The Court has reviewed the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. The Court finds oral argument unnecessary. Being fully advised, the Court GRANTS the motion.

Plaintiffs seek documents and answers to interrogatories concerning economists, antitrust scholars, and think tanks whose research on antitrust issues implicated in these cases were solicited, funded, or edited by Amazon. Case No. 21-693, Dkt. # 377 at 4; Case No. 20-424, Dkt. # 347 at 4; Case No. 22-965, Dkt. # 216 at 4. They say that Amazon's economics expert Dr. Loren Hitt relies on the work of economists whose opinions Amazon "solicited, shaped, or funded behind the scenes." *Id.* They say that the discovery is relevant because (1) financial arrangements between a party and a publication author goes to the weight and credibility that should be afforded to the evidence; (2) and that Amazon has not made a showing that these discovery requests place an undue burden on the company. *See generally id.*

Amazon counters that it has not exerted undue influence on the scholars Plaintiffs cite in their motion. Case No. 21-693, Dkt. # 390 at 7; Case No. 20-424, Dkt. # 358 at 7; Case No. 22-965, Dkt. # 225 at 7. It says that Plaintiffs are seeking irrelevant information. *Id.* at 10. Amazon also contends that these discovery requests would chill constitutionally protected speech. *Id.* at 15.

---

[1] The Court reminds Plaintiffs to avoid filing motions on the docket as "documents." If a motion is filed as a "document," it will not appear to the Court as a pending motion. This may lead to delay in its resolution.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26 (b)(1). That said, the 2015 amendments to Rule 26(b)(1), "emphasize the need to impose reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quotations and citation omitted). And district courts have "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also U.S. Fid. & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.").

The party seeking discovery must show that its discovery request is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Availink, Inc. v. Tex. Instruments, Inc.*, No. 22-CV-06947-EKL (PHK), 2025 WL 1592734, at *2 (N.D. Cal. June 5, 2025); *Hilyar v. Safeco Ins. Co. of Am.*, No. C24-0423JLR, 2025 WL 1582287, at *2 (W.D. Wash. June 4, 2025). A "minimal showing" is required to demonstrate relevance. *Arch Ins. Co. v. M.V.C. Enters., Inc.*, No. 5:21-CV-01876-JDE, 2023 WL 2558393, at *3 (C.D. Cal. Jan. 27, 2023). And the party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, Ltd.*, No. 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting discovery must "explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments." *Availink, Inc.*, 2025 WL 1592734, at *2 (citing *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)).

As to Amazon's argument concerning chilling speech, Amazon has not shown that information concerning its commercial strategies affects its First Amendment rights. For example, they cite *Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010), to support this argument; but that case concerned the disclosure of internal political campaign communications and strategy. Amazon does not provide the Court with any information or authority that would establish that the discovery Plaintiffs are seeking would chill such rights. *Cf. Toering v. EAN Holdings LLC*, No. C15-2016-JCC, 2016 WL 11626756, at *3 (W.D. Wash. July 22, 2016) ("The numerous declarations submitted by the Organizations demonstrate the chilling effect that disclosure of such information would have.").

And Plaintiffs have satisfied the "minimal showing" required to demonstrate relevance. *See Arch Ins. Co.*, 2023 WL 2558393, at *3. Plaintiffs present information suggesting that Amazon has communicated with or funded various authors whose papers have been relied on by Dr. Hitt in forming his expert opinion. *See, e.g.,* Case No. 21-693, Dkt. ## 378-2, 378-3; Case No. 20-424, Dkt. ## 348-2, 348-3; Case No. 22-965, Dkt. ## 217-2; 217-3. They also present information suggesting that Amazon's Antitrust Working Group (AWG) commissioned studies that are related to various defenses Amazon has asserted in the litigation. *Id.* Plaintiffs' discovery requests into these areas go to the weight and credibility of Dr. Hitt's testimony. *See, e.g.*, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 505234, at *10 (S.D.W. Va. Feb. 5, 2014) (in resolving the defendant's motion in limine, the court declined to exclude the plaintiffs' evidence concerning payments the defendant made to third-party consultants, authors of medical literature, and trade association publications because evidence of "payments to authors of favorable studies is relevant to the authors' potential bias"); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 392 F. Supp. 3d 179, 186 (D. Mass. 2019) ("It is troublesome, to say the least, for a party to engage a consulting, non-testifying expert; pay for

that individual to conduct and publish a study, or otherwise affect or influence the study; engage a testifying expert who relies upon the study; and then cloak the details of the arrangement with the consulting expert in the confidentiality protections of Rule 26(b) in order to conceal it from a party opponent and the Court.").

As one court explained in an order directing Google and Oracle to disclose the financial relationship of all commentors who have received "payments as consultants, contractors, vendors, or employees,"

> Oracle has disclosed that it retained a blogger as a consultant. Even though the payment was for consulting work, the payment might have influenced the blogger's reports on issues in the civil action. Just as a treatise on the law may influence the courts, public commentary that purports to be independent may have an influence on the courts and/or their staff if only in subtle ways. If a treatise author or blogger is paid by a litigant, should not that relationship be known?

*See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3561366, at *1 (N.D. Cal. Aug. 20, 2012).

Amazon also cursorily asserts that the undue burden imposed on the company by Plaintiffs' discovery requests is "obvious." Case No. 21-693, Dkt. # 390 at 15; Case No. 20-424, Dkt. # 358 at 15; Case No. 22-965, Dkt. # 225 at 15. The party "claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Hall v. Marriott Int'l, Inc.*, No. 3:19-CV-01715-JLS-AHG, 2021 WL 1906464, at *10 (S.D. Cal. May 12, 2021) (quoting *Laryngeal Mask Co. v. Ambu A/S*, No. 07cv1988-DMS-NLS, 2009 WL 10672487, at *2 (S.D. Cal. Jan. 27, 2009)). The company does not provide the Court with any information that would show that Plaintiffs' discovery requests are unduly burdensome. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997) ("[J]ust because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome."); *Nationstar Mortg.,*

*LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) ("Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient" to show undue burden.).

Based on the above, the Court GRANTS Plaintiffs' motion. Amazon shall provide complete responses to Plaintiffs' Fourth Set of Interrogatories and produce all non-privileged documents responsive to Plaintiffs' Seventh Set of Requests for Production, including, but not limited to, non-privileged and responsive documents located in the custodial files of Amazon's Antitrust Working Group members and related groups, as well as Amazon's Agents.

Dated this 8th day of August, 2025.

John H. Chun
United States District Judge