The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, et al., | No. 2:20-cv-00424-JHC |
| Plaintiffs, | **PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S AUGUST 27, 2025 AND SEPTEMBER 2, 2025 ORDERS ON THE LEGAL STANDARDS APPLICABLE TO CLAW BACK ATTEMPTS** |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| Defendant. | |
| | **NOTE ON MOTION CALENDAR:** September 5, 2025 |
| ELIZABETH DE COSTER, et al., | No. 2:21-cv-00693-JHC |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| Defendant. | |
| CHRISTOPHER BROWN, *et al.*, | No. 2:22-cv-00965-JHC |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| Defendant. | |



Pursuant to this Court's July 7 Order (*De Coster*, Dkt. 381) and Federal Rule of Civil Procedure 53(f), Plaintiffs respectfully submit these Objections to the Special Master's August 27, 2025 Order on the legal standards applicable to claw back attempts, Ex. A at 1, and the Special Master's September 2, 2025 Order, Ex. B. Specifically, Plaintiffs challenge the following rulings from the August 27 Order:

- Limitation of Rule 502(b)'s inadvertence requirement to documents reviewed for privilege in the above-captioned cases (not those reviewed for privilege in the *FTC* or *CAAG* cases before reproduction to Plaintiffs);

- Interpretation of mistaken production to include documents (i) "so obviously privileged" and (ii) "so obviously harmful— that a mistake is the only plausible explanation for the production."

*Id.* at 2-3. The Special Master applied the second ruling in its September 2, 2025 Order to find that while Amazon failed to show evidence of inadvertent production, it did not waive privilege nonetheless, because the Special Master thought certain material was "so obviously privileged" and "so obviously harmful" that "a mistake is the only plausible explanation for the production." Ex. B at 5. As explained in greater detail below, Plaintiffs believe these aspects of the Special Master's August 27 and September 2 Orders conflict the Court's prior orders, and should be reversed.

I.    ARGUMENT

A.  Legal Standard.

Review of objections to all findings of law and fact made by a special master are made *de novo* by the District Court, unless the parties stipulate otherwise. *Sukumar v. Direct Focus, Inc.*, 349 F. App'x 163, 165 (9th Cir. 2009); *Moussouris v. Microsoft Corp.*, 2018 WL 2124084, at *1 (W.D. Wash. May 8, 2018) ("the court must decide *de novo* all objections to the findings of fact or conclusions of law made or recommended by a special master"); Fed. R. Civ. P. 53(f)(3)-(4).

PLS.' OBJ. TO THE SPECIAL MASTER'S
AUG. 27, 2025 AND SEPT. 2, 2025 ORDERS - 1
Nos. 2:20-cv-00424-JHC, 2:21-cv-00693-JHC,  2:22-cv-00965-JHC
010888-11/3274567 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**B.    Rule 502(b) Applies to Amazon's Claw Back Requests Involving Documents Reviewed for Privilege Before Production to the FTC and/or California.**

In her August 27 Order, the Special Master ruled that if Amazon reviewed a document for privilege before producing documents to the regulators, and did not conduct a second privilege review before reproducing the documents to Plaintiffs, then the ESI Protocol and Rule 502(d) applies, and Amazon need not make a showing of inadvertence. Ex. A at 3. Plaintiffs cannot square this ruling with the Court's July 17 Order and the arguments the Court already heard and rejected in issuing that Order.

On April 29, 2025, the Court ruled that the Parties' "Protective Order, not [the] ESI protocol, controls the waiver analysis"[1] for clawback documents "that the producing party reviewed for privilege."[2] The documents at issue in that Order were initially produced to the FTC and CAAG and reproduced to Plaintiffs following the privilege re-review.[3]

On June 3, 2025, Plaintiffs moved for an order clarifying the standards applicable to clawbacks in their cases, specifically, that the Amended Protective Order's Rule 502(b) standard applied to the claw backs of *all* inadvertently produced material Amazon produced to Plaintiffs—including documents that were reviewed for privilege before being produced to the regulators but were not reviewed a second time for privilege before production to Plaintiffs. *De Coster*, Dkt. 352 at 1; *see also De Coster*, Dkt. 353 at ¶ 4 (Beringer Decl. ISO Pls.' Mot. for an Order Regarding Protective Order Standards Applicable to Claw Backs in Pls.' Cases). Plaintiffs' argument was based on Amazon's representations that it reviewed every document that was ultimately produced to Plaintiffs for privilege. *Id*. at 2-3.

In response, Amazon argued that the Parties' Amended Protective Order should not apply and that the Rule 502(d) provision in the Parties' ESI Protocol should govern instead. Amazon wrote: "no showing of inadvertence is necessary" for documents first produced to the FTC and

---

[1] *De Coster*, Dkt. 329 at 4 (the April 29, 2025 Order).
[2] *Id.* at 6.
[3] *De Coster*, Dkt. 359 at 8 n.5 (Amazon's Resp. to Pls.' Mot. for an Order Regarding Protective Order Standards Applicable to Claw Backs).

