UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:21-cv-00693-JHC<br><br>ORDER |
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:20-cv-00424-JHC |
| CHRISTOPHER BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-00965-JHC |

ORDER - 1

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Objection to the Special Master's August 27, 2025 and September 2, 2025 Orders on the Legal Standards Applicable to Claw Back Attempts. Case No. Case No. 21-693, Dkt. # 424.[1] The Court has reviewed the materials filed in support of and in opposition to the objection, pertinent portions of the record, and the applicable law. Being fully advised, the Court overrules the objection.

# II

## BACKGROUND

After a contentious discovery process, under Federal Rule of Civil Procedure 53, the Court appointed a Special Master to oversee discovery disputes about privilege. Dkt. ## 381 & 386. The objection concerns documents that Amazon, the producing party, "flipped" from other actions involving the Federal Trade Commission (FTC) and the California Attorney General (CA AG) to Plaintiffs in the captioned actions (the Private Cases). Amazon copied the productions in those actions and produced them "as quickly as possible," without "re-reviewing those documents for privilege before production to Plaintiffs." Dkt. # 435 at 2. The Special Master issued two orders, dated August 27, 2025 (the August Order, Dkt. # 424-1) and September 2, 2025 (the September Order, Dkt. # 424-2). Plaintiffs then filed objections to these orders. Dkt. # 424.

---

[1] Docket citations reference filings in *De Coster*, 21-693, unless otherwise noted.

# III

## DISCUSSION

A.   Standard of Review

The parties dispute the standard of review applicable to the Special Master's orders. Plaintiffs say that the Court must review any of the Special Master's findings of fact or conclusions of law de novo, implying that a ruling on the scope of privilege is one, the other, or both. *See* Dkt. # 424 at 2 (citing *Sukumar v. Direct Focus, Inc.*, 349 F. App'x 163, 165 (9th Cir. 2009)); *see* Fed. R. Civ. P. 53(f)(3)–(4). Amazon responds that the Court may review the Special Master's orders only for abuse of discretion, since Rule 53(f)(5) states that a "court may set aside a master's ruling on a procedural matter only for abuse of discretion," and the scope or waiver of privilege under Federal Rule of Evidence 503 is a procedural matter. *See* Dkt. # 435 at 4 (collecting authority).

Amazon's cited authority for its proposition is only persuasive. The company cites the advisory committee's note recapitulating the Congressional debate on Rule 503 for the proposition that the rule "does not alter the substantive law regarding attorney-client privilege or work-product protection," and so the rule must be procedural. But neither the text of Rule 503 nor the advisory committee notes explicitly state that conclusion. Beyond the bankruptcy case *In re Smith*, which Amazon accurately cites for its description of waiver as a procedural issue, *see* 397 B.R. 134, 140 (Bankr. D. Nev. 2008), it cites no other in-Circuit authority for the proposition that scope or waiver of privilege is a procedural rather than substantive issue. Amazon's out-of-Circuit cases are otherwise accurately cited.

In any event, employing either standard of review results in the same outcome of upholding the Special Master's orders. Thus, the Court does reach the issue of whether a

determination regarding waiver of privilege under Rule 502 is a "procedural matter" governed by Rule 53(f)(5) or else a ruling governed by Rule 53(f)(3) and/or Rule 53(f)(4).

B.    Analysis

Plaintiffs raise two objections to the Special Master's conclusions in the August and September Orders.

First, Plaintiffs challenge the Special Master's conclusion that the Rule 502(d) order agreed upon by the parties here, i.e., the ESI Protocol (Dkt. ## 66, 67) applies to Amazon's claw back of documents that Amazon produced without having conducted a review in the Private Cases. Plaintiffs contend that this conclusion departs from the Court's July 17, 2025 Order (the July Order), Dkt. # 389, which states that,

> To claw back any documents in [the Private Cases], Amazon must make a showing of inadvertence under Rule of Evidence 502(b), regardless of whether the documents were produced to Plaintiffs after having been previously produced in another action, or initially withheld in another action on the basis of privilege and produced first to Plaintiffs.

Dkt. # 389 at 1. Plaintiffs say that the July Order clarifies that Rule 502(b) standards apply to "every document Amazon attempts to claw back in their cases that had—before any production in the coordinated cases—been reviewed for privilege." Dkt. # 424 at 3. They say that the Court's April 29, 2025 order (the April Order, Dkt. # 329) compels this interpretation. The Court's April Order states that the Amended Protective Order, Dkt. # 169—which applies Rule 502(b) standards to inadvertently produced documents—"applies to documents that the producing party reviewed for privilege." *See* Dkt. # 329 at 6.

Second, Plaintiffs object to the Special Master's conclusion that certain documents "could be so obviously privileged—and [their] disclosure so obviously harmful—that a mistake is the only plausible explanation for the production." Dkt. # 424-1 at 3. The Special Master

ORDER - 4

used this conclusion to find that seven documents could be clawed back despite Amazon's failure to "adduce[] facts showing that production of the" documents in question "was a mistake." Dkt. # 424-2 at 4.  Relatedly, Plaintiffs seek "clarification" from this Court as to whether, to show inadvertence for Rule 502 standards, Amazon "must submit a declaration from the actual reviewer to establish that a reviewer actually miscoded a document," rather than a declaration from another attorney opining on "another reviewer's intent or mistake." Dkt. # 424 at 7.

