UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | No. 2:20-cv-00424-JHC<br><br>**STIPULATED MOTION AND ORDER REGARDING WALMART DATA PRODUCTION POST–CLASS CERTIFICATION**<br><br>**NOTE ON MOTION CALENDAR:**<br>October 20, 2025 |

1      **WHEREAS,** Plaintiffs bring the above-captioned action against Amazon.com, Inc., as a
2  putative class action on behalf of all persons "who, on or after March 19, 2016, purchased from a
3  third-party seller on the Walmart or eBay online retail marketplaces in the United States one or
4  more new, physical products concurrently offered for sale by Amazon's third-party sellers on
5  Amazon Marketplace and monitored by Amazon as part of its competitive price monitoring."
6  ECF No. 165, ¶ 192.

7      **WHEREAS,** Walmart, Inc. ("Walmart") is a third-party.

8      **WHEREAS,** on April 25, 2023, Plaintiffs served a subpoena on Walmart, seeking,
9  among other requests, historical transaction-level sales data reflecting sales from third-party
10 sellers on Walmart's ecommerce platform.

11     **WHEREAS,** Walmart served objections to Plaintiffs' subpoena on May 1, 2023 and has
12 maintained those objections.

13     **WHEREAS,** in 2024, to reduce the burden on Walmart, Plaintiffs agreed to accept a
14 sample of responsive transaction-level sales data that was requested by the California Attorney
15 General before Plaintiffs' motion for class certification is ruled upon, while expressly reserving
16 the right to seek additional data responsive to Plaintiffs' subpoena after the Court rules on
17 Plaintiffs' motion for class certification.

18     **WHEREAS,** on May 30, 2025, to reduce the burden on Walmart, Plaintiffs agreed to
19 accept another sample of responsive transaction-level sales data that was requested by the
20 Federal Trade Commission while expressly reserving "the right to seek additional transaction
21 data from Walmart if required by the Court and/or to facilitate the claims administration process
22 (e.g., a confidential production of data to a special master responsible for allocating damages to
23 individual plaintiffs)."

24     **WHEREAS,** Walmart has objected to producing additional responsive transaction-level
25 sales data responsive to Plaintiffs' subpoena, including on the basis that such a request is unduly
26 burdensome and not proportional to the needs of the case.

27     **WHEREAS,** Walmart deems premature Plaintiffs' request for the entirety of Walmart's
28 transaction-level data reflecting sales from third-party sellers on Walmart's ecommerce platform,

considering that Plaintiffs' motion for class certification is pending (and briefing has not yet concluded).

**WHEREAS,** pursuant to Court Order, the deadline for fact discovery in this action is October 22, 2025. ECF No. 361.

**WHEREAS,** pursuant to Court Order, Plaintiffs' Reply in Support of Motion to Certify Class is due November 7, 2025. ECF No. 350.

**WHEREAS,** the Court will issue its ruling on Plaintiffs' motion for class certification after the close of fact discovery.

**WHEREAS,** Plaintiffs and Walmart seek leave of Court to defer any dispute concerning whether, and to what extent, Walmart must produce additional transaction-level sales data in response to Plaintiffs' subpoena until 30 days after the Court issues its ruling on Plaintiffs' motion for class certification.

**WHEREAS,** Plaintiffs sought Amazon's position regarding the relief requested in this stipulated motion and Amazon does not oppose.

**NOW, THEREFORE**, Plaintiffs and Walmart stipulate and agree as follows:

1. Good cause exists for a limited extension of fact discovery to defer any dispute concerning whether, and to what extent, Walmart must produce additional transaction-level sales data in response to Plaintiffs' subpoena until 30 days after the Court issues its ruling on Plaintiffs' motion for class certification.

2. Walmart consents to this Court's jurisdiction to decide a motion to compel Walmart to produce additional responsive transaction-level sales data filed by Plaintiffs, and Plaintiffs need not first file a motion to compel in the jurisdiction where compliance is required.

3. Walmart will not assert any argument that a motion to compel production of additional Walmart transaction-level data reflecting sales from third-party sellers on Walmart's ecommerce platform filed by Plaintiffs after the Court's ruling on class certification in the above-captioned action is untimely because it is filed after the close of fact discovery so long as it is filed within the timeframe provided in Paragraph 1.

4. Plaintiffs and Walmart respectively reserve all other rights and objections concerning the scope, burden, relevance, cost-sharing, and/or proportionality of Plaintiffs' discovery request to Walmart concerning responsive transaction-level sales data.

5. To the extent Walmart produces additional responsive transaction-level sales data after the fact discovery period, Plaintiffs may use such data in the above-captioned action and in the coordinated cases *De Coster, et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC (W.D. Wash.) and *Brown, et al. v. Amazon.com, Inc.*, No. 2:22-cv-00965-JHC (W.D. Wash.).

DATED: October 20, 2025

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By: */s/ Barbara A. Mahoney*
Barbara A. Mahoney (WSBA No. 31845)
By: */s/ Kelly Fan*
Kelly Fan, WSBA No. 56703
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
barbaram@hbsslaw.com
kellyf@hbsslaw.com

Anne F. Johnson (*pro hac vice*)
594 Dean St., Suite 24
Brooklyn, NY 11238
Telephone: (718) 916-3520
E-mail: annej@hbsslaw.com

KELLER POSTMAN LLC

Zina G. Bash (*pro hac vice*)
111 Congress Avenue, Suite 500
Austin, TX, 78701
Telephone: (512) 690-0990
E-mail: zina.bash@kellerpostman.com

Jessica Beringer (*pro hac vice*)
Shane Kelly (*pro hac vice*)
Alex Dravillas (*pro hac vice)*
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220
E-mail:   jessica.beringer@kellerpostman.com
             shane.kelly@kellerpostman.com
             ajd@kellerpostman.com

Roseann R. Romano (*pro hac vice*)
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036
Telephone: (202) 918-1123
E-mail:   Roseann.Romano@kellerpostman.com

*Interim Co-Lead Counsel for Plaintiffs and the proposed Classes*

MARTINEZ & FARMER LLP

By:    /s/ *Tyler Farmer*
By:    /s/ *Ariel A. Martinez*
     Tyler Farmer, WSBA No. 39912
     Ariel A. Martinez, WSBA No. 54869

4020 East Madison St., Suite 300
Seattle, WA 98112
Telephone: (206) 208-2270
E-mail: tyler@mfseattle.com
          ariel@msfseattle.com

*Attorneys for Walmart, Inc.*

STIPULATED MOTION AND ORDER - 4
Case Nos. 2:20-cv-00424-JHC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                                        */s/ Steve W. Berman*
                                        Steve W. Berman

IT IS SO ORDERED this 21st day of October, 2025.

_John H. Chun_
John H. Chun
UNITED STATES DISTRICT JUDGE