UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON ET AL., | CASE NO. 2:20-cv-00424-JHC |
| Plaintiffs, | ORDER |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant Amazon.com, Inc.'s "Surreply Motion to Strike or, in the alternative, for Leave to Respond" (Dkt. # 435) and Plaintiffs' "Motion to Strike Amazon's February 6 Filings" (Dkt. # 488). The Court has reviewed the materials filed in connection with the motions, the rest of the record, and the governing law. Being fully advised, the Court GRANTS IN PART and DENIES IN PART both motions.

ORDER - 1

## II
### BACKGROUND

In February 2025, Plaintiffs moved to certify a class under Rule 23(b).  Dkt. # 266.  In connection with their motion, Plaintiffs submitted an Expert Report from Dr. Parag Pathak.[1]  *See* Dkt. # 267-1; *see also* Dkt. # 317-1 (corrected version).  In June 2025, Defendant filed its opposition to class certification.  Dkt. # 323.  It also moved to exclude Dr. Pathak's expert testimony.  *See* Dkt. # 325.

Following various discussions and stipulated motions, the parties and the Court agreed that all contemplated briefing for Plaintiffs' Motion for Class Certification (Dkt. # 266) and Defendant's Motion to Exclude Testimony of Parag Pathak, Ph.D. (Dkt. # 325) would be due by November 7, 2025, and January 5, 2026, respectively.  *See* Dkt. ## 350 & 423.  The parties complied with these deadlines.  *See generally* Dkt.

Five days after Plaintiffs submitted their Reply in Support of Class Certification (Dkt. # 429)—the last scheduled filing for the Motion for Class Certification (Dkt. # 266)—Defendant filed a "Surreply Motion to Strike or, in the alternative, for Leave to Respond" (the Surreply Motion).  Dkt. # 435.[2]  This November 12 Surreply Motion contends that Plaintiffs' Reply at Dkt. # 429 is improper because it: (1) advances new opinions from Prof. Pathak; (2) redefines the class in a way that "makes it entirely unclear what purchases are Class Products"; (3) offers new opinions from a new expert, Dr. David Sunding; (4) includes a misleading discussion of Prof. Ostrovsky's deposition testimony; and (5) cites "new factual material, including material that became available after Amazon opposed Plaintiffs' class certification motion."  Dkt. # 435 at 2–

---

[1] In referring to Dr. Pathak (and the other experts in this case), the parties use "Dr.," "Prof.," "Professor," and "Ph.D." interchangeably.  *See generally* Dkt.  The Court adopts these naming conventions.

[2] Defendant later moved for a concurrent expert hearing, which the Court denied on February 26, 2026.  *See* Dkt. ## 448 & 491.

ORDER - 2

4. And it asks that the Court give Defendant "the opportunity to file a surreply with expert reports by February 6, 2026 . . . or, alternatively, that the new material described at a high level [in this motion] be stricken." *Id*. at 2.

The Court did not rule on the Surreply Motion before February 6, 2026. *See generally* Dkt. Nevertheless, on February 6, 2026, Defendant filed a: (1) "Motion to Exclude Testimony of David Sunding, Ph.D." (Dkt. ## 472 & 473); (2) "Declaration of Amy J. Mauser in Support of Amazon.com, Inc.'s Motion to Exclude Testimony of David Sunding, Ph.D." (Dkt. # 474); and (3) "Supplemental Surreply Motion to Strike or, in the alternative, for Leave to Respond" (Dkt. ## 475 & 476). These filings were accompanied by numerous exhibits, including a 3,875-word surreply brief (Dkt. # 476-1), three surrebuttal expert reports (Dkt. ## 476-3–476-5), and hundreds of pages of deposition testimony (Dkt. ## 474-2 & 476-2).[3]

Plaintiffs now move to strike Defendant's submissions at Dkt. ## 472–476 (the February 6 Filings). Dkt. # 488. Plaintiffs argue that these documents should be stricken in their totality because they are "unauthorized, untimely, and overlength." *Id*. at 15. They also argue that the February 6 Filings are unnecessary and unjustified, as Plaintiffs do not raise any new arguments or evidence on reply. *See generally id.*; *see also* Dkt. # 494.

**III**
**DISCUSSION**

A.    Legal Standards

Generally, "[t]he local rules of this District only allow for a motion, response brief from the party opposing the motion, and a reply brief from the moving party." *Clark v. Washington*

---

[3] Although not explicitly stated in the Surreply Motion or the documents themselves, Defendant has since clarified that the documents filed at Dkt. ## 472–476 are "proposed" responses and "conditionally submitted," pending the Court's resolution of the Surreply Motion. *See* Dkt. # 493 at 9.

