UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON ET AL., | CASE NO. 2:20-cv-00424-JHC |
| Plaintiffs, | REDACTED ORDER |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

**I**
**INTRODUCTION**

This matter comes before the Court on: (1) Plaintiffs' Local Rule 7(g) Surreply Motion to Strike (Dkt. # 519); (2) Defendant Amazon.com, Inc.'s Request for Leave to Respond to Plaintiffs' Local Civil Rule 7(g) Surreply Motion to Strike (Dkt. # 520); and (3) Defendant Amazon.com, Inc.'s Motion to Exclude Testimony of David Sunding, Ph.D. (Dkt. # 473). The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court: (1) DENIES Plaintiffs' Surreply Motion to Strike (Dkt. # 519); (2) DENIES Defendant's Request for Leave to Respond (Dkt. # 520); and (3) DENIES Defendant's Motion to Exclude (Dkt. # 473).

REDACTED ORDER - 1

**II**

**DISCUSSION**

A.    Plaintiffs' Surreply Motion to Strike (Dkt. # 519)

Plaintiffs request that the Court strike certain arguments and evidence—the deposition excerpts at Dkt. # 517, Exhibit F, and Defendant's arguments at Dkt. # 516, §§ II–III—because they were improperly raised for the first time in Defendant's Reply (Dkt. # 516).  *See generally* Dkt. # 519.

A party is generally prohibited from raising new evidence or arguments on reply.  *See Alaska Loc. 375 Plumbers & Pipefitters Tr. Funds by Hubbard v. Wolf Creek Fed. Servs., Inc.*, 2023 WL 2138302, at *2 (W.D. Wash. Feb. 21, 2023) (collecting cases).  But it is also true that new evidence or arguments in a reply brief should not be stricken if they are "a reasonable response to points made in the [other party's] brief."  *ACLU of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1106 n.14 (9th Cir. 2003).  And parties are permitted to raise "new" arguments or evidence on reply, even if they could have been raised in the initial motion, so long as such arguments and evidence "directly rebut issues raised in the non-movant's opposition to [the] motion."  *Hanney v. Epic Aircraft*, 2024 WL 2106210, at *5 (D. Or. May 10, 2024) (collecting cases).

Here, Defendant's Reply raises new evidence and arguments—an argument critiquing Dr. Sunding's rounding rule, an argument critiquing Dr. Sunding's discussion of confounding factors, and citations to additional excerpts from Dr. Sunding's deposition.  *See generally* Dkt. # 516.  But such evidence and arguments directly respond to the points made in Plaintiffs' Response, *see id*.; *see also* Dkt. # 511, and so are properly raised on reply.  *See ACLU*, 333 F.3d at 1106 n.14.  Plaintiffs thus fail to provide a valid basis to strike these materials, and so the Court DENIES Plaintiffs' Motion (Dkt. # 519).

REDACTED ORDER - 2

B.    Defendant's Request for Leave to Respond (Dkt. # 520)

Defendant requests leave to respond to Plaintiffs' Surreply Motion to Strike (Dkt. # 519). *See generally* Dkt. # 520.

A party may respond to a surreply motion only with permission from the court. *See* LCR 7(g).  Here, the Court has not granted Defendant permission to respond.  *See generally* Dkt.  Nor is a response necessary due to the Court's denial of Plaintiffs' Surreply Motion in part II(A) above.  Accordingly, the Court DENIES Defendant's Request (Dkt. # 520) and STRIKES Defendant's proposed response at Dkt. # 520-1 as an unauthorized filing.

C.    Defendant's Motion to Exclude (Dkt. # 473)

Defendant seeks to exclude Dr. Sunding's expert opinions under Federal Rule of Evidence 702.  *See generally* Dkt. # 473.

Federal Rule of Evidence 702 "charges trial courts to act as gatekeepers to ensure any expert testimony is reliable as well as relevant." *Morrison v. Washington*, 2023 WL 5287647, at *2 (W.D. Wash. Aug. 17, 2023); *see also Daubert v. Merrell Dow Pharms., Inc. (Daubert I)*, 509 U.S. 579, 589–91, 597 (1993).  "The proponents of expert testimony bear the burden of establishing its admissibility over the objections of the opposing party by a preponderance of the evidence." *Qualey v. Pierce Cnty.*, 2025 WL 254810, at *3 (W.D. Wash. Jan. 21, 2025).  But "district courts enjoy considerable discretion in admitting or excluding expert testimony[,]" *Goren on Behalf of Est. of Goren v. SMA Hub, Inc.*, 2025 WL 3485722, at *11 (D. Or. Dec. 4, 2025) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)), and are instructed to liberally construe Rule 702 in favor of admissibility.  *See Daubert I*, 509 U.S. at 588; *see also Chinn v. Whidbey Pub. Hosp. Dist.*, 2021 WL 5200171, at *2 (W.D. Wash. Nov. 9, 2021).

Expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert I*, 509 U.S. at 588 (quoting Fed. R. Evid. 702(a)).  This is

REDACTED ORDER - 3

a low bar, "demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharms., Inc. (Daubert II)*, 43 F.3d 1311, 1315 (9th Cir. 1995)).

"Expert testimony is reliable if it is 'based on sufficient facts or data,' 'is the product of reliable principles and methods,' and 'reflects a reliable application of the principles and methods to the facts of the case.'" *Church of the Gardens v. Quality Loan Servs. Corp.*, 2025 WL 2524463, at *5 (W.D. Wash. Sept. 2, 2025) (quoting Fed. R. Evid. 702(b)–(d)).  In assessing reliability, courts often consider: "(1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert I*, 509 U.S. at 592–94).  But this list of factors is neither exhaustive nor applicable in every case.  *See id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999)).  And courts are vested with "broad latitude" to decide both "whether an expert's testimony is reliable" and "*how* to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002)) (emphasis in original).

At the admissibility stage, courts can exclude expert testimony "that suffers from serious methodological flaws[.]" *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (cleaned up and citations omitted).  But a court may not "determine the veracity of the expert's conclusions[.]" *Id*.  And "[d]isputes as to the strength of an expert's credentials, faults in [the expert's] use of a particular methodology, or lack of textual authority for [the expert's] opinion,

REDACTED ORDER - 4

go to the weight, not the admissibility, of [the expert's] testimony." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (cleaned up and citations omitted).

Here, Defendant argues that Dr. Sunding's opinions should be excluded because: (1) Dr. Sunding's methodology is unreliable, as it excludes the data reflecting no price changes; (2) Dr. Sunding's analysis does not "fit" Plaintiffs' claims, as Dr. Sunding concedes that focal point pricing can result in no pass-through but then performs flawed analyses to try to minimize the prevalence of it; and (3) the data refutes Dr. Sunding's critique of Dr. Berger's analysis of the impact of the February 2019 fee changes on prices. *See generally* Dkt. # 473. But none of these arguments provide a proper basis for exclusion.

To begin, the Court notes that Defendant seems to misunderstand the role of Dr. Sunding's rebuttal testimony. Defendant's filings suggest that the admissibility of Dr. Sunding's testimony depends on whether Dr. Sunding's report can be said to reliably answer the question of "whether, in Professor Pathak's but-for world, sellers would pass through the small cost increases predicted by Pathak's model." *See* Dkt. # 516 at 4; *see also* Dkt. # 473 at 5. But this is not the proper admissibility inquiry.

As a rebuttal expert, Dr. Sunding "cannot put forth [his] own theories"; his testimony is restricted "to attacking the theories offered by [Defendant's] experts." *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995). And while rebuttal experts may attack the opposing expert's theory by "offering a different, purportedly better methodology[,]" *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016), this is not the only acceptable means of rebutting another expert's testimony. Instead, rebuttal experts like Dr. Sunding may seek to challenge the opposing expert's core assumptions, opine on other methods or facts that the opposing expert failed to consider, or identify any other flaws or methodological challenges with the opposing

expert's analyses.[1]  Accordingly, the question before the Court is not whether Dr. Sunding has presented a reliable methodology for determining whether third-party sellers pass through small cost changes to consumers; it is whether Dr. Sunding reliably critiques Dr. Berger's opinions and employs a reliable methodology to determine whether Professor Pathak's conclusions are undermined by Dr. Berger's opinions.

