UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH FRAME-WILSON ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. 2:20-cv-00424-JHC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John H. Chun, United States District Judge:

(1) At oral argument this Friday, September 11, 2026, each will have 45 minutes. Plaintiffs may reserve any of their time for rebuttal.

(2) The Court DIRECTS Plaintiffs to answer the following questions at the hearing and to prepare as noted below:

a. Challenged Policies

- Defendant's Opposition states that the MFPP is enforced via AP-FOD, not SC-FOD, and that Plaintiffs are not challenging AP-FOD. *See* Dkt. # 323 at 16–17.

Is this correct, and if so, how is the MFPP (and any evidence related to it) relevant to the instant motion?

- Defendant's Opposition states that the 2021 SCC Clarification has never been enforced against any 3P seller. *See* Dkt. # 323 at 16. Is this correct, and if so, how do you contend that Amazon enforces any alleged price parity requirement contained in the SCC?
- Are you specifically challenging the MOA policy?
    - If so, please explain how the MOA works and why it supports a PMFN finding.
    - If not, how is the MOA (and any evidence related to it) relevant to the instant motion?
- Is any data available concerning the applicability of the ASB or SC-FOD to the actual transactions at issue in this case? For example, for the average month, what percentage of Class Products are covered by the ASB and/or subject to SC-FOD monitoring?

b. Class Definition

- Relying on the initial class definition, the Motion states that the "proposed class consists of at least tens of millions eBay and Walmart consumers." *See* Dkt. # 266 at 13. Plaintiffs then revised the class definition. *See* Dkt. # 429 at 7. Does the proposed class still consist of "tens of millions" of consumers and, if so, what is the evidentiary basis for that contention?
- The Motion and earlier filings appear to suggest that almost all 3P sellers who offer Class Products on eBay or Walmart are "Multi-Store Sellers," i.e.,

merchants who offer the same product on both Amazon *and* eBay or Walmart at the same time. Is this still your contention?

   - If so, what percentage of Class Products are offered by Multi-Store Sellers versus non-Multi-Store Sellers?
   - Should the Class Definition be narrowed to include only Class Products purchased from Multi-Store Sellers?

c. Dr. Pathak's Model

- Please be prepared to explain Dr. Pathak's model, including which components are substantive versus corroborative, why Defendant's mathematical error argument is incorrect, why the model's underlying assumptions are appropriate, why the variant models' findings support the underlying antitrust theory, and why the model is capable of accurately proving class-wide injury and damages.
- Are you aware of any cases in which a plaintiff has attempted to prove class-wide damages and/or antitrust impact using a Boik-Corts model and the court has denied class certification for failure to establish commonality or predominance?
- Please respond to Defendant's Surreply argument concerning the model's inability to identify uninjured transactions and the potential *Comcast* infirmity that this raises. *See* Dkt. # 506 at 12–15.
- Should the Court consider bifurcation of liability and damages if it accepts Defendant's concerns regarding the ability of Dr. Pathak's model to prove class-wide damages?

(3) The Court DIRECTS Defendant to answer the following questions at the hearing and to prepare as noted below:

a. Challenged Policies

- Irrespective of Amazon's underlying motivations for the 2021 SCC Clarification and its enforcement mechanisms, why does the text of the clarification—"[Amazon] consider[s] it a violation of the Amazon Seller Code of Conduct if off-Amazon rebates, discounts, and other schemes are designed to drive customers to products that are listed and sold without those incentives on Amazon"—not prohibit sellers from setting lower prices off Amazon? *See* Dkt. # 323 at 16.
- Why are Walmart's policies relevant to the instant motion? *See* Dkt. # 323 at 24.
- Can you point to any examples of Amazon learning of a "price parity" or "price competitiveness" violation under the challenged policies and *not* taking an enforcement action against the 3P seller?

b. Class Definition

- Assuming arguendo that Plaintiffs cannot establish umbrella standing, why should the Court deny class certification as opposed to narrowing the class to include only Class Products purchased from Multi-Store Sellers?
- Assuming arguendo that the proposed class contains millions of uninjured class members, why should the Court deny class certification as opposed to narrowing the class to target only injured class members?

c. Dr. Pathak's Model

- Please be prepared to explain Dr. Pathak's model's purported deficiencies, including why a specifically calculated pass-through rate is required for every transaction, why the model contains mathematical errors, why the variant

models' findings do not support Plaintiffs' underlying antitrust theory, and why the model is incapable of accurately proving class-wide injury and damages.

- Are you aware of any cases in which a plaintiff has attempted to prove class-wide damages and/or antitrust impact using a Boik-Corts model and the court has denied class certification for failure to establish commonality or predominance?
- Assuming arguendo that Plaintiffs' allegations are true, i.e., that Amazon operates a PMFN that raised the prices of all Class Products thereby causing harm to all class members, is there any model (or alterations to Plaintiffs' existing model) that would permit Plaintiffs to validly demonstrate class-wide impact or injury based on the existing data and the other factual circumstances at issue in this case?
- The Opposition and Surreply raise many arguments that speak to the overall accuracy of Dr. Pathak's model. *See generally* Dkt. ## 323 & 506. Assuming arguendo that these accuracy arguments are correct, why do such arguments negate commonality and predominance? Why is the accuracy of the model itself not a common merits question that is capable of class-wide resolution through common proof?
- Assuming arguendo that Dr. Pathak's model cannot reliably prove damages for every class member at this time, why should the Court deny class certification as opposed to considering a proposal to bifurcate liability and damages?

d. Other Rule 23 Inquiries

- Do you concede that many of Plaintiffs' cited questions—for example, market definition, market power, anticompetitive effects, Amazon's intent, etc.—are

common questions that could and should be found to predominate in an antitrust action assuming they are supported by sufficient common evidence?

- Do you concede that Plaintiffs' evidence concerning the Price Parity Clause (PPC) satisfies their burden under *Dukes* of alleging an anti-discounting policy at the beginning of the Class Period, i.e., from March 2016 until March 2019?
- Why is Plaintiffs' evidence concerning the existence of a *de facto* PMFN not "common" or "significant" enough from an evidentiary perspective, as opposed to a merits perspective, such that the Court must deny class certification?
- If the Court were to deny class certification on superiority grounds, what alternative method would you propose instead? *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998) (explaining that the superiority determination under Rule 23(b)(3) "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution").

d. The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated this 8th day of September 2026.

Joshua C. Lewis
Clerk

*/s/Ashleigh Drecktrah*
Deputy Clerk