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

California that were not subject to the privilege rereview because "[r]eproductions made into Plaintiffs' cases were conducted *without a separate review for privilege prior to reproduction*." *De Coster*, Dkt. 359 (Amazon's Resp. to Pls.' Mot. for an Order Regarding Protective Order Standards Applicable to Claw Backs in Pls.' Cases) at 3 (emphasis added). Therefore, according to Amazon, "the ESI Protocol controls, not the Protective Order that the Court ruled invokes Rule 502(b)." *Id.*

In their Reply brief, Plaintiffs reiterated that the "question is whether the documents were reviewed for privilege before production, not whether they were reviewed for privilege *twice* . . . and then [produced] to Plaintiffs." *De Coster*, Dkt. 361 at 6 (Pls.' Reply to Mot. for an Order Regarding Protective Order Standards Applicable to Claw Backs). In other words, the question squarely before the Court on Plaintiffs' June 3 Motion was what standard applied to the clawback of documents that were reviewed for privilege before production to the FTC and/or California and then reproduced to Plaintiffs without a second privilege review.

On July 17, the Court ordered: "To claw back *any* documents in Plaintiffs' cases, Amazon *must* make a showing of inadvertence under *Rule of Evidence 502(b), regardless* of whether the documents were produced to Plaintiffs after having been previously produced in another action, or initially withheld in another action on the basis of privilege and produced first to Plaintiffs." *De Coster*, Dkt. 389 at 1 (July 17, 2025 Order) (emphases added). In light of the Parties' briefing, and the Court's April 29 Order stating that "the Amended Protective Order applies to documents that the producing party reviewed for privilege," *De Coster,* Dkt. 329 at 6 (April 29 Order), Plaintiffs interpret the Court's July 17 Order as clarifying that the Rule 502(b) standard set forth in the Amended Protective Order applied to every document Amazon attempts to claw back in their cases that had—before any production in the coordinated actions—been reviewed for privilege. *De Coster*, Dkt. 389 at 1. Moreover, notably absent from the July 17 Order is any adoption of Amazon's position that "the Rule 502(d) language of the ESI Protocols here governs, and no showing of inadvertence is necessary." *De Coster*, Dkt. 359 at 3 (Amazon's Resp. to Pls.' Mot. for an Order Regarding Protective Order Standards Applicable to Claw Backs in Pls.' Cases).



For these reasons, Plaintiffs respectfully appeal the Special Master's determination that the Rule 502(d) provision of the Parties' ESI Protocol applies to clawbacks of documents that were produced after being reviewed for privilege in the *FTC* or *CAAG* cases, and then produced to Plaintiffs without a second privilege review.

## C. The Special Master's "So Obviously Privileged" Standard.

Plaintiffs object to the Special Master's August 27 and September 2 Orders ruling that Amazon cannot waive privilege over a document (i) "so obviously privileged" and (ii) "its disclosure so obviously harmful—that a mistake is the only plausible explanation for the production." Ex. A at 2. Under the Rule 502(b) standard the Court adopted, Amazon must show "the production was a mistake" and that it did not "intend [for] a privileged or work-product protected document to be produced." *De Coster*, Dkts. 329 at 9 (April 29 Order), 302 at 8-9 (March 25 Order). The Court never mentioned a second-step where the Court (or Special Master) should evaluate whether the document is so obviously privileged that production must have been a mistake. Rather, the Court has made clear that a mistake is *not* producing a document that a different attorney reviewing the same document would make a different decision about; Amazon "'cannot later claim inadvertence to shield itself from the consequences of its own judgment call.'" *De Coster*, Dkts. 302 at 9 (March 25 Order), 329 at 11 (April 29 Order).

Now, the Special Master has added a "second-step" for determining inadvertent production. Ex. B at 5. After Amazon has failed to make a showing of inadvertence, the Special Master steps into the shoes of an attorney reviewing the same document to make her own judgment call about whether Amazon's production of the document was a mistake. Ex. B at 6. Plaintiffs are unaware of any Court in the Ninth Circuit providing authority for allowing a court to override insufficient evidence of inadvertence based on the face of the document itself.[4]

---

[4] While a document may appear to be obviously privileged or harmful, Amazon may have intentionally produced the document, nonetheless. It's possible that a reviewer did not conclude that a document was "obviously harmful." It is also possible that Amazon wanted to strategically produce documents given the scrutiny it faces over its improper withholding of documents in Plaintiffs' cases (and in other cases before this Court). For at least these reasons, it strikes Plaintiffs as particularly improper in this case for the Special Master to make conclusions about

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Next, Amazon never argued that the Special Master should presume or find inadvertence based on the obvious privileged nature of the produced document. Quite the opposite, Amazon's counsel referenced his prior declaration that argued Amazon's attorneys reviewing documents for privilege may overlook a reference to legal advice as "the result of privileged material being in lengthy, dense documents." Ex. C at 4 (citing August 5, 2025 Keeling Decl., at ¶ 22 (which in fact underscores privilege "may not be obvious")). Of course, the Court has previously rejected argument that length and complexity of the documents establishes inadvertence. *See De Coster*, Dkt. 329 at 8 (the April 29, 2025 Order) (citing Keeling declaration describing review of "complex, dense, single-spaced documents"). Under that approach, excuses such as the size and difficulty of the review; the complexity, density and length of the documents; and strategies regarding "consistency reviews," cannot show inadvertence. *De Coster*, Dkts. 329 at 9-12, 302 at 8-9.