        Plaintiffs' first objection does not persuade the Court.  At issue in the July Order were two groups of documents that Amazon had clawed back from Plaintiffs: (1) documents that were first produced to the FTC and the CA AG and then clawed back under protective orders in those actions, *see* Dkt. # 359 at 2 & 6, and (2) documents that were reviewed in the FTC and CA AG actions and withheld, then re-reviewed for privilege, and then "(inadvertently) down-graded as a result of [that] privilege re-review," and then produced to both the regulators and Plaintiffs. *Id*. Put differently, every document at issue in Plaintiffs' motion leading to the July Order had been subject to a review (e.g., documents from the first group) or re-review (e.g., documents from the second group) of some kind in the Private Cases.  Because those documents had already been reviewed or re-reviewed, they are subject to the Amended Protective Order's Rule 502(b) standards under the Court's April Order. *See* Dkt. # 389 at 1 (July Order); Dkt. # 329 at 5–6 (April Order).

        The July Order does not speak to documents that were never reviewed for privilege in the Private Cases.  Rather, the July Order clarifies that, of the documents that the "producing party reviewed for privilege," it does not matter whether those documents "were produced to Plaintiffs after having been previously produced in another action" or "initially withheld in another action on the basis of privilege and produced first to Plaintiffs." Dkt. # 389 at 1.  The July Order says

ORDER - 5

nothing regarding documents that Amazon has not reviewed in the Private Cases, which is what the Special Master concluded.  In turn, and as the Special Master concluded, documents never reviewed in the Private Cases are subject to the ESI Protocol, a Rule 502(d) order under which Amazon need not show inadvertence.  *See also* Dkt. # 435 at 4–5.

Plaintiffs say that their interpretation of the July Order "was based on Amazon's representation that it reviewed every document that was ultimately produced to Plaintiffs for privilege."  Dkt. # 424 at 3.  But Plaintiffs may misapprehend Amazon's position.  Amazon has represented that the privilege re-review that it conducted in late 2024 and early 2025 "did not encompass all" of the documents produced to Plaintiffs in this case.  Dkt. # 435 at 2.  In other words, there are documents that Amazon has produced to Plaintiffs that have never been reviewed, and those documents are subject to Rule 502(d) standards.

Nor does Plaintiffs' second objection persuade the Court.  They object to the Special Master's (1) conclusion that documents may be so obviously privileged that their production was a mistake for Rule 502(b) purposes, as written in the August Order; and (2) application of that conclusion to 34 documents at issue in the September Order.

But the Special Master's "so obviously privileged" conclusion derives from the Court's own determination, set forth in a discovery order dated March 25, 2025 (Dkt. # 302) as to the meaning of "inadvertence" under Rule 502(b).  There, this Court reasoned that "[a]n 'inadvertent disclosure' is simply where the work-product protected document was produced as the result of a mistake."  Dkt. # 302 at 9; *see B&G Foods N. Am., Inc. v. Embry*, 2024 WL 922900, at *2 (E.D. Cal. Mar. 4, 2024); *see also T&W Holding Co., LLC v. City of Kemah, Tex.*, 641 F. Supp. 3d 378, 382 (S.D. Tex. 2022) (in evaluating inadvertence, courts look to "whether the party intended a privileged or work-product protected document to be produced or whether the production was a mistake").  The Special Master merely clarified that under this approach, the

ORDER - 6

production of a document with obvious indicia of privilege amounts to a showing of inadvertence under Rule 502(b).[2]

Finally, the Court declines to order, as Plaintiffs request, that to show inadvertence, Amazon must submit "a declaration from the actual reviewer to establish that a reviewer actually miscoded the document." Dkt. # 424 at 7. Plaintiffs base their request on their characterization of a sentence from the Special Master's August Order that Amazon must produce "a declaration from an attorney who reviewed the document" to show inadvertence. *Id.* (citing Dkt. # 424-1 at 3). But Plaintiffs leave out the conditional at the end of the sentence, to wit: "But a declaration from an attorney who reviewed the document, stating that the attorney intended to label the document as privileged but mistakenly coded it as non-privileged, *would likely suffice*." Dkt. # 424-1 at 3 (emphasis added). It is apparent from context that the Special Master opined on one way Amazon might show inadvertence, not *the only* way.

## IV

### CONCLUSION

For the reasons above, the Court overrules Plaintiffs' objections. Dkt. # 424. The Court ADOPTS the Special Master's August and September Orders.

Dated this 7th day of October, 2025.

John H. Chun
United States District Judge

---

[2] A cursory glance at the documents that the Special Master found to be "so obviously privileged" shows that the documents clearly contain attorney work product. *See* Dkt. # 424-2 at 5–6.

ORDER - 7