ORDER - 3

*State Dep't of Health*, 735 F. Supp. 3d 1334, 1342 n.1 (W.D. Wash. 2024) (citing LCR 7(b)). There are, however, a few exceptions.

First, a party may file a surreply—"that is, a second response from a party in opposition"—without leave of court if they meet the standards of LCR 7(g). *Zhai v. Jaddou*, 2024 WL 1701973, at *1 n.1 (W.D. Wash. Apr. 19, 2024). Under LCR 7(g), a surreply must be filed within five days of the other party's reply and cannot exceed 1,050 words. *See* LCR 7(g)(2)–(3). The contents are also limited to "requests to strike material contained in or attached to a reply brief[.]" LCR 7(g); *see also Zhai*, 2024 WL 1701973, at *1 n.1 ("A surreply . . . is not permitted, except for a request to strike material from the moving party's reply brief.").[4]

Second, a party may file additional evidence, such as a surrebuttal report, if they obtain permission from the court.[5] A court may grant leave to file surreply evidence if: (1) the opposing party raises new evidence or issues in a reply brief or rebuttal report; and (2) the court declines to strike the new materials. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond.") (citation omitted); *see also HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2022 WL 3018239, at *2 (W.D. Wash. July 29, 2022) ("[W]hen new evidence or issues are raised on reply, courts have discretion to either strike the reply declarations and portions of the reply brief that present new material or consider the new material after affording the nonmoving party an opportunity to respond."). "Evidence is not

---

[4] Although similar, a surreply motion is distinct from a motion to strike under Federal Rule of Civil Procedure 12(f). *See* LCR (7)(g)(5). Because Defendant filed a surreply, not a Rule 12(f) motion, the Court limits its analysis to whether the Surreply Motion complies with the procedures set forth in LCR 7(g).

[5] *See, e.g.*, *PUMA SE v. Brooks Sports, Inc.*, 2024 WL 2091382, at *4 (W.D. Wash. May 9, 2024) (noting that "Rule 26 does not contemplate surrebuttal reports" but that courts will sometimes still entertain them if the party first seeks permission from the court); *Morgan v. Rohr, Inc.*, 2021 WL 4806472, at *2 (S.D. Cal. 2021) (noting that there is no right to a surreply under the local or federal rules but that a court may still permit a surreply at its discretion).

ORDER - 4

'new,' however, if it is submitted in direct response to evidence or arguments raised in the opposition." *Id.* at *3 (collecting cases). And surreply evidence typically must respond directly to the new evidence and issues raised in the reply,[6] as evidence that could have been submitted with the opposition or that merely seeks to bolster preexisting evidence is an inappropriate use of a surreply.[7]

Last, a party can request permission to file a surreply[8] brief to present additional substantive arguments.[9] On class certification motions, courts may grant leave to file a surreply brief when the plaintiff has substantively modified the class definition in a reply brief[10] or when it believes supplemental information is necessary to ensure that it has a complete record.[11] As

---

[6] *See, e.g.*, *McAndie v. Sequim Sch. Dist.*, 2023 WL 1468469, at *1 (W.D. Wash. Feb. 2, 2023) (permitting the plaintiff to file new evidence in response to the new evidence and arguments raised in the defendant's reply); *Walker v. Conagra Brands, Inc*, 2023 WL 3564743, at *4 (C.D. Cal. May 1, 2023) (authorizing a surreply but limiting it "to new evidence and argument raised by [the opposing party] for the first time in Reply"); *Butler v. Porsche Cars N. Am., Inc.*, 2017 WL 1398316, at *3 (N.D. Cal. Apr. 19, 2017) (considering the defendant's surreply to the extent that it addresses the plaintiff's new arguments on reply).

[7] *See, e.g.*, *Pennington v. Providence Seward Health & Servs. - Washington*, 2013 WL 12095221, at *12 (D. Alaska Mar. 31, 2013) (denying surreply motion because the proposed surreply "was merely an effort to bolster the evidence contained in the summary judgment record"); *MAP Co. v. Lebanese Arak Corp.*, 2018 WL 3357470, at *5 (C.D. Cal. Jan. 5, 2018) (rejecting declaration because "surreplies must not be used to present matters that could and should have been presented with the opposition").

[8] While court-authorized responses to replies are called "surreplies," such responses are distinct from the LCR 7(g) surreply motions discussed above.

[9] *See, e.g.*, *Adamson v. Pierce Cnty.*, 2024 WL 2723813, at *1 n.1 (W.D. Wash. May 28, 2024), *aff'd sub nom. Adamson v. Pierce Cnty. Mun.*, 2025 WL 2181026 (9th Cir. Aug. 1, 2025) ("Parties wishing to file additional briefing must obtain leave from the Court to do so.").

[10] *See, e.g.*, *Garcia v. Schlumberger Lift Sols.*, 2021 WL 1259737, at *3 n.2 (E.D. Cal. 2021) ("[C]ourts have granted leave to file a sur-reply where modified class definitions are presented in reply briefs.") (collecting cases); *Crosby v. Cal. Physicians' Serv.*, 498 F. Supp. 3d 1218, 1224 (C.D. Cal. 2020) (permitting a surreply because the defendants "had not yet had an opportunity to address [the plaintiffs'] new class definition"); *B.R. v. Cnty. of Orange*, 2017 WL 10525878, at *6 (C.D. Cal. Dec. 11, 2017) (permitting a surreply because the plaintiff proposed "an 'alternative' class definition in his reply" and surreply was needed to "'cure[ ]' any issues impeding class certification").

[11] *See, e.g.*, *Torres v. Goddard*, 314 F.R.D. 644, 653 (D. Ariz. 2010) ("In order to 'rule on compliance' with Rule 23, a court may consider supplemental material provided by the parties in order to make an informed judgement.") (citation omitted); *Morgan*, 2021 WL 4806472, at *2 (permitting the defendant to file a surreply "for the Court to consider along with the party's briefing on the issue of class certification" given the breadth of the plaintiffs' reply).

ORDER - 5

with surreply evidence, a court will also permit surreply briefs when a party raises new arguments or issues in their reply. *See Provenz*, 102 F.3d at 1483; *HDT*, 2022 WL 3018239, at *2. But while a court may permit such briefing, it need not do so.[12] And unauthorized surreply briefs, or any unauthorized portions thereof, may be stricken as procedurally improper.[13]

B.      Analysis

At bottom, the parties advance the same argument: the opposing party has presented new material that is not contemplated by the applicable rules and so the Court must either strike it or give the moving party an opportunity to respond. As the parties' proposed solution—striking or granting leave to respond—is clearly the appropriate course of action if the Court should find that either party has improperly presented new material, *see* part III.A above, the only question before the Court is whether either party has in fact presented such material.

In the Sureply Motion, Defendant contends that striking or leave to respond is warranted because Plaintiffs' Reply in Support of Class Certification (Dkt. # 429) raises various new issues and evidence including: (1) new analyses from Dr. Pathak; (2) a new class definition; and (3) a new expert report from Dr. Sunding. *See* Dkt. # 435 at 2–4. Defendant also contends that a surreply is warranted because Plaintiffs' Reply includes an incomplete and misleading discussion of Prof. Ostrovsky's deposition testimony and cites "new factual material" that was unavailable to Defendant when they submitted their class certification opposition. *Id*. at 4; *see also* Dkt. ## 435-1 & 435-2. In its Response to Plaintiffs' Motion to Strike, Defendant clarifies that the February 6 Filings are "proposed" responses to Plaintiffs' purportedly new material, and requests

---

[12] *See, e.g.*, *Vazquez v. Bostock*, 349 F.R.D. 333, 355 n.6 (W.D. Wash. 2025) (adopting a narrower class definition without allowing the defendants to submit supplemental briefing).

[13] *See, e.g.*, *Carr v. Allied Waste Sys. of Alameda Cnty.*, 419 Fed. App'x 728, 728 (9th Cir. 2011) (unpublished) (affirming the district court's decision to strike an unauthorized surreply brief); *Dasenbrock v. Enenmoh*, 2017 WL 1354576, at *1 (E.D. Cal. Apr. 13, 2017) ("Improperly filed surreplies are prohibited and shall be stricken.").

ORDER - 6

that the Court consider these documents only if it "decides to consider the new material in Plaintiffs' reply brief." Dkt. # 493 at 11, 18.

Plaintiffs respond that Defendant should not be given leave to respond and instead, that the February 6 Filings should be stricken in their entirety. *See generally* Dkt. # 488. Plaintiffs' main argument is that Defendant did not receive permission from the Court to file supplemental documents, and so the February 6 Filings are unauthorized filings in violation of the federal and local rules. *Id*. at 9–11. But this argument is misguided. Although the Court agrees that it did not provide pre-authorization for the February 6 Filings, it also notes that Defendant filed a proper surreply motion on November 12, 2025, in which Defendant requested leave to respond by February 6, 2026 should the Court decline to strike Plaintiffs' purportedly new materials. *See generally* Dkt. # 435. As Defendant's Surreply Motion remained pending as of February 6, 2026, the Court does not believe that it was improper for Defendant to file proposed responses on that date. Thus, the Court DENIES Plaintiffs' request to strike the February 6 Filings as "unauthorized" and instead, adopts Defendant's position that the documents at Dkt. ## 472–476 are "proposed" filings, subject to the condition that the Court resolve Defendant's Surreply Motion (Dkt. # 435) by granting leave to respond.

As for Plaintiffs' other arguments, the Court considers them in connection with the five categories of evidence raised in Defendant's Surreply Motion.[14] For the reasons below, it GRANTS IN PART and DENIES IN PART both motions.

---

[14] The Court finds it appropriate to combine the parties' arguments related to the two motions because its resolution of Plaintiffs' Motion to Strike (Dkt. # 488) depends on whether Defendant is permitted to file a surreply. If the Court resolves Defendant's Surreply Motion by striking Plaintiffs' purportedly new materials, the February 6 Filings and Plaintiffs' Motion are moot. In contrast, if the Court grants Defendant leave to respond to Plaintiffs' purportedly new materials, the February 6 Filings should be permitted and Plaintiffs' Motion should be denied, so long as the filings fall within the scope of the Court's leave. On the other hand, if the Court denies Defiant's Surreply Motion, the February 6 Filings must be stricken and Plaintiffs' Motion granted.

ORDER - 7

1.      Dr. Pathak's "New" Analyses

Defendant contends that "[Dr.] Pathak's opinions have significantly shifted[,]" as he "previously stated he applied his model to transaction data to assess impact/harm" yet he now asserts that "he is relying solely on his theoretic 'economic' model to assess impact."  Dkt. # 435 at 2.  It also states that Dr. Pathak's Reply (Dkt. # 432-3), which is repeatedly cited in Plaintiffs' Reply in Support of Class Certification (Dkt. # 429), "makes new claims and performs new analyses relating to pass-through, including (a) a new asymmetric model that Pathak contends demonstrates why PMFNs would result in pass-through of Amazon's fee changes but not the pass-through of Wal-Mart's fee changes; (b) new regressions and statistical tests; and (c) a new model of imperfect 3P seller competition that he says shows the pass-through rates he incorporates in his damages model are conservative."  *Id*. at 3 (internal citations omitted).  And Defendant says the Reply is improper because it "hypothesizes that, absent Amazon's challenged conduct, Wal-Mart would change its pricing policies and no longer have a PMFN" and "claims for the first time that Amazon's challenged conduct impeded Temu from competing."  *Id*.

Plaintiffs respond that, apart from Defendant's baseless argument about Prof. Pathak's supposed "misstatements," "every issue Amazon seeks to address in its February 6 surreply materials is responsive to issues Amazon and its experts have already raised in opposition to class certification[.]"  Dkt. # 488 12–13 (internal citation omitted).  Plaintiffs also contend that Defendant "addressed most of these same issues in its reply brief to exclude Prof. Pathak's testimony, where it had the last word" and thus "suffers no prejudice that would require the extraordinary remedy of permitting it to file supplemental briefing and surreply expert reports."  *Id*. at 13.

The Court does not find that Dr. Pathak's Reply, or the portions of Plaintiffs' Reply that cite it, should be stricken for improperly raising new arguments.  Still, it does conclude that a

ORDER - 8

surreply is warranted.  In reviewing Dr. Pathak's Reply, the Court finds "that some of Prof. [Pathak's] more detailed opinions are not simply rebuttal, but bring up new (albeit related) theories and/or explanations for why he came to the conclusions he did." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, 2021 WL 4899465, at \*3 (D. Idaho Oct. 20, 2021).  It also finds that by submitting "*further* evidence and arguments in support of [Plaintiffs'] motion to certify the class," Prof. Pathak's Reply has "'deprived Defendant[ ] of the opportunity to respond.'" *Morgan*, 2021 WL 4806472, at \*2 (quoting *Do v. Tri City Healthcare Dist.*, 2020 WL 6484633, at \*2 (S.D. Cal. Nov. 4, 2020)) (emphasis in original); *see also City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075, at \*1–2 (N.D. Cal. Apr. 22, 2022) (concluding that an expert presented new arguments on reply because they "offer[ed] a new model based on a new methodology in response to a criticism of [their] opening report").  The Court also agrees with Defendant that there are "obvious efficiencies for the Court to consider this evidence now[,]" Dkt. # 493 at 7, as Dr. Pathak's opinions and analyses are critical to Plaintiffs' pending Motion for Class Certification (Dkt. # 266).

Accordingly, the Court GRANTS Defendant leave to respond to any new arguments raised in Dr. Pathak's Reply and DENIES Plaintiffs' request to strike any portions of the February 6 Filings that purport to respond to such arguments.  In granting leave to respond, however, the Court cautions Defendant to limit its surreply to responding to Dr. Pathak's new arguments and evidence.  The Court will *not* consider surreply arguments that could have been presented in Defendant's Opposition.  The Court will also ignore any surreply arguments that relate to the admissibility of Dr. Pathak's expert opinions, as the admissibility question has been fully briefed in connection with Defendant's Motion to Exclude Testimony of Parag Pathak,

ORDER - 9

Ph.D. (Dkt. # 325), and such arguments do not "respond" to the further evidence and arguments raised by Dr. Pathak's Reply.[15]

### 2. Plaintiffs' "New" Class Definition

Defendant contends that Plaintiffs' Reply in Support of Class Certification (Dkt. # 429) announces a new class definition to which Defendant should be allowed to respond. *See* Dkt. # 435 at 3. In the Surreply Motion, Defendant argues that under the new class definition, it is "entirely unclear what purchases are Class Products." *Id.* Defendant's proposed surreply brief, however, abandons this argument and instead contends that the revised class definition fails because it "includes millions of uninjured class members" and does not "adequately account for seller pricing strategies[.]" Dkt. # 476-1 at 13–15.

Plaintiffs respond that a surreply is unwarranted because: (1) "Amazon no longer claims that the class definition is ambiguous, one of the supposed grounds of prejudice to Amazon"; (2) "Amazon does not refute that the percentage of potentially uninjured class members is within the 5% range that *Olean* permits"; and (3) "Amazon is not prejudiced by a modification that results in a narrower class and thus reduces its exposure." Dkt. ## 488 at 11; 494 at 4. But Plaintiffs' argument ignores a critical detail: Plaintiffs introduced a new class definition in a reply brief. As the class definition is fundamental to the parties' arguments on class certification, Plaintiffs' new class definition can fairly be characterized as a new argument that was improperly raised for the first time on reply. Accordingly, striking the new definition or granting Defendant leave to respond is an appropriate course of action, even if Defendant has not shown prejudice. *See Provenz*, 102 F.3d at 1483; *see also HDT*, 2022 WL 3018239, at *2.

---

[15] Upon a cursory review, the Court finds that the proposed surreply brief at Dkt. # 476-1 does not currently meet these standards.

ORDER - 10

Because the Court determines that it would be inefficient to strike Plaintiffs' amended class definition and have Plaintiffs re-move for class certification, it declines to strike the new class definition raised by Plaintiffs' Reply (Dkt. # 429).  Instead, it GRANTS Defendant leave to respond and DENIES Plaintiffs' request to strike any portions of the February 6 Filings that purport to respond to Plaintiffs' newly amended class definition.

3.    Dr. Sunding's "New" Expert Opinions

Defendant contends that Dr. Sunding's Expert Report (Dkt. # 457-1) presents "new affirmative opinions" to which it is entitled to respond.  Dkt. # 435 at 4.  It argues that Dr. Sunding's opinions are new because "Plaintiffs did not offer opinions on how focal point pricing and other pricing strategies affect 3P seller prices on Walmart and eBay until [Dr. Sunding's] 47-page report[.]" *Id*.  Defendant also separately moves to exclude Dr. Sunding's report as unreliable expert testimony under Federal Rule of Evidence 702.  *See* Dkt. ## 472 & 473.

Plaintiffs respond that Defendant should not be allowed to submit surrebuttal reports or argue for the exclusion of Dr. Sunding's testimony.  *See generally* Dkt. # 488.  They contend that Defendant's proposed surrebuttal reports are unwarranted because Dr. Sunding's opinions on focal point pricing are not "new," as "Prof. Pathak opined on the effects of seller pricing strategies like focal point pricing on sellers' pass-through of Amazon's inflated referral fee[.]" *Id*. at 11.  They also argue that Defendant's Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473) is an unauthorized and untimely *Daubert* motion, and thus should be stricken.  *Id*. at 14–15.

As for the new opinion issue, the Court does not find striking or leave to respond warranted.  Although parties may submit rebuttal reports, surrebuttal reports are generally not permitted, absent leave of court.  *See* Fed. R. Civ. P. 26; *see also PUMA*, 2024 WL 2091382, at *4.  In determining whether to grant leave, courts are guided by the standards for rebuttal

ORDER - 11

testimony set forth by Federal Rule of Civil Procedure 26.  Under this rule, a party may submit rebuttal expert testimony if it "is intended solely to contradict or rebut evidence on the same subject matter identified by [an initial expert witness.]"  Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also PUMA*, 2024 WL 2091382, at *3 ("A report must satisfy two elements to qualify as a rebuttal report: it must address the same subject matter as another party's expert report and must be intended solely to contradict or rebut that report.") (citation and internal quotation marks omitted).  And although a party may not slip new arguments into a rebuttal report to sandbag their opponent, *see In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008), "[n]othing in the text [of Rule 26] prohibits a party from contradicting or rebutting another party's expert report simply because the report addresses an expected topic."  *U.S. Bank, N.A. v. Glogowski L. Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021).

If a court determines that the expert's rebuttal report meets the standards for rebuttal testimony under Rule 26, it generally accepts the report and declines to give the opposing party another opportunity to respond.[16]  If, however, a court determines that the report does not satisfy these standards, it will strike the report or grant the opposing party leave to file surrebuttal expert reports.[17]

---

[16] *See, e.g.*, *In re Cathode Ray Tube Antitrust Litig.*, 2015 WL 4451579, at *4–5 (N.D. Cal. 2015) (declining to strike rebuttal report from a previously undisclosed expert because the defendants "have not asserted that [the rebuttal] report introduces new rather than rebuttal evidence[,]" although still considering the defendants' surrebuttals to "cure[ ] any prejudice"); *HDT*, 2022 WL 3018239, at *3 (declining to strike expert declarations because they "directly respond to the issues and evidence that [the opposing party] submitted"); *City of Pomona v. Sociedad Quimica Y Minera De Chile SA*, 2018 WL 11714402, at *1 (C.D. Cal. May 1, 2018) (accepting the defendants' reports as "proper rebuttal reports" and striking the plaintiff's reports as "improper" surrebuttals).

[17] *See, e.g.*, *Haldane v. Hammond*, 2017 WL 4122545, at *5 (W.D. Wash. 2017) (declining to consider a declaration from a new expert because the expert raised new arguments and evidence that were absent from the plaintiffs' complaint and motion for class certification); *People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1191–93 (S.D. Cal. 2016) (excluding report of newly introduced expert because he was not properly disclosed as an "expert" under Rule 26 and instead, was disingenuously designated as a "rebuttal expert"); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835, at

ORDER - 12

Here, the Court finds that Dr. Sunding's Expert Report (Dkt. # 457-1) constitutes permissible rebuttal. The Report addresses the same subject matter—focal point pricing—as Defendant's expert reports. *See generally* Dkt. # 457-1. It can also be fairly characterized as "intended solely to contradict or rebut" Prof. Berger's and Prof. Hitt's reports. *See id*.; *PUMA*, 2024 WL 2091382, at *3. Defendant also does not argue that Plaintiffs improperly characterized Dr. Sunding as a "rebuttal expert," that the Report offers new arguments or models that were not contemplated by Dr. Pathak's report, that Dr. Sunding's opinions are unresponsive to the issues raised in Defendant's opposition, or that the Report otherwise exceeds the boundaries of proper rebuttal testimony under Rule 26. *See generally* Dkt. ## 435 & 493. The Court thus finds no basis to strike Dr. Sunding's Expert Report (Dkt. # 457-1) or grant Defendant leave to file any surrebuttal reports. Accordingly, it DENIES Defendant's Surreply Motion as to Dr. Sunding's rebuttal report and GRANTS Plaintiffs' request to strike any portions of the February 6 Filings that purport to respond to this report.[18]

---

*4 (N.D. Cal. Nov. 15, 2011) (striking one of the plaintiff's two rebuttal reports, as the plaintiff "identified no facts or law that would justify [a second report from a new expert]"); *Morgan*, 2021 WL 4806472, at *2–3 (granting surreply because the plaintiffs submitted "further evidence and arguments in support of their motion to certify the class," including a declaration by a "previously-undisclosed expert," "rather than merely responding to [the defendants'] opposition to the motion"); *Century Indem. Co. v. Marine Grp., LLC*, 2015 WL 5521986, at *3–6 (D. Or. 2015) (striking rebuttal report because it presented new arguments and evidence that pertained to fundamental issues in the case and so was "not a proper rebuttal report"); *Purdue*, 2022 WL 1203075, at *1–2 (excluding expert report because it offered "a new model based on a new methodology in response to a criticism of [the expert's] opening report"); *McCain Foods*, 2021 WL 4899465, at *3–4 (permitting surrebuttal because the expert's rebuttal report included opinions that "are not simply rebuttal").

[18] Although the Court strikes these filings as unauthorized surreply materials, nothing in this Order should be read to preclude Defendant from properly re-raising these arguments and/or re-submitting this evidence in connection with its Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473). This Order should also not be read to preclude Defendant's experts from testifying to their critiques of Dr. Sunding's opinions, provided that such critiques are limited to true rebuttals and do not propose new arguments or evidence. *See, e.g.*, *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, 2018 WL 1938555, at *4 (N.D. Cal. Apr. 25, 2018) (striking expert reports but concluding that the experts may "testify at their depositions regarding not only the subject matter of their initial reports but also any critiques of their opinions presented in the rebuttal reports, although they may not present new opinions, arguments, or evidence as *alternatives* to opinions, arguments, or evidence that [the rebuttal] experts criticized") (emphasis in original).

ORDER - 13

As for the timeliness issue, the Court does not find that Defendant's Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473) is untimely.  The Court finds nothing in its scheduling orders that would prevent Defendant from filing a *Daubert* motion in response to a new expert report filed by Plaintiffs.  Although the Court ordered the parties to complete briefing on class certification and "Amazon's *Daubert* Motion," i.e., Defendant' Motion to Exclude Testimony of Parag Pathak, Ph.D (Dkt. # 325), by January 5, 2026, the Court never stated that Defendant was not allowed to file a second *Daubert* motion should Plaintiffs introduce a new expert.  *See generally* Dkt. ## 350 & 423.  The Court also does not find it fair to impose Plaintiffs' requested June 6, 2025 deadline on *Daubert* motions where, as here, Plaintiffs did not file the challenged expert report until after the suggested deadline.

Thus, rather than penalizing Defendant and striking its motion at Dkt. ## 472 & 473, the Court finds it more appropriate to consider the motion after giving Plaintiffs a reasonable opportunity to respond.  *See Plexxikon Inc. v. Novartis Pharms. Corp.*, 2020 WL 1325068, at *1 (N.D. Cal. 2020); *see also* Dkt. # 488 at 15 (Plaintiffs request "an opportunity to respond within a reasonable time" should the Court decline to strike the Motion).  Accordingly, the Court DENIES Plaintiffs' request to strike Defendant's Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473) and GRANTS Plaintiffs leave to respond.

4.    Plaintiffs' "New" Factual Material

Defendant contends that Dr. Pathak's Reply (Dkt. # 432-3) and Plaintiffs' Reply in Support of Class Certification (Dkt. # 429) "cite new factual material, including material that became available after Amazon opposed Plaintiffs' class certification motion."  Dkt. # 435 at 4. The Surreply Motion lists many "new" depositions and documents that were cited by Plaintiffs' replies.  *See* Dkt. # 435-2.  But it does not specify how or why this evidence is important to the parties' class certification arguments.  *See generally* Dkt. # 435.  Defendant also does not explain

ORDER - 14

why Plaintiffs' citations to these materials amount to improperly introducing new evidence in a reply rather than "direct[ly] respon[ding] to evidence or arguments raised in the opposition." *HDT*, 2022 WL 3018239, at *3. Nor does Defendant advance any meaningful arguments about why it will be prejudiced if it is not allowed to respond to this new material. *See generally* Dkt. ## 435 & 493.

The Court thus does not find a proper basis to strike the newly cited materials or grant Defendant leave to respond. And so it DENIES Defendant's Surreply Motion as to this evidence and GRANTS Plaintiffs' request to strike any February 6 Filings that are based on this purportedly new material.

5.    Plaintiffs' "Misrepresentation" of Prof. Ostrovsky's Testimony (& Defendant's Other Deposition Transcripts)

Defendant contends that it "should be permitted to supplement Plaintiffs' excerpts [of Prof. Ostrovsky's deposition testimony] so the Court has the complete record." Dkt. # 435 at 4. While not mentioned in the Surreply Motion, the February 6 Filings also include many other deposition transcripts. *See* Dkt. ## 474-2 & 476-2 (Exhibits B–P).

Plaintiffs do not argue that Defendant is not allowed to submit deposition excerpts to cure any purported misrepresentations in Plaintiffs' briefings. *See generally* Dkt. # 488. Instead, they argue that the filing of Prof. Ostrovsky's deposition testimony on February 6, 2026 was improper because Defendant was required "to submit excerpts of Prof. Ostrovsky's deposition with its November 12 surreply[.]" *Id*. at 9, 11. They also argue that the other deposition transcripts filed on February 6, 2026 are "strictly gratuitous" because "Amazon does not even have a colorable ground for filing [them]." *Id*. at 11.

As for Prof. Ostrovsky's deposition testimony (Dkt. # 476-2 (Exhibit A)), the Court finds no basis to strike. Neither LCR 7(g) nor Plaintiffs' cited Order from *De Coster v. Amazon.com*,

ORDER - 15

No. 2:21-cv-00693-JHC, state that deposition testimony may be submitted to cure misrepresentations only if it is attached to a surreply motion. *See generally* LCR 7(g); *De Coster*, No. 2:21-cv-00693-JHC, Dkt. # 366 at 4 n.3. The Court is also aware of no rule or prudential reason to exclude deposition testimony on this basis, especially where, as here, Defendant raised the misrepresentation issue in a timely surreply motion and stated that it intended to file supplemental deposition excerpts.[19] And the Court affirms its decision in *De Coster*—for the sake of completeness, a party should be allowed to submit further deposition testimony if the opposing party's reply mischaracterizes the deponent's testimony. *See De Coster*, No. 2:21-cv-00693-JHC, Dkt. # 366 at 4 n.3. Accordingly, the Court finds it proper to allow Defendant to supplement Prof. Ostrovsky's deposition testimony. It thus GRANTS Defendant's request to submit excerpts of Prof. Ostrovsky's deposition transcript and DENIES Plaintiffs' request to strike Dkt. # 476-2 (Exhibit A).

The Court does not, however, find any reason to accept the other deposition excerpts filed on February 6, 2026. Unlike with Prof. Ostrovsky's testimony, Defendant does not claim that Plaintiffs misrepresented these deponents' statements. *See generally* Dkt. ## 435 & 493. Defendant also did not call attention to these depositions in the Surreply Motion, nor provide any justification in its Response to Plaintiffs' Motion to Strike as to why it needed to file, and did file, these deposition transcripts. *See generally id*. The Court thus concludes that the deposition transcripts at Dkt. # 474-2 and Dkt. # 476-2 (Exhibits B–P) are beyond the scope of the Surreply

---

[19] Because the Court finds that Defendant was not required to file these excerpts with its November 12 Surreply Motion, it likewise rejects Plaintiffs' argument that Defendant's failure to justify its decision to file on February 6, 2026 is legally significant. *See* Dkt. ## 488 at 9; 494 at 6.

ORDER - 16

Motion's request for leave to respond.  Accordingly, it GRANTS Plaintiffs' request to strike these filings as unauthorized surreply materials.[20]

**IV**
**CONCLUSION**

For these reasons, the Court:

(1) GRANTS IN PART and DENIES IN PART Defendant's Surreply Motion (Dkt. # 435).  Defendant's request to strike is DENIED.  Defendant's request for leave to respond in the alternative is GRANTED as to Dr. Pathak's "new" analyses, Plaintiffs' "new" class definition, and Prof. Ostrovsky's deposition testimony.  Defendant's Surreply Motion is otherwise DENIED.

(2) GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Strike (Dkt. # 488).  Plaintiffs' request to strike is GRANTED as to the unexplained deposition transcripts, the portions of the February 6 Filings that purport to respond to Dr. Sunding's Expert Report, and the portions of the February 6 Filings that purport to respond to Plaintiffs' newly cited factual material.  Plaintiffs' request to strike is DENIED as to Prof. Ostrovsky's deposition testimony (Dkt. # 476-2 (Exhibit A)), Defendant's Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473), and the portions of the February 6 Filings that purport to respond to Dr. Pathak's "new" analyses and Plaintiffs' "new" class definition.

(3) GRANTS Plaintiffs leave to respond to Defendant's Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. ## 472 & 473).  The parties are directed to meet and confer within the next five court days to set a briefing schedule and new noting date.

_____

[20] Although the Court strikes these filings as unauthorized surreply materials, nothing in this Order should be read to preclude Defendant from properly resubmitting these deposition transcripts in connection with an authorized filing.

ORDER - 17

(4) STRIKES the remaining, i.e., non-stricken, portions of the February 6 Filings.

Defendant is DIRECTED to refile any surreply materials authorized by this Order as a single docket entry by April 1, 2026. Defendant's surreply brief shall not exceed 3,875 words and shall be limited to addressing Plaintiffs' new class definition and rebutting Dr. Pathak's new arguments. Extraneous arguments, evidence, and other materials that are not authorized by this Order will be stricken or ignored.

Dated this 18th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 18