Applying this proper inquiry for admissibility, the Court sees no reason to exclude Dr. Sunding's opinions.  As for the data exclusion issue, Defendant observes correctly that Dr. Sunding did not examine all transaction data to consider the extent to which focal point prices (FPPs) versus non-FPPs changed in response to small changes in costs.  *See generally* Dkt. # 457-1.  But this is not fatal to the reliability of Dr. Sunding's opinions.  Contrary to Defendant's position, Dr. Sunding need not calculate the frequency of small price changes in the full data set to reliably critique Dr. Berger's conclusion that FPPs prevent sellers from implementing the small price changes that Professor Pathak's model predicts: Dr. Sunding need only show that Dr. Berger employed a flawed methodology to critique Professor Pathak's opinions—for example, by challenging Dr. Berger's core assumption that every FPP retains the same last two digits. Defendant also presents no compelling argument as to why Dr. Sunding must evaluate the no-price change data to reliably show that Dr. Berger's analysis is misguided.  *See generally* Dkt. ##

---

[1] *See, e.g.*, *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 332 (D. Ariz. 2022) (denying motion to exclude because the expert's "rebuttal opinions directly attack the assumptions that [the other expert] made throughout [their] report"); *Laflamme v. Safeway, Inc.*, 2010 WL 3522378, at *3–4 (D. Nev. Sept. 2, 2010) (denying motion to exclude because "[c]ontradicting expert opinions, questioning methodology, and opining on methods and facts [the other] experts did not consider are precisely the type of rebuttal testimony the court would expect"); *Smilovits v. First Solar, Inc.*, 2019 WL 6875492, at *13 (D. Ariz. 2019) (denying motion to exclude and noting that "[r]ebuttal experts are not required to generate independent conclusions, based on data, which arrive at a different outcome than the experts they are rebutting") (quoting *Sinclair Wyoming Ref. Co. v. Infrassure Ltd*, 2017 WL 11094221, at *3 (D. Wyo. May 19, 2017)); *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 918 (S.D. Cal. 2019) (denying motion to exclude because "identifying flaws in [the other expert's] analysis is proper rebuttal testimony").

REDACTED ORDER - 6

473 & 516.  And while certain parts of Dr. Sunding's report, i.e., his analyses in Tables 1 and 2, exclude the no-price change transactions, other parts of the report explicitly address such data. *See, e.g.*, Dkt. # 457-1 at 28–29 (calculating the prevalence of focal-point pricing across all transactions).  The Court thus cannot conclude that Dr. Sunding's opinions are unreliable because he "ignored" almost ▮% of the relevant data.  And so it declines to exclude Dr. Sunding's testimony on this basis.

Defendant's other arguments likewise fail to provide a valid basis for exclusion.  As for the "fit" issue, there does not appear to be any inherent inconsistency between Dr. Sunding's statements—that seller pricing strategies can theoretically result in no passthrough and that FPPs can sometimes be stickier than non-FPPs—and Dr. Sunding's actual conclusions—that Dr. Berger overstates both the extent to which FPPs are used and the extent to which they prevent sellers from passing on small price changes to consumers.  And Defendant's other concerns— those relating to Dr. Sunding's use of seller-product pairs, failure to focus on 3P sellers' pricing strategies in relation to fee changes, creation and application of a rounding rule, critiques of Dr. Berger's selected time window, and statements on confounding factors—all speak to the weight, not the admissibility, of Dr. Sunding's opinions.  *See Kennedy*, 161 F.3d at 1231.

More generally, the Court agrees with Plaintiffs that Dr. Sunding's testimony satisfies the basic reliability and relevancy requirements of Rule 702: Dr. Sunding's report addresses core issues in this case, he thoroughly considered and evaluated all the relevant and available data, and he appears to have applied generally accepted, peer-reviewed economic methods to refute the assumptions, analyses, and conclusions offered by Dr. Berger.  *See generally* Dkt. # 457-1. The Court thus finds Dr. Sunding's rebuttal opinions admissible under Rule 702, and so it DENIES Defendant's Motion to Exclude (Dkt. # 473).

### III
### CONCLUSION

For these reasons, the Court:

(1) DENIES Plaintiffs' Surreply Motion to Strike (Dkt. # 519).

(2) DENIES Defendant's Request for Leave to Respond (Dkt. # 520) and STRIKES Defendant's filing at Dkt. # 520-1.

(3) DENIES Defendant's Motion to Exclude (Dkt. # 473).

(4) PROVISIONALLY FILES this Order under seal.  The parties are DIRECTED to file a joint statement, on or before July 14, 2026, indicating what redactions, if any, should be included in the public version of this Order.

Dated this 30th day of June, 2026.

John H. Chun
United States District Judge

REDACTED ORDER - 8