Respectfully, Plaintiffs ask the Court to clarify that in determining whether documents were inadvertently produced, the Special Master should simply look to whether production was "intentional"—part of a deliberate process—or whether the production was a mistake and *not* consider her own views about how "obviously privileged" or harmful she perceives the material to be. *De Coster*, Dkt. 302 at 8-9.

### D.  September 2 Ruling Applying the "So Obviously Privileged" Standard.

In her September 2 ruling, the Special Master applied her "so obviously privileged" standard. She first found that Amazon "ha[d] not adduced facts showing that production of the Documents was a mistake," but then she nonetheless concluded that certain material in the documents was "so obviously privileged" that "mistake is the only plausible explanation for the production." Ex. B at 5-6. For the reasons explained in Section C, this standard appears to be contrary to the Court's prior orders, and the Special Master cites no authority for her approach. Plaintiffs respectfully ask that the Court find that Amazon waived privilege over the entirety of

Amazon's intent in producing particular documents based only on the face of the document. And it would be improper for another Amazon attorney to make the same conclusion on behalf of the reviewing attorney.



documents subject to the Special Master's September 2, 2025 ruling based on her finding that Amazon failed to show inadvertent production.

### E. Clarification About the Declarations Needed to Establish Inadvertence.

The Special Master's ruling says that "a declaration *from an attorney who reviewed the document*, stating that the attorney intended to label the document as privileged but mistakenly coded it as non-privileged, would likely suffice." Ex. A at 2 (emphasis added). To date, Amazon has only submitted declarations from Robert Keeling, and none of them suggest he personally reviewed any documents that were clawed back. Plaintiffs respectfully seek clarification from the Court on whether to show inadvertence, Amazon must submit a declaration from the actual reviewer to establish that a reviewer actually miscoded a document—rather than a declaration from Robert Keeling opining on another reviewer's intent or mistake.

### F. Special Master Fees.

Should the Court grant Plaintiffs' appeal, they ask that Amazon be assessed the entirety of the Special Master fees associated with these Special Master rulings.

## II. CONCLUSION

For the foregoing reasons, the Court should reverse the Special Master's rulings that (1) Amazon need not prove inadvertence for every document it attempts to claw back in Plaintiffs' cases that has been reviewed for privilege (in Plaintiffs' case *or* in the FTC and/or California case); (2) a document cannot be "so obviously privileged" as to constitute a mistaken production; and (3) that Amazon may maintain privilege over certain portions of documents for which it did not make a sufficient showing of inadvertent production. Plaintiffs also respectfully ask that the Court clarify whether Amazon must present a declaration from the reviewer who actually reviewed a document to make a showing of inadvertent production.


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

*I certify that this brief contains 2,120 words, in compliance with the Local Rules*

DATED: September 5, 2025

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Steve W. Berman*
       Steve W. Berman (WSBA No. 12536)
By:    */s/ Barbara A. Mahoney*
       Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
        barbaram@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean St., Suite 24
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Jessica Beringer (*pro hac vice*)
Shane Kelly (*pro hac vice*)
Alex Dravillas (*pro hac vice)*
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
E-mail: jessica.beringer@kellerpostman.com
        shane.kelly@kellerpostman.com
        ajd@kellerpostman.com

Roseann R. Romano (*pro hac vice*)
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036
Telephone: 202-918-1123
E-mail: Roseann.Romano@kellerpostman.com

PLS.' OBJ. TO THE SPECIAL MASTER'S
AUG. 27, 2025 AND SEPT. 2, 2025 ORDERS - 7
Nos. 2:20-cv-00424-JHC, 2:21-cv-00693-JHC,  2:22-cv-00965-JHC
010888-11/3274567 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

*Co-Lead Class Counsel for the De Coster Class and Interim Co-Lead Counsel for Plaintiffs and the proposed Classes in Frame-Wilson and Brown*

QUINN EMANUEL URQUHART SULLIVAN, LLP

Steig D. Olson (*pro hac vice*)
David D. LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Maxwell P. Deabler-Meadows (*pro hac vice*)
Elle Mahdavi (*pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Email: steigolson@quinnemanuel.com
        davidleray@quinnemanuel.com
        nicolassiebert@quinnemanuel.com
        maxmeadows@quinnemanuel.com
        ellemahdavi@quinnemanuel.com

Aseem Chipalkatti (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Email: aseemchipalkatti@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Executive Counsel for the De Coster Class and Interim Executive Committee for Plaintiffs and the Proposed Classes in Frame-Wilson and Brown*



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Steve W. Berman*

Steve W. Berman

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX